# EXHIBIT H

**NFL PLAYER BENEFITS**

DISABILITY PLAN

200 St. Paul Street, Suite 2420
Baltimore, Maryland 21202
Phone 800.638.3186
Fax 410.783.0041

Via Federal Express

February 19, 2019

Mr. Daniel Loper
1118 Cages Bend Court
Gallatin, TN 37066

Re:   **NFL Player Disability & Neurocognitive Benefit Plan—Final Decision on Review**

Dear Mr. Loper:

On February 14, 2019, the Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan ("Plan") considered your appeal from the earlier denial of your application for line-of-duty disability ("LOD") benefits. We regret to inform you that the Disability Board denied your appeal. This letter describes the Disability Board's decision; it identifies the Plan provisions on which the decision was based; and it explains your legal rights.

**Discussion**

The Plan provides monthly LOD benefits to Players who, in addition to other requirements, have incurred a "substantial disablement" "arising out of League football activities." The Plan defines these terms and requires that at least one Plan neutral physician must find that the Player meets this standard in order to be eligible for LOD benefits (see enclosed Plan section 5.1(b)).

The Plan received your completed application for LOD benefits on March 16, 2018. Your application raised orthopedic and neurologic impairments and was accompanied by 32 pages of medical records.

As you know, in April 2018 the Disability Initial Claims Committee ("Committee") denied your application after reviewing the record and concluding that you are ineligible for LOD benefits. In making its determination, the Committee relied on the findings of Plan neutral orthopedist, Dr. Herndon Murray, who is a specialist in the medical field encompassing your claimed impairments. After reviewing your records and evaluating you, Dr. Murray assigned you 6 points under the Plan's Point System for Orthopedic Impairments (less than the 10 points required to be a "substantial disablement" within the meaning of Section 5.5(a)(4)(B) of the Plan). Based on this conclusion and on the fact that you failed to attend your neurologic evaluation with a Plan neutral neurologist Dr. McCasland, the Committee denied your application under Plan Section 5.1(b) because no Plan neutral physician had found that you have a "substantial disablement" arising

Mr. Daniel Loper
February 19, 2019
Page 2

out of League football activities and under Plan Section 5.4(b) because you failed to attend a scheduled examination with a Plan physician.

On October 26, 2018, Robert Loper, appealed the Committee's initial decision to the Disability Board and submitted additional medical records in support of your application. In the appeal letter, Mr. Loper criticized Dr. Murray's evaluation and Point System ratings, and he argued that you were not timely notified about the evaluation with Dr. McCasland.

On appeal, you were referred for an additional evaluation with another Plan neutral orthopedist, Dr. Glenn Perry, pursuant to Plan Section 5.4(b) and the Plan's claims procedures. After reviewing your records and examining you, Dr. Perry also rated your orthopedic impairments at 6 points (again below the 10 points required for LOD benefits under the terms of the Plan). Dr. Perry's Point System ratings were identical to those provided by Dr. Murray.

At its February 14, 2019 meeting, the Disability Board reviewed the current record and unanimously determined that you are ineligible for LOD benefits. Plan Section 5.1(b) states that, for a Player to be eligible for LOD benefits, at least one Plan neutral physician must conclude that the Player incurred a "substantial disablement" arising out of League football activities (the Plan's standard for LOD benefits). If no Plan neutral physician renders this conclusion, then "the Player will not be eligible for and will not receive [LOD] benefits, regardless of any other fact(s), statement(s), or determination(s), by any other person or entity, contained in the administrative record." In your case, the Disability Board found that you did not meet this threshold requirement because, based on your Point System ratings, neither one of the Plan neutral orthopedists reported that you have a "substantial disablement" arising out of League football activities.

The Disability Board did not accept Mr. Loper's criticism of Dr. Murray's Point System ratings for two reasons. First, Dr. Murray's ratings were confirmed by Dr. Perry, who independently assigned the very same Point System ratings after reviewing all of your records and evaluating you. Second, Dr. Murray's ratings were correct: The Point System assigns points for cervical and lumbar herniation, but only if there is evidence of radiculopathy. As the records make clear, Dr. Murray found insufficient evidence of radiculopathy, and thus he did not award points for the cervical/lumbar herniation noted in Mr. Loper's appeal letter. Dr. Perry reached the same conclusion for the same reason.

The Disability Board noted that you failed to attend your examination with a Plan neutral neurologist Dr. McCasland at the Committee level. The Committee denied your application with respect to your neurology impairments on this basis. Because of your failure to attend this neurologic examination, you were not referred to a Plan neutral neurologist on appeal. The

Disability Board rejected Mr. Loper's argument that you were not properly notified. You were notified of the examination with Dr. McCasland by email at the same address used to notify you of your orthopedic evaluation with Dr. Murray and Dr. Perry. You attended both of those examinations.

The Disability Board noted the following about the conclusions of the Plan's neutral physicians. First, the physicians are specialists in the medical field encompassing your claimed impairments, and they have experience evaluating Players and other professional athletes. Second, the Plan's physicians reviewed all of the records you provided; they conducted thorough physical examinations of you; and they provided complete and detailed reports of your condition. Even though the records you provided did not indicate that you meet the Plan's standard for a substantial disablement, they helped the Plan's neutral physicians award the points you received. Finally, the Disability Board found that the conclusions of the Plan's neutral physicians were consistent, in that they independently concluded that you do not have a "substantial disablement" despite your impairments. The Plan's physicians are absolutely neutral in this process because they are jointly selected by the NFL Players Association and the NFL Management Council; they are compensated in flat-fee arrangements, irrespective of the outcome of any particular evaluation; and they are contractually obligated to conduct thorough examinations, free of bias for or against Players. The Disability Board has no doubt that the Plan's neutral physicians fully understand the obligation to conduct fair and impartial Player evaluations, and that they have done so in your case.

For these reasons, the Disability Board denied your appeal.

Please be advised that the Plan's "serial application rule" limits your ability to reapply for LOD benefits. In general, you may not reapply for LOD benefits based on your orthopedic impairments for one year from the date of this decision. However, you may reapply for LOD benefits at any time if a new injury or condition arises, or if the later application is based on non-orthopedic impairments. Consult Plan Section 5.4(f) for the rule and its exceptions.

**Legal Rights**

You should regard this letter as a final decision on review within the meaning of Section 503 of the Employee Retirement Income Security Act of 1974, as amended, and the regulations issued thereunder by the Department of Labor. To obtain further review of this decision, you have the right to bring an action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended. Under Plan Section 13.4(a) you must file such an action within 42 months from the date of the Board's decision. Your deadline for bringing such an action therefore is August 14, 2022.

Mr. Daniel Loper
February 19, 2019
Page 4

This letter identifies the Plan provisions that the Disability Board relied upon in making its determination. Please note that the Plan provisions discussed in this letter are set forth in the "Relevant Plan Provisions" attachment. These are excerpts, however. You should consult the Plan Document for a full recitation of the relevant Plan terms. The Disability Board did not rely on any other internal rules, guidelines, protocols, standards, or other similar criteria beyond the Plan provisions discussed herein.

You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claim for benefits, including the governing Plan Document.

You may call the NFL Player Benefits Office if you have any questions.

Sincerely,

*Michael B. Miller*

Michael B. Miller
Plan Director
On behalf of the Disability Board

Enclosure

---

To receive assistance in these languages, please call:
SPANISH (Español): Para obtener asistencia en Español, llame al 855-938-0527 (ext. 1)
CHINESE (中文): 如果需要中文的帮助，请拨打这个号码 855-938-0527 (ext. 2)
TAGALOG (Tagalog): Kung kailangan ninyo ang tulong sa Tagalog tumawag sa 855-938-0527 (ext. 3)
NAVAJO (Dine): Dinek'ehgo shika at'ohwol ninisingo, kwiijigo holne' 800-638-3186 (ext. 416)

## Relevant Plan Provisions

**Plan Section 5.1** states:

> Eligibility. Effective January 1, 2015, a Player will receive monthly line-of-duty disability benefits from this Plan in the amount described in Section 5.2 if and only if all of the conditions in (a), (b), (c), (d), and (e) below are met:
>
> (a) The Player is not an Active Player.
>
> (b) At least one Plan neutral physician selected pursuant to Section 5.4(b) below must find that the Player incurred a "substantial disablement" (as defined in Section 5.5(a) and (b)) "arising out of League football activities" (as defined in Section 5.5(c)). If no Plan neutral physician renders such a conclusion, then this threshold requirement is not satisfied, and the Player will not be eligible for and will not receive line-of-duty disability benefits, regardless of any other fact(s), statement(s), or determination(s), by any other person or entity, contained in the administrative record.
>
> (c) After reviewing the report(s) of the Plan neutral physician(s) selected pursuant to Section 5.4(b) below, along with all other facts and circumstances in the administrative record, the Disability Initial Claims Committee or the Disability Board, as the case may be, must conclude, in its absolute discretion, that the Player incurred a "substantial disablement" (as defined in Section 5.5(a) and (b)) "arising out of League football activities" (as defined in Section 5.5(c)).
>
> (d) The Player satisfies the other requirements of this Article 5 or Article 6 of the Bert Bell/Pete Rozelle Plan, as appropriate.
>
> (e) The Player is not receiving line-of-duty disability benefits from the Bert Bell/Pete Rozelle Plan pursuant to Article 6 of that plan.

**Plan Section 5.4** discusses the Plan's "Application Rules and Procedures." It provides, in its relevant part:

> (a) <u>Medical Evaluations.</u> Whenever the Disability Initial Claims Committee or Disability Board reviews the application or appeal of any Player for line-of-duty benefits, such Player may first be required to submit to an examination scheduled by the Plan with a neutral physician, or any other physician or physicians, institution or institutions, or other medical professional or professionals, selected by the Disability Initial Claims Committee or the Disability Board, and may be required to submit to such

further examinations scheduled by the Plan as, in the opinion of the Disability Initial Claims Committee or the Disability Board, are necessary to make an adequate determination respecting his physical or mental condition.

Any person refusing to submit to any examination will not be entitled to any line-of-duty disability benefits under this Article. If a Player fails to attend an examination scheduled by the Plan, his application for line-of-duty disability benefits will be denied, unless the Player provided at least two business days advance notice to the NFL Player Benefits Office that he was unable to attend. The Plan will reschedule the Player's exam if two business days' advance notice is provided. The Player's application for line-of-duty disability benefits will be denied if he fails to attend the rescheduled exam, even if advance notice is provided. The Disability Initial Claims Committee or the Disability Board, as applicable, may waive the rule in the prior sentence if circumstances beyond the Player's control preclude the Player's attendance at the examination. A Player or his representative may submit to the NFL Player Benefits Office medical records or other materials for consideration by a neutral physician, institution, or medical professional, except that any such materials received by the NFL Player Benefits Office less than 10 days prior to the date of the examination, other than radiographic tests, will not be considered by a neutral physician, institution, or medical professional.

**Section 5.5(a)** states that a "substantial disablement" is a "permanent" disability that:

(1) Results in a 50% or greater loss of speech or sight; or

(2) Results in a 55% or greater loss of hearing; or

(3) Is the primary or contributory cause of the surgical removal or major functional impairment of a vital bodily organ or part of the central nervous system; or

(4) For orthopedic impairments,
....

    (B) With respect to applications received on or after January 1, 2015, is rated at least 10 points, using the Point System set forth in Appendix A, Version 2 to this Plan.

The introduction to Appendix A, Version 2 provides this overview of the **Point System** referenced in Section 5.5(a)(4)(B):

This Point System for Orthopedic Impairments ("Point System") is used to determine whether a Player has a "substantial disablement" within the meaning of Plan Section 5.5(a)(4)(B). The Point System assigns points to each orthopedic impairment recognized under the Plan. A Player is awarded the indicated number of points for each occurrence of each listed orthopedic impairment, but only where the Player's orthopedic impairment arose out of League football activities, and the impairment has persisted or is expected to persist for at least 12 months from the date of its occurrence, excluding any reasonably possible recovery period.

A Player is awarded points only if his orthopedic impairment is documented according to the following rules. An impairment rating for a surgical procedure should be awarded if the record includes an operative report for the qualifying procedure, or if NFL Club records document the procedure. Surgical procedures reported through third party evaluations, such as independent medical examinations for workers' compensation, should not be used unless corroborating evidence is available to confirm the procedure and its relationship to League football activities. MRIs are not necessary. Clinical findings are sufficient to award an impairment rating for symptomatic soft tissue injuries, such as an ACL tear, rotator cuff tear, etc.

Appendix A, Version 2 then includes comprehensive "**Point System Impairment Tables**," which assign Point System values to each orthopedic impairment recognized under the Plan. Your total "points" are the sum of those assigned for your recognized orthopedic impairments.

The Point System for Orthopedic Impairments is online at nflplayerbenefits.com. The NFL Player Benefits Office will furnish a full copy of it upon your request.

**Plan Section 13.4** is entitled "Limitation on Actions." It states, in pertinent part:

(a) Adverse Determinations. No suit or legal action with respect to an adverse determination may be commenced more than 42 months from the date of the final decision on the claim for benefits (including the decision on review).