# EXHIBIT M

Case 1:23-cv-00358-JRR   Document 69-18   Filed 06/27/23   Page 2 of 8



200 St. Paul Street, Suite 2420
Baltimore, Maryland 21202
Phone 800.638.3186
Fax 410.783.0041

Via Federal Express and Email

June 6, 2022

Mr. Michael McKenzie
900 S Peters P3
New Orleans, LA 70130

**Re:   NFL Player Disability & Survivor Benefit Plan – Final Decision on Review**

Dear Mr. McKenzie:

On June 1, 2022, the Disability Board of the NFL Player Disability & Survivor Benefit Plan ("Plan") considered your appeal from the earlier denial of your application for total and permanent disability benefits under the Plan ("Plan T&P benefits").  We regret to inform you that the Disability Board denied your appeal.  This letter explains the Disability Board's decision; it identifies the Plan provisions on which the decision was based; and it explains your legal rights.

**Discussion**

On April 5, 2021, the Plan received your completed application for Plan T&P benefits, which raised orthopedic, neurocognitive, and psychiatric impairments as the basis for your disability.

As you know, on July 15, 2021, the Disability Initial Claims Committee ("Committee") reviewed your application along with the reports of four Plan Neutral Physicians: orthopedist, Dr. Prem Parmar; neurologist, Dr. David Clark; neuropsychologist, Dr. Neal Deutch; and psychiatrist, Dr. John Rabun.  These neutral physicians are specialists in the medical fields encompassing your claimed impairments.  After reviewing your records and evaluating you, each of them reported that you are not totally and permanently disabled.  Based on those findings, the Committee denied your application under Plan Section 3.1(d) because no Plan Neutral Physician had found that you are unable to engage in any occupation for remuneration or profit.

On December 28, 2021, your attorney, Mr. Sam Katz, appealed the Committee's initial decision to the Disability Board.  Mr. Katz argued that you are totally and permanently disabled due to the combination of severe impairments and that the Neutral Physicians failed to specify a job you could perform.

On appeal you were referred for additional evaluations with four new Plan Neutral Physicians in accordance with Plan Section 3.3(a) and the Plan's claims procedures.  You were evaluated by: orthopedist, Dr. Hussein Elkousy; neurologist, Dr. Annette Okai; neuropsychologist, Dr. Laura Lacritz; and psychiatrist, Dr. Martin Strassnig.  Like the Plan Neutral Physicians who evaluated you at the initial level, these Plan Neutral Physicians are specialists in the medical fields encompassing your

Mr. Michael McKenzie
June 6, 2022
Page 2

claimed impairments. By report dated January 31, 2022, Dr. Strassnig determined that your psychiatric impairments do not render you totally and permanently disabled and that you have "no psychiatric restrictions or limitations to gainful employment." By report dated February 16, 2022, Dr. Elkousy determined that your orthopedic impairments do not render you totally and permanently disabled and that you can engage in light duty work with some restrictions. By report dated March 17, 2022, Dr. Lacritz concluded that, despite your cognitive impairments, you are not totally and permanently disabled and that any limitations in daily functioning "appear related to factors other than impaired cognition." By report dated March 18, 2022, Dr. Okai was unable to determine whether you are totally and permanently disabled due to discrepancies on test scores and overlapping psychiatric conditions.

By letter dated March 22, 2022, the NFL Player Benefits Office provided you and Mr. Katz with a copy of the Neutral Physicians' reports and advised that you had the right to respond before the Disability Board issued a final decision on your appeal. As you know, you did not respond.

At its May 18, 2022 meeting, the Disability Board reviewed the record and unanimously concluded that you are ineligible for Plan T&P benefits. On June 1, 2022, the Disability Board unanimously decided that you are ineligible for NC benefits and authorized transmission of this letter explaining its decision. Section 3.1(d) of the Plan states that, for a Player to be eligible for Plan T&P benefits, at least one Plan Neutral Physician must conclude that the Player is substantially unable to engage in any occupation for remuneration or profit (the Plan's standard for Plan T&P benefits). If no Plan Neutral Physician renders this conclusion, then "the Player will not be eligible for and will not receive Plan T&P benefits, regardless of any other fact(s), statement(s), or determination(s), by any other person or entity, contained in the administrative record." In your case, the Disability Board found that you did not meet this threshold requirement because eight Plan Neutral Physicians have examined you, and none found that you are substantially unable to engage in any occupation or employment. The Disability Board noted that Mr. Katz's comments concerning the cumulative effect of your impairments cannot override the express requirements of Plan Section 3.1(d). The Disability Board, moreover, did consider all of the impairments described by the Plan Neutral Physicians and review the medical records you submitted. The Disability Board further noted that Mr. Katz was critical of the Plan Neutral Physicians for failing to identify a specific job that you could perform. The Board rejected this argument because the Plan utilizes an "any occupation" standard, and Plan Neutral Physicians opine, specifically, on whether a Player satisfies this standard. A conclusion that a Player is capable of light or sedentary employment or capable of employment with no limitations inherently covers a wide range of occupations and shows that a Player does not meet the Plan's "any occupation" standard.

The Disability Board took into account the following factors. First, Neutral Physicians are specialists in the medical field encompassing your claimed impairments, and they have experience evaluating Players and other professional athletes. Second, the Plan's Neutral Physicians reviewed all of the records you provided with your application and appeal, performed an evaluation, and unanimously concluded that you are not totally and permanently disabled despite your impairments. Third, the

Mr. Michael McKenzie
June 6, 2022
Page 3

Disability Board found that the conclusions of the Plan's Neutral Physicians were consistent, in that they independently concluded that you are capable of employment despite your impairments. Finally, the Plan's physicians are absolutely neutral in this process because they are jointly selected by the NFL Players Association and the NFL Management Council; they are compensated in flat-fee arrangements, irrespective of the outcome of any particular evaluation; and they are contractually obligated to conduct thorough examinations, free of bias for or against Players.  The Disability Board has no doubt that the Plan's Neutral Physicians fully understand the obligation to conduct fair and impartial Player evaluations, and that they have done so in your case.

Plan Section 3.2(a) allows a Player to qualify for Plan T&P benefits if he is receiving Social Security disability benefits, notwithstanding the eligibility requirement otherwise imposed by Section 3.1(d). You have not presented evidence that you currently receive Social Security disability benefits.  For these reasons, the Disability Board denied your appeal.

Please understand the Disability Board is required by federal law to follow the terms of the Plan.  Where, as here, you do not satisfy the terms of the Plan, federal law requires the Disability Board to deny your appeal, regardless of how sympathetic individual members of the Disability Board may be to your circumstances.

**Legal Rights**

You should regard this letter as a final decision on review within the meaning of Section 503 of the Employee Retirement Income Security Act of 1974, as amended, and the regulations issued thereunder by the Department of Labor.  To obtain further review of this decision, you have the right to bring an action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended.  Under Plan Section 13.4(a) you must file such an action within 42 months from the date of the Board's decision.  Your deadline for bringing such an action therefore is December 1, 2025.

This letter identifies the Plan provisions that the Disability Board relied upon in making its determination.  Please note that the Plan provisions discussed in this letter are set forth in the "Relevant Plan Provisions" attachment.  These are excerpts, however.  You should consult the Plan Document for a full recitation of the relevant Plan terms.  The Disability Board did not rely on any other internal rules, guidelines, protocols, standards, or other similar criteria beyond the Plan provisions discussed herein.

You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claim for benefits, including the governing Plan Document.

Mr. Michael McKenzie
June 6, 2022
Page 4


You may call the NFL Player Benefits Office if you have any questions.


Sincerely,

*Michael B. Miller*

Michael B. Miller
Plan Director
On behalf of the Disability Board

Enclosure
cc:  Samuel Katz, Esquire

---

To receive assistance in these languages, please call:
SPANISH (Español): Para obtener asistencia en Español, llame al 855-938-0527 (ext. 1)
CHINESE (中文): 如果需要中文的帮助，请拨打这个号码 855-938-0527 (ext. 2)
TAGALOG (Tagalog): Kung kailangan ninyo ang tulong sa Tagalog tumawag sa 855-938-0527 (ext. 3)
NAVAJO (Dine): Dinek'ehgo shika at'ohwol ninisingo, kwiijigo holne' 800-638-3186 (ext. 416)

## Relevant Plan Provisions

**3.1    General Standard for Eligibility.**  An Article 3 Eligible Player will receive monthly Plan total and permanent disability benefits ("Plan T&P benefits") in the amount described in Section 3.6, for the months described in Sections 3.10 and 3.11, if and only if all of the conditions in (a) through (f) below are met:

(a)    The Player's application is received by the Plan on or after January 1, 2015 and results in an award of Plan T&P benefits.

(b)    The Player is not receiving monthly retirement benefits under Article 4 or Article 4A of the Bert Bell/Pete Rozelle Plan.

(c)    The Player submits Medical Records with his initial application or appeal, as the case may be, subject to the rules of Section 3.3.

(d)    At least one Plan Neutral Physician must find, under the standard of Section 3.1(e), that (1) the Player has become totally disabled to the extent that he is substantially unable to engage in any occupation or employment for remuneration or profit, excluding any disability suffered while in the military service of any country, and (2) such condition is permanent.  If no Plan Neutral Physician renders such a conclusion, then this threshold requirement is not satisfied, and the Player will not be eligible for and will not receive Plan T&P benefits, regardless of any other fact(s), statement(s), or determination(s), by any other person or entity, contained in the administrative record.

(e)    After reviewing the report(s) of the Plan Neutral Physician(s), along with all other facts and circumstances in the administrative record, the Disability Initial Claims Committee or the Disability Board, as the case may be, must conclude, in its absolute discretion, that (1) the Player has become totally disabled to the extent that he is substantially prevented from or substantially unable to engage in any occupation or employment for remuneration or profit, but expressly excluding any disability suffered while in the military service of any country, and (2) that such condition is permanent.  The following rules will apply:

   (1)    The educational level and prior training of a Player will not be considered in determining whether such Player is "unable to engage in any occupation or employment for remuneration or profit."

   (2)    A Player will not be considered to be able to engage in any occupation or employment for remuneration or profit within the meaning of this Section 3.1 merely because such person is employed by the League or an Employer, manages personal or family investments, is employed by or associated with a charitable organization, is employed out of benevolence, or receives up to $30,000 per year in earned income.

    (3) A disability will be deemed to be "permanent" if it has persisted or is expected to persist for at least twelve months from the date of its occurrence, excluding any reasonably possible recovery period.

 (f) The Player satisfies all other applicable requirements of this Article 3.

**3.2 Social Security Standard for Eligibility.**

 (a) For applications received prior to April 1, 2024, an Article 3 Eligible Player who is not receiving monthly pension benefits under Article 4 or 4A of the Bert Bell/Pete Rozelle Plan, who has been determined by the Social Security Administration to be eligible for disability benefits under either the Social Security disability insurance program or Supplemental Security Income program, and who is still receiving such benefits at the time he applies, will receive Plan T&P benefits in the amount described in Section 3.6, for the months described in Sections 3.10 and 3.11, unless four or more voting members of the Disability Board determine that such Player is not totally and permanently disabled, despite receiving Social Security disability benefits.

 If his Social Security disability benefits are revoked, a Player will no longer be entitled to receive Plan T&P benefits by reason of this Section 3.2(a), effective as of the date of such revocation. However, if such Player establishes that the sole reason for the loss of his Social Security disability or Supplemental Security Income benefits was his receipt of benefits under this Plan, Plan T&P benefits will continue provided the Player satisfies the rules for continuation of benefits in Section 3.8(a).

 (b) For applications received prior to April 1, 2024, an Article 3 Eligible Player who elects to begin receiving pension benefits under the Bert Bell/Pete Rozelle Plan prior to his Normal Retirement Date, who is subsequently determined by the Social Security Administration to be eligible for disability benefits under either the Social Security disability insurance program or Supplemental Security Income program, who satisfies the other conditions of this paragraph, and who is still receiving such benefits at the time he applies, will receive Plan T&P benefits in the amount described in Section 3.6, for the months described in Sections 3.10 and 3.11, unless four or more voting members of the Disability Board determine that such Player is not totally and permanently disabled, despite receiving Social Security disability benefits.  To be eligible for benefits under this paragraph, the Player must apply for such Social Security disability benefits prior to his Normal Retirement Date, and the award of disability benefits by the Social Security Administration must occur prior to the Player's Normal Retirement Date.  An award of disability benefits by the Social Security Administration after a Player's Normal Retirement Date that such Player was disabled as of a date prior to his Normal Retirement Date does not qualify such Player for Plan T&P benefits under this paragraph.

 If his Social Security disability benefits are revoked, a Player will no longer be entitled to receive Plan T&P benefits by reason of this Section 3.2(b), effective as of the date of such revocation. However, if such Player establishes that the sole reason for the loss of his Social Security disability or Supplemental Security Income benefits was his receipt of benefits under this Plan, Plan T&P benefits will continue provided the Player satisfies the rules for continuation of benefits in Section 3.8(a).

**3.3     Application Rules and Procedures.**  In addition to the requirements of Article 7 and Section 13.14 (claims procedures), Players must comply with the rules and procedures of this Section 3.3 in connection with an application for Plan T&P benefits.

(a)     Medical Records and Evaluations.  A Player applying for Plan T&P benefits under the General Standard of Section 3.1 on and after October 1, 2020 must submit Medical Records with his application.  A Player who does not do so will be given 45 days to submit Medical Records and thereby complete his application.  The Player's application will not be complete, and will not be processed, until the Plan receives Medical Records.  The Player's application will be denied if he does not submit any Medical Records within the 45 day period.  If such a Player's application is denied by the Disability Initial Claims Committee because the Player failed or refused to submit Medical Records, and the Player appeals that determination, he must submit Medical Record with his appeal.  A Player who does not do so will be given 45 days to submit Medical Records and thereby complete his appeal. The Player's appeal will not be complete, and will not be processed, until the Plan receives Medical Records.  Any such Player in this situation who does not submit any Medical Records within the 45 day period will not be entitled to Plan T&P benefits, and his appeal will be denied.  This paragraph does not apply to applications received prior to October 1, 2020.

Whenever the Disability Initial Claims Committee or the Disability Board reviews the application or appeal of any Player for Plan T&P benefits under Section 3.1 or Section 3.2, such Player may first be required to submit to an examination scheduled by the Plan with a Neutral Physician or physicians, or institution or institutions, or other medical professional or professionals, selected by the Disability Initial Claims Committee or the Disability Board and may be required to submit to such further examinations scheduled by the Plan as, in the opinion of the Disability Initial Claims Committee or the Disability Board, are necessary to make an adequate determination respecting his physical or mental condition.

Any Player refusing to submit to any examination required by the Plan will not be entitled to Plan T&P benefits.  If a Player fails to attend an examination scheduled by the Plan, his application for Plan T&P benefits will be denied, unless the Player provided at least two business days' advance notice to the Plan that he was unable to attend.  The Plan will reschedule the Player's exam if two business days' advance notice is provided.  The Player's application for Plan T&P benefits will be denied if he fails to attend the rescheduled exam, even if advance notice is provided.  The Disability Initial Claims Committee or the Disability Board, as applicable, may waive a failure to attend if they find that circumstances beyond the Player's control precluded the Player's attendance at the examination.

A Player or his representative may submit to the Plan additional Medical Records or other materials for consideration by a Neutral Physician, institution, or medical professional, except that any such materials received by the Plan less than 10 days prior to the date of the examination, other than radiographic tests, will not be considered by a Neutral Physician, institution, or medical professional.

**Plan Section 13.4** is entitled "Limitation on Actions."  It states, "[n]o suit or legal action with respect to an adverse determination may be commenced more than 42 months from the date of the final decision on the claim for benefits (including the decision on review)."