# EXHIBIT T





200 St. Paul Street, Suite 2420
Baltimore, Maryland 21202
Phone  800.638.3186
Fax  410.783.0041

Via Federal Express and Email

June 3, 2022

Mr. Charles Sims
5011 Mountain Maple Trail
Rosenberg, TX 77471

**Re:  NFL Player Disability, Neurocognitive & Death Benefit Plan—Final Decision on Review**

Dear Mr. Sims:

On June 1, 2022, the Disability Board of the NFL Player Disability, Neurocognitive & Death Benefit Plan ("Plan") considered your appeal from its earlier decision to classify your total and permanent disability benefits under the Plan ("Plan T&P benefits") in the Inactive A category. We regret to inform you that the Disability Board denied your appeal. This letter explains the Disability Board's decision, identifies the Plan provisions on which the decision was based, and explains your legal rights.

**Discussion**

You applied for Plan T&P benefits on May 5, 2020. As you know, on May 17, 2021, the Disability Initial Claims Committee ("Committee") awarded you Inactive A T&P benefits, effective March 1, 2020, based on the report of Plan neutral psychiatrist, Dr. John Rabun, who determined that you are totally and permanently disabled by your psychiatric impairments. The basis for the Committee's decision was explained to you in a letter dated June 11, 2021.

On December 8, 2021, your representative, Sam Katz, appealed the Committee's decision and asked the Disability Board to classify your benefits in the Active Football or Active NonFootball category. Mr. Katz argued that the onset of your psychiatric issues started while you were an Active Player and submitted four pages of the Club records in support of the appeal.

At its February 24, 2022 meeting, the Disability Board carefully reviewed the medical evidence and unanimously voted to refer your appeal to a Medical Advisory Physician ("MAP") psychiatrist, pursuant to Plan Section 9.3(a), for a final and binding determination as to whether your totally and permanently disabling psychiatric conditions first arose while you were an Active Player.

By report dated April 27, 2022, MAP psychiatrist Dr. Chang concluded that you are not totally and permanently disabled by your psychiatric conditions in the first place. As to the onset of those conditions, Dr. Chang stated that it does not appear that you "had significant psychiatric impairments or any psychiatric cause for disability that arose while an Active Player."

Mr. Charles Sims
June 3, 2022
Page 2


By letter dated April 28, 2022, the NFL Player Benefits Office provided you and Mr. Katz with a copy of Dr. Chang's report and advised that you had the right to respond to it before the Disability Board issued a final decision on your appeal.  As you know, you did not respond.

At its May 18, 2022 meeting, the Disability Board carefully reviewed the medical evidence in your record and tentatively found that you are not eligible for the Active Football or Active NonFootball category of Plan T&P benefits.  On June 1, 2022, the Disability Board unanimously decided that you are ineligible for the Active Football or Active NonFootball categories and authorized transmission of this letter explaining its decision.  To be entitled to one of the Active categories, your disability must arise while you were an Active Player and cause you to be totally and permanently disabled.  The Disability Board found that an award of Active Football or Active NonFootball category is inappropriate in your case because your file contains no evidence that your disability arose arise while you were an Active Player.  The Disability Board based its decision on the report of MAP psychiatrist Dr. Chang.  The Disability Board noted that under Section 9.3(a) MAP Chang's conclusion is final and binding.  The Disability Board thus denied your appeal.

Under Plan Section 13.14, "the Disability Board will not terminate or reduce a Player's benefit in cases where the Player was awarded the benefit by the Disability Initial Claims Committee and on appeal from that decision, he asks the Disability Board to review his benefit category under Section 3.4(a)-(d) or Section 6.2(a)-(b), including any such appeal that requires review by a Medical Advisory Physician under Section 9.3(a)."  Accordingly, the Disability Board determined that you are eligible to continue receiving Plan T&P benefits in the Inactive A category.

Please understand the Disability Board is required by federal law to follow the terms of the Plan.  Where, as here, you do not satisfy the terms of the Plan, federal law requires the Disability Board to deny your appeal, regardless of how sympathetic individual members of the Disability Board may be to your circumstances.

**Legal Rights**

You should regard this letter as a final decision on review within the meaning of Section 503 of the Employee Retirement Income Security Act of 1974, as amended, and the regulations issued thereunder by the Department of Labor.  To obtain further review of this decision, you have the right to bring an action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended.  Under Plan Section 13.4(a) you must file such an action within 42 months from the date of the Board's decision.  Your deadline for bringing such an action therefore is December 1, 2025.

This letter identifies the Plan provisions that the Disability Board relied upon in making its determination.  Please note that the Plan provisions discussed in this letter are set forth in the "Relevant Plan Provisions" attachment.  These are excerpts, however.  You should consult the Plan Document for

Mr. Charles Sims
June 3, 2022
Page 3

a full recitation of the relevant Plan terms.  The Disability Board did not rely on any other internal rules, guidelines, protocols, standards, or other similar criteria beyond the Plan provisions discussed herein.

You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claim for benefits, including the governing Plan Document.

If you have any questions, please contact the NFL Player Benefits Office.

Sincerely,

*Michael B. Miller*

Michael B. Miller
Plan Director
On behalf of the Disability Board

Enclosure
cc: Samuel Katz, Esquire

---

To receive assistance in these languages, please call:
SPANISH (Español): Para obtener asistencia en Español, llame al 855-938-0527 (ext. 1)
CHINESE (中文): 如果需要中文的帮助，请拨打这个号码 855-938-0527 (ext. 2)
TAGALOG (Tagalog): Kung kailangan ninyo ang tulong sa Tagalog tumawag sa 855-938-0527 (ext. 3)
NAVAJO (Dine): Dinek'ehgo shika at'ohwol ninisingo, kwiijigo holne' 800-638-3186 (ext. 416)

## Relevant Plan Provisions

**1.1** **"Active Player"** means a Player who is obligated to perform football playing services under a contract with an Employer; provided, however, that for purposes of Article 3 only, Active Player will also include a Player who is no longer obligated to perform football playing services under a contract with an Employer up until the July 31 next following or coincident with the expiration or termination of his last contract.

**Plan Section 3.1** sets forth the standards for determining whether a Player is totally and permanently disabled. It states, in relevant part:

(d) At least one Plan Neutral Physician must find, under the standard of Section 3.1(e), that (1) the Player has become totally disabled to the extent that he is substantially unable to engage in any occupation or employment for remuneration or profit, excluding any disability suffered while in the military service of any country, and (2) such condition is permanent. If no Plan Neutral Physician renders such a conclusion, then this threshold requirement is not satisfied, and the Player will not be eligible for and will not receive Plan T&P benefits, regardless of any other fact(s), statement(s), or determination(s), by any other person or entity, contained in the administrative record.

(e) After reviewing the report(s) of the Plan Neutral Physician(s), along with all other facts and circumstances in the administrative record, the Disability Initial Claims Committee or the Disability Board, as the case may be, must conclude, in its absolute discretion, that (1) the Player has become totally disabled to the extent that he is substantially prevented from or substantially unable to engage in any occupation or employment for remuneration or profit, but expressly excluding any disability suffered while in the military service of any country, and (2) that such condition is permanent. The following rules will apply:

(1) The educational level and prior training of a Player will not be considered in determining whether such Player is "unable to engage in any occupation or employment for remuneration or profit."

(2) A Player will not be considered to be able to engage in any occupation or employment for remuneration or profit within the meaning of this Section 3.1 merely because such person is employed by the League or an Employer, manages personal or family investments, is employed by or associated with a charitable organization, is employed out of benevolence, or receives up to $30,000 per year in earned income.

(3) A disability will be deemed to be "permanent" if it has persisted or is expected to persist for at least twelve months from the date of its occurrence, excluding any reasonably possible recovery period.

(f) The Player satisfies all other applicable requirements of this Article 3.

**3.4  Classification.**  Each Player who is determined to be eligible for Plan T&P benefits in accordance with Section 3.1 or 3.2 will be awarded benefits in one of the four categories below.

(a)  <u>Active Football.</u>  Subject to the special rules of Section 3.5, a Player will qualify for Plan T&P benefits in this category if (i) his disability(ies) arises out of League football activities while he is an Active Player, and causes him to be totally and permanently disabled, and (ii) his application that results in an award of Plan T&P benefits is received by the Plan within 18 months after he ceases to be an Active Player.

(b)  <u>Active Nonfootball.</u>  Subject to the special rules of Section 3.5, a Player will qualify for Plan T&P benefits in this category if (i) his disability(ies) does not arise out of League football activities but does arise while he is an Active Player, and causes him to be totally and permanently disabled, and (ii) his application that results in an award of Plan T&P benefits is received by the Plan within 18 months after he ceases to be an Active Player.

(c)  <u>Inactive A.</u>  Subject to the special rules of Section 3.5, a Player will qualify for Plan T&P benefits in this category if (i) the Player does not qualify for benefits in categories (a) or (b) above, and (ii) his application that results in an award of Plan T&P benefits is received by the Plan within fifteen (15) years after the end of his last Credited Season.  This category does not require that the disability arise out of League football activities.

(d)  <u>Inactive B.</u>  All Players who are determined to be eligible for Plan T&P benefits in accordance with Section 3.1 or 3.2 but who do not qualify for such benefits in categories (a), (b), or (c) above will be awarded Plan T&P benefits in this category.  This category does not require that the disability arise out of League football activities.

(e)  <u>"Arising out of League football activities"</u> means a disablement arising out of any League pre-season, regular-season, or post-season game, or any combination thereof, or out of League football activity supervised by an Employer, including all required or directed activities.  "Arising out of League football activities" does not include, without limitation, any disablement resulting from other employment, or athletic activity for recreational purposes, nor does it include a disablement that would not qualify for benefits but for an injury (or injuries) or illness that arises out of other than League football activities.

**3.10  Effective Date of Plan T&P Benefits.**  Plan T&P benefits will be paid retroactive to the first day of the month that is two months prior to the date an application for Plan T&P benefits was received by the Plan.

**Plan Section 9.3(a)**, regarding referrals to Medical Advisory Physicians, states as follows:

> If three or more voting members of the Disability Board conclude that a medical issue exists as to whether a Player qualifies for a benefit under this Plan ... such members may submit such issue to a Medical Advisory Physician for a final and binding determination regarding such medical issues.  The Medical Advisory Physician will have full and absolute discretion, authority and power to decide such medical issues.

**Plan Section 13.4** is entitled "Limitation on Actions."  It states, "[n]o suit or legal action with respect to an adverse determination may be commenced more than 42 months from the date of the final decision on the claim for benefits (including the decision on review)."

**Plan Section 13.14** states, in its relevant part: The Disability Board will not terminate or reduce a Player's benefit in cases where the Player was awarded the benefit by the Disability Initial Claims Committee and on appeal from that decision, he asks the Disability Board to review his benefit category under Section 3.4(a)-(d) or Section 6.2(a)-(b), including any such appeal that requires review by a Medical Advisory Physician under section 9.3(a).  Nothing in the prior sentence shall limit the Disability Board's authority to terminate or reduce a Player's benefits in any situation other than the specific appeal described in the prior sentence, in accordance with Section 3.8 or as otherwise provided under the terms of the Plan.