# EXHIBIT U

**NFL PLAYER BENEFITS**

DISABILITY PLAN

200 St. Paul Street, Suite 2420
Baltimore, Maryland 21202
Phone 800.638.3186
Fax 410.783.0041

Via Federal Express

February 13, 2020

Mr. Joey Thomas
12426 Military Road S
Seattle, WA 98168

Re:   **NFL Player Disability & Neurocognitive Benefit Plan—Final Decision on Review**

Dear Mr. Thomas:

On February 13, 2020, the Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan ("Plan") considered your appeal from the earlier denial of your application for neurocognitive disability ("NC") benefits. We regret to inform you that the Disability Board denied your appeal. This letter explains the Disability Board's decision; it identifies the Plan provisions on which the decision was based; and it explains your legal rights.

**Discussion**

The Plan provides NC benefits to eligible Players who have "mild" or "moderate" neurocognitive impairment, as defined by the terms of the Plan.

The Plan received your completed application for NC benefits on March 11, 2019. You were then evaluated by two Plan neutral physicians, neurologist Dr. Lawrence Murphy and neuropsychologist Dr. Alan Breen pursuant to Plan Section 6.2(d). By report dated March 25, 2019, Dr. Murphy indicated that despite a number of cognitive complaints, your condition does not rise to the level of a diagnosable neurocognitive disorder. By report dated March 25, 2019, Dr. Breen concluded that your current assessment presented no evidence of acquired neurocognitive impairment. By joint report dated March 24 – 25, 2019, Drs. Murphy and Breen indicated that you do not show evidence of acquired neurocognitive impairment. The Committee denied your application because no Plan neutral physician determined that you have a mild or moderate acquired neurocognitive impairment (Plan Section 6.1(e)).

By letter received October 7, 2019, your attorney, Sam Katz, appealed the Committee's initial decision to the Disability Board.

On appeal you were examined by two additional Plan neutral physicians, neurologist Dr. Eric Brahin and neuropsychologist Dr. Francisco Perez, pursuant to Plan Section 6.2(d) and the Plan's claims procedures. By report dated October 23, 2019, Dr. Brahin indicated that he was unable to determine whether you have any acquired neurocognitive impairment due to inconsistencies among your previous and current evaluations. By report dated October 26, 2019, Dr. Perez concluded that while

Mr. Joey Thomas
February 13, 2020
Page 2

some data may suggest a mild cognitive impairment, it is not related to an acquired disorder. Dr. Perez reported that you are experiencing a "nocebo effect" and explained that you have developed a fixed belief system that you have cognitive problems that impact your performance. By joint report dated October 23 – 24, 2019, Drs. Brahin and Perez confirmed that you do not show evidence of acquired neurocognitive impairment.

By letter dated November 1, 2019, the NFL Player Benefits Office provided you and Mr. Katz with a copy of the neutral physicians' reports, and advised that you had the right to respond before the Disability Board issued a final decision on your appeal. By letter received January 14, 2020, Mr. Katz argued that the neutral physicians' findings support a finding of acquired neurocognitive impairment.

On February 13, 2020, the Disability Board reviewed all of the evidence in your Plan file and unanimously concluded that you are ineligible for NC benefits. Section 6.1(e) of the Plan states that, for a Player to be eligible for NC benefits, "at least one Plan neutral physician must conclude that the Player has a mild or moderate neurocognitive impairment in accordance with Section 6.2. If no Plan neutral physician renders such a conclusion, then this threshold requirement is not satisfied, and the Player will not be eligible for and will not receive NC Benefits, regardless of any other fact(s), statement(s), or determination(s), by any other person or entity, contained in the administrative record." In your case, the Disability Board found that you did not meet this threshold requirement because you have been examined by four Plan neutral physicians, and none found that you have an acquired neurocognitive impairment. This Plan rule precludes an award of NC benefits, regardless of any records or opinions provided in support of your application and appeal (including but not limited to the records you submitted with your application).

The Disability Board considered Mr. Katz's arguments and the medical records that you submitted with your application, but found that it could not credit the prior conclusion(s) that you suffer from neurocognitive impairment in any event. The Disability Board noted that the conclusions were not supported by the more recent and, in the Disability Board's view, more reliable test results provide by the Plan's neutral physicians. The Disability Board therefore determined that the evidence in the record did not support the conclusion that you have either a mild or moderate acquired neurocognitive impairment, as defined by the Plan.

The Disability Board took into account the following factors. First, neutral physicians are specialists in the medical field encompassing your claimed impairments, and they have experience evaluating Players and other professional athletes. Second, the Plan's neutral physicians reviewed all of the records you provided, performed an evaluation, and unanimously concluded that you do not have an acquired neurocognitive impairment despite your impairments. Finally, the Plan's physicians are absolutely neutral in this process because they are jointly selected by the NFL Players Association and the NFL Management Council; they are compensated in flat-fee arrangements, irrespective of the outcome of any particular evaluation; and they are contractually obligated to conduct thorough examinations, free of bias for or against Players. The Disability Board has no doubt that the Plan's

Mr. Joey Thomas
February 13, 2020
Page 3

neutral physicians fully understand the obligation to conduct fair and impartial Player evaluations, and that they have done so in your case.

For these reasons, the Disability Board denied your appeal.

**Legal Rights**

You should regard this letter as a final decision on review within the meaning of Section 503 of the Employee Retirement Income Security Act of 1974, as amended, and the regulations issued thereunder by the Department of Labor. To obtain further review of this decision, you have the right to bring an action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended. Under Plan Section 13.4(a) you must file such an action within 42 months from the date of the Board's decision. Your deadline for bringing such an action therefore is August 13, 2023.

This letter identifies the Plan provisions that the Disability Board relied upon in making its determination. Please note that the Plan provisions discussed in this letter are set forth in the "Relevant Plan Provisions" attachment. These are excerpts, however. You should consult the Plan document for a full recitation of the relevant Plan terms. The Disability Board did not rely on any other internal rules, guidelines, protocols, standards, or other similar criteria beyond the Plan provisions discussed herein.

You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claim for benefits, including the governing Plan document.

You may call the NFL Player Benefits Office if you have any questions.

Sincerely,

*Michael B. Miller*

Michael B. Miller
Plan Director
On behalf of the Disability Board

Enclosure

cc: Sam Katz, Esquire

To receive assistance in these languages, please call:
SPANISH (Español): Para obtener asistencia en Español, llame al 855-938-0527 (ext. 1)
CHINESE (中文): 如果需要中文的帮助，请拨打这个号码 855-938-0527 (ext. 2)
TAGALOG (Tagalog): Kung kailangan ninyo ang tulong sa Tagalog tumawag sa 855-938-0527 (ext. 3)
NAVAJO (Dine): Dinek'ehgo shika at'ohwol ninisingo, kwiijigo holne' 800-638-3186 (ext. 416)

## Relevant Plan Provisions

**Plan Section 6.1** states:

> Eligibility. A Player will receive a monthly neurocognitive disability benefit ("NC Benefit") in the amount described in Section 6.4 for the months described in Section 6.6 if and only if all of the conditions in (a), (b), (c), (d), (e), (f), (g), (h), and (i) below are met:
>
> (a) The Player must be a Vested Inactive Player based on his Credited Seasons only, and must be under age 55.
>
> (b) The Player must have at least one Credited Season under the Bert Bell/Pete Rozelle Plan after 1994.
>
> (c) The Player must not receive monthly retirement benefits under Articles 4 or 4A of the Bert Bell/Pete Rozelle Plan.
>
> (d) The Player must not receive T&P benefits under this Plan or the Bert Bell/Pete Rozelle Plan.
>
> (e) At least one Plan neutral physician selected pursuant to Section 6.2(d) below must find that the Player has a mild or moderate neurocognitive impairment in accordance with Section 6.2. If no Plan neutral physician renders such a conclusion, then this threshold requirement is not satisfied, and the Player will not be eligible for and will not receive NC Benefits, regardless of any other fact(s), statement(s), or determination(s), by any other person or entity, contained in the administrative record.
>
> (f) After reviewing the report(s) of the Plan neutral physician(s) selected pursuant to Section 6.2(d) below, along with all other facts and circumstances in the administrative record, the Disability Initial Claims Committee or the Disability Board, as the case may be, must conclude, in its absolute discretion, that the Player has a mild or moderate neurocognitive impairment in accordance with Section 6.2.
>
> (g) The Player must execute the release described in Section 6.3.
>
> (h) The Player must not have a pending application for T&P benefits or for line-of-duty disability benefits under this Plan or the Bert Bell/Pete Rozelle Plan, except that a Player can file a claim for the NC Benefit simultaneously with either or both of those benefits.
>
> (i) The Player must satisfy the other requirements of this Article 6.

Under **Plan Section 6.2**, a Player's neurocognitive impairment is determined as follows:

(a) <u>Mild Impairment</u>. Effective for applications received on and after March 1, 2017, a Player eligible for benefits under this Article 6 will be deemed to have a mild neurocognitive impairment if he has a mild objective impairment in one or more domains of neurocognitive functioning which reflect acquired brain dysfunction, but not severe enough to interfere with his ability to independently perform complex activities of daily living or to engage in any occupation for remuneration or profit. Effective for applications received before March 1, 2017, a Player eligible for benefits under this Article 6 will be deemed to have a mild neurocognitive impairment if he has problems with one or more domains of cognitive functioning which reflect acquired brain dysfunction but are not severe enough to cause marked interference in day-to-day activities.

(b) <u>Moderate Impairment</u>. Effective for applications received on and after March 1, 2017, a Player eligible for benefits under this Article 6 will be deemed to have a moderate neurocognitive impairment if he has a mild-moderate objective impairment in two or more domains of neurocognitive functioning which reflect acquired brain dysfunction and which may require use of compensatory strategies and/or accommodations in order to independently perform complex activities of daily living or to engage in any occupation for remuneration or profit. Effective for applications received before March 1, 2017, a Player eligible for benefits under this Article 6 will be deemed to have a moderate neurocognitive impairment if he has problems with one or more domains of cognitive functioning which reflect acquired brain dysfunction resulting in marked interference with everyday life activities, but not severe enough to prevent the Player from working.

....

(d) <u>Medical Evaluations.</u> Whenever the Disability Initial Claims Committee or Disability Board reviews the application or appeal of any Player for NC Benefits under this Section 6.2, such Player will first be required to submit to an examination scheduled by the Plan with a neutral physician, or any other physician or physicians, institution or institutions, or other medical professional or professionals, selected by the Disability Initial Claims Committee or the Disability Board, and may be required to submit to such further examinations scheduled by the Plan as, in the opinion of the Disability Initial Claims Committee or the Disability Board, are necessary to make an adequate determination respecting his physical or mental condition.

**Plan Section 13.4** is entitled "Limitation on Actions." It states, in pertinent part:

(a) <u>Adverse Determinations.</u> No suit or legal action with respect to an adverse determination may be commenced more than 42 months from the date of the final decision on the claim for benefits (including the decision on review).