# EXHIBIT W

# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL CLOUD | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-1277-S |
| | § | |
| THE BERT BELL/PETE ROZELLE | § | |
| NFL PLAYER RETIREMENT PLAN | § | |

## ORDER

This Order addresses Defendant's Motion to Dismiss Count III of Plaintiff's First Amended Complaint and Renewed Motion to Strike Plaintiff's Jury Demand ("Motion") [ECF No. 78]. Having reviewed and considered the Motion, Plaintiff's Response and Brief in Opposition to Defendant's Motion to Dismiss Count III of Plaintiff's First Amended Complaint and Renewed Motion to Strike Plaintiff's Jury Demand [ECF No. 94], Defendant's Reply in Support of Motion to Dismiss Count III of Plaintiff's First Amended Complaint and Renewed Motion to Strike Plaintiff's Jury Demand [ECF No. 98], the documents filed in support thereof, and the relevant pleadings, the Court **GRANTS** Defendant's Motion to Dismiss Count III of Plaintiff's First Amended Complaint and Renewed Motion to Strike Plaintiff's Jury Demand.

Regarding Defendant's Motion to Dismiss Count III of Plaintiff's First Amended Complaint, the Supreme Court has determined that an ERISA plaintiff may bring a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) only when no other remedy is available. *See Varity Corp. v. Howe*, 516 U.S. 489, 510-15 (1996); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604 (5th Cir. 1998) ("[T]he Supreme Court interpreted section 1132(a)(3) to allow plaintiffs to sue for breach of fiduciary duty for personal recovery when no other appropriate equitable relief is available."). Count I of Plaintiff's First Amended Complaint seeks monetary relief pursuant to 29

U.S.C. § 1132(a)(1) in the form of "wrongfully denied . . . benefits due to him." Am. Compl. [ECF No. 68] ¶ 46. Accordingly, because "plaintiff can pursue benefits under the plan pursuant to [§ 1132(a)(1)], there is an adequate remedy under the plan which bars a further remedy under [§ 1132(a)(3)]." *Innova Hosp. San Antonio, LP v. Blue Cross and Blue Shield of Georgia, Inc.*, 892 F.3d 719, 733 (5th Cir. 2018). The Court therefore **GRANTS** Defendant's Motion to Dismiss Count III of Plaintiff's First Amended Complaint.

As to Defendant's Renewed Motion to Strike Plaintiff's Jury Demand, the Court has previously ruled on this issue. *See* ECF No. 20. Whether a right to a jury exist depends on the nature of the issues involved in a case and the remedy sought. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990). It is clear, however, that "there is no right to a jury trial in [Employee Retirement Income Security Act] denial-of-benefits cases." *Koehler v. Aetna Health Inc.*, 683 F.3d 182, 191 n.19 (5th Cir. 2012); *see also Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994) ("[The Fifth Circuit] ha[s] held, as have the majority of the other circuits, that ERISA claims do not entitle a plaintiff to a jury trial."); *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir. 1980) (inquiry into whether plan administrators acted arbitrarily and capriciously is action usually performed by judges). Here, Plaintiff seeks restitutionary relief by way of "retroactive credits and payments" for the "benefits" that were "wrongfully denied . . . [and] due to him" under the Plan. Am. Compl. ¶¶ 46-47 (requesting Plaintiff be placed "in the same position he would have been in if the Retirement Plan would have granted the relief" previously requested under the Plan). Such "restitution of money allegedly wrongly held" by Defendant is "equitable in nature" and, accordingly, does not entitle Plaintiff to a jury trial. *Borst*, 36 F.3d at 1324; *see also id.* (noting that "a request for monetary recovery sounds in equity, and thus does not guarantee a jury trial, when it is restitutionary in nature"); *Calamia*, 632 F.2d at

2

1236-67 ("The mere fact that the appellant would receive a monetary award if he prevailed does not compel the conclusion that he is entitled to a jury trial."). Given the Fifth Circuit precedent that there is no right to a jury trial in ERISA cases, and considering Plaintiff's requested relief, the Court **GRANTS** the Renewed Motion to Strike Plaintiff's Jury Demand.

**SO ORDERED.**

SIGNED December 27, 2021.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

3