# EXHIBIT X

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DIMRY,<br><br>        Plaintiff,<br><br>    v.<br><br>THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN, et al.,<br><br>        Defendants. | Case No. 16-cv-01413-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 18 |

Former NFL player Charles Dimry challenges the denial of disability benefits by the Bert Bell/Pete Rozelle NFL Player Retirement Plan and NFL Player Supplemental Disability Plan (collectively, "the Plan"). Dkt. No. 1. He alleges ERISA claims for: (1) recovery of total and permanent employee benefits under 29 U.S.C. § 1132(a)(1)(B), (2) equitable relief for breach of fiduciary duty, under 29 U.S.C. § 1132(a)(3), and (3) failure to produce documents, under 29 U.S.C. § 1024(b)(4). The Plan moves to dismiss the equitable relief claim but does not challenge the first or third claims. Dkt. No. 18. The Court heard oral argument from the parties on June 8, 2016, and dismisses the second claim with leave to amend.

To sustain the equitable relief claim, Dimry was required to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quote omitted). As Dimry acknowledged at the hearing, an ERISA breach of fiduciary breach claim must be based on facts plausibly alleging that a claim beyond his own was mishandled or that a plan-wide injury has occurred. *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010); *see also Reynolds v. Fortis Benefits Ins. Co.*, No. C 06-06216 SI, 2007 WL 484782, at *8 (N.D. Cal. Feb. 9, 2007) (applying like standards to claim brought under 29 U.S.C. § 1132(a)(3)); *Nalbandian v. Lockheed Martin Corp.*, No. 10-

1 cv-1242, 2011 WL 338809, at *4 (N.D. Cal. Feb. 1, 2011) (same). Dimry brings the breach of

2 fiduciary duty claim "both as an individual Plan participant and on behalf of all other . . .

3 participants and beneficiaries of the Plan." Dkt. No. 1 ¶ 36. But he fails to allege any facts

4 showing that the Plan follows a "uniform practice" of misconduct for "all NFL disability claims."

5 *Id*. ¶ 39. The only examples of misconduct alleged in the complaint involve his own individual

6 claim. That is not enough to sustain the fiduciary duty claim and it is dismissed with leave to

7 amend.

8 The Plan also argued for dismissal on the ground that the second claim sought improper

9 equitable relief. While the Court declines to decide that question now, because dismissal is

10 ordered for another reason, the parties are advised to review and consider *Moyle v. Liberty Mut.*

11 *Retirement Ben. Plan*, Nos. 13-56330, 13-56412, 2016 WL 2946271, at *9-*10 (9th Cir. May 20,

12 2016) which states that Section 1132(a)(1)(B) and Section 1132(a)(3) "claims can proceed

13 simultaneously if they plead distinct remedies" and that "reformation, surcharge, estoppel, and

14 restitution are traditionally equitable remedies" that can be sought under Section 1132(a)(3).

15 If Dimry chooses to amend, he must file a new complaint by July 6, 2016. The amended

16 complaint may not add new claims or parties without seeking the Court's prior approval.

17 **IT IS SO ORDERED.**

18 Dated: June 14, 2016

20 _____
21 JAMES DONATO
United States District Judge