IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-00358-JRR |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs' Notice of Supplemental Authority acknowledges that the Fifth Circuit ***reversed*** the district court decision in *Cloud v. Bert Bell/Pete Rozelle NFL Player Retirement Plan*, 2022 WL 2237451 (N.D. Tex. June 21, 2022), which Plaintiffs "cited extensively" in both their Complaint and memorandum of law in opposition to Defendants' motion to dismiss.  *See* Dkt. 74 ("Notice") at 1-2; *Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, No. 22-10710, 2023 WL 6533182 (5th Cir. Oct. 6, 2023).  While Plaintiffs characterize the reversal as based on a "narrow ground," Notice at 2, the Fifth Circuit actually reversed on the central issue in the case: whether the plaintiff satisfied the Plan's requirement to demonstrate "changed circumstances" that entitled him to a higher level of benefits.  *See Cloud,* 2023 WL 6533182 at *6.

On that dispositive question, the Fifth Circuit was unequivocal that, as the Plan Board had properly found, "Cloud did not, and cannot, demonstrate changed circumstances" under the terms of the Plan.  *Id*.  As the Fifth Circuit explained, the district court erred for multiple independent reasons, including that: (i) "the record confirms that Cloud has ***no evidence*** that he is entitled to reclassification 'because of changed circumstances';" and (ii) "[h]e forfeited any

1

claim to changed circumstances at the administrative level" by "ask[ing] the Board to waive that requirement" instead of even "attempt[ing]" to "make such a showing." *Id*. (emphasis added). The issue was so clear cut that the Fifth Circuit instructed the district court to enter outright judgment in favor of the Plan because "no amount of additional review can change the fact that Cloud is ineligible for reclassification under the plain terms of the Plan" and "more proceedings . . . would be a useless formality." *Id*. at \*7 (cleaned up).[1]

Importantly, the Fifth Circuit expressly declined to decide whether the Board failed to provide "a full and fair review in violation of ERISA's procedural requirements." *Cloud,* 2023 WL 6533182 at \*7; *see also* Dkt. 69-1 at 30, 38, 41. And the Fifth Circuit's holding that Cloud's ineligibility under "the plain terms of the Plan" was fatal to all his claims, *see* 2023 WL 6533182 at \*7, supports Defendants' argument that this case should be dismissed because "Plaintiffs Are Not Entitled to Benefits Under the Plan's Plain and Unambiguous Terms." Dkt. 69-1 at 14. *See also* Dkt. 73-1 at 2. (citing *Rose v. PSA Airlines, Inc.*, 80 F.4th 488, 495 (4th Cir. 2023)).

Any commentary about the Plan's processes unconnected to the issue the Fifth Circuit actually reviewed and resolved is dicta; the panel expressly did not address any of the Plan's "numerous [other] challenges on appeal." *Cloud,* 2023 WL 6533182 at \*7. Such dicta "may not have received the full and careful consideration of the court that uttered it." *Payne v. Taslimi*, 998 F.3d 648, 654–55 (4th Cir. 2021). That is clearly the case here, as the Fifth Circuit had no occasion to test the district court's "full and fair review" findings in *Cloud* against the contrary record.

---

[1] Although the Notice cites the Fifth Circuit's statements about purported variations in the Plan's interpretation of the term "changed circumstances," it selectively omits the Fifth Circuit's holding that any variations were "superficial" and "the variations identified by the district court are not significant." *Id.*

Date: October 16, 2023

/s/ *Gregory F. Jacob*
Gregory F. Jacob (D. Md. Bar No. 06769)
Meredith N. Garagiola (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., 10th Floor
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: gjacob@omm.com
Email: mgaragiola@omm.com

Elizabeth L. McKeen (*pro hac vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*

Respectfully submitted,

/s/ *Stacey R. Eisenstein*
Stacey R. Eisenstein (D. Md. Bar No. 30616)
Nathan J. Oleson (D. Md. Bar No. 16678)
Amanda S. McGinn (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
Email: seisenstein@akingump.com
Email: noleson@akingump.com
Email: amcginn@akingump.com

/s/ *Eric Field*
Eric Field (*pro hac vice*)
LITTLER MENDELSON P.C.
815 Connecticut Avenue, N.W., Suite 400
Washington, DC 20006
Telephone: (202) 842-3400
Facsimile: (202) 842-0011
Email: efield@littler.com

*Attorneys for Defendants Larry Ferazani, Belinda Lerner, Jacob Frank, and Roger Goodell*

/s/ *Matthew M. Saxon*
Matthew M. Saxon (D. Md. Bar No. 19604)
William G. Miossi *(pro hac vice)*
John Harding *(pro hac vice)*
Spencer Churchill *(pro hac vice)*
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100
Email: msaxon@winston.com
Email: wmiossi@winston.com
Email: jwharding@winston.com
Email: schurchill@winston.com

*Attorneys for Defendants Sam McCullum, Robert Smith, and Hoby Brenner*

## **CERTIFICATE OF SERVICE**

      I, Gregory F. Jacob, hereby certify that on October 16, 2023, I caused a copy of the foregoing document to be served upon all counsel of record via the CM/ECF system for the United States District Court for the District of Maryland.

                                                    */s/ Gregory F. Jacob*
                                                    Gregory F. Jacob