IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-00358-JRR |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
DEFENDANTS' JOINT RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

Defendants respectfully notify the Court of the attached supplemental authority, *Smith v. NFL Player Disability & Neurocognitive Benefit Plan*, No. 1:22-cv-00928-RP (W.D. Tex.)  The district court entered summary judgment against plaintiff Detron Smith and in favor of the NFL Player Disability & Neurocognitive Benefit Plan (known today as "NFL Player Disability & Survivor Benefit Plan" or the "Plan"), after adopting the magistrate judge's recommendation on *de novo* review.  *Smith* ECF No. 29.[1]  *Smith* is both persuasive and applicable to this case for at least three reasons.

First, the court agreed with the Plan that the Neutral Rule—the same Neutral Rule as in this case, *compare Smith* ECF No. 19-4 at 11, *with* DPD § 3.1(d)[2]—is a mandatory provision of the Plan that "conditions eligibility for T&P benefits on the findings of at least one Neutral

---

[1] The Fourth and Fifth Circuits defer to the administrator's factual determinations where, as here, the plan vests the administrator with discretionary authority.  *Compare Killen v. Reliance Standard Life Ins. Co.*, 776 F.3d 303, 307 (5th Cir. 2015), *with Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 321–23 (4th Cir. 2008).  And they weigh nearly identical factors.  *Compare Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 637 (5th Cir. 1992), *with Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 342–43 (4th Cir. 2000).

[2] Citations without an ECF number are to the briefing on Defendants' Joint Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Class Action Complaint, currently pending before the Court.

1

Physician that the benefit applicant is 'totally disabled.'" *Smith* ECF No. 26 at 12. Because none of the Neutral Physicians who evaluated Smith found him totally disabled, there was "no question" that the Board's denial of Smith's appeal "based on his failure to meet the Neutral Rule is consistent with the terms of the Disability Plan." *Id.* at 13. The denial was the "logical outcome of the Plan's provisions regarding requisite findings before designating an applicant eligible for T&P benefits." *Id.* The court overruled Smith's objections, which raised arguments very similar to those in Plaintiffs' Opposition.[3] As in *Smith*, none of the Neutral Physicians who evaluated Plaintiffs found that any of them were totally disabled, AC ¶¶ 147–266, and as in *Smith*, the Board's decisions constituted a correct application of the Neutral Rule and the terms of the Plan.

Second, the court agreed that the Board did not abuse its discretion in referring Smith to a Neutral Physician within the Plan's network, *Smith* ECF No. 26 at 14–18, even though Smith claimed that the Board should have retained and referred him to other physicians better able to "conduct a holistic evaluation" of him. *Id.* at 15–16. Plaintiffs make similar arguments. *See, e.g.*, Opp'n at 23–24; Reply at 3–5. But, as the court found, the Plan does not allow the Board to hire and fire physicians and courts "cannot rewrite the terms of the [] Plan." *Smith* ECF No. 26 at 17 (finding "no support" that the "Board's role in maintaining the network [of Neutral Physicians] equates to an appointment power"); *see also* Mot. at 41–42; Reply at 21. It was not an abuse of discretion for the Board to refer Smith only to specialists "due to the make-up of the

---

[3] *Compare, e.g.*, *Smith* ECF No. 27 at 3–4 (objecting that the magistrate judge did not consider that "it was the combination of mental and physical impairments that caused Smith to be totally disabled"), *with* Opp'n at 26 (arguing that the Board's interpretation of the Plan "fails to consider that a Player may be T&P disabled from the combination of all of his impairments"); *Smith* ECF No. 27 at 7–8 (objecting that the Board breached its fiduciary duties by failing to appropriately oversee the Neutral Physicians), *with* Opp'n at 43–45 (arguing the Board breached its fiduciary duties by "failing to exercise due care under the circumstances in compensating, retaining, incentivizing, rewarding, promoting, and imprudently relying on physicians").

Neutral Physician network," even though the specialists were "incapable of performing a holistic evaluation." *Smith* ECF No. 26 at 17. To the contrary: the Board had substantial evidence for its determination. *Id.* The same conclusion applies here.

Finally, in rejecting Smith's arguments, the magistrate judge relied in part on the Fifth Circuit's decision in *Cloud v. Bert Bell/Pete Rozelle NFL Player Retirement Plan*, reversing the district court and finding that the Plan did not abuse its discretion by "failing to waive [a Plan] requirement." *Id.* (citing 83 F.4th 423, 425–26 (5th Cir. 2023) ("[W]e cannot say that the Board abused its discretion in denying reclassification due to Cloud's failure to show changed circumstances. We thus hold that the district court erred in awarding Active Player benefits."))._[4]_ Plaintiffs' reliance on the district court's decision in *Cloud*, *see, e.g.*, Opp'n at 22, 53, is therefore unavailing. As in *Smith*, Plaintiffs here do not and cannot dispute that the Board correctly found the Plaintiffs ineligible for benefits under the "plain terms of the [] Plan['s]" Neutral Rule, which cannot be rewritten regardless of any claims by Plaintiffs to the contrary. *Cloud*, 2024 WL 113051, at *7–8.

---

[4] The Fifth Circuit substituted its decision in *Cloud*, but the substituted and withdrawn decisions have no substantive differences. *See Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, No. 22-10710, 2024 WL 1130511 (5th Cir. Mar. 15, 2024). The court also denied the plaintiff's petition for panel rehearing. *Cloud* ECF No. 148-1.

Date: March 20, 2024

*/s/ Gregory F. Jacob*
Gregory F. Jacob (D. Md. Bar No. 06769)
Meredith N. Garagiola (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., 10th Floor
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: gjacob@omm.com
Email: mgaragiola@omm.com

Elizabeth L. McKeen (*pro hac vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*

Respectfully submitted,

*/s/ Stacey R. Eisenstein*
Stacey R. Eisenstein (D. Md. Bar No. 30616)
Nathan J. Oleson (D. Md. Bar No. 16678)
Amanda S. McGinn (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
Email: seisenstein@akingump.com
Email: noleson@akingump.com
Email: amcginn@akingump.com

*/s/ Eric Field*
Eric Field (*pro hac vice*)
LITTLER MENDELSON P.C.
815 Connecticut Avenue, N.W., Suite 400
Washington, DC 20006
Telephone: (202) 842-3400
Facsimile: (202) 842-0011
Email: efield@littler.com

*Attorneys for Defendants Larry Ferazani, Belinda Lerner, Jacob Frank, and Roger Goodell*

*/s/ Matthew M. Saxon*
Matthew M. Saxon (D. Md. Bar No. 19604)
William G. Miossi *(pro hac vice)*
John Harding *(pro hac vice)*
Spencer Churchill *(pro hac vice)*
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100
Email: msaxon@winston.com
Email: wmiossi@winston.com
Email: jwharding@winston.com
Email: schurchill@winston.com

*Attorneys for Defendants Sam McCullum, Robert Smith, and Hoby Brenner*

## CERTIFICATE OF SERVICE

I, Gregory F. Jacob, hereby certify that on March 20, 2024, I caused a copy of the foregoing document to be served upon all counsel of record via the CM/ECF system for the United States District Court for the District of Maryland.

*/s/ Gregory F. Jacob*
Gregory F. Jacob