# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

# BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD, DANIEL LOPER, WILLIS MCGAHEE, MICHAEL MCKENZIE, JAMIZE OLAWALE, ALEX PARSONS, ERIC SMITH, CHARLES SIMS, JOEY THOMAS, and LANCE ZENO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN; THE NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN; THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN; THE DISABILITY BOARD OF THE NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN; LARRY FERAZANI; JACOB FRANK; BELINDA LERNER; SAM McCULLUM; ROBERT SMITH; HOBY BRENNER; and ROGER GOODELL,<br><br>Defendants. | **Case No. 1:23-cv-00358-JRR** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

    THE COURT SHOULD PARTIALLY RECONSIDER AND AMEND
    ITS DECISION TO HOLD THAT ALLEGATIONS RELATING TO
    FINAL ADVERSE DETERMINATIONS ISSUED BEFORE
    AUGUST 9, 2019  RATHER THAN MAY 20, 2020 ARE BARRED
    BY THE LIMITATIONS  PERIOD APPLICABLE TO PLAINTIFFS'
    502(a)(1)(B) CLAIMS ...................................................................................................... 2

    A.    Applicable Standards for Reconsideration.............................................................. 2

    B.    The Court Should Amend or Modify Its Decision to Hold
           That the Applicable Limitations Period Bars Plainiffs'
           502(a)(1)(B) Claims as to Final Adverse Determinations
           Issued Before August 9, 2019 Rather Than Before May 12, 2020 ........................ 4

CONCLUSION ...................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asher & Simons, P.A. v. j2 Global Canada, Inc.*,
  977 F. Supp. 2d 544 (D. Md. 2013) ............................................................................. 1, 3

*Belrose v. Hartford Life & Accident Insurance Company*,
  478 F. App'x 21 (4th Cir. 2012) ...................................................................................... 5

*Berman v. Congressional Towers Limited Partnership-Section I*,
  325 F. Supp. 2d 590 (D. Md. 2004) ................................................................................ 1

*Bond v. Marriott International, Inc.*,
  637 F. App'x 726 (4th Cir. 2016) ................................................................................... 5

*Broadvox-CLEC, LLC v. AT & T Corporation*,
  98 F. Supp. 3d 839 (D. Md. 2015) .................................................................................. 4

*Butler v. DirectSAT USA, LLC*,
  307 F.R.D. 445 (D. Md. 2015) .................................................................................... 2, 3

*Carrero v. Farrelly*,
  310 F. Supp. 3d 581 (D. Md. 2018) ............................................................................ 2, 3

*Cohens v. Maryland Department of Human Resources*,
  933 F. Supp. 2d 735 (D. Md. 2013) ................................................................................ 3

*Connecticut ex rel. Blumenthal v. Crotty*,
  346 F.3d 84 (2d Cir. 2003) .............................................................................................. 1

*Darne v. State of Wisconsin, Department of Revenue*,
  137 F.3d 484 (7th Cir. 1998) .......................................................................................... 1

*Daulatzai v. Maryland*,
  606 F. Supp. 3d 252 (D. Md. 2022), *aff'd*, No. 21-2214,
  2024 WL 1183534 (4th Cir. Mar. 20, 2024). ................................................................. 6

*Erskine v. Board of Education*,
  207 F. Supp. 2d 407 (D. Md. 2002) ................................................................................ 3

*Fontell v. Hassett*,
  870 F. Supp. 2d 395 (D. Md. 2012) ................................................................................ 3

*Grattan v. Burnett*,
    710 F.2d 160 (4th Cir. 1983) ................................................................................... 6

*Gray-Hopkins v. Prince George's County, Maryland*,
    201 F. Supp. 2d 523 (D. Md. 2002) ......................................................................... 4

*Heimeshoff v. Hartford Life & Accident Insurance Co.*,
    571 U.S. 99 (2013) ............................................................................................... 5, 6

*Herman v. Lincoln National Life Insurance Company*,
    No. 8:11-cv-03378-AW, 2012 WL 1999879 (D. Md. June 4, 2012) ......................... 5

*Hutchinson v. Staton*,
    994 F.2d 1076 (4th Cir. 1993) ................................................................................. 3

*In re Sinclair Broadcast Group, Inc. Securities Litigation*,
    473 F. Supp. 3d 529 (D. Md. 2020) ......................................................................... 3

*Innes v. Board of Regents of the University System of Maryland*,
    121 F. Supp. 3d 504 (D. Md. 2015) ......................................................................... 3

*Martin v. Conner*,
    882 F. Supp. 2d 820 (D. Md. 2012) ......................................................................... 3

*Microbix Biosystems, Inc. v. BioWhittaker, Inc.*,
    184 F. Supp. 2d 434 (D. Md. 2000) ......................................................................... 3

*National Savings Bank of Albany v. Jefferson Bank*,
    127 F.R.D. 218 (S.D. Fla. 1989) .............................................................................. 1

*Quigley v. United States*,
    865 F. Supp. 2d 685 (D. Md. 2012) ......................................................................... 4

*Robinson v. Fountainhead Title Group Corp.*,
    252 F.R.D. 275 (D. Md. 2008) ................................................................................. 3

*Robinson v. Fountainhead Title Group Corp.*,
    No. 1:03-cv-03106-WMN, 2009 WL 539882 (D. Md. Mar. 3, 2009) ...................... 2

*Royal Insurance Company of America v. Miles & Stockbridge, P.C.*,
    142 F. Supp. 2d 676 (D. Md. 2001) ......................................................................... 4

*Schulte v. Boston Mutual Life Insuance Company*,
    No. 1:14-cv-00419-JKB, 2015 WL 7273148 (D. Md. Nov. 18, 2015) ..................... 6

*Turner v. Kight*,
  217 F. Supp. 2d 680 (D. Md. 2002) ........................................................................ 3

*United States v. Fiorelli*,
  337 F.3d 282 (3d Cir. 2003) ................................................................................... 1

*Wheat v. Pfizer, Inc.*,
  31 F.3d 340 (5th Cir. 1994) .................................................................................... 1

*White v. Sun Life Assurance Company of Canada*,
  488 F.3d 240 (4th Cir. 2007) .................................................................................. 6


**Statutes**

29 U.S.C. § 1132(a)(1)(B) .............................................................................. 1, 2, 4, 5, 6, 7


**Rules**

D. Md. Civ. R. 105.10 ...................................................................................... 1

Fed. R. Civ. P. 15(c)(1)(B) ............................................................................. 6

Fed. R. Civ. P. 15(c)(1)(C) ............................................................................. 6

Fed. R. Civ. P. 54(b) ................................................................................... 2, 4

Fed. R. Civ. P. 59(e) ...................................................................................... 3

Fed. R. Civ. P. 60(b) ...................................................................................... 3

**INTRODUCTION**

Plaintiffs respectfully submit this memorandum in support of their motion for partial reconsideration of the Court's March 20, 2024 Memorandum Opinion (ECF No. 78), which granted in part and denied in part Defendants' Joint Rule 12(b)(6) Motion to Dismiss (ECF No. 69) Plaintiffs' Amended Class Action Complaint ("Amended Complaint") (ECF No. 56).[1]

At the outset, Plaintiffs wish to make clear that this is *not* a request for a do-over, either in whole or in part. The instant motion is extremely narrow in scope. Plaintiffs do *not* seek to revisit the Court's holdings but only to have it correct the temporal reach of one discrete determination. For the reasons explained below, they request that the Court modify its ruling concerning the statute of limitations applicable to Plaintiffs' 502(a)(1)(B)[2] claims for wrongful denial of benefits (ECF No. 78 at 11-14; *see* ECF No. 56 at 92-95 (Am. Compl. ¶¶ 280-89 (Count I)) to reflect the correct bar date.

Notably, Plaintiffs do *not* seek to reargue the Court's conclusion that the 502(a)(1)(B) limitations period is not subject to equitable tolling or the discovery rule. *See* ECF No. 78 at 13-

---

[1] Under Local Rule 105.10, motions to reconsider must—save certain exceptions not germane here—be filed within fourteen days after entry of an order. *Asher & Simons, P.A. v. j2 Glob. Canada, Inc.*, 977 F. Supp. 2d 544, 546 (D. Md. 2013). Although they were dated March 20, 2024, the Court's ECF system transmitted the Memorandum Opinion and accompanying Order on March 21, 2024, and the docket sheet correspondingly indicates that they were entered on the latter date. Because it is the date of entry on the docket that controls for purposes of calculating deadlines, *see, e.g.*, *Conn. ex rel. Blumenthal v. Crotty*, 346 F.3d 84, 92 n.12 (2d Cir. 2003); *United States v. Fiorelli*, 337 F.3d 282, 287 (3d Cir. 2003) (citing cases); *Darne v. State of Wis., Dep't of Revenue*, 137 F.3d 484, 486 n.1 (7th Cir. 1998); *Wheat v. Pfizer, Inc.*, 31 F.3d 340, 342 (5th Cir. 1994); *Berman v. Cong. Towers Ltd. P'ship-Section I*, 325 F. Supp. 2d 590, 592 n.2 (D. Md. 2004); *Nat'l Sav. Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 222 & n.9 (S.D. Fla. 1989), the deadline for filing a reconsideration motion is April 4, 2024. Nevertheless, out of an abundance of caution, Plaintiffs are filing this motion one day earlier, so that it is lodged within fourteen days of the date of the Memorandum Opinion and the Order rather than their docket entry date.

[2] This memorandum adopts the shorthand definitions employed in Plaintiffs' Memorandum of Law in Opposition to Defendants' Joint Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 70), familiarity with which is assumed.

14.  At the same time, though, it is the Plan's stipulated 42-month limitations period for the filing of suit to challenge adverse determinations rather than Maryland's three-year statute of limitations for breach of contract actions that applies to Plaintiffs' 502(a)(1)(B) claims.  Moreover, under well-established law, it is the February 9, 2023 filing of Plaintiffs' initial complaint rather than the May 12, 2023 filing of their Amended Complaint that is determinative of whether their 502(a)(1)(B) claims are timely asserted within the Plan's 42-month limitations period because the latter pleading properly relates back to the filing date of the former.  Thus, only those final adverse determinations issued before August 9, 2019 rather than May 12, 2020 are properly time barred under the Court's decision.  For these reasons, discussed below, a limited modification of the Court's statute of limitations holding is therefore warranted.

## ARGUMENT

**THE COURT SHOULD PARTIALLY RECONSIDER AND AMEND ITS DECISION TO RELECT THAT ALLEGATIONS RELATING TO FINAL ADEVERSE DETERMINATIONS ISSUED BEFORE AUGUST 9, 2019 RATHER THAN MAY 20, 2020 ARE BARRED BY THE LIMITATIONS PERIOD APPLICABLE TO PLAINTIFFS' 502(a)(1)(B) CLAIMS**

**A.    Applicable Standards for Reconsideration**

Rule 54(b) of the Federal Rule of Civil Procedure governs reconsideration of orders that do not constitute final judgments in a case—*i.e.*, interlocutory orders.  *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583 (D. Md. 2018).  "An order dismissing less than the entire complaint is an interlocutory order and may be reconsidered and 'revised at any time before the entry of a judgment adjudicating all the claims[.]'"  *Robinson v. Fountainhead Title Grp. Corp.*, No.  1:03-cv-03106-WMN, 2009 WL 539882, at *1 (D. Md. Mar. 3, 2009) (quoting Fed. R. Civ. P. 54(b)).

Although the standards governing motions to reconsider interlocutory orders are not precisely clear, *Carrero*, 310 F. Supp. 3d at 584; *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015), courts in this District have looked for guidance to the standards applicable to

motions under Rules 59(e) and 60(b),[3] or, as more often appears to be the case, solely to those governing Rule 59(e) motions.[4]  Under Rule 59(e), "a motion to amend a final judgment may be granted only '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Carrero*, 310 F. Supp. 3d at 584 (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (in turn citing cases)).  Under Rule 60(b), "a court may grant relief from a final judgment or order for the following reasons: '(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief.'"  *Id.* (quoting *Butler*, 307 F.R.D. at 449 (in turn citing Fed. R. Civ. P. 60(b)).

Overall, a court's discretion to reconsider an interlocutory order lies "within the plenary power of the Court ... to afford such relief ... as justice requires."  *Cohens v. Maryland Dep't of Hum. Res.*, 933 F. Supp. 2d 735, 742 (D. Md. 2013) (citation, internal quotation marks, and footnote omitted).  At bottom, "the goal is to reach the correct judgment under law."  *Martin v. Conner*, 882 F. Supp. 2d 820, 854 (D. Md. 2012) (citations and internal quotation marks omitted); *accord In re Sinclair Broad. Grp.*, 473 F. Supp. 3d at 534-35; *Asher & Simons, P.A.*, 977 F. Supp. 2d at 547.

---

[3] *E.g.*, *Innes v. Bd. of Regents of the Univ. Sys. of Md.*, 121 F. Supp. 3d 504, 506 (D. Md. 2015); *Carrero*, 310 F. Supp. 3d at 584; *Robinson v. Fountainhead Title Grp. Corp.*, 252 F.R.D. 275, 291-92 (D. Md. 2008); *Butler*, 307 F.R.D. at 449.

[4] *E.g.*, *In re Sinclair Broad. Grp., Inc. Secs. Litig.*, 473 F. Supp. 3d 529, 535 (D. Md. 2020); *Fontell v. Hassett*, 870 F. Supp. 2d 395, 401 (D. Md. 2012); *Turner v. Kight*, 217 F. Supp. 2d 680, 681 (D. Md. 2002); *Erskine v. Bd. of Educ.*, 207 F. Supp. 2d 407, 408 (D. Md. 2002), *aff'd*, 56 F. App'x 615 (4th Cir. 2003); *Microbix Biosystems, Inc. v. BioWhittaker, Inc.*, 184 F. Supp. 2d 434, 436 (D. Md. 2000).

At the same time, though, "'a motion to reconsider is not a license to reargue the merits or present new evidence.'" *Gray-Hopkins v. Prince George's Cnty., Md.*, 201 F. Supp. 2d 523, 524-25 (D. Md. 2002) (quoting *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001)).[5] The instant motion does not run afoul of this admonition. Plaintiffs do not reargue the merits of what the Court decided. Specifically, this motion does not seek to revisit the Court's determination that the statute of limitations applicable to Plaintiffs' 502(a)(1)(B) claims precludes challenges to final adverse determinations rendered before a certain date because the limitations period is not subject to equitable tolling or the discovery rule. *See* ECF No. 78 at 13-14. There are, however, two aspects of the Court's statute of limitations ruling that require modification so as to reflect the correct date before which, under the Court's conclusion, a final adverse determination is time barred from challenge in this case.

**B.    The Court Should Amend or Modify Its Decision to Reflect That the Applicable Limitations Period Bars Plaintiffs' 502(a)(1)(B) Claims as to Final Adverse Determinations Issued Before August 9, 2019 Rather Than Before May 12, 2020**

In considering to what extent the wrongful benefits denial claims in this case may be time barred, the Court concluded that because (a) "Maryland's three-year statute of limitations for contract actions applies to ERISA denial of benefit of claims" and (b) the equitable tolling doctrine and discovery rule are inapplicable here, "to the extent Plaintiffs' wrongful denial of benefits claim relies on Plaintiffs' applications involving the Board's final appeal letters issued prior to May 12, 2020 [that is, three years prior to the date of the filing of the Amended

---

[5] *Accord Broadvox-CLEC, LLC v. AT & T Corp.*, 98 F. Supp. 3d 839, 850 (D. Md. 2015) ("[A] motion for reconsideration is not a license for a losing party's attorney to get a second bite at the apple.") (citation and internal quotation marks omitted); *Quigley v. United States*, 865 F. Supp. 2d 685, 700 (D. Md. 2012) ("A motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the court.").

Complaint], those allegations are barred by the applicable statute of limitations." ECF No. 78 at 11-14 (citation and internal quotation marks omitted)

The operative time-bar date of May 12, 2020 in the Court's statute of limitations holding, however, should be corrected to August 9, 2019 for two reasons.

*First*, although the Court held that Maryland's three-year statute for breach of contract claims applies to 502(a)(1)(B) wrongful denial of benefits claims brought in this District, ECF No. 78 at 11 (citing *Bond v. Marriott Int'l, Inc.*, 637 F. App'x 726, 731 (4th Cir. 2016)), that default rule that looks to state law statutes for analogous claims does not apply here. The Plan itself prescribes a limitations period for the filing of suit to challenge an adverse determination. *See Belrose v. Hartford Life & Acc. Ins. Co.*, 478 F. App'x 21, 23 (4th Cir. 2012) (courts may apply applicable state statute of limitations where plan does not contain a valid limitations period). It provides that "[n]o suit or legal action with respect to an adverse determination may be commenced more than 42 months from the date of the final decision on the claim for benefits (including the decision on review)." Plan § 13.4 ("Limitation on Actions") (Ex. B in support of Defs.' Joint Rule 12(b)(6) Mot. to Dismiss Pls.' Am. Class Action Compl.), ECF No. 69-7 at 64).

"Where a limitations period is contained within an ERISA plan, it is valid as long as it is neither unreasonable nor against established public policy." *Herman v. Lincoln Nat'l Life Ins. Co.*, No. 8:11-cv-03378-AW, 2012 WL 1999879, at *2 (D. Md. June 4, 2012) (citing *Belrose*, 478 F. App'x at 23-24); *accord Belrose*, 478 F. App'x at 23 ("[g]enerally, ERISA allows plans the flexibility to set their own limitations periods"); *see generally Heimeshoff v. Hartford Life &*

*Acc. Ins. Co.*, 571 U.S. 99, 108-09 (2013) (an ERISA plan's limitations period must be given effect unless that period is unreasonably short or a controlling statute precludes it).[6]

Here, the Plan's 42-month limitations period is undeniably reasonable because it exceeds Maryland's three-year year statute for breach of contract actions. Hence, that period is valid and controlling in this case.

*Second*, it is the date of Plaintiffs' original complaint (February 9, 2023), not their May 12, 2023 Amended Complaint, from which the limitations period must look back. Amendments to a complaint relate back to the original complaint where (a) there is a factual nexus between the initial and the amended pleading, and (b) the defendant had notice of the claims and is not prejudiced by the amendment. *See* Fed. R. Civ. P. 15(c)(1)(B); *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983), *aff'd,* 468 U.S. 42 (1984). Such is the case here.[7]

Consequently, the 42-month limitations period must work back from the February 9, 2023 filing of Plaintiffs' initial complaint to determine the earliest date that an adverse determination is properly the subject of the Amended Complaint's 502(a)(1)(B) Count. That results in the

---

[6] *See also White v. Sun Life Assur. Co. of Can.*, 488 F.3d 240, 250 & n.4 (4th Cir. 2007) ("ERISA generally affords plans the flexibility to set limitations periods"), *abrogated on other grounds by Heimeshoff*, 571 U.S. at 105; *Schulte v. Bos. Mut. Life Ins. Co.*, No. 1:14-cv-00419-JKB, 2015 WL 7273148, at *12 (D. Md. Nov. 18, 2015) (dismissing 502(a)(1)(B) claim for benefits as time barred under contractual limitations period).

[7] To be sure, the Amended Complaint substituted two Board members as defendants in place of two others whom Plaintiffs determined after commencement of the action were no longer on the Board. The Amended Complaint, though, properly relates back because all but two of the defendants already had notice of the claims from the original complaint—which purported to name all individual Board members as defendants—and there is no reason to believe that the two substituted Board members also did not have notice of the pendency of the action such that their being formally added to the case just three months later caused them any prejudice. *See* Fed. R. Civ. P. 15(c)(1)(C): *Daulatzai v. Maryland*, 606 F. Supp. 3d 252, 268 (D. Md. 2022), *aff'd*, No. 21-2214, 2024 WL 1183534 (4th Cir. Mar. 20, 2024). At any rate, Plaintiffs' 502(a)(1)(B) claims were not directed at the individual defendants, and, notably, the Court has since dismissed all claims against the individual defendants anyway. Therefore, notice or prejudice to the substituted individual defendants is now a moot consideration for relation-back purposes.

Court's time bar applying to final adverse determinations issued before August 9, 2019 rather than before May 20, 2020.  Accordingly, the Court should modify its decision to so reflect.

## CONCLUSION

For the foregoing reasons, the Court should partially reconsider and modify its decision to reflect that the applicable 502(a)(1)(B) limitations period in this case bars any wrongful denial of benefits challenge to a final adverse determination issued before August 9, 2019 rather than before May 12, 2020.

Dated:  April 3, 2024

Respectfully submitted,

**MIGLIACCIO & RATHOD LLP**

By:    */s/ Jason S. Rathod*
          Jason S. Rathod
          Nicholas A. Migliaccio
          412 H Street, N.E.
          Washington, DC 20002
          Telephone:  (202) 470-3520
          Facsimile:  (202) 800-2730
          jrathod@classlawdc.com
          nmigliaccio@classlawdc.com

Christopher A. Seeger *(admitted pro hac vice)*
Diogenes P. Kekatos *(admitted pro hac vice)*
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone:  (973) 639-9100
cseeger@seegerweiss.com
dkekatos@seegereiss.com

Samuel L. Katz *(admitted pro hac vice)*
Julia M. Damron *(admitted pro hac vice)*
**ATHLAW LLP**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
Telephone:  (818) 454-3652
samkatz@athlawllp.com
julia@athlawllp.com

Bryan F. Aylstock *(admitted pro hac vice)*
Justin G. Witkin *(admitted pro hac vice)*
Douglass A. Kreis *(admitted pro hac vice)*
D. Nicole Guntner *(admitted pro hac vice)*
**AYLSTOCK, WITKIN, KREIS, & OVERHOLTZ, PLLC**
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone:  (850) 202-1010
BAylstock@awkolaw.com
JWitkin@awkolaw.com
DKreis@awkolaw.com
NGuntner@awkolaw.com

Robert K. Scott *(admitted pro hac vice)*
Gerry H. Goldsholle *(admitted pro hac vice)*
**ADVOCATE LAW GROUP P.C.**
2330 Marinship Way, Suite 260
Sausalito, CA 94965
Telephone:  (949) 753-4950
bob@advocatelawgroup.com
gerry@advocatelawgroup.com