UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD, DANIEL LOPER, WILLIS MCGAHEE, MICHAEL MCKENZIE, JAMIZE OLAWALE, ALEX PARSONS, ERIC SMITH, CHARLES SIMS, JOEY THOMAS, and LANCE ZENO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN; THE NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN; THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN; THE DISABILITY BOARD OF THE NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN; LARRY FERAZANI; JACOB FRANK; BELINDA LERNER; SAM McCULLUM; ROBERT SMITH; HOBY BRENNER; and ROGER GOODELL,<br><br>Defendants. | Case No. 1:23-cv-00358-JRR |

**[PROPOSED] ORDER GRANTING PARTIAL RECONSIDERATION
AND AMENDING THE COURT'S MARCH 20, 2024
MEMORANDUM OPINION GRANTING IN PART AND DENYING
IN PART DEFENDANTS' JOINT RULE 12(b)(6) MOTION TO
<u>DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT</u>**

Plaintiffs having timely moved the Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Local Rule 105.10 of the Rules of this Court, for partial reconsideration of this Court's March 20, 2024 Memorandum Opinion (ECF No. 78) in this case, which granted in part and denied in part Defendants' Joint Rule 12(b)(6) Motion (ECF No. 69) to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 56) ("Amended Complaint"); and the Court having considered the

motion, the motion is hereby GRANTED, and the Court hereby amends its Memorandum Opinion (ECF No. 78) as follows:

1. The Court substitutes for the fifth and six lines of Subsection IV.A.2 of its Memorandum Opinion (on page 11 thereof) the following:

> Here, the applicable limitations period here is dictated by the Plan itself. *See*, *e.g.*, *Herman v. Lincoln Nat. Life Ins. Co.*, No. 11-CV-03378-AW, 2012 WL 1999879, at *2 (D. Md. June 4, 2012) ("Where a limitations period is contained within an ERISA plan, it is valid as long as it is neither unreasonable nor against established public policy.") (citing *Belrose v. Hartford Life & Acc. Ins. Co.*, 478 F. App'x 21, 23-24 (4th Cir. 2012)). Section 13.4 of the Plan (entitled "Limitation of Actions") provides that "[n]o suit or legal action with respect to an adverse determination may be commenced more than 42 months from the date of the final decision on the claim for benefits (including the decision on review)."

2. The Court substitutes for the sixth through eighth six lines of Subsection IV.A.2 of its Memorandum Opinion (on page 11 thereof) the following:

> While the court applies the 42-month limitations period, "the question of *when* the statute begins to run is a matter of federal law." *Bond*, 637 F. App'x at 731.

3. The first full paragraph on page 13 of the Court's Memorandum Opinion is amended to omit the references to Plaintiffs McKenzie, Smith, and Thomas.

4. Given the Plan's stipulated 42-month limitations period and the relation back of Plaintiffs' claims in their May 12, 2023 Amended Complaint to their February 9, 2023 initial complaint, the Court amends the last sentence of Subsection IV.A.2 of its Memorandum Opinion (on page 14 thereof) to read as follows:

> Accordingly, to the extent Plaintiffs' wrongful denial of benefits claim relies on Plaintiffs' applications involving final adverse determinations issued prior to August 9, 2019, those allegations are barred by the applicable limitations period set forth in the Plan.

IT IS SO ORDERED.

Dated this _____ day of _____, 2024

_____
JULIE R. RUBIN
United States District Judge