IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>　　　　Defendants. | Case No. 1:23-cv-00358-JRR |

**DEFENDANTS' JOINT NOTICE OF NON-OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendants notify the Court that they do not oppose the specific, narrow relief sought in Plaintiffs' Motion for Reconsideration of the Court's Memorandum Opinion Granting in Part and Denying in Part Defendants' Joint Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 83) ("Motion for Reconsideration").

Plaintiffs' Motion for Reconsideration is solely a request to amend the Court's Memorandum Opinion (ECF No. 78) to: (1) impose the 42-month limitations period provided for in the Plan documents, *see* RPD § 12.7; DPD § 13.4; and (2) calculate that period from the filing of Plaintiffs' original complaint. ECF No. 83-1 at 11 (recognizing that the Plan's limitations period is "undeniably reasonable and is "valid and controlling"); *id.* at 11–12 (noting that the period "work[s] back from the February 9, 2023 filing of Plaintiffs' initial complaint").

Defendants do not oppose this limited relief, *cf.* Mot. at 10, 23. Plaintiffs recognize that the limitations period is "undeniably reasonable" and is "valid and controlling" because they acknowledge that "ERISA allows plans the flexibility to set their own limitations periods." ECF No. 83-1 at 10 (quoting *Belrose v. Hartford Life & Acc. Ins. Co.*, 478 F. App'x 21, 23 (4th Cir.

1

2012)); *see also White v. Sun Life Assur. Co. of Canada*, 488 F.3d 240, 250 (4th Cir. 2007). That flexibility is grounded in the "well-established principle that plans can craft their governing principles as they think best" because "[p]lan sponsors . . . are empowered by ERISA to adopt, modify, or terminate welfare plans." *Gayle v. United Parcel Service, Inc.*, 401 F.3d 222, 228 (4th Cir. 2005) (quotation omitted).

      Defendants therefore do not oppose entry of Plaintiffs' proposed order.

Date: April 8, 2024                                  Respectfully submitted,

*/s/ Gregory F. Jacob*
Gregory F. Jacob (D. Md. Bar No. 06769)
Meredith N. Garagiola (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., 10th Floor
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: gjacob@omm.com
Email: mgaragiola@omm.com

Elizabeth L. McKeen (*pro hac vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*

## **CERTIFICATE OF SERVICE**

      I, Gregory F. Jacob, hereby certify that on April 8, 2024, I caused a copy of the foregoing document to be served upon all counsel of record via the CM/ECF system for the United States District Court for the District of Maryland.

                                            */s/ Gregory F. Jacob*
                                            Gregory F. Jacob