IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JASON ALFORD**, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Case No. 1:23-cv-00358-JRR |
| **THE NFL PLAYER DISABILITY,** | * | |
| **& SURVIVOR BENEFIT PLAN**, *et al.*, | | |
| | * | |
| *Defendants.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER**

The court has before it Plaintiffs' Motion for Reconsideration (the "Motion") and Defendants' Joint Notice of Non-Opposition to Plaintiffs' Motion for Reconsideration. (ECF Nos. 83 and 84). No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

Defendants filed a Joint Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 69), which the court granted in part and denied in part by memorandum order and opinion entered March 27, 2024. (ECF Nos. 78 and 79.) Relevant here, in the memorandum opinion, the court concluded: "to the extent Plaintiffs' wrongful denial of benefits claim relies on Plaintiffs' applications involving the Board's final appeal letters issued prior to May 12, 2020, those allegations are barred by the applicable statute of limitations." (ECF No. 78 at p. 14.)[1]

In their Motion, Plaintiffs argue that the court's application of "Maryland's three-year statute for breach of contract claims to 502(a)(1)(B) wrongful denial of benefit claims" (*see* note 1, *supra*)

---

[1] "The cause of action available to those seeking benefits due under an ERISA plan does not specify a statute of limitations or a time of accrual." *Belrose v. Hartford Life & Acc. Ins. Co.*, 478 F. App'x 21, 23 (4th Cir. 2012) (citing 29 U.S.C. § 1132 (2000)). "Generally, ERISA allows plans the flexibility to set their own limitations periods." *Id.* "However, where a plan does not contain a valid limitations period, courts may apply the applicable state statute of limitations." *Id.* "Where a limitations period is contained within an ERISA plan, it is valid as long as it is neither unreasonable nor against established public policy." *Herman v. Lincoln Nat. Life Ins. Co.*, No. 11-CV-03378-AW, 2012 WL 1999879, at *2 (D. Md. June 4, 2012).

does not apply in the instant case (and therefore requires reconsideration) because Section 13.4 of the Plan titled "Limitation of Actions" provides that "[n]o suit or legal action with respect to an adverse determination may be commenced more than 42 months from the date of the final decision on the claim for benefits (including the decision on review)." (ECF No. 83-1 at 5.) The parties agree that "the Plan's 42-month limitations period is undeniably reasonable" and "valid and controlling." (ECF No. 83-1 at 6; ECF No. 84 at 1-2.)

"Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case (*i.e.,* interlocutory orders)." *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018). Rule 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." FED. R. CIV. P. 54(b). "Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (emphasis in original) (citing *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). Reconsideration is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1083 (4th Cir. 1993). "The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Plaintiffs filed the Motion within the time frame provided under Local Rule 105.10.

It bears mentioning that in the throes of their voluminous papers on Defendants' motion to dismiss at ECF No. 69, neither Defendants nor Plaintiffs presented any legal argument or authority

regarding the applicable statute of limitations – specifically, the argument they now present: that the default state limitations rule does not apply and that the Plan's 42-month limitations period is reasonable and/or valid. Therefore, the court identified and applied the default rule. *See Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 895-96 (W.D. Va. 2016) ("[C]ourts widely agree that parties have the burden to present legal arguments in the first instance.") (citing cases)); *Terra Firma, LLC v. Wicomico Cnty., Md.*, No. CV GLR-21-1357, 2022 WL 899446 (D. Md. Mar. 28, 2022), *aff'd sub nom. Terra Firma, LLC v. Vill. Downriver Condo. Ass'n, Inc.*, No. 22-1461, 2023 WL 387022 (4th Cir. Jan. 25, 2023) (noting that "[s]ubmitting an argument is not the same as making one, and the Court will not do so on [the plaintiff's] behalf") (citing *United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself.")).

In view of the foregoing, to ensure that the court reaches the correct judgment under the law (*Am. Canoe Ass'n v. Murphy Farms, Inc., supra*), it is **ORDERED** that the Motion shall be, and is hereby, **GRANTED IN PART** as follows:

1. Page 13 is **AMENDED** to omit reference to applications of Plaintiff McKenzie (November 22, 2019), Plaintiff Smith (November 22, 2019), and Plaintiff Thomas (February 13, 2020); and

2. The last sentence of Section IV.A.2. is **AMENDED** to read as follows: "To the extent Plaintiffs' wrongful denial of benefits claim relies on Plaintiffs' applications involving the Board's final appeal letters issued prior to August 9, 2019, recovery based on those applications is barred per the limitations set forth in Section 13.4 of the Plan, which, the parties agree, is reasonable, valid, and controlling."

Amendment of the memorandum opinion at ECF No. 78 as set forth above has no bearing

on the order at ECF No. 79.  Therefore, except as set forth herein, the memorandum opinion and order at ECF Nos. 78 and 79 remain in full force and effect.


April 23, 2024                                                                  /S/
                                                              _____
                                                              Julie R. Rubin
                                                              United States District Court Judge