## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

JASON ALFORD *et al.*,

      Plaintiffs,

   v.

THE NFL PLAYER DISABILITY &
SURVIVOR BENEFIT PLAN *et al.*,

      Defendants.

Case No. 1:23-cv-00358-JRR

## DEFENDANTS' JOINT ANSWER TO
## PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

Defendants the NFL Player Disability & Survivor Benefit Plan, the NFL Player Disability & Neurocognitive Benefit Plan (collectively, the "Disability Plan" or "Plan"), the Bert Bell/Pete Rozelle NFL Player Retirement Plan (the "Retirement Plan," and with the Disability Plan, the "Plans"), and the Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan (the "Board") answer the correspondingly numbered paragraphs of the Amended Class Action Complaint (the "Amended Complaint") filed by Plaintiffs Jason Alford, Daniel Loper, Willis McGahee, Michael McKenzie, Jamize Olawale, Alex Parsons, Eric Smith, Charles Sims, Joey Thomas, and Lance Zeno on behalf of themselves and all others similarly situated.  All allegations not specifically admitted are denied.

## I.    INTRODUCTION AND NATURE OF THE ACTION[1]

1.    Defendants admit that Plaintiffs are former NFL football players.  The remainder of Paragraph 1 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 1.

2.    Paragraph 2 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3.    Paragraph 3 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 3.

4.    Paragraph 4 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.

---

[1] The Amended Complaint includes lettered headings purporting to characterize certain actions or events.  *See generally* ECF No. 56.  Because the headings are not set forth in numbered paragraphs, they are not properly pleaded facts, and no response is necessary.  To the extent Plaintiffs' headings purport to state facts to which a response is required, Defendants deny each and every such allegation.  Due to the length of the Amended Complaint, Plaintiffs' headings are repeated below solely for organizational purposes.  Plaintiffs also cite to various sources throughout the Amended Complaint.  These sources speak for themselves, and Defendants deny any characterization of the sources that is inconsistent with the sources' meaning when read in their entirety and in context.

5.      Paragraph 5 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the court opinion referenced in Paragraph 5 speaks for itself and deny any characterization of the opinion that is inconsistent with its meaning when read in its entirety and in context.  Defendants deny all remaining allegations in Paragraph 5.

6.      Paragraph 6 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the court opinion referenced in Paragraph 6 speaks for itself and deny any characterization of the opinion that is inconsistent with its meaning when read in its entirety and in context.  Defendants deny all remaining allegations in Paragraph 6.

7.      Paragraph 7 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the court opinion referenced in Paragraph 7 speaks for itself and deny any characterization of the opinion that is inconsistent with its meaning when read in its entirety and in context.  Defendants deny all remaining allegations in Paragraph 7.

8.      Paragraph 8 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 8.

## II.      JURISDICTION AND VENUE

9.      Paragraph 9 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants admit the Court has subject matter jurisdiction over this action.

10.      Paragraph 10 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11.     Paragraph 11 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants admit that they are located and transact business in this District.

12.     Paragraph 12 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny that any breaches or violations of law have occurred, whether in this District or elsewhere.

### III.    PARTIES

13.     Defendants admit that Plaintiffs are Retired Players and meet the Plan's definition of "Player."  Defendants deny all remaining allegations in Paragraph 13.

14.     Defendants admit that Plaintiffs are Plan "participants."

15.     Defendants admit that the Retirement Plan is an employee pension and welfare-benefit plan established and maintained pursuant to collective bargaining between the NFL Management Council and the NFLPA[2] for the benefit of eligible Players and their beneficiaries. Defendants further admit that the fair market value of assets in the Retirement Plan as of March 31, 2015 was $1,809,624,966.

16.     Defendants admit that the Disability Plan is a welfare-benefit plan established and maintained pursuant to collective bargaining between the NFL Management Council and the NFLPA for the benefit of eligible Players and their beneficiaries.  Defendants further admit that for the Plan year ending March 31, 2019, the total additions to the Plan equaled $182,681,069; the Plan had a net increase of $7,856,570 after deductions for benefits paid to participants and $17,783,557 in administrative expenses; and the Plan had $48,590,049 in net assets available at

---

[2] Where undefined, Defendants adopt Plaintiffs' acronyms and abbreviations for ease of reference, but deny them to the extent they characterize certain actions or events.  To the extent the acronyms or abbreviations refer to sources cited in the Amended Complaint, the sources speak for themselves and Defendants deny any characterization of the sources that is inconsistent with the sources' meaning when read in their entirety and in context.

the end of the year.  Defendants further admit that for the Plan year ending March 31, 2020, the

total additions to the Plan equaled $212,906,940; the Plan had a net increase of $7,434,746 after

deductions for benefits paid to participants and $20,436,655 in administrative expenses; and the

Plan had $56,024,795 in net assets available at the end of the year.

17.    Defendants aver that the testimony from *Cloud* referenced in Paragraph 17 speaks

for itself and deny any characterization of the testimony that is inconsistent with its meaning

when read in its entirety and in context.

18.    Admitted.

19.    Admitted.

20.    Defendants admit that Larry Ferazani, Sam McCullum, Robert Smith, and Hoby

Brenner are members of the Board.  Defendants further admit that that Mr. Ferazani is one of the

Board's NFL Management Council appointee members, while Messrs. McCullum, Smith, and

Brenner are its NFLPA appointee members.  Defendants further admit that Messrs. Ferazani and

Brenner have replaced Dennis Curran and Jeff Van Note as, respectively, NFL Management

Council and NFLPA appointees to the Board.  Defendants admit that Plaintiffs purport to sue

these individuals in their capacity as members of the Board.  Defendants deny all remaining

allegations in Paragraph 20 not specifically otherwise admitted.

## IV.    FACTUAL ALLEGATIONS

### A.    Defendants' History of Parsimonious and Hostile Claims Processing, Abuses of Discretion, Adversarial and Aggressive Administration, Bad Faith, Multiple Erroneous Interpretations of the Same Plan Provisions, and Repeated Substantial Plan and ERISA Violations

21.    Paragraph 21, including subsections (a)–(n), contains arguments and conclusions

of law that do not require a response.  To the extent a response is required, Defendants aver that

the terms of the Plan and the court opinions referenced in Paragraph 21, including subsections

(a)–(n), speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 21.

      **B.**    **<u>Background</u>**

     22.    Defendants admit that the NFL is a United States-based professional football league whose teams compete within the U.S. and internationally and whose games are televised and watched by viewers during the NFL season.  Defendants deny all remaining allegations in Paragraph 22 not specifically otherwise admitted.

     23.    Defendants aver that the documents referenced in Paragraph 23 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 23.

     24.    Paragraph 24 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the statute cited in Paragraph 24 speaks for itself and deny any characterization of the statute that is inconsistent with its meaning when read in its entirety and in context.  Defendants admit that the Plan is a welfare-benefit plan established and maintained pursuant to collective bargaining between the NFL Management Council and the NFLPA for the benefit of eligible Players and their beneficiaries.  Defendants further admit that the Plan is governed by ERISA.  Defendants deny all remaining allegations in Paragraph 24 not specifically otherwise admitted.

     25.    Defendants aver that the documents referenced in Paragraph 25 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, on that basis, deny the allegations.

26.    Defendants aver that the documents referenced in Paragraph 26 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and, on that basis, deny the allegations.

27.    Defendants aver that the witness testimony referenced in Paragraph 27 speaks for itself and deny any characterization of that testimony that is inconsistent with its meaning when considered in its entirety and in context.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and, on that basis, deny the allegations.

28.    Defendants aver that the document referenced in Paragraph 28 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, on that basis, deny the allegations.

29.    Defendants aver that the court documents referenced in Paragraph 29 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and, on that basis, deny the allegations.

30.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, deny the allegations.

### C.    The Plan and How It *Should* Operate

31.    Defendants admit that the Plan provides benefits to eligible Players.  Defendants further admit that the Plan is a multi-employer plan jointly administered by, and pursuant to collective bargaining between, the NFL Management Council and the NFLPA.  Defendants deny all remaining allegations in Paragraph 31 not specifically otherwise admitted.

32.    Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

33.    Defendants deny the allegations in Paragraph 33 and aver that between 2014 and 2016, approximately 700 Players applied for benefits each year.

### i.    The NFL Player Benefits Office

34.    Defendants admit that the NFL Player Benefits Office oversees the day-to-day operations of the Plan.  Defendants further admit that all employees of the Benefits Office are employed by the Retirement Plan.  Defendants deny all remaining allegations in Paragraph 34 not specifically otherwise admitted.

### ii.    The Disability Initial Claims Committee

35.    Admitted.

36.    Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 36 and Footnote 4.

37.    Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

### iii.    The Board

38.    Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

39.    Defendants admit that the Board is the Plan's "named fiduciary" and is responsible for implementing and administering the Plan.

40.    Paragraph 40 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 40.

41.    Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

42.    Defendants aver that the document referenced in Paragraph 42 speaks for itself and deny any characterization of the document that is inconsistent with its meaning when read in its entirety and in context.  Defendants deny all remaining allegations in Paragraph 42 not specifically otherwise admitted.

43.    Paragraph 43 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their

meaning when read in their entirety and in context. Defendants deny all remaining allegations in Paragraph 43.

44.     Defendants repeat and incorporate by reference herein their response to Paragraphs 19 and 20. Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context. Defendants deny all remaining allegations in Paragraph 44.

### iv.     Plan-Defined "Neutral Physicians"

45.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context. Defendants deny all remaining allegations in Paragraph 45 and Footnote 5.

46.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context. Defendants deny all remaining allegations in Paragraph 46.

47.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context. Defendants deny all remaining allegations in Paragraph 47.

48.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context. Defendants deny all remaining allegations in Paragraph 48.

49.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context. Defendants deny all remaining allegations in Paragraph 49.

50.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

51.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 51.

52.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that they know how much annual compensation each Neutral Physician has received from the Plan.  Defendants deny all remaining allegations in Paragraph 52 not specifically otherwise admitted.

53.     Defendants aver that the documents referenced in Paragraph 53 speak for themselves and deny any characterization of the documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 53.

54.     Paragraph 54 consists of arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the documents referenced in Paragraph 54 and Footnote 6 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Players rely on information in decision letters and SPDs and, on that basis, deny that allegation.  Defendants deny all remaining allegations in Paragraph 54 and Footnote 6.

55.      Defendants admit that the Board does not maintain statistics on the rates at which Neutral Physicians find Players disabled under the Plan terms.  Defendants deny all remaining allegations in Paragraph 55 not specifically otherwise admitted.

56.      Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 56.

57.      Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 57.

58.      Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 58.

**D.      Benefits under the Plan**

59.      Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Plan provides for several categories of disability benefits.

**i.      Total & Permanent Disability Benefits**

60.      Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

61.      Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

62.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

63.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 63.

64.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 64.

65.     Defendants aver that the court opinion referenced in Paragraph 65 speaks for itself and deny any characterization of the opinion that is inconsistent with its meaning when read in its entirety and in context.

66.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

67.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 67.

68.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

69.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

70.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 70.

71.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

       **ii.**       **Line-of-Duty Disability Benefits**

72.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

73.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

74.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

75.     Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

76.    Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

### iii.    Neurocognitive Disability Benefits

77.    Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that NC benefits were created in 2011.  Defendants deny all remaining allegations in Paragraph 77 not specifically otherwise admitted.

78.    Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

79.    Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

80.    Defendants aver that the terms of the Plan speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

81.    Defendants aver that the document referenced in Paragraph 81 speaks for itself and deny any characterization of that document that is inconsistent with its meaning when read in its entirety and in context.

### E.    Defendants' Fiduciary Duties Under ERISA

82.    Paragraph 82 consists of arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the statute cited in Paragraph 82 speaks for itself and deny any characterization of the statute that is inconsistent

with its meaning when read in its entirety and in context.  Defendants deny all remaining allegations in Paragraph 82.

83.     Paragraph 83 consists of arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the statute cited in Paragraph 83 speaks for itself and deny any characterization of the statute that is inconsistent with its meaning when read in its entirety and in context.  Defendants deny all remaining allegations in Paragraph 83.

84.     Paragraph 84 consists of arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants admit that the Board has fiduciary duties.  Defendants deny all allegations in Paragraph 84 not specifically otherwise admitted.

85.     Paragraph 85 consists of arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the statute cited in Paragraph 85 speaks for itself and deny any characterization of the statute that is inconsistent with its meaning when read in its entirety and in context.  Defendants deny all remaining allegations in Paragraph 85.

**F.     <u>Additional Requirements for Consideration</u>**

86.     Paragraph 86 consists of arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the terms of the Plan speak for themselves and deny any characterization of the terms that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 86.

87.     Defendants aver that the terms of the Plan and the court opinion referenced in Paragraph 87 speak for themselves and deny any characterization of the terms or opinion that is

inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 87.

88.     Paragraph 88 consists of arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the statutes and regulations cited in Paragraph 88 speak for themselves and deny any characterization of those statutes and regulations that is inconsistent with their meaning when read in their entirety and in context.

89.     Paragraph 89 consists of arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the statutes and regulations cited in Paragraph 89 speak for themselves and deny any characterization of those statutes and regulations that is inconsistent with their meaning when read in their entirety and in context.

### G.     Summary Plan Description

90.     Paragraph 90 consists of arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the statutes and regulations cited in Paragraph 90 speak for themselves and deny any characterization of those statutes and regulations that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Plan's SPD is governed by ERISA.  Defendants deny all remaining allegations in Paragraph 90 not specifically otherwise admitted.

91.     Defendants aver that the regulations cited in Paragraph 91 speak for themselves and deny any characterization of those regulations that is inconsistent with their meaning when read in their entirety and in context.

92.     Defendants aver that the terms of the Plan and the SPDs speak for themselves and deny any characterization of those terms that is inconsistent with their meaning when read in their entirety and in context.

93.    Defendants aver that the 2019 SPD speaks for itself and deny any characterization of the 2019 SPD that is inconsistent with its meaning when read in its entirety and in context.

94.    Defendants aver that the SPDs speak for themselves and deny any characterization of the SPDs that is inconsistent with their meaning when read in their entirety and in context.

95.    Defendants aver that the 2022 SPD speaks for itself and deny any characterization of the 2022 SPD that is inconsistent with its meaning when read in its entirety and in context.

96.    Defendants aver that the 2022 SPD speaks for itself and deny any characterization of the 2022 SPD that is inconsistent with its meaning when read in its entirety and in context.

97.    Defendants aver that the 2022 SPD speaks for itself and deny any characterization of the 2022 SPD that is inconsistent with its meaning when read in its entirety and in context.

98.    Defendants aver that the 2022 SPD speaks for itself and deny any characterization of the 2022 SPD that is inconsistent with its meaning when read in its entirety and in context.

99.    Defendants aver that the 2019, 2021, and 2022 SPDs speak for themselves and deny any characterization of the SPDs that is inconsistent with their meaning when read in their entirety and in context.

**H.    ERISA-Mandated Decision Letters**

100.    Defendants aver that the statutes and regulations cited in Paragraph 100 speak for themselves and deny any characterization of those statutes and regulations that is inconsistent with their meaning when read in their entirety and in context.

101.    Defendants aver that the documents referenced in Paragraph 101 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.

102.    Defendants aver that the terms of the Plan and the documents referenced in Paragraph 102 speak for themselves and deny any characterization of the terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 102.

103.    Defendants aver that the documents referenced in Paragraph 103 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 103.

104.    Defendants aver that the documents referenced in Paragraph 104 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 104.

105.    Defendants aver that the documents referenced in Paragraph 105 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.

106.    Defendants aver that the documents referenced in Paragraph 106 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.

**I.** **Powerful Statistical Evidence of a Pattern of Parsimonious Assessments Unfavorable to Applicants, Showing a Systematic Practice That Most Highly Compensated Board Physicians Have Financial Conflicts of Interest That Have Infected the Board's Decision-Making and Harmed the Integrity of the Claims Process, and Also Demonstrating the Falsity of Defendants' Disclosures Touting Misinformation That Plan Physicians Are Absolutely Neutral in This Process and Their Reassurances That Actively Concealed ERISA Violations**

107.    Defendants deny the allegations in Paragraph 107.

108.    Paragraph 108 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 108.

109.    Defendants deny the allegations in Paragraph 109.

110.    Defendants aver that the court determinations referenced in Paragraph 110 speak for themselves and deny any characterization of those opinions that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants aver that the terms of the Plan speak for themselves and deny any characterization of the terms that is inconsistent with their meaning when read in their entirety and in context.

114.    Defendants deny the allegations in Paragraph 114.

115.    Defendants deny the allegations in Paragraph 115.

116.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 116 and, on that basis, deny the allegations.

117.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 122 and Footnotes 10–11 and, on that basis, deny the allegations.

118.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 118 and, on that basis, deny the allegations.

119.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 119 and, on that basis, deny the allegations.

120.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 120 and, on that basis, deny the allegations.

121.    Defendants deny the allegations in Paragraph 121.

122.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 122 and, on that basis, deny the allegations.

123.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 123 and, on that basis, deny the allegations.

124.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 124 and, on that basis, deny the allegations.

125.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 125 and, on that basis, deny the allegations.

126.    Defendants aver that the documents, media, and court opinions referenced in Paragraph 126 speak for themselves and deny any characterization of those documents and media that is inconsistent with their meaning when read or viewed in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 126.

127.    Defendants aver that the documents referenced in Paragraph 127 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Dr. Stephen Macciocchi has received at least $1,652,800 in compensation since 2012.  Defendants deny all remaining allegations in Paragraph 127 not specifically otherwise admitted.

128.    Defendants aver that the documents referenced in Paragraph 128 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 128 and, on that basis, deny the allegations.

129.    Defendants admit that Drs. Thomas Burns, Ernst Fung, Dean Delis, Douglas Cooper, Nicole Werner, and Justin O'Rourke each received at least $258,000 in compensation from April 1, 2021 to March 31, 2022.  Defendants further admit that Dr. Barry McCasland received $373,000 in compensation during that period.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 129 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 129 not specifically otherwise admitted.

130.    Defendants deny that Drs. William Garmoe, Stephen Macciocchi, Douglas Cooper and Nicole Werner each received at least $194,000 in compensation from April 1, 2020 to March 31, 2021.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 130 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 130.

131.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 131 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 131.

132.    Defendants admit that Drs. Stephen Macchiocchi and Dean Delis each received at least $217,500 in compensation from April 1, 2018 to March 31, 2019.  Defendants deny that Dr. Sutapa McNasby-Ford received at least $217,500 in compensation from April 1, 2018 to March

31, 2019.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 132 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 132 not specifically otherwise admitted.

133.    Defendants admit that Drs. Sutapa McNasby-Ford, Janyna Mercado, Stephen Macchiocchi, and Johnny Wen each received at least $191,500 in compensation from April 1, 2017 to March 31, 2018.  Defendants deny that Dr. William Garmoe received at least $191,500 in compensation from April 1, 2017 to March 31, 2018.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 133 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 133 not specifically otherwise admitted.

134.    Defendants admit that Drs. Johnny Wen and Stephen Macciocchi each received at least $172,000 in compensation from April 1, 2016 to March 31, 2017 and that Dr. Barry McCasland received $307,000 during that period.  Defendants deny that Dr. Sutapa McNasby-Ford received at least $172,000 from April 1, 2016 to March 31, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 134 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 134 not specifically otherwise admitted.

135.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 135 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 135.

136.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 136 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 139 and, on that basis, deny the allegations.

140.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 140 and, on that basis, deny the allegations.

141.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 141 and, on that basis, deny the allegations.

142.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 142 and, on that basis, deny the allegations.

143.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 143 and, on that basis, deny the allegations.

144.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 144 and Footnote 13 and, on that basis, deny the allegations.

145.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 145 and, on that basis, deny the allegations.

146.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 146 and, on that basis, deny the allegations.

**J.    Plaintiffs' Applications for Benefits**

**Plaintiff Lance Zeno**

147.    Defendants lack knowledge or information to form a belief as to the truth of the allegations in Paragraph 147 and, on that basis, deny the allegations.

148.    Defendants admit that Plaintiff Zeno played the position of center in the NFL. Defendants lack knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 148 and, on that basis, deny the allegations.

149.    Defendants admit that Plaintiff Zeno applied for NC benefits but deny that he did so on September 17, 2020.  Defendants further admit that Plaintiff Zeno was examined by Dr. Dean Delis.  Defendants further admit that Dr. Delis has received at least $1,407,120 in total compensation.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 149 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 149 not specifically otherwise admitted.

150.    Defendants lack knowledge or information to form a belief as to the purported statistical analysis described in Paragraph 150 and, on that basis, deny the allegations.

151.    Defendants deny the allegations in Paragraph 151.

152.    Defendants aver that the documents referenced in Paragraph 152 speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny that the Board hired Dr. Dean Delis to evaluate cognitive impairments in 2011.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 152 and, on that basis, deny the allegations.

153.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Zeno was examined by Drs. Dean Delis and Laura Desadier.  Defendants further admit that Dr. Delis

currently serves as a Neutral Physician.  Defendants deny all remaining allegations in Paragraph 153 not specifically otherwise admitted.

154.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Committee denied Plaintiff Zeno NC benefits.  Defendants further admit that the Committee issued a decision letter to Plaintiff Zeno on December 1, 2021.  Defendants deny all remaining allegations in Paragraph 154 not specifically otherwise admitted.

155.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Zeno appealed to the Board on April 28, 2022.  Defendants further admit that Drs. Lauren Drag and Selena Ellis examined Plaintiff Zeno.  Defendants deny all remaining allegations in Paragraph 155 not specifically otherwise admitted.

156.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Board issued a decision letter to Plaintiff Zeno on August 31, 2022.  Defendants deny all remaining allegations in Paragraph 156 not specifically otherwise admitted.

157.    Paragraph 157 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and

in context.  Defendants admit that Dr. William Garmoe performed a record review of Plaintiff Zeno's benefits claim.  Defendants further admit that Dr. Garmoe has received at least $1,351,000 in compensation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the purported statistical analysis described in Paragraph 157 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 157 not specifically otherwise admitted.

158.    Defendants deny the allegations in Paragraph 158.

159.    Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 159.

160.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Board denied Plaintiff Zeno's appeal.  Defendants further admit that the Board issued a decision letter to Plaintiff Zeno on November 22, 2022.  Defendants deny all remaining allegations in Paragraph 160 not specifically otherwise admitted.

**Plaintiff Willis McGahee**

161.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and, on that basis, deny the allegations.

162.    Admitted.

163.    Admitted.

164.    Defendants admit that Plaintiff McGahee was examined by Dr. Barry McCasland. Defendants further admit that Dr. McCasland has received at least $1,842,500 in compensation and that he received $373,000 from April 1, 2021 to March 31, 2022.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 164 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 164 not specifically otherwise admitted.

165.    Defendants aver that the documents in the administrative record and the court opinion referenced in Paragraph 165 speak for themselves and deny any characterization of those documents or opinion that is inconsistent with their meaning when read in their entirety and in context.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 165 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 165.

166.    Defendants aver that the documents containing statements allegedly made by Dr. Barry McCasland and the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff McGahee was examined by Dr. McCasland.  Defendants deny all remaining allegations in Paragraph 166 not specifically otherwise admitted.

167.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff McGahee was examined by Dr. Rodney Vanderploeg.  Defendants further admit that Dr. Vanderploeg has received at least $1,127,500 in compensation.  Defendants further admit that the Committee

denied Plaintiff McGahee T&P benefits.  Defendants further admit that the Committee issued a

decision letter to Plaintiff McGahee on August 8, 2016.  Defendants lack knowledge or

information sufficient to form a belief as to the truth of the purported statistical analysis

described in Paragraph 167 and, on that basis, deny the allegations.  Defendants deny the

remaining allegations in Paragraph 167 not specifically otherwise admitted.

168.    Defendants aver that the terms of the Plan and documents in the administrative

record speak for themselves and deny any characterization of those terms or documents that is

inconsistent with their meaning when read in their entirety and in context.  Defendants admit that

Plaintiff McGahee reapplied for T&P benefits in 2020.  Defendants further admit that Plaintiff

McGahee was examined by Dr. George Diaz.  Defendants lack knowledge or information

sufficient to form a belief as to the purported statistical analysis described in Paragraph 168 and,

on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 168

not specifically otherwise admitted.

169.    Defendants aver that the documents in the administrative record speak for

themselves and deny any characterization of those documents that is inconsistent with their

meaning when read in their entirety and in context.  Defendants admit that Plaintiff McGahee

was examined by Drs. Martin Stassnig and Thomas Crum.  Defendants deny that Dr. Strassnig

received $142,000 in compensation from April 1, 2020 to March 31, 2021 and that Dr. Crum

received $168,000 in compensation during that time period.  Defendants lack knowledge or

information sufficient to form a belief as to the purported statistical analysis described in

Paragraph 169 and, on that basis, deny the allegations.  Defendants deny all remaining

allegations in Paragraph 169 not specifically otherwise admitted.

170.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Committee denied Plaintiff McGahee T&P benefits.  Defendants further admit that the Committee issued a decision letter to Plaintiff McGahee on March 3, 2021.  Defendants deny all remaining allegations in Paragraph 170 not specifically otherwise admitted.

171.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff McGahee was examined by Drs. Matthew Norman and Herndon Murray.  Defendants further admit that Dr. Norman has received at least $884,000 in compensation and that Dr. Murray has received at least $1,110,247 in compensation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the purported statistical analysis described in Paragraph 171 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 171 not specifically otherwise admitted.

172.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff McGahee was examined by Drs. Matthew Gwynn and Jason King.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 172 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 172 not specifically otherwise admitted.

173.    Defendants aver that the documents in the administrative record and the testimony from *Cloud* speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Board denied Plaintiff McGahee's appeal.  Defendants further admit that the Board issued a decision letter to Plaintiff McGahee on November 22, 2022.  Defendants deny all remaining allegations in Paragraph 173 not specifically otherwise admitted.

**Plaintiff Michael McKenzie**

174.    Defendants lack knowledge or information to form a belief as to the truth of the allegations in Paragraph 174 and, on that basis, deny the allegations.

175.    Admitted.

176.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff McKenzie applied for T&P benefits in December 2018.  Defendants further admit that Plaintiff McKenzie was examined by Dr. Paul Saenz.  Defendants further admit that Dr. Saenz has received at least $1,225,143 in compensation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the purported statistical analysis described in Paragraph 176 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 176 not specifically otherwise admitted.

177.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff McKenzie was examined by Dr. Eric Brahin.  Defendants lack knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in Paragraph 177 and, on that basis, deny the allegations.

178.    Defendants aver that the court opinions referenced in Paragraph 178 speak for themselves and deny any characterization of those opinions that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Dr. Eric Brahin has received at least $1,711,000 in compensation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the purported statistical analysis described in Paragraph 178 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 178 not specifically otherwise admitted.

179.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff McKenzie was examined by Dr. Janya Mercado.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 179 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 179 not specifically otherwise admitted.

180.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff McKenzie appealed to the Board on August 7, 2019.  Defendants further admit that Plaintiff McKenzie was examined by Dr. Matthew Norman.  Defendants deny all remaining allegations in Paragraph 180 not specifically otherwise admitted.

181.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff McKenzie was examined by Dr. Barry McCasland.  Defendants deny all remaining allegations in Paragraph 181 not specifically otherwise admitted.

182.    Defendants aver that the terms of the Plan, documents in the administrative record, the court document, and the position paper referenced in Paragraph 182 speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff McKenzie was examined by Dr. Stephen Macciocchi.  Defendants deny all remaining allegations in Paragraph 182 and Footnote 16 not specifically otherwise admitted.

183.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff McKenzie was examined by Dr. Virgil Medlock.  Defendants further admit that Dr. Medlock has received at least $619,500 in compensation.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 183 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 183 not specifically otherwise admitted.

184.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Board denied Plaintiff McKenzie's appeal.  Defendants further admit that the Board issued a decision letter to

Plaintiff McKenzie on November 22, 2019. Defendants deny all remaining allegations in Paragraph 184 not specifically otherwise admitted.

185.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that Plaintiff McKenzie reapplied for T&P benefits in April 2021. Defendants further admit that Plaintiff McKenzie was examined by Drs. David Clark and Neal Deutch. Defendants lack knowledge or information sufficient to form a basis as to the purported statistical analysis described in Paragraph 185 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 185 not specifically otherwise admitted.

186.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that the Committee denied Plaintiff McKenzie T&P benefits. Defendants further admit that the Committee issued a decision letter to Plaintiff McKenzie. Defendants deny all remaining allegations in Paragraph 186 not specifically otherwise admitted.

187.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants deny that Plaintiff McKenzie appealed to the Board on December 28, 2021. Defendants admit that Plaintiff McKenzie was examined by Drs. Laura Lacritz and Martin Strassnig. Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in

Paragraph 187 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 187 not specifically otherwise admitted.

188.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff McKenzie was examined by Dr. Hussein Elkousy.  Defendants further admit that Dr. Elkousy has received at least $1,276,076 in compensation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the purported statistical analysis described in Paragraph 188 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 188 not specifically otherwise admitted.

189.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Board denied Plaintiff McKenzie's appeal.  Defendants further admit that the Board issued a decision letter to Plaintiff McKenzie on June 6, 2022.  Defendants deny all remaining allegations in Paragraph 189 not specifically otherwise admitted.

**Plaintiff Charles Sims**

190.    Defendants lack knowledge or information to form a belief as to the truth of the allegations in Paragraph 190 and, on that basis, deny the allegations.

191.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Sims played in the NFL for four years as a running back.  Defendants further admit that Plaintiff Sims applied

for T&P benefits in 2020. Defendants further admit that the Committee issued a decision letter to Plaintiff Sims on June 11, 2021. Defendants deny all remaining allegations in Paragraph 191 not specifically otherwise admitted.

192.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that Plaintiff Sims appealed to the Board on December 7, 2021. Defendants deny all remaining allegations in Paragraph 192 not specifically otherwise admitted.

193.    Defendants aver that the terms of the Plan, the documents in the administrative record, and the testimony from *Cloud* speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that the Board issued a decision letter to Plaintiff Sims on June 3, 2022. Defendants deny all remaining allegations in Paragraph 193 not specifically otherwise admitted.

**Plaintiff Jamize Olawale**

194.    Defendants lack knowledge or information to form a belief as to the truth of the allegations in Paragraph 194 and, on that basis, deny the allegations.

195.    Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that Plaintiff Olawale played in the NFL for eight seasons. Defendants further admit that Plaintiff Olawale applied for T&P disability, LOD disability, and NC benefits in March 2021. Defendants

further admit that Plaintiff Olawale was examined by Dr. Paul Saenz.  Defendants deny all remaining allegations in Paragraph 195 not specifically otherwise admitted.

196.    Defendants aver that the terms of the Plan and documents in the administrative record referenced in Paragraph 196 and Footnote 17 speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants lack knowledge and information sufficient to form a belief as to the purported statistical analysis described in Footnote 18 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 196 not specifically otherwise admitted.

197.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Olawale was examined by Drs. Eric Brahin and Justin O'Rourke.  Defendants further admit that Dr. O'Rourke received $258,000 in compensation during his first year as a Neutral Physician.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the purported statistical analysis described in Paragraph 197 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 197 not specifically otherwise admitted.

198.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Olawale was examined by Dr. Matthew Norman.  Defendants deny all remaining allegations in Paragraph 198 not specifically otherwise admitted.

199.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Committee denied Plaintiff Olawale T&P disability, LOD disability, and NC benefits.  Defendants further admit that the Committee issued a decision letter to Plaintiff Olawale on August 13, 2021.  Defendants deny all remaining allegations in Paragraph 199 not specifically otherwise admitted.

200.    Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Olawale appealed to the Board.  Defendants further admit that Plaintiff Olawale was examined by Dr. Hussein Elkousy.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 200 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 200 not specifically otherwise admitted.

201.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Board denied Plaintiff Olawale's appeal.  Defendants further admit that the Board issued a decision letter to Plaintiff Olawale on June 6, 2022.  Defendants deny all remaining allegations in Paragraph 201 not specifically otherwise admitted.

**Plaintiff Daniel Loper**

202.    Defendants lack knowledge or information to form a belief as to the truth of the allegations in Paragraph 202 and, on that basis, deny the allegations.

203.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Loper applied for LOD benefits in March 2018.  Defendants further admit that Plaintiff Loper was examined by Dr. Herndon Murray.  Defendants deny all remaining allegations in Paragraph 203 not specifically otherwise admitted.

204.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that an employee of Groom emailed a summary sheet to Sam Vincent on April 26, 2018, but deny that Mr. Vincent is the Plan's director.  Defendants deny all remaining allegations in Paragraph 204 not specifically otherwise admitted.

205.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Committee denied Plaintiff Loper LOD benefits.  Defendants further admit that the Committee issued a decision letter to Plaintiff Loper on April 30, 2018.  Defendants deny all remaining allegations in Paragraph 205 not specifically otherwise admitted.

206.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Loper appealed to the Board on October 26, 2018.  Defendants further admit that Plaintiff Loper was examined by Dr. Glenn Perry.  Defendants further admit that Dr. Perry has received at least

$1,950,302 in compensation.  Defendants further admit the contents of Footnote 20.  Defendants

lack knowledge or information sufficient to form a belief as to the purported statistical analysis

described in Paragraph 206 and, on that basis, deny the allegations.  Defendants deny all

remaining allegations in Paragraph 206 not specifically otherwise admitted.

207.    Defendants aver that the documents in the administrative record speak for

themselves and deny any characterization of those documents that is inconsistent with their

meaning when read in their entirety and in context.  Defendants admit that on December 7, 2018,

a Groom employee emailed a benefits coordinator Plaintiff Loper's summary sheet.  Defendants

further admit that the Board denied Plaintiff Loper's appeal.  Defendants further admit that the

Board issued a decision letter to Plaintiff Loper on February 19, 2019.  Defendants deny all

remaining allegations in Paragraph 207 not specifically otherwise admitted.

208.    Defendants aver that the documents in the administrative record speak for

themselves and deny any characterization of those documents that is inconsistent with their

meaning when read in their entirety and in context.  Defendants admit that Plaintiff Loper

reapplied for LOD benefits in March 2020.  Defendants deny all remaining allegations in

Paragraph 208 not specifically otherwise admitted.

209.    Defendants aver that the documents in the administrative record speak for

themselves and deny any characterization of those documents that is inconsistent with their

meaning when read in their entirety and in context.  Defendants admit that Plaintiff Loper was

examined by Dr. David Apple.  Defendants further admit that Dr. Apple has received at least

$2,479,364 in compensation.  Defendants lack knowledge or information sufficient to form a

belief as to the purported statistical analysis described in Paragraph 209 and, on that basis, deny

the allegations.  Defendants deny all remaining allegations in Paragraph 209 not specifically otherwise admitted.

210.    Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 210 and, on that basis, deny the allegations.

211.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 211 and, on that basis, deny the allegations.

212.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Committee denied Plaintiff Loper LOD benefits.  Defendants further admit that the Committee issued a decision letter to Plaintiff Loper on January 22, 2021.  Defendants deny all remaining allegations in Paragraph 212 not specifically otherwise admitted.

213.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Loper appealed to the Board in May 2021.  Defendants further admit that Plaintiff Loper was examined

by Dr. Marcus Cook.  Defendants deny all remaining allegations in Paragraph 213 not specifically otherwise admitted.

214.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Board denied Plaintiff Loper's appeal.  Defendants further admit that the Board issued a decision letter to Plaintiff Loper on November 15, 2021.  Defendants deny all remaining allegations in Paragraph 214 not specifically otherwise admitted.

**Plaintiff Eric Smith**

215.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 and, on that basis, deny the allegations.

216.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Smith played in the NFL for seven seasons as a safety.  Defendants lack knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 216 and, on that basis, deny the allegations.

217.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Smith applied for LOD benefits in 2013.  Defendants further admit that Plaintiff Smith appealed to the Board.  Defendants further admit that the Board denied Plaintiff Smith's appeal.  Defendants deny that Dr. Terry Thompson has received $999,182 in compensation.  Defendants further deny

that Plaintiff Smith was examined by Dr. Thompson in connection with his application.
Defendants lack knowledge or information sufficient to form a belief as to the purported
statistical analysis described in Paragraph 217 and, on that basis, deny the allegations.

218.    Defendants aver that the documents in the administrative record speak for
themselves and deny any characterization of those documents that is inconsistent with their
meaning when read in their entirety and in context.  Defendants admit that Plaintiff Smith
reapplied for LOD benefits in 2015.  Defendants further admit that Plaintiff Smith was examined
by Dr. Charles Bush-Joseph.  Defendants further admit that Dr. Bush-Joseph received $16,711 in
compensation from April 1, 2016 to March 31, 2017.  Defendants further admit that Plaintiff
Smith was awarded LOD benefits.  Defendants lack knowledge or information sufficient to form
a belief as to the purported statistical analysis described in Paragraph 218 and, on that basis, deny
the allegations.  Defendants deny all remaining allegations in Paragraph 218 not specifically
otherwise admitted.

219.    Defendants aver that the documents in the administrative record speak for
themselves and deny any characterization of those documents that is inconsistent with their
meaning when read in their entirety and in context.  Defendants admit that Plaintiff Smith
applied for T&P and NC benefits in December 2018.  Defendants further admit that Plaintiff
Smith was examined by Dr. Glenn Perry.  Defendants further admit that Plaintiff Smith traveled
to North Carolina and Ohio for examinations.  Defendants deny all remaining allegations in
Paragraph 219 not specifically otherwise admitted.

220.    Defendants aver that the documents in the administrative record speak for
themselves and deny any characterization of those documents that is inconsistent with their
meaning when read in their entirety and in context.  Defendants admit that Plaintiff Smith was

examined by Dr. Sutapa McNasby-Ford. Defendants deny that Dr. McNasby-Ford has received at least $1,569,000 in compensation. Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 220 and, on that basis, deny the allegations. Defendants deny all other allegations in Paragraph 220 not specifically otherwise admitted.

221.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that Plaintiff Smith was examined by Dr. Moira Artigues. Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 221 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 221 not specifically otherwise admitted.

222.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that the Committee denied Plaintiff Smith T&P and NC benefits. Defendants further admit that the Committee issued a decision letter to Plaintiff Smith in February 2019. Defendants deny all remaining allegations in Paragraph 222 not specifically otherwise admitted.

223.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that Plaintiff Smith appealed to the Board on August 5, 2019. Defendants further admit that Plaintiff Smith was evaluated by Dr. Alvin Detterline. Defendants further admit that Plaintiff Smith traveled to

Missouri and Maryland for examinations.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 223 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 223 not specifically otherwise admitted.

224.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Smith was examined by Dr. Nicole Werner.  Defendants further admit that Dr. Werner has received at least $638,500 in compensation.  Defendants further admit that Dr. Werner received $288,000 from April 1, 2021 to March 31, 2022.  Defendants deny that Dr. Werner received $47,500 in compensation during her first year as a Neutral Physician.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 224 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 224 not specifically otherwise admitted.

225.    Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 225.

226.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Board denied Plaintiff Smith's appeal.  Defendants further admit that the Board issued a decision letter to Plaintiff Smith on November 22, 2019.  Defendants lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 226 and, on that basis, deny the allegations.

227.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Smith reapplied for T&P benefits in April 2023.  Defendants further admit that Plaintiff Smith was examined by Drs. Stephen Sergay, George Canizares, and Rodney Vanderploeg.  Defendants further admit that Plaintiff Smith traveled to Florida for examinations with Drs. Sergay, Canzinares, and Vanderploeg.  Defendants further admit that Dr. Canizares has received at least $2,978,063 in compensation.  Defendants further admit that Dr. Sergay has received at least $429,000 in compensation.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 227 and, on that basis, deny the allegations.  Defendants deny all other allegation in Paragraph 227 not specifically otherwise admitted.

**Plaintiff Alex Parsons**

228.    Defendants lack knowledge or information to form a belief as to the truth of the allegations in Paragraph 228 and, on that basis, deny the allegations.

229.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Parsons applied for LOD benefits in 2017.  Defendants further admit that Plaintiff Parsons was examined by Dr. Steven Meier.  Defendants deny that Dr. Meier has received at least $753,674 in compensation.  Defendants lack knowledge or information to form a belief as to the purported

statistical analysis described in Paragraph 229 and, on that basis, deny the allegations.

Defendants deny all remaining allegations in Paragraph 229 not specifically otherwise admitted.

230.    Defendants aver that the court opinion referenced in Paragraph 230 speaks for itself and deny any characterization of the opinion that is inconsistent with its meaning when read in its entirety and in context.

231.    Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context. Defendants lack knowledge or information to form a belief as to the purported statistical analysis described in Paragraph 231 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 231.

232.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that the Committee denied Plaintiff Parsons LOD benefits. Defendants further admit that the Committee issued a decision letter to Plaintiff Parsons on October 31, 2017. Defendants deny all remaining allegations in Paragraph 232 not specifically otherwise admitted.

233.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that Plaintiff Parsons appealed to the Board on April 9, 2018. Defendants deny all remaining allegations in Paragraph 233 not specifically otherwise admitted.

234.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Parsons was examined by Dr. Gregory Mack.  Defendants further admit that Dr. Mack has received at least $1,043,527 in compensation.  Defendants lack knowledge or information to form a belief as to the purported statistical analysis described in Paragraph 234 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 234 not specifically otherwise admitted.

235.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Parsons was examined by Dr. Gregory Mack.  Defendants lack knowledge or information to form a belief as to the purported statistical analysis described in Paragraph 235 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 235 not specifically otherwise admitted.

236.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.

237.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Board denied Plaintiff Parson's appeal.  Defendants further admit that the Board issued a decision letter to

Plaintiff Parsons on May 18, 2018.  Defendants deny all remaining allegations in Paragraph 237 not specifically otherwise admitted.

238.    Defendants aver that the documents in the administrative record and the testimony from *Cloud* referenced in Paragraph 238 speak for themselves and deny any characterization of the documents or testimony that is inconsistent with their meaning when read in their entirety and in context.  Defendants lack knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 238 and, on that basis, deny the allegations.

**Plaintiff Joey Thomas**

239.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 and, on that basis, deny the allegations.

240.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and, on that basis, deny the allegations.

241.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Thomas applied for LOD benefits in 2010.  Defendants further admit that the Committee denied Plaintiff Thomas LOD benefits.  Defendants further admit that Plaintiff Thomas was examined by Dr. James Glick.  Defendants deny all remaining allegations in Paragraph 241 not specifically otherwise admitted

242.    Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Thomas was examined by Dr. Jonathan Schleimer.  Defendants deny that Dr. Schleimer

has received at least $605,300 in compensation. Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 242 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 242 not specifically otherwise admitted.

243.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that the Committee denied Plaintiff Thomas LOD benefits. Defendants further admit that the Committee issued a decision letter to Plaintiff Thomas on January 25, 2011. Defendants deny all remaining allegations in Paragraph 243 not specifically otherwise admitted.

244.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that Plaintiff Thomas applied for T&P benefits in 2011. Defendants further admit that Plaintiff Thomas was examined by Dr. Gregory Mack. Defendants deny all remaining allegations in Paragraph 244 not specifically otherwise admitted.

245.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that Plaintiff Thomas was examined by Dr. Dean Delis. Defendants admit that the Committee denied Plaintiff Thomas T&P benefits. Defendants further admit that the Committee issued a decision letter to Plaintiff Thomas on December 20, 2011. Defendants deny all remaining allegations in Paragraph 245 not specifically otherwise admitted.

246.     Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Thomas applied for LOD benefits in 2012.  Defendants further admit that Plaintiff Thomas was examined by Dr. Robert Rovner.  Defendants further admit that the Committee denied Plaintiff Thomas LOD benefits.  Defendants deny all remaining allegations in Paragraph 246 not specifically otherwise admitted.

247.     Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.

248.     Defendants aver that the documents in the administrative record and the court opinion referenced in Paragraph 248 speak for themselves and deny any characterization of those documents and opinion that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Thomas applied for LOD and NC benefits in 2014. Defendants further admit that Plaintiff Thomas was examined by Drs. Steven Meier and Edward O'Connor.  Defendants further admit that Dr. O'Connor has received at least $637,300 in compensation.  Defendants lack knowledge or information sufficient to form a belief as to purported statistical analysis described in Paragraph 248 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 248 not specifically otherwise admitted.

249.     Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Thomas was examined by Dr. Johnny Wen.  Defendants further admit that Dr. Wen has received at least

$820,500 in compensation.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 249 and, on that basis, deny the allegations.  Defendants deny all other allegations in Paragraph 249 not specifically otherwise admitted.

250.     Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Committee denied Plaintiff Thomas LOD and NC benefits.  Defendants deny all remaining allegations in Paragraph 250 not specifically otherwise admitted.

251.     Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Thomas applied for NC benefits in 2019.  Defendants further admit that Plaintiff Thomas was examined by Drs. Lawrence Murphy and Alan Breen.  Defendants lack knowledge or information to form a belief as to the purported statistical analysis described in Paragraph 251 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 251 not specifically otherwise admitted.

252.     Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Committee denied Plaintiff Thomas NC benefits.  Defendants further admit that the Committee issued a decision letter to Plaintiff Thomas on April 23, 2019.  Defendants deny all remaining allegations in Paragraph 252 not specifically otherwise admitted.

253.    Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Thomas was examined by Dr. Eric Brahin.  Defendants further admit that Plaintiff Thomas appealed to the Board, but deny that he did so on October 1, 2019.  Defendants deny all remaining allegations in Paragraph 253 not specifically otherwise admitted.

254.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Thomas was examined by Dr. Francisco Perez.  Defendants further admit that Dr. Perez has received at least $250,500 in compensation.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 254 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 254 not specifically otherwise admitted.

255.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Board denied Plaintiff Thomas's appeal.  Defendants further admit that the Board issued a decision letter to Plaintiff Thomas on February 13, 2020.  Defendants deny all remaining allegations in Paragraph 255 not specifically otherwise admitted.

**Plaintiff Jason Alford**

256.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 and, on that basis, deny the allegations.

257.    Defendants admit that Plaintiff Alford was an NFL football player.  Defendants lack knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 257 and, on that basis, deny the allegations.

258.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Alford applied for NC benefits in 2019.  Defendants further admit that Plaintiff Alford was examined by Dr. Robert Bornstein.  Defendants further admit that Dr. Bornstein has received at least $637,500 in compensation.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 258 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 258 not specifically otherwise admitted.

259.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Alford was examined by Dr. Chad Hoyle.  Defendants deny all remaining allegations in Paragraph 259 not specifically otherwise admitted.

260.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Committee issued a decision letter to Plaintiff Alford on May 29, 2019.  Defendants further admit that Plaintiff Alford appealed to the Board on November 24, 2019.  Defendants further admit that the Board denied Plaintiff Alford's appeal.  Defendants further admit that the Board issued a decision letter

to Plaintiff Alford on February 14, 2020. Defendants deny all remaining allegations in Paragraph 260 not specifically otherwise admitted.

261.    Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that Plaintiff Alford applied for NC benefits in 2022. Defendants further admit that Plaintiff Alford was examined by Dr. Salman Azhar. Defendants lack knowledge or information sufficient to form a belief as to purported statistical analysis described in Paragraph 261 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 261 not specifically otherwise admitted.

262.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that Plaintiff Alford was examined by Dr. Charlene Bang. Defendants further admit that Dr. Bang received $166,000 in compensation from April 1, 2021 to March 31, 2022. Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 262 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 262 not specifically otherwise admitted.

263.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context. Defendants admit that the Committee denied Plaintiff Alford NC benefits. Defendants further admit that the Committee issued a decision

letter to Plaintiff Alford on April 12, 2022.  Defendants deny all remaining allegations in Paragraph 263 not specifically otherwise admitted.

264.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Alford appealed to the Board on October 3, 2022.  Defendants further admit that Plaintiff Alford was examined by Dr. Barry McCasland in Georgia.  Defendants deny all remaining allegations in Paragraph 264 not specifically otherwise admitted.

265.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that Plaintiff Alford was examined by Dr. Ernst Fung.  Defendants further admit that Dr. Fung has received $306,000 in compensation.  Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 265 and, on that basis, deny the allegations.  Defendants deny all remaining allegations in Paragraph 265 not specifically otherwise admitted.

266.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants admit that the Board denied Plaintiff Alford's appeal.  Defendants further admit that the Board issued a decision letter to Plaintiff Alford on March 10, 2023.  Defendants deny all remaining allegations in Paragraph 266 not specifically otherwise admitted.

## V.    CLASS ACTION ALLEGATIONS

267.    Paragraph 267 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants admit that Plaintiffs purport to bring their claims on behalf of the proposed class and subclasses identified in Paragraph 267. Defendants deny all remaining allegations in Paragraph 267 not specifically otherwise admitted.

268.    Defendants admit that Plaintiffs purport to bring their claims on behalf of the proposed class identified in Paragraph 268.  Defendants deny all remaining allegations in Paragraph 268 not specifically otherwise admitted.

269.    Defendants admit that Plaintiffs purport to bring their claims on behalf of the proposed subclass identified in Paragraph 269, including subsections (a)–(d).  Defendants deny all remaining allegations in Paragraph 269 not specifically otherwise admitted.

270.    Paragraph 270 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 270.

271.    Defendants admit that Plaintiffs purport to exclude the persons and entities identified in Paragraph 271 from the proposed class and subclasses identified in Paragraphs 268 and 269, including subsections (a)–(d).  Defendants deny all remaining allegations in Paragraph 271 not specifically otherwise admitted.

272.    Paragraph 272 contains conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 272.

273.    Paragraph 273 contains conclusions of law that do not require a response.  To the extent a response is required, Defendants admit that Plaintiffs purport to propose a class and

subclasses that satisfy Federal Rule of Civil Procedure 23(a)'s numerosity requirement. Defendants deny all remaining allegations in Paragraph 273.

274.    Paragraph 274, including subsections (a)–(t), contains conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 274, including subsections (a)–(t).

275.    Paragraph 275 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 275.

276.    Paragraph 276 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 276.

277.    Paragraph 277 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 277.

278.    Paragraph 278 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 278.

279.    Paragraph 279 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 279.

## VI.    CAUSES OF ACTION

### Count I: Pursuant to Section 502(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) — Wrongful Denial of Benefits (on Behalf of the Class and All Subclasses)

280.    Defendants repeat and incorporate by reference herein their response to Paragraphs 1, 4–7, 9–52, 56–81, 86–89, 107, and 116–279 of Plaintiffs' Amended Complaint.

281.    Defendants admit that the Plan is a welfare benefit plan established and maintained pursuant to collective bargaining between the NFL Management Council and the NFLPA for the benefit of eligible Players and their beneficiaries.

282.    Defendants deny the allegations in Paragraph 282 in their entirety.

283.    Defendants deny the allegations in Paragraph 283 in their entirety.

284.    Defendants deny the allegations in Paragraph 284 in their entirety.

285.    Defendants deny the allegations in Paragraph 285 in their entirety.

286.    Defendants deny the allegations in Paragraph 286 in their entirety.

287.    Defendants lack knowledge or information to form a belief as to the purported statistical analysis described in Paragraph 287 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 287.

288.    Defendants deny the allegations in Paragraph 288 in their entirety.

289.    Defendants deny the allegations in Paragraph 289 in their entirety.

### Count II: Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3): Violation of Section 503(1) of ERISA, 29 U.S.C. § 1133(1) — Failure to Provide Adequate Notice in Writing of the Specific Reasons for a Denial (on Behalf of the Class and All Subclasses)

290.    Defendants repeat and incorporate by reference herein their response to Paragraphs 1, 4–7, 9–81, 86–89, 100–06, and 147–279 of Plaintiffs' Amended Complaint.

291.    Paragraph 291 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the statute cited in

Paragraph 291 speaks for itself and deny any characterization of the statute that is inconsistent with its meaning when read in its entirety and in context.

292.    Paragraph 292 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the statute cited in Paragraph 292 speaks for itself and deny any characterization of the statute when read in its entirety and in context.

293.    Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 293

294.    Defendants deny the allegations in Paragraph 294 in their entirety.

295.    Defendants aver that the terms of the Plan and documents in the administrative record speak for themselves and deny any characterization of those terms or documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 295.

### Count III: Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3): Violation of Section 503(2) of ERISA, 29 U.S.C. § 1133(2) — Denial of Right to Full and Fair Review (on Behalf of the Class and Subclasses)

296.    Defendants repeat and incorporate by reference herein their response to Paragraphs 1, 4–7, 9–52, 55–81, and 86–279 of Plaintiffs' Amended Complaint.

297.    Defendants deny the allegations in Paragraph 297 in their entirety.

298.    Paragraph 298 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 298.

299.    Paragraph 299 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 299.

300.    Defendants deny the allegations in Paragraph 300 in their entirety.

301.    Defendants admit that Dr. Barry McCasland has received over $1.8 million in compensation and that he conducted examinations of Plaintiffs McKenzie, McGahee, and Alford. Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 301 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 301 not specifically otherwise admitted.

302.    Paragraph 302 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the documents in the administrative record and the regulation cited in Paragraph 302 speak for themselves and deny any characterization of those documents and regulations that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 302.

303.    Defendants deny the allegations in Paragraph 303 in their entirety.

304.    Defendants aver that the documents in the administrative record speak for themselves and deny any characterization of those documents that is inconsistent with their meaning when read in their entirety and in context.  Defendants deny all remaining allegations in Paragraph 304.

**Count IV: Pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3): Breaches of Fiduciary Duties of Loyalty and Care in Violation of Sections 102(a), 404, 404(a)(1), 404(a)(1)(B), 405 of ERISA, 29 U.S.C. §§ 1022, 1104, 1104(a)(1), 1104(a)(1)(B), and 1105, by the Board (Equitable Relief, Including but Not Limited to, Surcharge, Estoppel, and Injunctive Relief) (on Behalf of the Class and Subclasses)**

305.    Count IV DISMISSED by Court order, ECF No. 79.

306.    Count IV DISMISSED by Court order, ECF No. 79.

307.    Count IV DISMISSED by Court order, ECF No. 79.

308.    Count IV DISMISSED by Court order, ECF No. 79.

309.    Count IV DISMISSED by Court order, ECF No. 79.

310.    Count IV DISMISSED by Court order, ECF No. 79.

311.    Count IV DISMISSED by Court order, ECF No. 79.

312.    Count IV DISMISSED by Court order, ECF No. 79.

313.    Count IV DISMISSED by Court order, ECF No. 79.

314.    Count IV DISMISSED by Court order, ECF No. 79.

315.    Count IV DISMISSED by Court order, ECF No. 79.

316.    Count IV DISMISSED by Court order, ECF No. 79.

317.    Count IV DISMISSED by Court order, ECF No. 79.

318.    Count IV DISMISSED by Court order, ECF No. 79.

319.    Count IV DISMISSED by Court order, ECF No. 79.

320.    Count IV DISMISSED by Court order, ECF No. 79.

321.    Count IV DISMISSED by Court order, ECF No. 79.

322.    Count IV DISMISSED by Court order, ECF No. 79.

323.    Count IV DISMISSED by Court order, ECF No. 79.

324.    Count IV DISMISSED by Court order, ECF No. 79.

325.    Count IV DISMISSED by Court order, ECF No. 79.

326.    Count IV DISMISSED by Court order, ECF No. 79.

327.    Count IV DISMISSED by Court order, ECF No. 79.

328.    Count IV DISMISSED by Court order, ECF No. 79.

329.    Count IV DISMISSED by Court order, ECF No. 79.

**Count V: Pursuant to Sections 409(a) and 502(a)(2) of ERISA, 29 U.S.C. §§ 1109(a) and 1132(a)(2) — Violations of ERISA §§ 404(a)(1), 404(a)(1)(B), and 405(a), 29 U.S.C. §§ 1104(a), 1104(a)(1)(B), and 1105(a), Warranting Removal of Board Members for Repeated, Substantial, and Willful Dishonesty; Deception; and Incompetence, Demonstrating Systematic Breaches of the Fiduciary Duty of Loyalty and Care That Have Harmed The Integrity of the Claims Process and Ultimately the Plan Itself (on Behalf of the Plan Only)**

330.    Defendants repeat and incorporate by reference herein their response to Paragraphs 1–266 of Plaintiffs' Amended Complaint.

331.    Paragraph 331 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 331.

332.    Paragraph 332 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 332.

333.    Paragraph 333 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 333.

334.    Paragraph 334 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 334.

335.    Paragraph 335 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 335.

336.    Paragraph 336 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 336.

337.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 337 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 337.

338.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 338 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 338.

339.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 339 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 339.

340.    Defendants lack knowledge or information sufficient to form a belief as to the purported statistical analysis described in Paragraph 340 and, on that basis, deny the allegations. Defendants deny all remaining allegations in Paragraph 340.

341.    Paragraph 341 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 341.

342.    Paragraph 342 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 342.

343.     Paragraph 343 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 343.

344.     Paragraph 344 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 344.

345.     Paragraph 345 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 345.

346.     Paragraph 346 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 346.

347.     Paragraph 347 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 347.

348.     Paragraph 348 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 348.

349.     Paragraph 349 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 349.

## VII.  CONDITIONS PRECEDENT

350.    Paragraph 350 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 350.

## VIII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

351.    Paragraph 351 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 351.

## IX.  TOLLING OF LIMITATIONS PERIODS

352.    Paragraph 352 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that the Court denied Plaintiffs' request for tolling, ECF No. 79, which Plaintiffs did not ask the Court to reconsider, ECF No. 83-1.  Defendants deny all remaining allegations in Paragraph 352.

## X.  ATTORNEY'S FEES AND INTEREST

353.    Paragraph 353 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 353.

354.    Paragraph 354 contains arguments and conclusions of law that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 354.

## XI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that they be granted judgment against Defendants providing as follows:

355.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

356.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

357.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

358.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required,

Defendants aver that Count IV was dismissed by Court order, ECF No. 79. Defendants deny the allegations in Paragraphs 355–387. Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

359.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response. To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79. Defendants deny the allegations in Paragraphs 355–387. Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

360.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response. To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79. Defendants deny the allegations in Paragraphs 355–387. Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

361.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response. To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79. Defendants deny the allegations in Paragraphs 355–387. Defendants respectfully request that judgment be entered in

Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

362.     Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

363.     Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

364.     Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending

against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

365.    Paragraphs 355–387 contains characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

366.    Paragraphs 355–387 contains characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

367.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

368.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

369.    Paragraphs 355–387 contains characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

370.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

371.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required,

Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

372.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

373.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

374.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in

Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

375.     Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

376.     Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

377.     Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending

against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

378.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

379.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count VI was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

380.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

381.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

382.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

383.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79.  Defendants deny the allegations in Paragraphs 355–387.  Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

384.    Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response.  To the extent a response is required,

Defendants aver that Count IV was dismissed by Court order, ECF No. 79. Defendants deny the allegations in Paragraphs 355–387. Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

385. Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response. To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79. Defendants deny the allegations in Paragraphs 355–387. Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

386. Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response. To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79. Defendants deny the allegations in Paragraphs 355–387. Defendants respectfully request that judgment be entered in Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

387. Paragraphs 355–387 contain characterizations of Plaintiffs' claims and conclusions of law that do not require a response. To the extent a response is required, Defendants aver that Count IV was dismissed by Court order, ECF No. 79. Defendants deny the allegations in Paragraphs 355–387. Defendants respectfully request that judgment be entered in

Defendants' favor, that the Court award Defendants all costs and fees incurred in defending against Plaintiffs' claims, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1.      The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The Board's decisions denying benefits to Plaintiffs' was consistent with the terms of the Plan, supported by substantial evidence, and are otherwise reasonable.  Therefore, the decisions were neither arbitrary and capricious nor an abuse of discretion, and should be upheld.

3.      Plaintiffs' claims are barred, in whole or in part, by failure to exhaust all available remedies under the terms of the Plans, exhaust all available administrative remedies as required by applicable law, or otherwise satisfy all conditions precedent for their claims.

4.      Plaintiffs' claims are barred, in whole or in part, by the Plan's limitations provision and/or the applicable statute of limitations.

5.      Plaintiffs' claims are barred, in whole or in part, by the principles or doctrines of unclean hands, estoppel, acquiescence, laches, and/or waiver.

6.      Plaintiffs' claims are barred, in whole or in part, by illegality.

7.      Plaintiffs' claims are barred, in whole or in part, because benefit determinations may not be overturned without a finding that the claims administrator abused its discretion, and Defendants did not abuse their discretion.

8.      Plaintiffs are barred from obtaining any relief to the extent that they have acted in bad faith for improper purpose with respect to the subject matter of the Amended Complaint.

9.      To the extent Plaintiffs seek relief against the individual trustees, such relief is not available as the individual trustees have been dismissed.

Date: May 3, 2024

Respectfully submitted,

*/s/ Gregory F. Jacob*
Gregory F. Jacob (D. Md. Bar No. 06769)
Meredith N. Garagiola (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., 10th Floor
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: gjacob@omm.com
Email: mgaragiola@omm.com

Elizabeth L. McKeen (*pro hac vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*

## **CERTIFICATE OF SERVICE**

I, Gregory F. Jacob, hereby certify that on May 3, 2024, I caused a copy of the foregoing

document to be served upon all counsel of record via the CM/ECF system for the United States

District Court for the District of Maryland.

*/s/ Gregory F. Jacob*
Gregory F. Jacob