IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JASON ALFORD, *et al.*,<br><br>　　　　*Plaintiffs,*<br><br>　v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN, *et al.*,<br><br>　　　　*Defendants.* | Civil No. 1:23-cv-00358-JRR |

## ORDER

Pursuant to Federal Rule of Civil Procedure 16, the parties shall meet and confer, and by Friday, May 10, 2024, advise chambers by one joint email (directed to MDD_JRRChambers@mdd.uscourts.gov and Delaney_Anderson@mdd.uscourts.gov) whether all are available for an off-record telephonic status and scheduling conference on May 16, 2024, between 10:00AM and 2:30PM or May 23, 2024 between 10:00AM and 3:00PM. If none of those dates and times is agreeable to all, counsel shall provide no fewer than three mutually agreeable alternative dates/times.

In advance of the conference, counsel shall meet and confer to reach agreement as to the following deadlines, and shall be prepared to discuss same with the court:

1) Moving for joinder of additional parties and amendment of pleadings;

2) Plaintiffs' Rule 26(a)(2) disclosures; Defendants' Rule 26(a)(2) disclosures; Plaintiffs' Rule 26(a)(2) rebuttal disclosures;

3) Rule 26(e)(2) supplementation of disclosures and responses;

4) Discovery deadline and submission of status report;

5) Requests for admission; and

6) Dispositive pretrial motions.

<u>Counsel for the parties shall also provide an agreed-upon briefing schedule regarding class certification</u>. Any other deadlines counsel wish to appear in the (pre-trial) scheduling order should be raised at the conference. Following the conference, the court will enter a scheduling order with the above-listed and other relevant deadlines.

**Regarding discovery**, counsel and the parties are cautioned and reminded that Federal Rules 26(b)(1), 26(b)(2)(C), and 26(g)(1)(B)(iii) require that discovery in civil cases be proportional to what is at issue in the case, and require the court, upon motion or on its own, to limit the frequency or extent of discovery otherwise allowed to ensure that discovery is proportional. **With respect to the limitations imposed below, counsel are encouraged to confer and propose to the court for approval any modifications that are agreeable to all counsel. Counsel shall present any such agreed-upon modifications at the conference to be scheduled as described above.**

Pursuant to Federal Rule 26(b)(1) and 26(g)(1)(B)(ii)–(iii), discovery in this case shall be proportional to what is at issue in the case. While the monetary recovery a party seeks is relevant to determining proportionality, other factors also must be considered, including whether the litigation involves cases implicating "public policy spheres, such as employment practices, free speech, and other matters [that] may have importance far beyond the monetary amount involved." FED. R. CIV. P. 26(b) advisory committee note to 1983 amendment. If a party objects to providing requested discovery on the basis of a proportionality objection, the objecting party shall state the basis of the objection with particularity.

As encouraged by Federal Rule 1 and Discovery Guideline 1 of the Discovery Guidelines for the United States District Court for the District of Maryland, the parties and counsel are

2

expected to work cooperatively during all aspects of discovery to ensure that the costs of discovery are proportional to what is at issue in the case, as more fully explained in *Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 357–58 (D. Md. 2009). Whether a party or counsel has cooperated during discovery also may be relevant in determining whether the court should impose sanctions in resolving discovery motions, if it determines that a party has acted in a manner that violates the Rules of Civil Procedure, an order of court, Local Rule, or Discovery Guideline.

**Discovery motions are prohibited without a pre-motion conference with the court.** In accordance with Federal Rule 16(b)(3)(B)(v), no discovery-related motion may be filed unless the moving party has attempted in good faith, but without success, to resolve the dispute and has requested a pre-motion conference with the court to discuss the dispute and to attempt to resolve it informally. If the court does not grant the request for a conference, or if the conference fails to resolve the dispute, upon approval of the court, a motion may be filed. Unless otherwise permitted by the court, discovery-related motions and responses thereto will be filed in letter format and may not exceed three, single-spaced pages, in twelve-point font with one-inch margins. Replies shall not be filed unless requested by the court following review of the motion and response. Unresolved discovery disputes are to be raised as set forth above <u>before the end of discovery</u>. Absent a showing of due diligence and exceptional circumstances, discovery disputes will not be heard after the discovery cutoff.

**Objections to interrogatories and requests for documents and things** shall be stated with particularity. Boilerplate objections (*e.g.*, objections without a particularized basis, such as "overbroad," "irrelevant," "burdensome," "not reasonably calculated to identify admissible evidence," etc.), as well as incomplete or evasive answers, will be treated as a failure to answer pursuant to Federal Rule 37(a)(4). For that reason, boilerplate objections are prohibited. Response

3

to requests for production of documents and things shall be served within thirty (30) days and any documents shall be produced within thirty (30) days thereafter, absent court order or stipulation by the parties.

**Requests for production of electronically-stored information** (ESI) shall be governed as follows.  Further, the parties are reminded of their common-law duty to preserve evidence relevant to the issues raised by the pleadings.  In resolving any issue regarding whether a party has complied with its duty to preserve ESI, the court will comply with Federal Rule 37(e).

  i. Absent an order of the court upon a showing of good cause or stipulation by the parties, a party from whom ESI has been requested shall not be required to search for responsive ESI:
     a. from more than ten (10) key custodians;
     b. that was created more than five (5) years before the filing of the lawsuit;
     c. from sources that are not reasonably accessible without undue burden or cost; or
     d. for more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI (whether using properly validated keywords, Boolean searches, computer-assisted or other search methodologies), and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection.  The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted.  A party from whom ESI has been requested must maintain detailed time records to demonstrate what was done and the time spent doing it, for review by an adversary and the court, if requested.
  ii. Parties requesting ESI discovery and parties responding to such requests are expected to cooperate in the development of search methodology and criteria to achieve proportionality in ESI discovery, including appropriate use of computer-assisted search methodology, such as Technology Assisted Review, which employs advanced analytical software applications that can screen for relevant, privileged, or protected information in ways that are more accurate than manual review and involve far less expense.

**Regarding deposition hours**, absent further order of the court upon a showing of good cause or stipulation by the parties, depositions of fact witnesses other than those deposed pursuant to Federal Rule 30(b)(6) shall not exceed four (4) hours.  Rule 30(b)(6) and expert witness depositions shall not exceed seven (7) hours.

**Regarding waiver of attorney-client privilege or work product protections**, as part of their duty to cooperate during discovery, the parties are expected to discuss whether the costs and burdens of discovery, especially discovery of ESI, may be reduced by entering into a non-waiver agreement pursuant to Federal Rule of Evidence 502(e). The parties also should discuss whether to use computer-assisted search methodology to facilitate pre-production review of ESI to identify information that is beyond the scope of discovery because it is attorney–client privileged or work product protected. In accordance with Federal Rule of Evidence 502(d), except when a party intentionally waives the attorney-client privilege or work product protection by disclosing such information to an adverse party (per Rule 502(a)), the disclosure of attorney-client privileged or work product protected information pursuant to a non-waiver agreement entered into under Rule 502(e) does not constitute a waiver in this proceeding, or in any other federal or state proceeding.

Further, the provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of ESI pursuant to an agreement entered into between the parties under Rule 502(e); however, a party that produces attorney-client privileged or work product protected information to an adverse party under a Rule 502(e) agreement without intending to waive the privilege or protection must promptly notify the adversary that it did not intend a waiver by its disclosure. Any dispute regarding whether the disclosing party has asserted properly the attorney-client privilege or work product protection shall be brought promptly to the court if the parties are not able to resolve it without judicial intervention.

May 6, 2024

_____/S/_____
Julie R. Rubin
United States District Judge