IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **JASON ALFORD,** *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>**THE NFL PLAYER DISABILITY &**<br>**SURVIVOR BENEFIT PLAN,** *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-00358-JRR |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

The undersigned counsel for Defendants and Plaintiffs Plan (individually a "Party" and collectively the "Parties") in the above-captioned action (the "Action") agree that the Parties may be required to produce or disclose in this action information subject to confidentiality limitations on disclosure under applicable law or rule. Therefore, the Parties have stipulated to the following negotiated terms, subject to the Court's approval, and the Court hereby **ORDERS** that the following procedures shall be followed in the Action to facilitate orderly and efficient discovery while minimizing the potential for unauthorized use of information subject to protection under this Order.

**Proceedings and Information Governed**

1. This Stipulated Protective Order ("Order" or "Protective Order") governs any document, including electronically stored information ("ESI"), or other thing furnished by any party to any other party, including any non-party who receives a subpoena in connection with this Action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents;

deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information**

2. For purposes of this Protective Order, and without prejudice to the rights any party otherwise holds to seek production, object to production, or seek de-designation of designated material, the "**Confidential Information**" designation means that the document contains any of the following:

   a. Trade secret or other non-public confidential research, development, or commercial information that the producing party avers or represents qualifies for protection under Fed. R. Civ. P. 26(c)(1)(G) or

   b. Protected Health Information ("PHI") of a Player,[1] which has the same scope and definition as set forth in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services

---

[1] "Player" means any retired National Football League player who applied for one or more of the disability benefits under the "NFL Plans," which includes the following: the NFL Player Disability & Survivor Benefit Plan (formerly named the NFL Player Disability, Neurocognitive & Death Benefit Plan, the NFL Player Disability & Neurocognitive Benefit Plan, the NFL Player Supplemental Disability & Neurocognitive Benefit Plan, and the NFL Player Supplemental Disability Plan); the Bert Bell/Pete Rozelle NFL Player Retirement Plan; the Bert Bell NFL Player Retirement Plan; and the Pete Rozelle NFL Player Retirement Plan; including any amendments and restatements to these plans.

(collectively "HIPAA Rules"), including specifically 42 C.F.R. Part 2, and 45 C.F.R. §§ 164.506(c)(3), 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules") as well as the definitions and guidance set forth in 45 C.F.R. § 160.103 and § 164.501. Without limiting the generality of the foregoing, PHI includes, but is not limited to, health information, including demographic information, relating to the past, present, or future physical or mental health or condition of a Player; and the provision of health care to a Player, which identifies or reasonably could be expected to identify the Player. PHI includes information that contains any of the following identifiers of a Player:

   i. Names of the Player and the Player's family or household members;
  ii. All geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
 iii. All elements of dates (except year) directly related to an individual, including birth date and age;
  iv. Telephone numbers;
   v. Fax numbers;
  vi. Electronic mail addresses;
 vii. Social security numbers;
viii. Medical record numbers;
  ix. Health plan beneficiary numbers;
   x. Account numbers;
  xi. Certificate/license numbers;
 xii. Vehicle identifiers and serial numbers, including license plate numbers;

     xiii. Device identifiers and serial numbers;

     xiv. Web universal resource locators ("URLs");

     xv. Internet protocol ("IP") address numbers;

     xvi. Biometric identifiers, including finger and voice prints;

     xvii. Full face photographic images and any comparable images;

     xviii. Any other unique identifying number, characteristic, or code;

     xix. The name of the personal physician of the individual Player (this does not include Plan physicians); or

     xx. Any other information that could be used alone or in combination with other information to identify the Player who is the subject of the information.

3. PHI shall be treated as Confidential, regardless of whether the document containing such names is designated as Confidential Information.

4. Upon receipt of any PHI, a receiving party shall take all reasonable measures necessary for protecting the PHI from unauthorized disclosure as required under both state and federal law. To the extent production disclosure of any PHI in this case requires a producing party, including third parties, to give notice or obtain consent, in any form or manner, from any person or entity before producing of the PHI in this case, the Court finds that, in the view of the protections provided for the information disclosed in this Order, the volume of material to be produced, and the ongoing oversight of the Court, there is good cause to excuse such requirement and this Order shall constitute an express direction that the producing party is exempted from having to notify and/or obtain consent from any person or entity prior to the production of the PHI.

5. Confidential Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made, unless that party is already bound by agreement not to disclose such information, or

information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

6. Documents and things produced during the course of this litigation within the scope of paragraph 2 above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing on a legend substantially as follows:

**CONFIDENTIAL INFORMATION SUBJECT
TO PROTECTIVE ORDER**

7. During depositions, Confidential Information may be used or marked as exhibits but shall remain subject to this Order and may not be shown or otherwise disclosed to the witness except as described below, or upon agreement by the Designating Person or Entity, or by Court order.

8. If deposition testimony or exhibits contain or refer to Confidential Information, or if they contain or refer to documents, testimony, or information intended in good faith to be designated as Confidential Information, the designating party shall either:

   a. On the record at the deposition, designate the testimony or exhibit(s) as Confidential Information, or

   b. No later than thirty days after receiving a final copy of the deposition transcript, inform counsel for other parties that the testimony or exhibit(s) constitute Confidential Information.

9. During the thirty-day period following receipt of the final transcript, the entire deposition testimony, transcript, and exhibits shall be treated as Confidential Information under this Order provided, however, that no designation of a deposition transcript or its exhibits at any time shall interfere with or delay the ability of any expert who has signed Exhibit A to review such transcript or exhibits.

10. When a party seeks to designate portions of a deposition transcript or exhibits as Confidential

Information, the party is responsible for ensuring that each page of the transcript or exhibit page referencing the Confidential Information is designated as such.

11. Challenges to such designations shall proceed as set forth in Paragraph 13 below.

**Inadvertent Failure to Designate**

12. The inadvertent failure to designate any information as Confidential Information or privileged will not be deemed to waive a later claim as to its confidential or privileged nature or to stop the producing party from seeking to designate such information as Confidential Information at a later date. In the event that a party makes such an inadvertent production, that party shall inform the receiving party or parties in writing with particularity of the production and the specific material at issue promptly after its discovery and shall promptly reproduce documents with the required legend. The information must be treated by the receiving party as Confidential Information from the time the receiving party is notified in writing of the change in the designation. Challenges to such designations shall proceed as set forth in Paragraph 13 below.

**Challenge to Confidential Information Designations**

13. A receiving party may challenge a producing party's Confidential Information designation at any time. Any receiving party that contends that a designation is improper or erroneous shall request in writing that the producing party change the designation. The producing party will then have seven days after receipt of a challenge notice to advise the receiving party in writing of the basis for the confidential treatment of the challenged material, and whether the producing party intends to change the designation. If there is still disagreement, the Parties must then meet and confer within the next seven days, and if the Parties are unable to reach agreement after the expiration of this seven-day time frame, and after the conference required under L.R. 104.7, the receiving party may at any time thereafter seek an order to de-designate

the designated information. The designating party bears the burden of establishing confidentiality. Until the parties reach written agreement or any dispute under this paragraph is ruled upon by the Court, the Confidential Information designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information**

14. Information designated as Confidential Information may be used only for purposes of prosecuting, defending, settling, or appealing this action. Confidential Information may not be used for any other purpose.

15. Unless otherwise ordered by the Court or permitted in writing by the designating party, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

    a. The Parties;

    b. The Parties' counsel (and supporting personnel employed by outside counsel (such as paralegals, legal secretaries, data entry clerks, and legal clerks);

    c. Professionals, consultants, or experts (and their counsel and staff) retained by the Parties for the purposes of this litigation and who have signed Exhibit A;

    d. The Court and its personnel;

    e. Agreed-upon mediators or settlement officers, and their supporting personnel, who have signed Exhibit A;

    f. Service providers (including but not limited to copying services, court reporters, and ESI discovery vendors) employed to assist the Parties and their counsel in prosecuting or defending the Action and who have signed Exhibit A;

    g. During their depositions or trial testimony, witnesses in the action to whom disclosure is reasonably necessary and their attorneys provided that they do not retain copies of Confidential Information and sign Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be

  specifically identified by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

 h. The author or recipient of a document containing the information, or a custodian or other person for whom there is a good faith basis for believing the person was the author, recipient, or otherwise possessed or knew the information; and

 i. Any other person agreed to by the designating party and who has signed Exhibit A.

**<u>Non-Party Information</u>**

16. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**<u>Filing Documents with The Court</u>**

17. If any party wishes to file pleadings, motions, memoranda, briefs, declarations or affidavits, deposition transcripts, discovery requests and responses, exhibits, or other documents that produce, quote, or otherwise contain Confidential Information including PHI, even if the filing party believes that such materials are not properly classified as Confidential Information, the party shall redact the Confidential Information including PHI from such filings or seek permission from the Court to file an unredacted version under seal with a simultaneous motion pursuant to L.R. 105.1 in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases, without prejudice to the filing party's rights under paragraph 13of this Confidentiality Order.  Recognizing that the public generally has a right of access to the Court's files, however, parties seeking to seal any documents or portions of documents in the Court's public records from disclosure must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under

seal, and avoid wherever possible sealing entire documents and, instead, must redact the truly sensitive information in a document.

18. Any courtesy copies served on the Court shall be unredacted and complete and shall be provided to the Court via a secure share file upload with encryption and/or password protection.

19. Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular document contains or reflects the type of confidential or proprietary information described in Paragraph 2; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation**

20. Within ninety days after final judgment in this action, including the exhaustion of all appeals, or within ninety days after dismissal pursuant to a settlement agreement, each receiving party subject to the terms of this Protective Order is under an obligation to use good faith efforts to destroy or return to the producing party all materials and documents containing Confidential Information, and to, upon request, certify to the producing party that this destruction or return has been done. Outside counsel for any party, however, is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

21. Even after final judgment in this action, the confidentiality obligations imposed by this Order shall remain in effect until the designating party agrees otherwise in writing or a court order otherwise directs.

**Other Proceedings**

22. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Unauthorized Disclosure of Confidential Information**

23. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosure, (b) use its best efforts to investigate and mitigate the effects of the unauthorized disclosure, including retrieving all unauthorized copies of the Confidential Information or requesting that the receiving party destroy all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

**Remedies**

24. It is ORDERED that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including

the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

25. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**SO ORDERED.**

_____, 2024

_____
**JULIE R. RUBIN**
**United States District Judge**

## **EXHIBIT A**

## **CONFIDENTIALITY AGREEMENT**

I have read and understand the Stipulated Protective Order (the "Order") to which this Exhibit A is annexed (and whose definitions are incorporated herein), and I attest to my understanding that access to information designated as "Confidential Information" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order. I will not use or disclose to others, except in accordance with the Order, any Confidential Information. If I fail to abide by the terms of this Confidentiality Agreement or the Order, I understand that failure to comply may subject me to sanctions by the United States District Court for the District of Maryland. I further agree to submit to the jurisdiction of the United States District Court for the District of Maryland for the purpose of enforcing the terms of this Confidentiality Agreement and Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.


Executed on: _____


_____
Name

_____
Signature