IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-00358-JRR |

**DEFENDANTS' MOTION FOR LEAVE TO FILE MULTIPLE SUMMARY JUDGMENT MOTIONS**

On behalf of all Defendants and pursuant to Local Rules 105.1 and 105.3, Defendants the NFL Player Disability & Neurocognitive Benefit Plan, the NFL Player Disability & Survivor Benefit Plan, the Bert Bell/Pete Rozelle NFL Player Retirement Plan, and the Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan hereby request leave to file two individual summary judgment motions against Plaintiffs Charles Sims and Jamize Olawale. In support thereof, Defendants state as follows:

1. This case involves nine named Plaintiffs,[1] each with unique benefits applications, medical histories, challenges to the denial of their benefits applications, and potential remedies. *See* ECF No. 56.

2. Each individual named Plaintiff has his own unique administrative record containing hundreds of pages of medical records, reports by the Plan's examining Neutral Physicians, and benefits determinations by the Plan, all specific to that Plaintiff. The evidence contained in these records, together with data relating to disability benefit applications and appeals that Defendants

---

[1] Plaintiff Alex Parsons has no remaining claims, as his appeal was decided May 18, 2018. *See* ECF No. 56 ¶ 237; ECF No. 85 (dismissing as untimely all claims relying on applications with final decisions before August 9, 2019).

have produced in response to Plaintiffs' discovery requests, is sufficient to support summary judgment as to each individual Plaintiff's claims without further discovery.

3. Defendants have accordingly concurrently filed a Joint Motion for Summary Judgment as to Plaintiff Daniel Loper's claims ("Loper Motion").  The Loper Motion shows that all of Mr. Loper's claims are ripe for disposition on the merits based on his unique administrative record and Defendants' data production, and that further discovery would not be useful or necessary to dispose of Mr. Loper's claims.  The Loper Motion also demonstrates that disposition of Mr. Loper's claims requires consideration and determination of numerous individualized and claim-specific allegations in the Amended Complaint that are unique to Mr. Loper, and that a motion for summary judgment specific to Mr. Loper is the most appropriate vehicle for resolving his claims.

4. Defendants hereby seek leave to file two additional summary judgment motions, as to Plaintiffs Charles Sims's and Jamize Olawale's claims.  Those motions are attached hereto.

5. Permitting Defendants to file these two additional summary judgment motions will be useful to the Court, and will promote judicial efficiency, because Mr. Loper, Mr. Sims, and Mr. Olawale bring claims that correspond to the three subclasses that Plaintiffs have asked the Court to certify in their pending Motion for Class Certification (ECF No. 102).  Plaintiff Loper is part of the purported subclass for Line of Duty ("LOD") benefits; Plaintiff Sims is part of the purported subclasses for Total & Permanent Disability ("T&P") benefits and for Active T&P benefits; and Plaintiff Olawale is part of the purported subclass for Neurocognitive Benefits (as well as the purported LOD and T&P benefits subclasses).  *See* ECF No. 56 ¶¶ 190-93 (Sims); 194-201 (Olawale); 202-14 (Loper).  Each of these Plaintiffs is part of the purported fiduciary subclass.

5. Ultimately, a summary judgment motion as to each individual Plaintiff's claims will be necessary and appropriate because of the fact-specific and individualized nature of each Plaintiff's claims.[2] But Defendants have filed the Loper Motion as of right pursuant to Fed. R. Civ. P. 56, and seek the Court's approval to file the Sims and Olawale Motions, to correspond to each of the other purported subclasses that Plaintiffs have identified.

6. Granting Defendants permission to file the two attached additional individual summary judgment motions at this stage will strongly promote judicial economy and efficiency for the parties. If Plaintiffs are correct (which they are not) that their proposed subclasses can be certified pursuant to Fed. R. Civ. P. 23, then the Loper Motion, in conjunction with these two additional summary judgment motions, would be dispositive of Plaintiffs' entire case because certification would require the Court to find that Plaintiffs Loper, Sims and Olawale are representative and typical of each of their proposed respective subclasses. Alternatively, and far more likely, consideration of the additional summary judgment motions will offer the Court the fullest possible sense of all of the individualized issues and record review that is required to resolve each named Plaintiff's claims. Consideration of these motions would also give the Court the clearest possible basis to assess whether any additional discovery is necessary to resolve any of Plaintiffs' claims in light of the discovery already produced (it is not).

7. Individual motions for summary judgment of each remaining Plaintiff's claims would be consistent with the Federal Rules. Rule 54(b) permits entry of a final judgment as to "fewer than all" parties, Fed. R. Civ. P. 54(b), and Rule 56 contemplates summary judgment motions as to particular claims or defenses, Fed. R. Civ. P. 56(a). Defendants would welcome a status

---

[2] As Defendants' concurrently-filed opposition to Plaintiffs' Motion for Class Certification shows, the named Plaintiffs are not typical of the absent individuals they seek to represent. Moreover, as Defendants' opposition also shows, there are not common answers to the legal and factual questions that each named Plaintiff's claim poses that would facilitate addressing each named Plaintiff's claims in a single consolidated summary judgment motion.

3

conference with the Court to discuss the most efficient way to bring this lawsuit to a final resolution, in light of the disparate claims raised by the various named Plaintiffs. Defendants would be prepared to bring summary judgment motions as to all remaining Plaintiffs within a reasonable period of time after consultation with the Court, if the Court deemed it useful and efficient for Defendants to do so.

8. Defendants propose that Plaintiffs' opposition to the Loper Motion be due January 16, 2025, and Defendants' reply be due March 3, 2025. Defendants propose this same briefing schedule for the Sims and Olawale Motions. Pursuant to the Joint Scheduling Order entered in this case, Defendants have conferred with Plaintiffs about this briefing schedule and this Motion for Leave. Plaintiffs' counsel indicated that they do not consent to Defendants' Motion for Leave, but wish to ensure that any briefing schedule that is set on Defendants' summary judgment motions leaves them adequate time to respond.

9. The relief sought will not prejudice any party or cause undue waste or delay. Rather, Defendants seek this relief in good faith and in order to make their arguments for summary judgment of Plaintiffs' claims as concisely as possible.

WHEREFORE, for the foregoing reasons, Defendants respectfully request leave to file three motions for summary judgment against Plaintiffs Loper, Sims, and Olawale.

Date: November 18, 2024               Respectfully submitted,

*/s/ Gregory F. Jacob*
Gregory F. Jacob (D. Md. Bar No. 06769)
Meredith N. Garagiola (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., 10th Floor
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: gjacob@omm.com
Email: mgaragiola@omm.com

Elizabeth L. McKeen (*pro hac vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*

5

## **CERTIFICATE OF SERVICE**

      I, Gregory F. Jacob, hereby certify that on November 18, 2024, I caused a copy of the foregoing document to be served upon all counsel of record via the CM/ECF system for the United States District Court for the District of Maryland.

                                                  */s/ Gregory F. Jacob*
                                                  Gregory F. Jacob