# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00358-JRR |

## DECLARATION OF PATRICK REYNOLDS IN SUPPORT OF
## DEFENDANTS' JOINT MOTIONS FOR SUMMARY JUDGMENT

I, Patrick Reynolds, hereby declare pursuant to 28 U.S.C. § 1746, under the penalty of perjury, that the following is true and correct; that I have personal knowledge of the matters set forth herein, or knowledge based on my review of business records; and that, if called to testify as a witness in this action, I could and would testify competently thereto:

1. I work for PRM Consulting, and since 2021 I have been engaged to serve as the advisor to the National Football League Management Council. Before I began this role, I served as the NFL Management Council representative on the Disability Initial Claims Committee (the "Committee") from 2013-2021, first while employed by the NFL Management Council, and then beginning in 2017 while employed by PRM. While employed by the NFL Management Council, and then by PRM, I have worked with both the Trustees appointed by the Players Association and the Trustees appointed by the Management Council regarding benefits administration.

2. The Management Council represents the NFL teams in collective bargaining for the terms of the NFL Player Disability & Survivor Benefit Plan (the "Plan," formerly known as the NFL Player Disability & Neurocognitive Benefit Plan and the NFL Player Disability, Neurocognitive & Death Benefit Plan).

3. The Management Council and Players Association each provide an advisor (commonly referred to as a "Party Advisor") to assist their respective Trustees with the review and determination of disability appeals. This has been the practice of the Board and its Trustees for the entire time that I have worked with the Plans. The Party Advisors have no involvement in any Committee-level decision.

4. I am the current Party Advisor for the Management Council Trustees. My current counterpart is Adora Williams, who is the Party Advisor for the Players Association.

5. I have served in this role for the Management Council since 2021.

6.      The Management Council pays PRM Consulting, which in turn pays me. My compensation does not depend on whether I recommend players' appeals be denied or approved. My compensation also does not depend on whether the Board ultimately agrees with my recommendations. I receive no other compensation, incentives, or promotions based on either my recommendations or on the Board's ultimate decisions. My retention as a Party Advisor is not dependent on the nature of my recommendations to the Board or its decisions. The Management Council does not charge the Plan for my Board work.

7.      I have access to an online portal called the "Meetings Website" that contains players' applications, medical records the players provide, Neutral Physicians' reports, NFL transaction histories, correspondence with the players, Committee decisions, appeals, and any other documents players submit in connection with their applications and appeals, and a case summary from Plan counsel. Beginning about a month before each quarterly Board meeting and continuing up until the Board meeting itself, I independently review every page of each individual case file associated with each appeal that will be presented to the Board. I frequently consult the applicable Plan documents as I perform my review to assess whether a player's application satisfies the Plan criteria for approval. I also regularly check the Meetings Website as additional cases and administrative records are uploaded for me to review and analyze.

8.      On average there are approximately 100 cases for me to review in advance of a quarterly Board meeting, though that number can vary depending on the number of applications under consideration. Depending on the complexity of the case and the volume of materials submitted as part of the application, it may take me several hours to go through an individual application. I review the case summaries provided by Plan counsel, but I do not rely on them for

3

my determinations, which are based on my own review of the full applications in conjunction with the applicable Plan provisions.

9. Based on my review, I prepare recommendations for the Management Council Trustees regarding the appeals they will decide. I also meet and discuss my recommendations with Ms. Williams before the quarterly Board meetings in order to identify and attempt to resolve any potential issues or areas of disagreement.

10. Representatives of the NFL Player Benefits Office, who are primarily responsible for disseminating Board decisions and processing benefits applications with the Board decisions, and Plan counsel, typically attend these meetings between Ms. Williams and me. Their role is to observe our discussions, learn about potential case outcomes, and provide guidance on questions Ms. Williams or I may have about Plan terms, Plan procedures, or the status of any particular appeal.

11. During what we call a final "pre-meeting" that typically takes place the morning before the formal Board meeting is called to order, I meet separately with the Management Council Trustees to discuss each disability appeal and my recommendations for its disposition. I lead these discussions for the Management Council and answer any questions posed by my Trustees. We typically discuss the relevant Plan provisions, the Neutral Physicians' findings, and any other issues associated with the appeal, including what I understand at the time to be Ms. Williams's separate recommendations to the other three Trustees. Some cases are more complex than others.

12. I do not make the ultimate decision on whether an application or appeal is approved or denied. That is the Board's role. Trustees do not always agree with my recommendations and it is not uncommon for them to ask questions at the meetings pertaining to

aspects of the applications on which they want clarification, including questions about specific documents that they have reviewed.

13. No Board member has ever pressured me to make a recommendation on an application one way or the other.

14. I have recommended awarding benefits to hundreds players whose applications met the applicable requirements of the Plan, and I am not biased for or against any player in carrying out my responsibilities.

Executed this 17th day of November, 2024 at Charleston, South Carolina.

_____
Patrick Reynolds

6