IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

|  |  |
|---|---|
| JASON ALFORD *et al.*,<br><br>            Plaintiffs,<br><br>      v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>            Defendants. | Case No. 1:23-cv-00358-JRR |

**DEFENDANTS' JOINT MOTION TO SEAL ADDITIONAL ADMINISTRATIVE RECORDS**

Pursuant to Local Rule 105.11 and paragraph 17 of the Stipulated Protective Order, ECF No. 104, Defendants the NFL Player Disability & Survivor Benefit Plan, the NFL Player Disability & Neurocognitive Benefit Plan (collectively, the "Disability Plan" or "Plan"), the Bert Bell/Pete Rozelle NFL Player Retirement Plan (the "Retirement Plan," and with the Disability Plan, the "Plans"), and the Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan (the "Board") jointly move to file under seal the unredacted administrative records of Plaintiff Jason Alford's 2019 and 2022 applications and appeals, Plaintiff Willis McGahee's 2021 application and appeal, Plaintiff Michael McKenzie's 2018 and 2021 applications and appeals, Plaintiff Eric Smith's 2019 application and appeal, Plaintiff Joey Thomas's 2019 application and appeal, and Plaintiff Lance Zeno's 2021 application and appeal (collectively, the "Additional ARs"). ECF Nos. 117-2 to 117-27.[1]

The Complaint contains four at-issue counts—the first three concern Plaintiffs' individual

---

[1] Defendants have already produced these documents to Plaintiffs. In accordance with Plan practice, Defendants provided Plaintiff Alex Parsons with a copy of the administrative record for his dismissed claim, but did not produce Mr. Parsons's administrative record in discovery because he has no remaining claims. *See* ECF No. 85 (dismissing as untimely all claims relying on applications with final decisions before August 9, 2019).

benefits claims under the Employee Retirement Income Security Act ("ERISA").  Pls.' Am. Class Action Compl. ("AC" or the "Complaint") ¶¶ 280-89, 290-95, 296-304, ECF No. 56.  The fourth at-issue count (Count V) alleges that the Board breached its fiduciary duties by failing to properly review benefits claims and failing to ensure the Neutral Physicians retained to evaluate players were unbiased.  AC ¶¶ 330-49.  Each of these claims necessarily centers on Plaintiffs' administrative records because ERISA benefits cases reviewed under the abuse of discretion standard, as here, turn on the documents before the decisionmaker.  *See Helton v. AT&T Inc.*, 709 F.3d 343, 356 (4th Cir. 2013) ("The rationale … is that … the administration of ERISA plans should be left to plan fiduciaries, not federal courts."); *Blanch v. Chubb & Son, Inc.*, 2014 WL 6473741, at *2 (D. Md. Nov. 18, 2014) (limiting review to administrative record); *see also* ECF No. 78 at 15 (abuse of discretion standard applies).  While Plaintiffs' administrative records central to their claims, they are also highly sensitive and contain their private health information, Confidential Information, as defined in the Protective Order, *see* ECF No. 104 at 2-4, and information identified in Federal Rule of Civil Procedure 5.2(a).

Although "[t]he common law presumes a right of the public to inspect and copy 'all judicial records and documents,'" that presumption "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (first quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); and then quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978).  In deciding motions to seal in this District, courts consider whether "less drastic alternatives to sealing," such as redacting documents, are possible.  *J.C. v. McKnight*, 2023 WL 5487216, at *1 (D. Md. Aug. 24, 2023) (citing *In re Knight Publishing Co.*, 743 F.2d 231, 234 (4th Cir. 1984)).  When a court

determines that sealing is appropriate, the court "provide[s] reasons, supported by specific factual findings, for its decision to seal and for rejecting alternatives." *Id.* (citing *Knight*, 743 at 234-35).

Recognizing the balance between the public's right to access and the Parties' rights to privacy, the Protective Order requires that a party seeking to file Confidential Information, as defined in the Protective Order, to either redact the Confidential Information or seek permission from the Court to file unredacted versions under seal. ECF No. 104 at 8. Defendants will file, and cite to, redacted excerpts of the Additional ARs in support of Defendants' forthcoming motions for summary judgment on those Plaintiffs' claims. By filing redacted, excerpted versions of the administrative records on the public docket, Defendants will preserve the public's right to judicial records. *See Va. Dep't of State Police*, 386 F.3d at 575. To ensure the Court has access to these Plaintiffs' entire administrative records, Defendants have also filed the complete, unredacted copies the Additional ARs, which Defendants seek to seal (which have also been served on Plaintiffs' counsel). These six Plaintiffs' privacy interests in the sensitive, unredacted documents heavily outweigh any possible public interest in accessing records that Defendants do not rely upon.[2] *See id.*

For the foregoing reasons, the Court should grant Defendants' Motion to Seal Additional Administrative Records, enter the proposed order filed herewith, and seal the Additional ARs.

---

[2] The portions of these Plaintiffs' administrative records that Defendants do not rely upon are not "judicial records" that implicate these concerns because they do not "play a role in the adjudicative process, or adjudicate substantive rights." *See Taekman v. Unum Life Ins. Co. of Am.*, 2023 WL 4763724, at *12 (M.D.N.C. July 26, 2023) (quoting *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013)); *United States v. Moussaoui*, 65 F. App'x 881, 889 (4th Cir. 2003) ("The unclassified appendix contains a wide variety of materials, such as pleadings, hearing and deposition transcripts, and some discovery materials. Some of these documents fall within the common law presumption of access, while others are subject to the greater right of access provided by the First Amendment. Still others may not qualify as 'judicial records' at all." (citing *United States v. Amodeo*, 44 F.3d 141, 145-46 (2d Cir. 1995))); *Amodeo*, 44 F.3d at 145 ("We think that the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. We think that the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

Date: November 18, 2024                    Respectfully submitted,

*/s/ Gregory F. Jacob*
Gregory F. Jacob (D. Md. Bar No. 06769)
Meredith N. Garagiola (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., 10th Floor
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: gjacob@omm.com
Email: mgaragiola@omm.com

Elizabeth L. McKeen (*pro hac vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*

## **CERTIFICATE OF SERVICE**

      I, Gregory F. Jacob, hereby certify that on November 18, 2024, I caused a copy of the foregoing document to be served upon all counsel of record via the CM/ECF system for the United States District Court for the District of Maryland.

                                                  */s/ Gregory F. Jacob*
                                                  Gregory F. Jacob