**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**BALTIMORE DIVISION**

| | |
|---|---|
| JASON ALFORD, DANIEL LOPER, WILLIS MCGAHEE, MICHAEL MCKENZIE, JAMIZE OLAWALE, ALEX PARSONS, ERIC SMITH, CHARLES SIMS, JOEY THOMAS, and LANCE ZENO, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | **Case No. 1:23-cv-00358-JRR** |
| vs. | |
| THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN; THE NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN; THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN; THE DISABILITY BOARD OF THE NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN; LARRY FERAZANI; JACOB FRANK; BELINDA LERNER; SAM MCCULLUM; ROBERT SMITH; HOBY BRENNER; and ROGER GOODELL, | |
| Defendants. | |

## DECLARATION OF BENJAMIN R. BARNETT

BENJAMIN R. BARNETT declares the following pursuant to 28 U.S.C. § 1746:

1.      I am a partner in the law firm of Seeger Weiss LLP and am admitted to practice in the State of Maryland, the Commonwealth of Pennsylvania, and the District of Columbia.  I am also admitted to this Court.  I make this Declaration in support of Plaintiffs' motion, pursuant to Federal Rule of Civil Procedure ("Rule") 16(b)(4) and  Local Rule ("LR") 105.9 of this Court, for an extension *sine die* of the deadlines for their oppositions to Defendants' three separate summary judgment motions, their class certification reply papers, and their Rule 26(a)(2) expert disclosures;

for appointment of a Magistrate Judge or a Special Master to oversee completion of discovery in the time set by the Court; and for the convening of an in-person status conference to address all of these interrelated matters.

2.      I have personal knowledge of the matters set forth herein based on my role as counsel of record and on my review of the case file of my firm and other files.  This Declaration adopts the definitions and shorthand terms in the Amended Class Action Complaint (ECF No. 56) ("Amended Complaint").

3.      On page 2 of both their Responses and Objections to Plaintiffs' First Set of Requests for Production and their Responses and Objections to Plaintiffs' First Set of Interrogatories, Defendants declared as follows:

> Defendants are limiting their responses to the Requests [and Interrogatories] to the reasonable time-frame of August 9, 2019, to February 9, 2023, ("Relevant Period"), which is consistent with the Plan's 42-month limitations period preceding the filing of Plaintiffs' complaint, and object to the Requests [and Interrogatories] to the extent that Plaintiffs fail to limit the Requests [and Interrogatories] to a specific period. Plaintiffs' claims relying on applications with final decision letters dated prior to August 9, 2019, were dismissed by the Court's Order Granting Reconsideration.

4.      Defendants have objected to most of Plaintiffs' Rule 34(a) Requests for Production of Documents and Rule 33(a) Interrogatories, contending that Plaintiffs are entitled to little beyond what is in Plaintiffs' administrative records—and absolutely nothing concerning other disability benefits applicants' claims—on the ground that no class has been certified.  They have continued to refuse to produce a subset of Plan-physician decision letters for other claimants during a limited period of time,[1] despite injecting into the record a purported expert's interpretation of application

---

[1] Specifically, the period spanning from April 1, 2018 (the beginning of the Plan Year in which Plaintiff Michael McKenzie filed the earlier of his two applications that are timely before the Court in accordance with its statute of limitations ruling, *see* Amended Complaint ¶ 176) and February 9, 2023 (the date on which Plaintiffs commenced this action (ECF No. 1); *see also* ECF No. 78 at 13-14, *as modified by* ECF No. 85 at 3-4 (Court's statute of limitations ruling with respect to

outcomes for thousands of absent members of the proposed class for a much broader period of time, spanning from January 1, 2018 to July 31, 2024. *See generally* ECF No. 111-2 (Decl. of David B. Lasater Ph.D.).

5.    After multiple unsuccessful meet-and-confer discussions with Defendants, Plaintiffs were left with no recourse but to serve Defendants with a motion to compel discovery, which they did on November 26, 2024. Specifically, Plaintiffs moved to compel Defendants to produce, in response to Requests Nos. 2 and 3 of Plaintiffs' First Set of Requests for Production of Documents, decision letters and physician report forms relating to all disability benefits claimants for the April 1, 2018 to February 9, 2023 period.

6.    Defendants served their papers in opposition to Plaintiffs' motion to compel at 11:59 p.m. on December 10, 2024.[2] Their opposition papers make it clear that Defendants steadfastly refuse to provide the discovery that Plaintiffs seek. Defendants' refusal rests in large part on their contention that Plaintiffs assert no meritorious claims, an argument that Defendants base on their putative expert's declaration and on the untested, self-serving declarations of Board member Robert Smith and of their employees and advisors as to the relevant facts concerning the Plan's claims and appeals process that they filed in support of their summary judgment motions. Among other objections that Defendants raise is that the production of decision letters and physician reports relating to other claimants' applications for the January 1, 2018-February 9, 2023 period is disproportionate to the needs of the case given that Plaintiffs argue that their claims are typical of the claims of the class, even though Defendants contend in their class certification

---

Plaintiffs' wrongful denial benefits claims under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)).

[2] Plaintiffs served their reply papers in support of their motion to compel on this date. A further meet-and-confer with Defendants and the required certificate under LR 104.7 will be needed in order for the fully briefed motion to be filed with the Court.

opposition memorandum that Plaintiffs' claims are not typical of those of absent class members. *See* ECF No. 111 at 36-38.

7.    The so-called V3 database—which Hessam ("Sam") Vincent, the Plan's Disability Relations Manager, responsible for managing the Plan's relationship with its hired physicians, characterizes in his declarations as Defendants' "system of record" for tracking claims and appeals, including the physicians assigned to evaluate benefits claimants (ECF Nos. 115-4 at 3, 13 (¶¶ 5-7, 42), 123-3 at 3, 14 (¶¶ 5-7, 43)—was not fully or fairly disclosed to Plaintiffs during the parties' Rule o26(f) and meet-and-confer discussions.

8.    Specifically, back in July and August, counsel for Plaintiffs sought to engage with defense counsel on potential sources of relevant Electronically Stored Information ("ESI") in order to draft and serve targeted discovery.  Although there was a passing reference to the V3 system in one Rule 26(f) discussion, Defendants did not identify it as their "system of record for processing and tracking applications and appeals."  ECF Nos. 115-4 at 13 (Vincent Decl. ¶ 42), 123-1 at 14 (Vincent Decl. ¶ 43).  The information concerning the centrality of the V3 database was provided only when Defendants opposed class certification and affirmatively moved for summary judgment against Plaintiffs Daniel Loper and Jamize Olawale.

9.    The "anonymized physician data" from the V3 database that Defendants' putative statistical expert relies upon (*see* ECF No. 111-2 at 6, 15, 49-63) (Lasater Decl. ¶¶ 12, 36 & App. 3 *passim*) were produced to Plaintiffs electronically at approximately 11:27 p.m. on November 18, 2024, about one minute before Defendants filed their class certification opposition papers at approximately 11:28 p.m. that night.  Defendants failed to meet and confer with Plaintiffs before producing data from the V3 database, as mandated by the parties' negotiated ESI Protocol.  *See* ECF No. 110 at 10-11 (§§ 11.g).

10.   On December 11, 2024, Plaintiffs served their Second Set of Requests to Defendants for Production of Documents ("Second Requests"), targeting, among other things, any "database containing data related to Claimants' LOD, NC, and T & P benefit applications, evaluations, decisions, appeals, and/or data related to, Neutral Physicians, including but not limited to V3, V3locity, the Meetings website," and the database that the Plan, by contract, tasked Dr. William Garmoe—the Plan's MAP, whom the Amended Complaint identifies as one of the highest-paid Plan-hired neuropsyschologists, and one predisposed to rejecting disability benefits claims and improperly downplaying conditions stemming from traumatic brain injuries (*e.g.*, ¶¶ 122, 125-26, 130-31, 133, 135, 157-59)—with creating from neuropsychological and neurological test data for claimants examined by Plan-hired physicians.[3]  Defendants responded to those Second Requests on the evening of December 18, 2024, asserting a slew of objections.

11.   On December 12, 2024, Plaintiffs sent, via email, notices of deposition to counsel for Defendants, noticing the depositions of:  (i) David B. Lasater, Ph.D., who executed the putative expert declaration in opposition to Plaintiffs' class certification motion (ECF No. 111-2), and upon which Defendants also rely in support of their motions for summary judgment as to the claims of Plaintiffs Loper and Olawale; (ii) Board member Smith, who executed a declaration in support of

---

[3]  Defendants designated that contract as confidential information under the Stipulated Protective Order (ECF No. 104).  Plaintiffs dispute the appropriateness of that designation because the contract contains no protected health information or trade secret or other non-public confidential research, development, or commercial information qualifying for protection under Rule 26(c)(1)(G).  Accordingly, on December 19, 2024, I sent to Defendants' counsel a request that the document be de-designated.  Defendants have advised me on this date that they decline to de-designate the contract, asserting that it constitutes confidential commercial information, Because, for the time being, it remains designated as confidential, neither my declaration nor Plaintiffs' accompanying memorandum in support of this motion attaches a copy of the contract or quotes from it in order to avoid the necessity of a separate sealing motion under LR 105.11 and a resultant sealing of this motion or some portion thereof, which might delay a timely resolution of this motion.  Instead, my description of the contract is based on a non-confidential declaration that Dr. Garmoe himself executed, which Defendants served on Plaintiffs as part of their motion to compel opposition papers.

all three of Defendants' summary judgment motions (ECF Nos 115-19, 123-41, and 125-16): and (iii) Mr. Vincent, who also executed a declaration in support of all three of Defendants' summary judgment motions (ECF Nos. 115-4, 123-3, 125-3).

12.    As required by LR 105.9, I conferred with Defendants' counsel concerning the relief that Plaintiffs intended to request through this motion.  Defendants' counsel advised me that Defendants do not consent to the requested relief.

13.    Under penalty of perjury, I declare the foregoing to be true and correct.

Executed this 20th day of December, 2024

*s/ Benjamin R. Barnett*
BENJAMIN R. BARNETT
