IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD *et al.*,<br><br>                Plaintiffs,<br><br>        v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>                Defendants. | Case No. 1:23-cv-00358-JRR |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXTEND DEADLINES,
AND CONSENT TO  PLAINTIFFS' REQUEST
FOR STATUS CONFERENCE**

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 2

ARGUMENT .................................................................................................................................... 5

    I.    PLAINTIFFS CANNOT SATISFY THE RULE 16(b) REQUIREMENTS OF GOOD CAUSE OR DILIGENCE ................................................................... 5

        A.    Plaintiffs Omit the Fact That Defendants Already Agreed to Produce Every Witness That Plaintiffs Requested for Deposition ............ 6

        B.    Plaintiffs Have Not Been Diligent Throughout the Discovery Process ........................................................................................................... 7

        C.    The Forthcoming Motion to Compel Does Not Constitute Good Cause for Deadline Extensions Because It Is Both Late and Meritless ......................................................................................................... 8

        D.    Plaintiffs Have All The Discovery They Need To Oppose the Pending Summary Judgment Motions, and The Timing of Those Motions Is Appropriate ................................................................................ 8

CONCLUSION ................................................................................................................................ 10

**Cases**

*Alston v. Smith*,
  2023 WL 5662559 (E.D. Va. Aug. 31, 2023) .................................................................. 9

*Betof v. Suburban Hosp., Inc.*,
  2012 WL 2564781 (D. Md. June 29, 2012) .................................................................. 4

*Davis v. Lancaster*,
  2024 WL 5058020 (W.D. Va. Dec. 10, 2024) .................................................................. 9

*Doe v. Montgomery Cnty. Bd. Educ.*,
  2020 WL 1675956 (D. Md. Apr. 6, 2020) .................................................................. 4

*Drasovean v. Eaton Corp.*,
  2012 WL 5409737 (D. Md. Nov. 5, 2012) .................................................................. 5

*Everhart v. Washington Metro. Area Transit Auth.*,
  2012 WL 6136732 (D. Md. Dec. 10, 2012) .................................................................. 1, 6

*Isaac v. Greater Baltimore Med. Ctr., Inc.*,
  2020 WL 6322605 (D. Md. Oct. 28, 2020) .................................................................. 6, 7

*Laber v. Austin*,
  2024 WL 4789132 (E.D. Va. Nov. 14, 2024) .................................................................. 9

*Mills v. Iser*,
  2023 WL 5750414 (D. Md. Sept. 5, 2023) .................................................................. 9

*Richards v. Walden Sec.*,
  2021 WL 1390287 (D. Md. Apr. 12, 2021) .................................................................. 5

*Roberts v. Sires*,
  2023 WL 4134697 (D. Md. June 21, 2023) .................................................................. 9

*Shaw v. Foreman*,
  59 F.4th 121 (4th Cir. 2023) .................................................................. 9

*W. Va. Hous. Dev. Fund. V. Ocwen Tech. Xchange, Inc.*,
  200 F.R.D. 564 (S.D.W.Va. 2001) .................................................................. 6

*Wooton v. CL, LLC*,
  504 F. App's 220 (4th Cir. 2013) .................................................................. 7

**Rules**

Fed. R. Civ. P. 16(b)(4) .................................................................. 5

Fed. R. Civ. P. 23 .................................................................. 10

Fed. R. Civ. P. 56 .................................................................. 9

Fed. R. Civ. P. 56(d) .................................................................. 4, 9

**INTRODUCTION**

Plaintiffs' motion seeking to upend the entire case schedule is fundamentally misleading and omits key facts. "[T]he primary consideration ... in [determin]ing whether good cause has been shown under Rule 16(b) relates to the movant's diligence." *Everhart v. Wash. Metro. Area Transit Auth.*, 2012 WL 6136732, at *2 (D. Md. Dec. 10, 2012) (citations omitted). Plaintiffs have been the opposite of diligent in pursuing discovery in a manner calculated to allow compliance with the Court's deadlines. For example, Plaintiffs' lead justification for extending their deadlines is their purported need to take depositions. Memo. in Supp. of Pls.' Mot. to Extend Deadlines ("Motion") at 1, ECF No. 132-1. But Plaintiffs fail to inform the Court that they waited until December 12 to request any depositions; that they unilaterally noticed three depositions, to take place on January 8, 9, and 10; ***and that Defendants agreed to produce all three requested witnesses (including Defendants' expert) on January 9 and 10***. Plaintiffs also fail to disclose that Defendants consented to Plaintiffs' request for an early January hearing date on their forthcoming Motion to Compel, which Defendants are confident will satisfy the Court that Plaintiffs' demands for additional discovery are meritless and unsupported by law. Defendants also consented to, and now join, Plaintiffs' request for an in-person status conference.

For the reasons set forth below, the indefinite extensions that Plaintiffs request in their Motion should be denied. The Amended Complaint promises that Plaintiffs possess numerous statistical samples that they claim support their allegations and serve as the purported glue that holds the named Plaintiffs' disparate benefit claims together. Pls.' Am. Class Action Compl. ("AC" or the "Complaint") ¶¶ 107-46, ECF No. 56. But **nineteen months** after the Complaint was filed, Plaintiffs have not produced a single shred of supporting statistical analysis or calculations, either in response to Defendants' discovery requests, or in support of their own

Motion for Class Certification. It is now obvious the emperor has no clothes: ***there are no supporting statistics***. The Plan-wide claims data that Defendants produced (together with other extensive documentation) shows that the allegations are false, and Plaintiffs are now desperate to avoid their expert disclosure deadline (which has already been extended three times) and all of their briefing deadlines because they will prove that Plaintiffs' allegations of systemic bias are baseless. Defendants agreed to produce all three witnesses that Plaintiffs noticed for deposition in the exact date range that Plaintiffs requested them, and Plaintiffs cannot now invoke their own lack of diligence in failing to request them earlier as justification for their late-breaking extension request. Plaintiffs have not been diligent or otherwise demonstrated good cause for the extraordinary relief they request of an indefinite suspension of all of their deadlines, and the Motion should be denied.

## **BACKGROUND**

On three previous occasions, Defendants consented to Plaintiffs' requests for substantial extensions of their expert disclosure deadline. ECF Nos. 98, 105, 119. On Thursday, December 19, Plaintiffs requested that Defendants consent to a ***fourth*** extension of their expert disclosure deadline, as well as to an ***indefinite*** extension of all of their briefing deadlines. Decl. of Meredith Garagiola in Supp. of Defs.' Opp'n to Pls.' Mot. to Extend Deadlines ("Garagiola Decl.") ¶ 6. They also requested Defendants' consent to an early January hearing on their forthcoming Motion to Compel, and to an in-person status conference. *Id.* They asked Defendants to advise them "whether Defendants consent, in part or in full," to the requested relief. *Id.*

Defendants promptly responded, stating that they consent to Plaintiffs' request for an early January hearing on the Motion to Compel and to an in-person status conference, but not to

the requested extensions. *Id.* ¶ 6. Defendants supplied Plaintiffs their detailed positions on each of their various requests and told Plaintiffs that statement in their motion "as a complete expression of Defendants' position on the various issues" raised *Id.* Plaintiffs did not do so, so Defendants reproduce their response in full here (also attached as Exhibit C to Garagiola Decl.), followed by additional argument that responds to new points raised in Plaintiffs' subsequently filed brief:

> For the specific reasons stated below, Defendants oppose extending the briefing schedules and expert disclosure deadline. However, Defendants do not oppose Plaintiffs' request that a hearing be scheduled in early January on Plaintiffs' forthcoming Motion to Compel, which pursuant to Local Rule 104.8 is scheduled to be filed on December 24, 2024. Defendants agree with Plaintiffs' statement in their email that the impending Motion to Compel "goes to the heart of the scope of allowable discovery in this case." For that reason, and because Plaintiffs are seeking to indefinitely upend the entire case schedule because of the Motion to Compel (which Defendants consider to be meritless), Defendants believe that Judge Rubin may want to consider deciding that first core motion herself, and then appoint a U.S. Magistrate Judge to address any further discovery issues. But if Judge Rubin prefers to immediately appoint a U.S. Magistrate Judge to hear the Motion to Compel, Defendants agree that an early January hearing would be appropriate. Defendants do not believe that a Special Master is necessary or would be appropriate for this case.
>
> Defendants do not believe that Plaintiffs have good cause to extend the briefing schedules or the expert disclosure deadlines.
>
> - Plaintiffs have already extended their expert disclosure deadline [three times]. Plaintiffs' Amended Complaint is filled with statistical allegations, yet **19 months** after the Amended Complaint was filed Plaintiffs have not produced or disclosed a single shred of statistical analysis or calculations to support the Amended Complaint's allegations. Plaintiffs have refused to produce them in discovery; have suggested that they are privileged but have not furnished any privilege log entries for them; and offered no statistical analysis or calculations whatsoever in support of their Motion for Class Certification. It is now apparent that Plaintiffs' expert disclosure is the only way that Defendants will receive any information at all about the basis for those statistical allegations, and after [three] substantial extensions have already been granted there is no justification for extending this deadline further.

- Plaintiffs have 59 days from the date that Defendants filed their Opposition to the Motion for Class Certification to file their reply brief, which is an exceptionally long period of time to draft and file a reply. Plaintiffs chose to file their Motion for Class Certification without citing to or relying on even a single page of the administrative records that were produced in August, and without citing to or relying on any statistical analysis or calculations to support or substantiate the allegations in the Amended Complaint. Having chosen to file a Motion for Class Certification without reference to such evidence, Plaintiffs cannot now contend that they need additional evidence so that they can file a reply brief in support of that motion. Indeed, new arguments and new evidence are not appropriate subjects of a reply. *See Doe v. Montgomery Cnty. Bd. Educ.*, 2020 WL 1675956, at *2 (D. Md. Apr. 6, 2020) (finding it "troubling…that the reply seemingly raises new arguments").

- While Defendants do not believe that there is any justification to extend Plaintiffs' 60-day deadline to respond to Defendants' three pending Rule 56 summary judgment motions, Plaintiffs' contention that they require additional discovery to respond is specifically governed by Rule 56(d). Plaintiffs "must show[] by affidavit or declaration that, for specified reasons, [they] cannot present facts essential to justify [their] opposition," and request that the Court "defer considering the motion[s]" on that basis. Fed. R. Civ. P. 56(d). Indeed, Rule 56(d) contemplates that Plaintiffs should make both their arguments and their showing by affidavit that additional discovery is essential to their defense in their briefs opposing the summary judgement motions. *Betof v. Suburban Hosp., Inc.*, 2012 WL 2564781, at *1. *8-9 (D. Md. June 29, 2012). The Court can then allow for additional discovery if it determines it meets the governing standards, in light of the arguments presented. Defendants do not believe that Plaintiffs have any conceivable justification for delaying the Court's decision of the pending Rule 56 motions, but the proper mechanism for doing so is through a Rule 56(d) affidavit attached to their opposition briefs.

Finally, Plaintiffs noticed the depositions of Robert Smith, Hessam Vincent, and Dr. David Lasater for January 8, 9, and 10, without any prior consultation with Defendants (contrary to the express guidance of the Local Rules, *see* Discovery Guidelines of the United States District Court for the District of Maryland, Appendix A, Guideline 4), and citing their need to conduct these depositions for purposes of their upcoming briefs. As you are well aware, such depositions are not normally permitted in ERISA benefits and claims processing cases absent specific justification. Nevertheless, Defendants bent over backwards and agreed to provide all three witnesses on January 9 and 10—which are dates that Plaintiffs themselves chose. The deposition notices improperly noticed all of the depositions for Plaintiffs' offices in New Jersey, even though none of the witnesses reside within 100 miles of the noticed address. Defendants accordingly agreed to make any of the witnesses available on those dates by Zoom, or for Mr. Vincent or Mr. Smith to make them available at specific locations within their

home geographic areas, consistent with FRCP 45(c)(1)(A).  Plaintiffs are not required to take those depositions, of course, but they have been offered, and Plaintiffs have no basis to complain about any failure on Defendants' part to accommodate Plaintiffs' request.

Defendants note that Plaintiffs waited nearly three months after the discovery period in this case opened to serve their first discovery requests.  Defendants' discovery productions are complete, and there is no merit to Plaintiffs' unsupported position that they require additional discovery to support their briefs.  But had Plaintiffs started the discovery process in a remotely timely fashion, they would not need to be making this kind of last-minute and open-ended extension request now.  Plaintiffs' request that all of the key case deadlines be extended **indefinitely** is particularly inappropriate, and appears to be calculated to give Plaintiffs an unfairly unlimited amount of time to draft their briefs.  Moreover, Defendants are confident that the Court will deny Plaintiffs' Motion to Compel for the reasons set forth in their opposition brief, and there is no conceivable justification for Plaintiffs' request that the Court grant them an unlimited period of time to harass Defendants with an unending stream of additional discovery demands.  Defendants do agree that it would be useful if Plaintiffs' Motion to Compel were heard and decided in early January, but if as Defendants expect that core motion is denied, the case should proceed **on schedule** to disposition of the pending motions.

## ARGUMENT

I. **PLAINTIFFS CANNOT SATISFY THE RULE 16(b) REQUIREMENTS OF GOOD CAUSE OR DILIGENCE**

Plaintiffs' Motion seeks the extraordinary relief of an indefinite extension of Plaintiffs' deadlines for their Rule 26(a)(2) expert disclosures (which were previously extended three times, ECF Nos. 98, 105, 119), their reply brief in support of their Motion for Class Certification (which the schedule already affords them 59 days to draft and file, ECF No. 108), and their oppositions to Defendants' three pending Rule 56 motions.  A scheduling order may be modified only when the moving party establishes "good cause." Fed. R. Civ. P. 16(b)(4).  "The touchstone of Rule 16(b)(4)'s good cause requirement is diligence…[O]nly diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard."  *Richards v. Walden Sec.*, 2021 WL 1390287, at *2 (D. Md.

Apr. 12, 2021) (citations omitted); *Drasovean v. Eaton Corp.*, 2012 WL 5409737, at *1 (D. Md. Nov. 5, 2012) ("Lack of diligence and carelessness are the 'hallmarks of failure to meet the good cause standard.'") (quoting *W. Va. Hous. Dev. Fund. V. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001)). "Indeed, although other factors may be considered (e.g., the length of the delay and whether the non-moving party could be prejudiced by the delay), the primary consideration ... in [determin]ing whether good cause has been shown under Rule 16(b) relates to the movant's diligence." *Everhart*, 2012 WL 6136732 at *2; *Isaac v. Greater Baltimore Med. Ctr., Inc.*, 2020 WL 6322605, at *2 (D. Md. Oct. 28, 2020).

### A. Plaintiffs Omit the Fact That Defendants Already Agreed to Produce Every Witness That Plaintiffs Requested for Deposition

Plaintiffs' primary argument that they should be accorded an indefinite extension of all of their pending deadlines is that they require additional time to depose Defendants' declarants. They highlight their need to take such depositions five separate times in their Motion. Mot. at 1, 9, 12. Yet they fail to mention two critical facts. First, Plaintiffs waited until December 12 to request any depositions, at which time they unilaterally noticed the depositions of Defendants' statistical expert Dr. David Lasater and two fact witnesses, Sam Vincent and Robert Smith. Garagiola Dec. ¶ 5. Second, and even more importantly, Defendants already agreed to make all three declarants available for depositions ***in the exact range of days that Plaintiffs requested them***.[1] Garagiola Dec. ¶ 5. These facts are fatal to Plaintiffs' ability to

---

[1] Defendants agreed to make the two fact witnesses available for deposition despite the fact that such depositions are rarely granted in cases relating to ERISA benefit claims. Plaintiffs' contention that they need to depose Defendants' expert **before** they make their expert disclosure, Mot. at 9, is particularly bizarre, since Plaintiffs bear the burden of proof and are accordingly required by the scheduling order to make their Rule 26(a)(2) disclosures before Defendants. ECF. No. 106. In any event, Defendants already agreed to allow Plaintiffs to depose Dr. Lasater before their expert disclosure deadline.

establish good cause or diligence with respect to their asserted need to take depositions, as Rule 16(b) requires.[2]

### B. Plaintiffs Have Not Been Diligent Throughout the Discovery Process

Plaintiffs additionally cannot meet Rule 16(b)'s diligence requirement because they have repeatedly displayed a lack of diligence throughout the entire discovery process:

- Plaintiffs waited nearly three months after the discovery period began to serve even a single discovery request. Ex. B to Garagiola Decl. at 1.

- Plaintiffs waited more than six months to serve their initial disclosures. *Id.*

- Plaintiffs took more than three months to negotiate the Stipulated Protective Order and the ESI Protocol, often taking weeks to respond to Defendants' proposals to resolve their concerns. *Id.* at 2.

- Plaintiffs received three prior extensions of their expert disclosure deadlines, and did nothing whatsoever with the additional time granted. Plaintiffs have not produced any analysis supporting the numerous statistical allegations Plaintiffs repeatedly invoke in the Complaint, and have yet to produce a privilege log for any purported attorney work product underlying those calculations. *Id.*; *see Isaac*, 2020 WL 6322605, at *2 (denying plaintiff additional time for discovery after two extensions because plaintiff "'failed to diligently' use the additional time allotted by the Court to complete the necessary discovery") (quoting *Wooton v. CL, LLC*, 504 F. App'x 220, at *223-24 (4th Cir. 2013)).

---

[2] Plaintiffs' Motion mentions three additional witnesses that Plaintiffs now say they also want to depose: Adora Williams, Patrick Reynolds, and Michael Miller. Mot. at 9. Plaintiffs have had those individuals' declarations since November 19, yet prior to filing their Motion, they never even raised the possibility of deposing them with Defendants. That is the antithesis of diligence.

- Plaintiffs waited until November 26 (the Tuesday before Thanksgiving) to serve Defendants with their Motion to Compel, even though the parties had reached impasse several weeks earlier on the document requests that are the subject of that motion. Garagiola Dec. ¶ 3.

C. **The Forthcoming Motion to Compel Does Not Constitute Good Cause for Deadline Extensions Because It Is Both Late and Meritless**

Plaintiffs contend that good cause exists because they are about to file a Motion to Compel that they say seeks "core discovery." Mot. at 1, 5-6. But the only reason that discovery dispute is being brought to the Court for the first time in late December is Plaintiffs' own lack of diligence in raising it earlier. *See* Section B, *supra* at 6-7. Moreover, as Defendants explain in their Opposition to that forthcoming motion, Defendants have made robust productions in this case that exceed their discovery obligations, and no court has *ever* granted the kinds of additional discovery that Plaintiffs are demanding. Ex. B. at 3-9. Because Plaintiffs' arguments that they need additional discovery largely overlap their arguments in support of their Motion to Compel, Defendants attach their Opposition to the Motion to Compel as their full demonstration that the Motion to Compel is without merit. Ex. A to Garagiola Decl. Plaintiffs should not be permitted to use a meritless Motion to Compel as an excuse to extend their deadlines, and Defendants agree that a prompt hearing on the Motion to Compel in early January would be useful.

D. **Plaintiffs Have All The Discovery They Need To Oppose the Pending Summary Judgment Motions, and The Timing of Those Motions Is Appropriate**

Plaintiffs assert that the Fourth Circuit disfavors "premature" summary judgment. Mot. at 7 & n.10. But summary judgment is not premature in this case, where Defendants

-8-

have already made robust discovery productions over the course of several months. Ex. B at 3-9. Where a summary judgment motion that is supported by an ample evidentiary production is pending, to secure an extension Rule 56(d) requires that Plaintiffs must "show[] by affidavit or declaration that, for specified reasons, [they] cannot present facts essential to justify [their] opposition," and request that the Court "defer considering the motion[s]" on that basis. Fed. R. Civ. P. 56(d). Plaintiffs have not even attempted to meet that standard in their Motion seeking to indefinitely suspend their briefing deadlines, but under the current schedule Plaintiffs can file a Rule 56(d) affidavit in conjunction with their briefs opposing the summary judgment motions and to attempt to demonstrate what essential additional discovery is essential to their opposition. Plaintiffs will not be able to do so.[3]

Nor is there any merit to Plaintiffs' contention that the pending Rule 56 motions ask the Court to decide the case piecemeal. Mot. at 8-9. As Defendants explained in seeking the Court's leave to file two additional summary judgment motions:

> Defendants have filed the Loper Motion as of right pursuant to Fed. R. Civ. P. 56, and seek the Court's approval to file the Sims and Olawale Motions, to correspond to each of the other purported subclasses that Plaintiffs have identified.

---

[3] The cases that Plaintiffs cite—most involving pro se plaintiffs who were not afforded any discovery—are inapposite. *See, e.g.*, *Shaw v. Foreman*, 59 F.4th 121, 126-29 (4th Cir. 2023) (reversing grant of summary judgment against pro se plaintiff "before any discovery commenced"); *Goodman v. Diggs*, 986 F.3d 493, 500-01 (4th Cir. 2021) (same); *Laber v. Austin*, 2024 WL 4789132, at *3 (E.D. Va. Nov. 14, 2024) (collecting similar cases). By contrast, district courts in the Fourth Circuit have not hesitated to grant Rule 56 motions where a plaintiff failed to make an adequate showing under Rule 56(d) that specific additional discovery was warranted. *See, e.g., Mills v. Iser*, 2023 WL 5750414, at *14 (D. Md. Sept. 5, 2023) (denying motion to defer resolution of summary judgment motion, noting that "defendants provided a large portion of [the plaintiff's] medical records[,] that the video evidence requested was not necessary to [the plaintiff's] opposition," and that "the Correctional Defendants provided extensive exhibits" to the plaintiff); *Davis v. Lancaster*, 2024 WL 5058020, at *3 (W.D. Va. Dec. 10, 2024) (not deferring consideration of summary judgment motion where key evidence was either included in the defendant's summary judgment submission or publicly available); *Alston v. Smith*, 2023 WL 5662559, at *2 (E.D. Va. Aug. 31, 2023) (finding "no need to further delay consideration" of the defendant's summary judgment motion because the plaintiff had "many months to compile evidence and oppose" the motion, and "all existing and relevant evidence [was] before the Court"); *Roberts v. Sires*, 2023 WL 4134697, at *5 (D. Md. June 21, 2023) (same).

> Granting Defendants permission to file the two attached additional individual summary judgment motions at this stage will strongly promote judicial economy and efficiency for the parties. If Plaintiffs are correct (which they are not) that their proposed subclasses can be certified pursuant to Fed. R. Civ. P. 23, then the Loper Motion, in conjunction with these two additional summary judgment motions, would be dispositive of Plaintiffs' entire case because certification would require the Court to find that Plaintiffs Loper, Sims and Olawale are representative and typical of each of their proposed respective subclasses. Alternatively, and far more likely, consideration of the additional summary judgment motions will offer the Court the fullest possible sense of all of the individualized issues and record review that is required to resolve each named Plaintiff's claims. Consideration of these motions would also give the Court the clearest possible basis to assess whether any additional discovery is necessary to resolve any of Plaintiffs' claims in light of the discovery already produced (it is not).

ECF No. 116 at ¶¶ 5-6.  The Court granted leave.  ECF No. 122.  But Defendants also stated at that time that they "would be prepared to bring summary judgment motions as to all remaining Plaintiffs within a reasonable period of time after consultation with the Court, if the Court deemed it useful and efficient for Defendants to do so."  ECF No. 116 at ¶ 7.  Defendants remain willing to do so.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiffs' request to indefinitely suspend their expert disclosure and briefing deadlines, but should grant Plaintiffs' request for an in-person status conference, as well as for an early January hearing on Plaintiffs' Motion to Compel.

| | |
|---|---|
| Date: December 22, 2024 | Respectfully submitted, |
| | */s/ Gregory F. Jacob*  |
| | Gregory F. Jacob (D. Md. Bar No. 06769) |
| | Meredith N. Garagiola (*pro hac vice*) |
| | O'MELVENY & MYERS LLP |
| | 1625 Eye Street, N.W., 10th Floor |

-10-

Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: gjacob@omm.com
Email: mgaragiola@omm.com

Elizabeth L. McKeen (*pro hac vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*