**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

JASON ALFORD *et al.*,

      Plaintiffs,

  v.

THE NFL PLAYER DISABILITY &
SURVIVOR BENEFIT PLAN *et al.*,

      Defendants.

Case No. 1:23-cv-00358-JRR

**DECLARATION OF MEREDITH GARAGIOLA IN SUPPORT OF
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXTEND DEADLINES,
AND CONSENT TO PLAINTIFFS' REQUEST
FOR STATUS CONFERENCE**

I, Meredith Garagiola, hereby declare pursuant to 28 U.S.C. § 1746, under the penalty of perjury, that the following is true and correct; that I have personal knowledge of the matters set forth herein, or knowledge based on my review of business records; and that, if called to testify as a witness in this action, I could and would testify competently thereto:

1.     I am an attorney at O'Melveny & Myers LLP, counsel of record for Defendants the NFL Player Disability & Survivor Benefit Plan, the NFL Player Disability & Neurocognitive Benefit Plan (collectively, the "Disability Plan" or "Plan"), the Bert Bell/Pete Rozelle NFL Player Retirement Plan (the "Retirement Plan," and with the Disability Plan, the "Plans"), and the Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan (the "Board") in this matter.

2.     On July 22, 2024, my colleagues and I participated in a meet and confer on behalf of the Plan with Ben Barnett, Dion Kekatos, Sam Katz, Hillary Fidler, Nikki Guntner, and Julia Damron participating on behalf of Plaintiffs. During that meet and confer, as part of the discussion in response to the informal discovery request to "identify all intranets or external websites used by Defendants or Defendants' employees for business purposes including but not limited to the "meetings" website referenced in the District Court's Memorandum Opinion and Order in Cloud v. The Bert Bell/Pete Rozelle NFL Player Retirement Plan, 20224 WL 2237451 (N.D. Tex. 2022)," I identified, by name, the "V3" system as the platform or portal used for the Plan's document and information management. This response reflected and conveyed my understanding that the "V3" system was the primary system used by the Plan to store documents and information.

2

3. On November 26, 2024 (the Tuesday before Thanksgiving) Plaintiffs served Defendants with their Motion to Compel, even though the parties had reached impasse several weeks earlier on the document requests that are the subject of that motion.

4. On December 10, 2024, Defendants served their Opposition to Plaintiffs' Motion to Compel Discovery along with declarations by myself, Dr. David Lasater, Mr. Hessam "Sam" Vincent, and Dr. William Garmoe. A copy of Defendants' opposition brief and supporting declarations are attached hereto as **Exhibit A**.

5. On December 18, 2024, Defendants also served a letter from Elizabeth McKeen to Mr. Barnett regarding outstanding discovery issues. In that letter, Ms. McKeen confirmed that Defendants would agree to accommodate Plaintiffs' noticed depositions of Dr. David Lasater, Sam Vincent, and Robert Smith, served on December 12, 2024, despite Plaintiffs' failure to meet and confer or otherwise communicate with Defendants regarding their intention to notice these depositions. Ms. McKeen further informed Plaintiffs that Defendants would be able to accommodate those depositions in the exact range of days that Plaintiffs requested them. A copy of Ms. McKeen's December 18, 2024 letter is attached hereto as **Exhibit B**.

6. On December 19, 2024, Mr. Barnett notified counsel for Defendants that Plaintiffs planned to file a motion to indefinitely extend "the deadlines regarding Plaintiffs' expert disclosures, Plaintiffs' Reply papers on class certification, and Defendants' three affirmative motions for summary judgment." Mr. Barnett stated that Plaintiffs also planned "to ask Judge Rubin to appoint a U.S. Magistrate Judge or Special Master to oversee and address current and future discovery issues in the case and schedule an in-person court conference in early January." Mr. Barnett asked "whether Defendants consent, in part or in full," to the requested relief.

7. On December 20, 2024, I responded to Mr. Barnett's email and stated the following: "Defendants oppose extending the briefing schedules and expert disclosure deadline. However, Defendants do not oppose Plaintiffs' request that a hearing be scheduled in early January on Plaintiffs' forthcoming Motion to Compel, which pursuant to Local Rule 104.8 is scheduled to be filed on December 24, 2024. Defendants agree with Plaintiffs' statement in their email that the impending Motion to Compel 'goes to the heart of the scope of allowable discovery in this case.' For that reason, and because Plaintiffs are seeking to indefinitely upend the entire case schedule because of the Motion to Compel (which Defendants consider to be meritless), Defendants believe that Judge Rubin may want to consider deciding that first core motion herself, and then appoint a U.S. Magistrate Judge to address any further discovery issues. But if Judge Rubin prefers to immediately appoint a U.S. Magistrate Judge to hear the Motion to Compel, Defendants agree that an early January hearing would be appropriate. Defendants do not believe that a Special Master is necessary or would be appropriate for this case." Defendants further provided a statement of their position that Plaintiffs could include in their motion "as a complete expression of Defendants' position on the various issues" raised. A copy of this email chain is attached hereto as **Exhibit C**.

Executed this 22nd day of December, 2024, at Washington, D.C.

/s/ Meredith Garagiola
Meredith Garagiola