# EXHIBIT C

| | |
|---|---|
| **From:** | Ben Barnett |
| **To:** | Garagiola, Meredith N.; McKeen, Elizabeth L.; Falcone, Katie; McDonnell, Kelly; Le, Jonathan C.; Jacob, Greg |
| **Cc:** | Samuel Katz; Julia Damron; BAylstock@awkolaw.com; Brad Bradford; Doug Kreis; Nikki Guntner; Dion Kekatos; Caleb Seeley; Hillary Fidler; Alexandra Arteaga |
| **Subject:** | RE: Notice and Request under DMD Local Rule 105.9 |
| **Date:** | Friday, December 20, 2024 5:02:20 PM |

Meredith –

Thanks very much for your note and for letting us to know that you decline to de-designate the Garmoe contract and that you oppose our motion.   We will note your opposition to our motion.  We decline your invitation to include your multi-paragraph response below because Local Rule 105.9 requires notice and a request for consent for extension of time motions; it does not require a moving party to include a summary or preview of opposing counsel's opposition brief.

Regards.

Ben

**From:** Garagiola, Meredith N. <mgaragiola@omm.com>
**Sent:** Friday, December 20, 2024 2:45 PM
**To:** Ben Barnett <BBarnett@SeegerWeiss.com>; McKeen, Elizabeth L. <emckeen@omm.com>; Falcone, Katie <kfalcone@omm.com>; McDonnell, Kelly <kmcdonnell@omm.com>; Le, Jonathan C. <jle@omm.com>; Jacob, Greg <gjacob@omm.com>
**Cc:** Samuel Katz <samkatz@athlawllp.com>; Julia Damron <julia@athlawllp.com>; BAylstock@awkolaw.com; Brad Bradford <BBradford@awkolaw.com>; Doug Kreis <DKreis@awkolaw.com>; Nikki Guntner <NGuntner@awkolaw.com>; Dion Kekatos <DKekatos@seegerweiss.com>; Caleb Seeley <cseeley@seegerweiss.com>; Hillary Fidler <HFidler@SeegerWeiss.com>; Alexandra Arteaga <AArteaga@SeegerWeiss.com>
**Subject:** RE: Notice and Request under DMD Local Rule 105.9

Ben,

We do not agree that there is anything improper about the confidentiality designation for NFL ALFORD-0012311 to NFL ALFORD-0012318.  The reasons that this contract constitutes confidential commercial information seem obvious to us, but we can schedule a meet and confer to discuss if you would like.

You may include the following in your motion to the Court as a complete expression of Defendants' position on the various issues you raise:

For the specific reasons stated below, Defendants oppose extending the briefing schedules and expert disclosure deadline. However, Defendants do not oppose Plaintiffs' request that a hearing be scheduled in early January on Plaintiffs' forthcoming Motion to Compel, which pursuant to Local Rule 104.8 is scheduled to be filed on December 24, 2024.  Defendants agree with Plaintiffs' statement in their email that the impending Motion to Compel "goes to the heart of the scope of allowable discovery in this case."  For that reason, and because Plaintiffs are seeking to indefinitely upend the entire case schedule because of the Motion

to Compel (which Defendants consider to be meritless), Defendants believe that Judge Rubin may want to consider deciding that first core motion herself, and then appoint a U.S. Magistrate Judge to address any further discovery issues.  But if Judge Rubin prefers to immediately appoint a U.S. Magistrate Judge to hear the Motion to Compel, Defendants agree that an early January hearing would be appropriate.  Defendants do not believe that a Special Master is necessary or would be appropriate for this case.

Defendants do not believe that Plaintiffs have good cause to extend the briefing schedules or the expert disclosure deadlines.

- Plaintiffs have already extended their expert disclosure deadline twice.  Plaintiffs' Amended Complaint is filled with statistical allegations, yet **19 months** after the Amended Complaint was filed Plaintiffs have not produced or disclosed a single shred of statistical analysis or calculations to support the Amended Complaint's allegations.  Plaintiffs have refused to produce them in discovery; have suggested that they are privileged but have not furnished any privilege log entries for them; and offered no statistical analysis or calculations whatsoever in support of their Motion for Class Certification.  It is now apparent that Plaintiffs' expert disclosure is the only way that Defendants will receive any information at all about the basis for those statistical allegations, and after two substantial extensions have already been granted there is no justification for extending this deadline further.

- Plaintiffs have 59 days from the date that Defendants filed their Opposition to the Motion for Class Certification to file their reply brief, which is an exceptionally long period of time to draft and file a reply.  Plaintiffs chose to file their Motion for Class Certification without citing to or relying on even a single page of the administrative records that were produced in August, and without citing to or relying on any statistical analysis or calculations to support or substantiate the allegations in the Amended Complaint.  Having chosen to file a Motion for Class Certification without reference to such evidence, Plaintiffs cannot now contend that they need additional evidence so that they can file a reply brief in support of that motion.  Indeed, new arguments and new evidence are not appropriate subjects of a reply.  *See Doe v. Montgomery Cnty. Bd. Educ.*, 2020 WL 1675956, at *2 (D. Md. Apr. 6, 2020) (finding it "troubling…that the reply seemingly raises new arguments").

- While Defendants do not believe that there is any justification to extend Plaintiffs' 60-day deadline to respond to Defendants' three pending Rule 56 summary judgment motions, Plaintiffs' contention that they require additional discovery to respond is specifically governed by Rule 56(d).  Plaintiffs "must show[] by affidavit or declaration that, for specified reasons, [they] cannot present facts essential to justify [their] opposition," and request that the Court "defer considering the motion[s]" on that basis.  Fed. R. Civ. P. 56(d).  Indeed, Rule 56(d) contemplates that Plaintiffs should make both their arguments and their showing by affidavit that additional discovery is essential to their defense in their briefs opposing the summary judgement motions.  *Betof v. Suburban Hosp., Inc.*, 2012 WL 2564781, at *1. *8-9 (D. Md. June 29, 2012).

> The Court can then allow for additional discovery if it determines it meets the governing standards, in light of the arguments presented. Defendants do not believe that Plaintiffs have any conceivable justification for delaying the Court's decision of the pending Rule 56 motions, but the proper mechanism for doing so is through a Rule 56(d) affidavit attached to their opposition briefs.

Finally, Plaintiffs noticed the depositions of Robert Smith, Hessam Vincent, and Dr. David Lasater for January 8, 9, and 10, without any prior consultation with Defendants (contrary to the express guidance of the Local Rules, *see* Discovery Guidelines of the United States District Court for the District of Maryland, Appendix A, Guideline 4), and citing their need to conduct these depositions for purposes of their upcoming briefs. As you are well aware, such depositions are not normally permitted in ERISA benefits and claims processing cases absent specific justification. Nevertheless, Defendants bent over backwards and agreed to provide all three witnesses on January 9 and 10—which are dates that Plaintiffs themselves chose. The deposition notices improperly noticed all of the depositions for Plaintiffs' offices in New Jersey, even though none of the witnesses reside within 100 miles of the noticed address. Defendants accordingly agreed to make any of the witnesses available on those dates by Zoom, or for Mr. Vincent or Mr. Smith to make them available at specific locations within their home geographic areas, consistent with FRCP 45(c)(1)(A). Plaintiffs are not required to take those depositions, of course, but they have been offered, and Plaintiffs have no basis to complain about any failure on Defendants' part to accommodate Plaintiffs' request.

Defendants note that Plaintiffs waited nearly three months after the discovery period in this case opened to serve their first discovery requests. Defendants' discovery productions are complete, and there is no merit to Plaintiffs' unsupported position that they require additional discovery to support their briefs. But had Plaintiffs started the discovery process in a remotely timely fashion, they would not need to be making this kind of last-minute and open-ended extension request now. Plaintiffs' request that all of the key case deadlines be extended **indefinitely** is particularly inappropriate, and appears to be calculated to give Plaintiffs an unfairly unlimited amount of time to draft their briefs. Moreover, Defendants are confident that the Court will deny Plaintiffs' Motion to Compel for the reasons set forth in their opposition brief, and there is no conceivable justification for Plaintiffs' request that the Court grant them an unlimited period of time to harass Defendants with an unending stream of additional discovery demands. Defendants do agree that it would be useful if Plaintiffs' Motion to Compel were heard and decided in early January, but if as Defendants expect that core motion is denied, the case should proceed **on schedule** to disposition of the pending motions.

Best,
Meredith

## O'Melveny

**Meredith Garagiola**
she, her, hers
mgaragiola@omm.com
O: +1-202-383-5115

O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC  20006

Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Ben Barnett <BBarnett@SeegerWeiss.com>
**Sent:** Thursday, December 19, 2024 2:00 PM
**To:** Garagiola, Meredith N. <mgaragiola@omm.com>; McKeen, Elizabeth L. <emckeen@omm.com>; Falcone, Katie <kfalcone@omm.com>; McDonnell, Kelly <kmcdonnell@omm.com>; Le, Jonathan C. <jle@omm.com>
**Cc:** Samuel Katz <samkatz@athlawllp.com>; Julia Damron <julia@athlawllp.com>; BAylstock@awkolaw.com; Brad Bradford <BBradford@awkolaw.com>; Doug Kreis <DKreis@awkolaw.com>; Nikki Guntner <NGuntner@awkolaw.com>; Dion Kekatos <DKekatos@seegerweiss.com>; Caleb Seeley <cseeley@seegerweiss.com>; Hillary Fidler <HFidler@SeegerWeiss.com>; Alexandra Arteaga <AArteaga@SeegerWeiss.com>
**Subject:** Notice and Request under DMD Local Rule 105.9

Meredith –

We plan to file tomorrow (Friday) a motion to extend *sine die* the deadlines regarding Plaintiffs' expert disclosures, Plaintiffs' Reply papers on class certification, and Defendants' three affirmative motions for summary judgment. In addition, we plan to ask Judge Rubin to appoint a U.S. Magistrate Judge or Special Master to oversee and address current and future discovery issues in the case and schedule an in-person court conference in early January.

As you are aware, we have several ongoing discovery disputes which prevent Plaintiffs from preparing and submitting all the filings listed above. In fact, being required to make these filings without discovery under the Federal Rules of Civil Procedure and controlling decisional law violates Plaintiffs' procedural and legal rights. Our initial motion to compel – which is likely to soon be ripe for filing – is critical to our overall discovery efforts because it goes to the heart of the scope of allowable discovery in this case. We understand you disagree, but should Judge Rubin grant our motion to compel, we need additional time for the production and review of the documents called for by our motion and anticipate revisiting (either by agreement or by future motions) our other discovery disagreements. Moreover, we need to depose some or all the declarants that Defendants relied on in opposing class certification and moving for summary judgment. While we appreciate you providing proposed dates and times for the three declarations we have noticed to date, Defendants have no authority to dictate the time, place, or scope of these depositions or Plaintiffs' ability to re-depose these witnesses when Defendants are withholding from discovery relevant evidence that directly relates to Plaintiffs' claims, class certification, and Defendants' motions for summary judgment. Nor can we agree that the other declarants relied on in support of dispositive motions can be shielded from examination. We would prefer to conduct those depositions once the current discovery issues are resolved, but if we are forced to depose these declarants now, we reserve the right to leave the depositions open or recall these deponents later.

We believe that the relief requested by our motion is fully appropriate because the timing for

the resolution of the in-process motion to compel is unknown.

Pursuant to Local Rule 105.9, please advise us no later than 3:00 p.m. EST tomorrow (December 20, 2024) whether Defendants consent, in part or in full, to this relief.

Finally, Plaintiffs request that Defendants de-designate the document bearing Bates numbers NFL ALFORD-0012311 to NFL ALFORD-0012318 (the "Services Agreement Between the NFL Player Supplemental Disability & Neurocognitive Benefit Plan and Dr. William Garmoe," dated June 26, 2013), which Defendants marked as Confidential Information. Plaintiffs do not believe that this contract qualifies as Confidential Information under the Protective Order because the contract contains no protected health information or trade secret or other non-public confidential research, development, or commercial information qualifying for protection under Federal Rule of Civil Procedure 26(c)(1)(G).  Please let us know promptly if Defendants will agree to de-designate this document.

Thanks very much.

Ben

Benjamin R. Barnett
Partner
**SEEGER WEISS LLP**

325 Chestnut Street
Suite 917
Philadelphia, PA  19106
P.  215.553.7980
bbarnett@seegerweiss.com