# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **JASON ALFORD,** *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**THE NFL PLAYER DISABILITY &**<br>**SURVIVOR BENEFIT PLAN,** *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00358-JRR |

**PLAINTIFFS' PROPOSED TOPICS FOR**
**<u>RULE 26(F) CONFERENCE</u>**

　　　In the interest of efficiency and clarity, and pursuant to District of Maryland's Principle 2.02 (Conference of the Parties) and the Appendix Guidelines, Plaintiffs propose the following topics to be discussed at the parties' Rule 26(f) conference. These topics are designed to ensure a comprehensive and organized approach to discovery, facilitating the timely and effective exchange of information while addressing key issues related to the preservation, collection, and production of ESI and hard copy documents.

1. Discussion of data preservation actions including date range and scope.

2. The timely production of the administrative records for all named Plaintiffs.

3. Summary of issues on which the Parties will need to conduct discovery.

4. Exchange of initial disclosures as required under Rule 26(a).

5. Identification and prioritization of key custodians and sources of potentially responsive ESI.

6. Details of Defendants' IT infrastructure, including the location of potentially discoverable material.

7. Appropriate number of written discovery requests and the potential need to exceed the presumptive limits in the Local Rules.

8. The need for third-party discovery.

1

9. Establishment of an ESI protocol, covering preservation, collection, search, and production methodologies.

10. Future meet and confer schedule on TAR and/or search methodology and terms.

11. Development of a protective order, including procedures under Fed. R. Evid. 502.

12. Establishment of a plan for dealing with privileged information and production of privilege logs.

13. The need for a development of a deposition protocol.

14. Opportunities to reduce costs and increase the efficiency and speed of the discovery process.

**INFORMAL INFORMATION REQUESTS FOR**
**RULE 26(F) CONFERENCE**

1. Please provide a current organization chart for Defendants' information technology ("IT") department, team, or unit.

2. Please provide any data maps that Defendants have created and/or produced in litigation in the past five (5) years.

3. Please identify the names of any third parties who provide IT support or services for Defendants, briefly describe their role, and detail any data stored or housed by the third party for Defendants.

4. Please identify Defendants' operating system(s) (i.e., Windows, MacOS, Linux, etc.).

5. Please state whether Defendants use enterprise or cloud-based email, the name or names of the email program(s), and whether Defendants' email data are archived or back-ed up for disaster recovery?

6. Please identify all enterprise or third-party messaging applications used by Defendants or Defendants' employees.

7. Please identify all locations (enterprise or third-party including cloud service providers) where Defendants or Defendants' employees can store or share ESI or hard copy documents.

8. Please identify all collaboration software or tools used Defendants or Defendants' employees.

9. Please identify all videoconference software, platforms, or programs used by Defendants or Defendants' employees.

10. Please identify all document management systems used by Defendants or Defendants' employees.

11. Please identify all intranets or external websites used by Defendants or Defendants' employees for business purposes including but not limited to the "meetings" website referenced in the District Court's Memorandum Opinion and Order in *Cloud v. The Bert Bell/Pete Rozelle NFL Player Retirement Plan*, 20224 WL 2237451 (N.D. Tex. 2022).

12. Please state whether Defendants provide mobile devices to their employees for business purposes, whether Defendants' employees are permitted to use their personal mobile devices for business purposes, and whether Defendants currently have in place a Bring Your Own Device policy.

13. Please state whether Defendants currently have in place a policy or policies in place governing the storage of ESI on USB flash drives, CDs, or external hard drives.

14. Please identify all of Defendants' legacy or decommissioned IT systems that may contain potentially relevant ESI or hard copy documents.

15. Please describe the steps taken by Defendants to preserve potentially relevant ESI or hard copy documents from Defendants' former employees or former neutral physicians.