# EXHIBIT E

| | |
|---|---|
| **From:** | Ben Barnett |
| **To:** | Garagiola, Meredith N.; McKeen, Elizabeth L.; DeMallie, Katie; McDonnell, Kelly; Le, Jonathan C. |
| **Cc:** | Samuel Katz; Julia Damron; Nikki Guntner; Doug Kreis; Dion Kekatos; Hillary Fidler; Alexandra Arteaga |
| **Subject:** | Follow-Up -- Outstanding Discovery Items -- Alford v. NFL |
| **Date:** | Friday, November 15, 2024 4:29:29 PM |

Meredith –

This message concerns several outstanding discovery items that were the subject of multiple prior meet-and-confer discussions. We would appreciate prompt written responses to all the questions below. Just so you know, absent any immediate movement on the part of Defendants regarding their position with respect to Plaintiffs' Request for Production #2 and Request for Production #3, we plan to send you our Motion to Compel consistent with Local Rule 104.8 by the extended deadline agreed to by the parties.

1. On October 17, 2024, Defendants agreed to provide revised responses to Plaintiffs' First Set of Request for Productions to clarify whether Defendants are withholding relevant documents based on the stated objections consistent Fed. R. Civ. P. 34(b)(2)(C). To date, we have not received Defendants' revised responses. Please let us know when Plaintiffs will receive your updated responses.

2. Please confirm whether Defendants' production of player files is complete.

3. Please confirm whether Defendants' production of documents responsive to Plaintiffs' Request for Production #2 is complete. If not, by what date will Defendants' production be complete?

4. Please confirm whether Defendants' production of documents responsive to Plaintiffs' Request for Production #3 is complete. If not, by what date will Defendants' production be complete?

5. Please confirm whether Defendants' production of documents responsive to Plaintiffs' Request for Production #8 is complete. If not, by what date will Defendants' production be complete?

6. Do Defendants intend to produce documents responsive to Plaintiffs' Request for Production #8 for any Neutral Physicians who did not evaluate Plaintiffs? We believe the answer is no and seek your written confirmation.

7. Do Defendants intend to produce documents reflecting Defendants' reimbursement of Named Physicians who evaluated Plaintiffs? We believe the answer is no and seek your written confirmation.

8. With respect to Request for Production No. 15, we have examined the Declaration produced by Defendants in the *Cloud* case. That one page Declaration addresses auditing not accessing materials posted on the Meetings website. We need written confirmation whether Defendants will agree to produce ESI (which can be in report format) responsive to Request for

Production No. 15.  Absent agreement to promptly produce this relevant information we intend to file a motion to compel.  That motion may be obviated or informed by an actual or virtual inspection of the Meetings website.

9.   Defendants need to immediately disclose information regarding the "statistical database" that Defendants contracted with Dr. Will Garmoe to create and maintain which was never identified or disclosed during our prior Rule 26(f) discussions.  This database apparently contains neuropsychological and neurological examinations of all applicants and is directly relevant to multiple claims in this matter and will need be produced.

10.  Please confirm whether Defendants' production of responsive data is complete for Plaintiffs' Interrogatory No. 3.  Also, please confirm whether Defendants still refuse to produce relevant data on anything other than a de-identified basis despite the entry of a negotiated Protective Order in this matter.

11.  Please confirm whether Defendants' production of responsive data is complete for Plaintiffs' Request for Production No. 10.  Also, please confirm whether Defendants still refuse to produce relevant data on anything other than a de-identified basis despite the entry of a negotiated Protective Order in this matter.

We are currently assessing whether there are additional issues with respect to Defendants' discovery responses which we did not prioritize in our prior meet-and-confer discussions.  We will follow-up with your next week on those issues as necessary.

Finally, we continue to work with our eDiscovery vendor and believe we will be able to resolve the corrupt file issue shortly.

Thanks very much.

Ben

Benjamin R. Barnett
Partner
**SEEGER WEISS LLP**

325 Chestnut Street
Suite 917
Philadelphia, PA  19106
P.  215.553.7980
bbarnett@seegerweiss.com