**SEEGERWEISS** LLP

NEW YORK • NEW JERSEY • PHILADELPHIA • NEWTON, MA

February 14, 2024

**Via ECF**

Honorable Erin Aslan
United States Magistrate Judge
District of Maryland
101 West Lombard Street, Chambers 7B
Baltimore, MD  21201

> Re:  *Alford v. The NFL Player Disability & Survivor Benefit Plan*,
>       No. 1:23-cv-00358-JRR

Dear Judge Aslan:

Plaintiffs respectfully submit this letter-brief in accordance with the Court's February 13, 2025 directive.  As detailed below, Defendants' conference request, presumably to address a privilege log issue is improper for multiple reasons, including because it is premature while the meet-and-confer process between the parties had not ended at an impasse, and is potentially unnecessary depending on how Judge Rubin rules after oral argument on Plaintiffs' Motion to Compel, scheduled for next Friday, February 21, 2025.  At any rate, the dispute that Defendants seek to present is without merit.

### I. Defendants' Request for a Discovery Conference Is Improper, Potentially Unnecessary, and Premature

As an initial matter, Plaintiffs note that Defendants' request for a discovery conference squarely violates the parties' written agreement, confirmed in a December 24, 2024 email, which stipulated that "the deadlines for further Motions to Compel be postponed, and begin on the date that the Court rules on the pending Motion to Compel regarding RFPs 2 and 3."  Indeed, Plaintiffs, who originally moved for this Court's appointment to oversee discovery matters, have refrained from bringing other ripe discovery disputes before the Court based on this agreement of counsel.

Judge Rubin has scheduled argument on Plaintiffs' Motion to Compel (ECF No. 134) for next Friday, February 21, 2025 (ECF No. 143).  At the January 16, 2025 conference, Judge Rubin stated that she first wanted to resolve Plaintiffs' Motion to Compel and, if that were granted, the sufficiency of Defendants' production and all other discovery issues in this matter would be addressed by this Court.  Tr. of Jan. 16, 2025 Hr'g (ECF No. 150) at 12:12-20, 17:3-13.  Defendants' request for a discovery conference before Judge Rubin renders a ruling on the Motion to Compel is particularly troubling because counsel for Defendants raised this precise privilege log issue during the January 16th conference and Judge Rubin noted that Plaintiffs' Motion to Compel was "fully briefed."  Tr. of Jan. 16, 2025 Hr'g at 31:6-17.

The timing of Defendants' presentation of this dispute underscores their true intention—to collaterally attack the statistical allegations in the Amended Complaint in advance of next Friday's hearing before Judge Rubin on the fully briefed Motion to Compel. Tr. of Jan. 16, 2025 Hr'g at 30:16-31:2.  Just this week, in exchanges with Plaintiffs' counsel, Defendants reaffirmed this strategy, contending, without

evidence, that Plaintiffs "are seeking to leverage inaccurate and misleading statements in a publicly filed complaint in an effort to secure extra-record discovery, while concealing and refusing to disclose non-privileged factual information in the document that was used to concoct those statements." Thus, Defendants have manufactured a discovery dispute as a backdoor post-briefing attack on Plaintiffs' Motion to Compel despite the reality that many weeks ago, in opposing Plaintiffs' motion to extend several deadlines (ECF No. 132), Defendants argued that a prompt, early January hearing on the Motion to Compel was appropriate because, they were "confident" that it would be denied and, as a result, the case "should proceed …" (ECF No. 133 at 8, 11, 13).

Procedural improprieties aside, Defendants' request for a discovery conference that may be unnecessary if Judge Rubin grants Plaintiffs' Motion to Compel is premature because the parties were still engaged in the meet-and-confer process. To facilitate resolution without waiving attorney work product protection over the disputed Excel file, on February 5, 2025, Plaintiffs provided Defendants in writing their inclusion criteria for the sample underlying the Amended Complaint's statistical allegations. A follow-up meet-and-confer videoconference on February 7, 2025 seemed useful and productive given that Plaintiffs addressed Defendants' questions or ostensible confusion regarding how the number of physician examinations were counted for Plaintiffs' statistical allegations, pointing out, for example, Defendants' apparent unfamiliarity with applicable Plan terms that allow retired NFL Players to apply for Line of Duty disability benefits based on a Major Functional Impairment. *See* ECF No. 69-7 at 36 (§ 5.5(a)(3)). Furthermore, despite multiple meet-and-confer discussions, Defendants have yet to provide any explanation or rationale why Plaintiffs are required to re-produce information from files originally in Defendants' possession, custody, and control and which were re-produced to them in early October 2024.

## II. Defendants Have No Basis to Compel the Production of Attorney Work Product

Contrary to the Federal Rules of Civil Procedure and black-letter law, Defendants improperly seek to compel production of an Excel file indisputably created by Plaintiffs' counsel in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3)(A)-(B); *United States v. Nobles*, 422 U.S. 225, 237-39 (1975).

Among their discovery requests, Defendants sought the information underlying the statistical allegations in Plaintiffs' Amended Complaint. In response, Plaintiffs produced in early October 2024 *all* documents that underlie the statistical allegations in paragraphs 117-46 of the Amended Complaint (ECF No. 56), which consisted of decision letters, physician reports, summary sheets, and IRS Form 5500s in Plaintiffs' possession, custody, or control. Plaintiffs also lodged a specific objection to the extent that Defendants' requests called for work-product protected documents, and furnished Defendants' counsel relevant caselaw from the Fourth Circuit, this District, and a sister Fourth Circuit court that supports their position that Plaintiffs have not waived work product protection.[1] Also, on January 24, 2025, Plaintiffs

---

[1] *See In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 174 (4th Cir. 2019); *In re Doe,* 662 F.2d 1073, 1079 (4th Cir. 1981); *In re Martin Marietta Corp.*, 856 F.2d 619, 624-26 (4th Cir. 1988); *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730, 734-36 (4th Cir. 1974); *Vertellus Holdings LLC v. W.R. Grace & Co.-Conn.*, No. SAG-18-3298, 2020 WL 13240654, at *2 (D. Md. June 3, 2020); *EEOC v. McCormick & Schmick's Seafood Rests., Inc.*, No. WMN-08-CV-984, 2010 WL 2572809, at *6 (D. Md. June 22, 2010); *Sher v. Barclays Capital Inc*, No. ELH-11-1982, 2013 WL 3279801, at *4-5 (D. Md. June 26, 2013); *Muhler Co., Inc. v. State Farm Fire & Cas. Co.*, No. 2:17-cv-

tendered a privilege log relating to an Excel file created by Plaintiffs' co-counsel Athlaw LLP in anticipation of litigation. Nevertheless, Defendants persist in seeking discovery of the Excel file.

"[S]imply stated, an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation, even if they have been reduced to writing." *In re Doe,* 662 F.2d 1073, 1077 (4th Cir. 1981). The work-product doctrine generally protects "the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case," *Nobles*, 422 U.S. at 238, and has been incorporated into the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(3). The Excel file at issue is particularly protected. That file, besides containing information concerning decision letters and physician reports, and summary sheets, is also replete with counsel's mental impressions, assessments, and legal and factual judgments concerning each client and Plan-hired physician involved in their claim.

Defendants have not, and cannot, establish any exception to or waiver of the work product protection inherent in such a document. During meet-and-confer exchanges, Defendants asserted that they "do not seek Plaintiffs' opinion work product," but they contended that they are entitled to "fact work product." No grounds exist, however, to pierce the work-product protection that attaches to the Excel file. Defendants cannot establish either a showing of a substantial need or an inability to secure the substantial equivalent of the materials by alternative means without undue hardship.

Quite simply, the allegations in the Amended Complaint are based on decision letters, physician reports, and summary sheets that reveal the outcome of individual Plan physicians' benefit evaluations. All of the necessary documents (Defendants' own records) are and have always been in Defendants' possession, custody, and control. Moreover, Plaintiffs already produced all of the physician reports, decision letters, and summary sheets they relied on in drafting the Amended Complaint. Therefore, substantially equivalent materials are already in Defendants' hands, and Defendants have the necessary information to scrutinize the accuracy of Plaintiffs' statistical allegations. To the extent that they have been unable to do so, it is not on account of any dereliction in Plaintiffs' discovery obligations. It is solely attributable to Defendants having made a decision not to build and maintain a database housing aggregated data from decision letters and physician reports. *See* ECF No. 69-7 at 36 (§ 5.5(a)(3)).

Finally, the inclusion of facts or analysis in a complaint does not meet the disclosure threshold for waiver. *Coma ex rel. Coma v. United States*, No. 4:19-cv-00286, 2022 WL 3220389, at *6 (M.D. Pa. Aug. 9, 2022). Indeed, an attorney's selection and compilation of records—even if those records are otherwise discoverable— constitutes opinion work product. *Paice, LLC v. Hyundai Motor Co.,* 302 F.R.D. 128, 134-35 (D. Md. 2014) (citing *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997)).

Respectfully,

s/ Benjamin R. Barnett
Benjamin R. Barnett
*Co-Counsel for Plaintiffs and
the Proposed Class and Subclasses*

---

01200-DCN, 2019 WL 2419016, at *2-6 (D.S.C. June 10, 2019); *Washington v. Follin*, No. 4:14-cv-00416-RBH-KDW, 2016 WL 1614166, at *14-15 (D.S.C. Apr. 22, 2016).

cc: **<u>Via ECF</u>**

All Counsel of Record