IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JASON ALFORD,** *et al.*, | |
| *Plaintiffs,* | |
| v. | **Civil No. 1:23-cv-00358-JRR** |
| **THE NFL PLAYER DISABILITY, & SURVIVOR BENEFIT PLAN,** *et al.*, | |
| *Defendants.* | |

## ORDER

Pending before the court is Plaintiff's Motion to Compel Discovery at ECF No. 134. The court has considered all papers as well as fulsome oral argument held February 21, 2025. Following oral argument, the court, again, examined the parties' motions papers and authority cited therein, as well as the parties' hearing exhibits including Plaintiffs' PowerPoint presentation slides. Further the court listened to the entirety of the court audio recording of last week's oral argument.

Against that backdrop and having considered everything before the court on the Motion, the court is not persuaded that Plaintiffs have met their burden to demonstrate that the discovery requested in Request Nos. 2 and 3 is proportional to the claims made in this action when compared against the breadth in volume and substance of Defendants' past productions, and the cost and burden of making the requested production. Further and similarly, the court is not persuaded that Plaintiffs have set forth particularized facts to support Request Nos. 2 and 3 – which is to say, Plaintiffs fail to set forth facts (or gaps or omissions) within the documents Defendants have already produced to establish that documents responsive to Request Nos. 2 and 3 would be expected to include (or lead to discovery of) evidence relevant to the claims set forth in the Amended Class Action Complaint generally or, specifically, as to: a structural conflict of interest

with respect to the Plan, biased or non-neutral physician recommendations (or recommendations encumbered by a financial or similar conflict of interest, as alleged in the Amended Class Action Complaint), inconsistent and/or bad faith Plan application or interpretation, objectively unreasonable conduct with respect to Plan benefits claims determinations, or breach or non-performance of Defendants' fiduciary duties associated with such alleged malfeasance. In sum, the court is unpersuaded at this time that a foundation exists to warrant expanding discovery beyond the administrative records at issue in Plaintiffs' claims.

Further, even were the court persuaded that such a particularized showing had been made as to the administrative records of the Plaintiffs before the court, Plaintiffs' Request Nos. 2 and 3 are insufficiently narrowly tailored to address any identified gap/omission or structural conflict raised to warrant the expansive extra administrative record discovery at this time. In addition to the foregoing, to the extent Plaintiffs assert the requested documents pertain to the factors set forth in *Booth v. Wal-Mart Stores, Inc.*, 201 F.3d 335 (4th Cir. 2000), at this time, the court is not persuaded that absent the requested discovery Plaintiffs will be impaired in the presentation of the merits of their claims, including application of the *Booth* factors, or that the court will be unable to thoroughly evaluate same. *Helton v. AT & T, Inc.,* 709 F.3d 343 (4th Cir. 2013), *Wilkinson v. Sun Life and Health Ins.* Co., 674 Fed. Appx. 294 (4th Cir. 2016), *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008), *Balkin v. Unum Life Ins. Co.,* Civil Case No. 21-1623, 2022 WL 1136887 (D. Md. Apr. 18, 2022), *Balkin v. Unum Life Ins. Co.,* Civil Action No. 21-1623, 2022 WL 4316270 (D. Md. Sept. 19, 2022), *Clark v. Unum Life Ins. Co. of Amer.,* 799 F. Supp.2d 527 (D. Md. 2011), *Chavis v. Plumbers & Steamfitters Local 486 Pension Plan*, Civil Action No. 17-2729, 2019 WL 4879015 (D. Md. Oct. 03, 2019), *Chughtai v. Metro. Life Ins. Co*., Civil Action No. 19-848, 2019 WL 4199036 (D. Md. Sept. 05, 2019).

It is, therefore, this 24th day of February 2025,

**ORDERED** that the Motion to Compel Discovery at ECF No. 134 shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that the parties shall meet and confer, and by Friday, February 28, 2025, submit an agreed upon schedule for the deadlines held in abeyance per the motion at ECF No. 132. The new proposed deadlines shall not fall outside of 30 days from entry of this order absent unusual circumstances warranting such extended deadlines.

In view of this order, the court will not call the parties back for ruling as the court suggested at the close of last week's hearing.

/S/

_____

Julie R. Rubin
United States District Judge