IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN *et al.*, <br><br> Defendants. | Case No. 1:23-cv-00358-JRR |

**DEFENDANTS' JOINT MOTION TO REDACT PORTIONS OF
THE FEBRUARY 21, 2025 HEARING TRANSCRIPT**

Pursuant to Federal Rule of Civil Procedure 5.2(e) and Local Rule 105.11, Defendants the NFL Player Disability & Survivor Benefit Plan, the NFL Player Disability & Neurocognitive Benefit Plan (collectively, the "Disability Plan" or "Plan"), the Bert Bell/Pete Rozelle NFL Player Retirement Plan (the "Retirement Plan," and with the Disability Plan, the "Plans"), and the Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan (the "Board") jointly move to redact limited portions of the February 21, 2025 hearing transcript (the "Transcript"), ECF No. 163.

Rule 5.2(e)(2) permits a court, for good cause, to order redactions or "limit or prohibit a nonparty's remote electronic access to a document filed with the court." Fed. R. Civ. P. 5.2(e)(2). Although "[t]he common law presumes a right of the public to inspect and copy 'all judicial records and documents,'" that presumption "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (first quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); and then quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253

(4th Cir. 1988)); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978).  Recognizing the balance between the public's right to access and litigants' rights to privacy, courts are encouraged to permit redactions as a "less drastic alternative[] to sealing."  *J.C. v. McKnight*, 2023 WL 5487216, at *1 (D. Md. Aug. 24, 2023) (citing *In re Knight Publishing Co.*, 743 F.2d 231, 234 (4th Cir. 1984)).

The Transcript contains discussions of personally identifiable information and private health information, including alleged psychiatric conditions and cognitive testing results, of great sensitivity to Plaintiffs and comparatively limited interest to the public.  In addition, the Transcript refers to Neutral Physicians who examined Plaintiffs, and often, because a Neutral Physician may have examined only one Plaintiff, identifying the Neutral Physician by name could reveal the Plaintiff's identity just as the Plaintiff's own name would.  This Court recognized the highly sensitive nature of the claims and records at issue in this action when it granted Defendants' motions to seal Plaintiffs' administrative records.  *See* ECF Nos. 114, 118, 127.  By redacting Plaintiffs' names—as well as the names of Neutral Physicians when leaving the physician's name unredacted could identify a Plaintiff—Defendants will preserve the public's right to judicial records while still protecting the privacy of the individuals identified therein.  *See Va. Dep't of State Police*, 386 F.3d at 575.

Accordingly, Defendants request that the Court order redaction of Plaintiffs' and the Neutral Physicians' names that appear on the following pages and lines of the Transcript to ensure that this information is not accessible on the public docket.[1]  Plaintiffs do not join this request.[2]

---

[1] For the Court's convenience, Defendants have included a version of the Transcript with Defendants' proposed redactions implemented.  *See* Ex. A.

[2] Plaintiffs stated that they do not consent to the requested relief because the names of Plaintiffs and Plan physicians have already appeared in the public record in this litigation, and there is no compelling reason here that overrides the

| **Proposed Redactions to the February 21, 2025 Hearing Transcript** |||
|---|---|---|
| **Page(s)** | **Line(s)** | **Basis for Redaction Requested** |
| 17 | 23 | Personally Identifiable Information |
| 28 | 21 | Personally Identifiable Information |
| 73 | 25 | Personally Identifiable Information |
| 74 | 1 | Personally Identifiable Information |
| 74 | 6 | Personally Identifiable Information |
| 74 | 8 | Personally Identifiable Information |
| 74 | 16 | Personally Identifiable Information |
| 75 | 23 | Personally Identifiable Information |
| 75 | 24 | Personally Identifiable Information |
| 76 | 2 | Personally Identifiable Information |
| 76 | 8 | Personally Identifiable Information |
| 76 | 9 | Personally Identifiable Information |
| 76 | 15 | Personally Identifiable Information |
| 76 | 18 | Personally Identifiable Information |
| 77 | 16 | Personally Identifiable Information |
| 78 | 1 | Personally Identifiable Information |
| 78 | 3 | Personally Identifiable Information |
| 78 | 4 | Personally Identifiable Information |
| 78 | 5 | Personally Identifiable Information |
| 78 | 6 | Personally Identifiable Information |
| 78 | 9 | Personally Identifiable Information |
| 78 | 11 | Personally Identifiable Information |
| 78 | 12 | Personally Identifiable Information |
| 78 | 13 | Personally Identifiable Information |
| 78 | 15 | Personally Identifiable Information |

---

public interest in open judicial proceedings.  Moreover, the Stipulated Protective Order excludes Plan physician names as Protected Health Information ("PHI") of a player.  Doc. No. 104 at § 2(b)(xix).

Defendants note in response, in addition to the other points already raised in this motion, that Defendants have only proposed redacting Neutral Physician names where identification of the physician could identify the name of the player whom the physician examined.

| Proposed Redactions to the February 21, 2025 Hearing Transcript | | |
|---|---|---|
| **Page(s)** | **Line(s)** | **Basis for Redaction Requested** |
| 78 | 17 | Personally Identifiable Information |
| 78 | 22 | Personally Identifiable Information |
| 79 | 2 | Personally Identifiable Information |
| 79 | 7 | Personally Identifiable Information |
| 79 | 8 | Personally Identifiable Information |
| 79 | 10 | Personally Identifiable Information |
| 79 | 14 | Personally Identifiable Information |

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion to Redact Portions of the February 21, 2025 Hearing Transcript, enter the proposed order filed herewith, and direct the Clerk of Court to docket the version of the Transcript appended as Exhibit A.

Date: March 28, 2025

Respectfully submitted,

/s/ Greg Jacob
Gregory F. Jacob (D. Md. Bar No. 06769)
Meredith N. Garagiola (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., 10th Floor
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: gjacob@omm.com
Email: mgaragiola@omm.com

Elizabeth L. McKeen (*pro hac vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*

**CERTIFICATE OF SERVICE**

    I, Gregory F. Jacob, hereby certify that on March 28, 2025, I caused a copy of the foregoing document to be served upon all counsel of record via the CM/ECF system for the United States District Court for the District of Maryland.

                                                   */s/ DRAFT*
                                                   Gregory F. Jacob