# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00358-JRR |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants the NFL Player Disability & Survivor Benefit Plan, the NFL Player Disability & Neurocognitive Benefit Plan (collectively, the "Disability Plan" or "Plan"), the Bert Bell/Pete Rozelle NFL Player Retirement Plan (the "Retirement Plan," and together with the Disability Plan, the "Plans"), and the Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan (the "Disability Board" or "Board," and with the Disability Plan and/or Retirement Plan, "Defendants") by and through the undersigned attorneys, hereby respond to Plaintiffs' First Set of Interrogatories (the "Interrogatories") directed to Defendants.

**PRELIMINARY STATEMENT**

Defendants have made diligent efforts to respond to the Interrogatories, but reserve the right to change, amend, or supplement these responses and objections. Defendants also reserve the right to use discovered documents and documents now known, but whose relevance, significance, or applicability has not yet been ascertained. Additionally, Defendants do not waive their rights to assert any and all applicable privileges, doctrines, and protections, and

1

98, 187, and 302, which is not the appropriate standard of proof in civil litigation. Defendants therefore object on the ground that it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

Defendants further object to this Interrogatory as seeking attorney work product, attorney-client communications, and other privileged information, as it requests internal information pertaining to work that may have been conducted at the direction of counsel as part of internal investigations or in anticipation of or connected with litigation in this Action or other legal matters.

Defendants further object that this Interrogatory is also overbroad, unduly burdensome, and not proportional to the needs of the case to the extent the period identified is not limited to the period between August 9, 2019, and February 9, 2023, which is the period consistent with the Plan's 42-month limitations period preceding the filing of Plaintiffs' complaint. Plaintiffs' claims relying on applications with final decision letters dated prior to August 9, 2019, were dismissed by the Court's Order Granting Reconsideration.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Plaintiffs' Interrogatory No. 13 is premature as fact discovery is ongoing and this Interrogatory seeks to require Defendants to marshal all evidence regarding Plaintiffs' claims and Defendants' defenses. The administrative records Defendants produced are examples showing Defendants not improperly deferring to adverse benefit determinations made at the Committee level when deciding appeals. Defendants may supplement this Response as discovery proceeds.

**INTERROGATORY NO. 14:**

Identify all facts, Documents, and ESI that You contend would prove that, contrary to the allegations in the Amended Complaint ¶¶ 40, 41, 88, 97, 98, 101, 284, 298, 344–47, during the

23

Relevant Time Period, all documents, information, and other materials in the administrative record were reviewed in all Benefit Claims by the Board or Committee submitted by Claimants as required by the Plan and ERISA.

**<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:</u>**

Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Defendants object that this Interrogatory, as written, suggests that Defendants are required to disprove Plaintiffs' case, or at least, the allegations in Amended Complaint ¶¶ 40, 41, 88, 97, 98, 101, 284, 298, and 344–47, which is not the appropriate standard of proof in civil litigation. Defendants therefore object on the ground that it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

Defendants further object to this Interrogatory as seeking attorney work product, attorney-client communications, and other privileged information, as it requests internal information pertaining to work that may have been conducted at the direction of counsel as part of internal investigations or in anticipation of or connected with litigation in this Action or other legal matters.

Defendants further object that this Interrogatory is also overbroad, unduly burdensome, and not proportional to the needs of the case to the extent the period identified is not limited to the period between August 9, 2019, and February 9, 2023, which is the period consistent with the Plan's 42-month limitations period preceding the filing of Plaintiffs' complaint. Plaintiffs' claims relying on applications with final decision letters dated prior to August 9, 2019, were dismissed by the Court's Order Granting Reconsideration.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

24

Plaintiffs' Interrogatory No. 14 is premature as fact discovery is ongoing and this Interrogatory seeks to require Defendants to marshal all evidence regarding Plaintiffs' claims and Defendants' defenses.  The administrative records and other documents Defendants have produced in response to Plaintiffs' Requests for Production contain numerous examples of both review and discussion of medical and other records submitted by Plaintiffs, as well as certifications by Neutral Physicians that they personally reviewed all submitted records.  Review of specific records by Neutral Physicians, Board members, and Board advisors is not tracked at a document-by-document level.  Defendants may supplement this Response as discovery proceeds.

**INTERROGATORY NO. 15:**

Identify all facts, Documents, and ESI that You contend would prove that, contrary to the allegations in the Amended Complaint ¶¶ 45, 48, 49, 51, 52, 53, 92, 95 102, 104, 109, 114, 115, 138, 287, 299-301, 330-341, during the Relevant Time Period, Neutral Physicians or MAPs were absolutely neutral, impartial, or unbiased in evaluating Claimants' Benefits Claims.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

Defendants incorporate by reference each of the above-stated General Objections and Specific Objections to the Definitions and Instructions as if fully set forth herein.

Defendants object that this Interrogatory, as written, suggests that Defendants are required to disprove Plaintiffs' case, or at least, the allegations in Amended Complaint ¶¶ 45, 48, 49, 51, 52, 53, 92, 95 102, 104, 109, 114, 115, 138, 287, 299–301, and 330–41, which is not the appropriate standard of proof in civil litigation.  Defendants therefore object on the ground that it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

Defendants further object to this Interrogatory as seeking attorney work product, attorney-client communications, and other privileged information, as it requests internal

25

Date: September 27, 2024

Respectfully submitted,

*/s/ Gregory F. Jacob*
Gregory F. Jacob (D. Md. Bar No. 06769)
Meredith N. Garagiola (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., 10th Floor
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: gjacob@omm.com
Email: mgaragiola@omm.com

Elizabeth L. McKeen (*pro hac vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00358-JRR |

## VERIFICATION

I, Hessam ("Sam") Vincent, hereby declare pursuant to Federal Rule of Civil Procedure 33 and 28 U.S.C. § 1746, under the penalty of perjury:

1. I am the Director of Disability Strategy and Relations at the NFL Player Benefits Office (the "NFLPBO"), which is the administrative office for the NFL Player Disability & Survivor Benefit Plan (formerly known as the NFL Player Disability & Neurocognitive Benefit Plan and the NFL Player Disability, Neurocognitive & Death Benefit Plan), a defendant in the above-entitled action.

2. I am authorized to make this declaration and verification on behalf of Defendants the NFL Player Disability & Survivor Benefit Plan, the NFL Player Disability & Neurocognitive Benefit Plan (collectively, the "Disability Plan" or "Plan"), the Bert Bell/Pete Rozelle NFL Player Retirement Plan (the "Retirement Plan," and with the Disability Plan, the "Plans"), and the Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan (the "Board," and with the Plans, "Defendants").

3. I have read and know the contents of Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories (the "Responses").

1

4. As to those matters within my own personal knowledge, and subject to the General Objections, Specific Objections to Definitions and Instructions, and Specific Objections and Responses to Interrogatories set forth therein, the Responses are true and correct to the best of my present knowledge and belief based on information in my possession or information others have collected, discussed, and made available to me.

5. The Responses also contain matters that are not within my personal knowledge. I am informed there is no single agent or employee of Defendants who has personal knowledge of all these matters, and that the Responses are based upon information assembled by Defendants and their personnel. I am informed and believe that the facts in the Responses, based upon that information, are true.

6. Therefore, the following is verified on behalf of Defendants in the above-entitled action:

   a. Response to Interrogatory No. 3
   b. Response to Interrogatory No. 4
   c. Response to Interrogatory No. 8
   d. Response to Interrogatory No. 12
   e. Response to Interrogatory No. 13
   f. Response to Interrogatory No. 14
   g. Response to Interrogatory No. 15
   h. Response to Interrogatory No. 16
   i. Response to Interrogatory No. 17

Executed this 24th day of March, 2025 at Washington, District of Columbia.

*[signature]*
Hessam ("Sam") Vincent