UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD, DANIEL LOPER, WILLIS McGAHEE, MICHAEL McKENZIE, JAMIZE OLAWALE, ALEX PARSONS, ERIC SMITH, CHARLES SIMS, JOEY THOMAS, and LANCE ZENO, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN; *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-00358-JRR |

## PLAINTIFFS' MOTION TO SEAL

Pursuant to Local Rule 105.11 and Paragraphs 9 and 17 of the Stipulated Protective Order entered on September 30, 2024 (ECF No. 104) ("Protective Order"), Plaintiffs move to file under seal the unredacted confidential documents produced by the parties in discovery and transcripts (or excerpts thereof) of recent deposition testimony that are exhibits to Plaintiffs' reply papers (which include expert reports) in further support of their motion for class certification (ECF No. 102) or in support of their motion to exclude the opinions of David B. Lasater, Ph.D.

Although "[t]he common law presumes a right of the public to inspect and copy 'all judicial records and documents,'" that presumption "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (first quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988), and then quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.

1988)); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978). In deciding motions to seal in this District, courts consider whether "less drastic alternatives to sealing," such as redacting documents, are possible. *J.C. v. McKnight*, No. DKC 23-2019, 2023 WL 5487216, at *1 (D. Md. Aug. 24, 2023) (citing *In re Knight Publishing Co.*, 743 F.2d 231, 234 (4th Cir. 1984)). When a court determines that sealing is appropriate, the court "provide[s] reasons, supported by specific factual findings, for its decision to seal and for rejecting alternatives." *Id.* (citing *Knight*, 743 at 234-35).

Recognizing the balance between the public's right to access and the Parties' rights to privacy, the Protective Order requires that a party seeking to file Confidential Information, as defined in the Protective Order, to either redact the Confidential Information or seek permission from the Court to file unredacted versions under seal. ECF No. 104 at 8.

Here, in further support of their class certification motion or in support of their motion to exclude the opinions of Dr. Lasater, Plaintiffs offer as exhibits both documents that the parties designated as Confidential Information and testimony from recent depositions, the latter category which must provisionally be treated as Confidential Information.[1] *See* Exs. I-P to Reply Declaration of Benjamin R. Barnett in Further Support of Plaintiffs' Motion for Class Certification and in Support of Plaintiffs' Motion to Exclude, dated April 11, 2025 ("Barnett Reply Declaration"). The documents from class members' administrative records in particular are highly

---

[1] Section 9 of the Protective Order provides that "[d]uring the thirty-day period following receipt of the final transcript, the entire deposition testimony, transcript, and exhibits shall be treated as Confidential Information under this Order provided, however, that no designation of a deposition transcript or its exhibits at any time shall interfere with or delay the ability of any expert who has signed Exhibit A to review such transcript or exhibits." ECF No. 104 at 5. The deposition transcripts cited or quoted in Plaintiffs' Reply Memorandum or by Plaintiffs' experts in their respective reports are from depositions conducted between March 19 and April 4, 2025, and thus all well within the last thirty days.

2

sensitive and contain their private health information, which qualifies as Confidential Information, as defined in the Protective Order, *see* ECF No. 104 at 2-4, and information identified in Federal Rule of Civil Procedure 5.2(a).

Relatedly, both of Plaintiffs' experts cite or quote deposition testimony that provisionally must be treated as Confidential Information. *See* Exs. H & Q to Barnett Reply Declaration (expert reports of Anthony Hayter, Ph.D. and Joseph A. Garofolo, J.D., respectively). Therefore, Plaintiffs request that the Court seal those reports pending the confidentiality designation process under the Protective Order.

In addition, Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Exclude and Reply Memorandum of Law in Further Support of Plaintiffs' Motion for Class Certification, dated April 11, 2025 ("Plaintiffs' Reply Memorandum") cites documents that are designated as confidential and extensively cites or quotes from transcripts of recent depositions. Accordingly, Plaintiffs are filing a redacted version of Plaintiffs' Reply Memorandum on the public docket and request that the unredacted version of that memorandum be sealed.

In sum, because of the nature of these documents and either their formal designation or their provisional treatment as Confidential Information, Plaintiffs respectfully request that the Court seal (a) Exhibits H through Q to the Barnett Reply Declaration and (b) the unredacted version of Plaintiffs' Reply Memorandum.

A proposed Order accompanies this Motion.

Dated: April 11, 2025

    Respectfully submitted,

    **SEEGER WEISS LLP**

By: */s/ Benjamin R. Barnett*
    Benjamin R. Barnett
    **SEEGER WEISS LLP**
    325 Chestnut St, Ste 917
    Philadelphia, PA 19106
    Telephone: (215) 553-7980
    bbarnett@seegerweiss.com

*Counsel for Plaintiffs and for the Proposed Class and Subclasses*

Christopher A. Seeger *(admitted pro hac vice)*
Diogenes P. Kekatos *(admitted pro hac vice)*
Caleb A. Seeley *(admitted pro hac vice)*
Hillary R. Fidler *(admitted pro hac vice)*
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
cseeger@seegerweiss.com
dkekatos@seegereiss.com
cseeley@seegerweiss.com
hfidler@seegerweiss.com

Samuel L. Katz *(admitted pro hac vice)*
\Julia M. Damron *(admitted pro hac vice)*
**ATHLAW LLP**
8383 Wilshire Blvd., Suite 800
\Beverly Hills, CA 90211
Telephone: (818) 454-3652
samkatz@athlawllp.com
julia@athlawllp.com

Bryan F. Aylstock *(admitted pro hac vice)*
Justin G. Witkin *(admitted pro hac vice)*
Douglass A. Kreis *(admitted pro hac vice)*
D. Nicole Guntner *(admitted pro hac vice)*
Bobby J. Bradford (*admitted pro hac vice*)
**AYLSTOCK, WITKIN, KREIS, & OVERHOLTZ, PLLC**
17 E. Main Street, Suite 200

4

Pensacola, FL 32502
Telephone: (850) 202-1010
BAylstock@awkolaw.com
JWitkin@awkolaw.com
DKreis@awkolaw.com
NGuntner@awkolaw.com
BBradford@awkolaw.com

*Counsel for Plaintiffs and for the
Proposed Class and Subclasses*

Jason S. Rathod
Nicholas A. Migliaccio
**MIGLIACCIO & RATHOD LLP**
412 H Street, N.E.
Washington, DC 20002
Telephone: (202) 470-3520
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

*Counsel for Plaintiffs and Liaison Counsel
for the Proposed Class and Subclasses*

Robert K. Scott *(admitted pro hac vice)*
Gerry H. Goldsholle *(admitted pro hac vice)*
**ADVOCATE LAW GROUP P.C.**
2330 Marinship Way, Suite 260
Sausalito, CA 94965
Telephone: (949) 753-4950
bob@advocatelawgroup.com
gerry@advocatelawgroup.com

*Additional Counsel for Plaintiffs*