UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD, DANIEL LOPER, WILLIS McGAHEE, MICHAEL McKENZIE, JAMIZE OLAWALE, ALEX PARSONS, ERIC SMITH, CHARLES SIMS, JOEY THOMAS, and LANCE ZENO, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN; THE NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN; THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN; THE DISABILITY BOARD OF THE NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN; LARRY FERAZANI; JACOB FRANK; BELINDA LERNER; SAM McCULLUM; ROBERT SMITH; HOBY BRENNER; and ROGER GOODELL,<br><br>      Defendants. | Case No. 1:23-cv-00358-JRR |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE CONSOLIDATED
MEMORANDUM IN OPPOSITION TO DEFENDANTS'
THREE SEPARATE MOTIONS FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 105.3, Plaintiffs respectfully request leave to file a single consolidated or omnibus memorandum not to exceed 75 pages in length in opposition to Defendants' motions for summary judgment as to Plaintiffs Daniel Loper (ECF No. 115), Jamize Olawale (ECF No 123), and Charles Sims (ECF No. 125). In support thereof, Plaintiffs state as follows:

1. Pursuant to the Order entered by the Court on March 4, 2025 (ECF No. 161),

Plaintiffs must file their papers in opposition to Defendants' three summary judgment motions no later than April 25, 2025.

2. As revised effective July 1, 2023, Local Rule 105.3 provides that "[u]nless otherwise ordered by the Court, memoranda in support of a motion or in opposition thereto and trial briefs shall not exceed thirty (30) pages, and reply memoranda shall not exceed fifteen (15) pages, inclusive of footnotes but exclusive of (a) affidavits and exhibits, (b) tables of contents and citations, and (c) addenda containing statutes, rules, regulations, and similar material."

3. Although Defendants filed three separate summary judgment motions—with those as to Plaintiffs Olawale and Sims having filed pursuant to the Court's leave (ECF No. 121)—Plaintiffs Loper, Olawale, and Sims intend to raise numerous overlapping arguments in opposition, particularly with respect to their claims for inadequate notice, denial of full and fair review, and breach of fiduciary duty on behalf of the Plan, under Counts II, III, and V of the Amended Class Action Complaint (ECF No. 56) ("Am. Compl."). Even as to their claims for wrongful denial of benefits under Count I, there are numerous arguments respecting the reasonableness of Defendants' denials of benefits under the eight factors enunciated in *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 342-43 (4th Cir. 2000), that are common.[1]

4. At the same time, Plaintiffs' proposed consolidated memorandum will address, in detail, the individual facts respecting each of the three Plaintiffs' benefits claims. Therefore, Defendants will in no way be prejudiced if Plaintiffs file a single consolidated opposition memorandum.

---

[1] This is so irrespective of the fact that Plaintiff Loper's individual claim involves the denial of Line of Duty disability benefits; Plaintiff Olawale's the denial of Line of Duty disability, Total & Permanent Disability, and Neurocognitive disability benefits; and Plaintiff Sims the denial of the Active Football category of Total & Permanent Disability benefits. *See* Am. Compl. ¶¶ 191-93, 195-201, 208-14.

2

5. In support of their three summary judgment motions, Defendants filed three memoranda (ECF Nos. 115-2, 123-1, and 125-1) totaling 89 pages. Correspondingly, if required to file separate memoranda in response to each of the three motions, Plaintiffs would, under the Local Rules, be entitled to file up to 90 pages of briefing to respond to the motions.

6. Plaintiffs believe that it would be more efficient and practical to present their arguments in a single 75-page memorandum, whose length would be substantially less than the 90 pages allowed under Local Rule 105.3 were Plaintiffs to file three separate memoranda. A single opposition memorandum will also be less burdensome to the Court, both in terms of length and cross-references to other filings. Moreover, the evidence that Plaintiffs have gathered to date through discovery to date is common across all Plan participants and there is no good reason to be required to segregate or repeat that common evidence across three separate motions. A single, consolidated 75-page opposition memorandum would allow for the streamlining of arguments and avoid the Court having to cross-reference three separate memoranda totaling up to 90 pages.

7. On April 15, 2025, counsel for Plaintiffs contacted counsel for Defendants via email to request their consent to the filing of a consolidated opposition memorandum not to exceed 80 pages in length.

8. On April 16, 2025, counsel for Defendants informed counsel for Plaintiffs via email that Defendants oppose the filing of a consolidated memorandum because it would result in confusion. Thereafter, in an effort to avoid having to file this contested motion, counsel for Plaintiffs contacted counsel for Defendant by telephone and offered to reduce the length of an omnibus opposition memorandum to 75 pages. Defendants rejected this offer and stood by their position that a consolidated opposition was inappropriate.

9. Contrary to Defendants' contention, a consolidated memorandum is not only appropriate, but would avoid repetition and unnecessary filings, and thus be far more efficient for the Court and the parties. Nor is there any risk of confusion from the filing of a consolidated opposition memorandum. Defendants' opposition to a consolidated response appears to be purely strategic, presumably because they believe that filing separate judgment motions as to individual Plaintiffs and thereby requiring Plaintiffs to file individual responses thereto, supports their opposition to the suitability of Plaintiffs' claims for class certification. That Defendants chose to pursue summary judgment on a piecemeal basis, however, should not dictate how Plaintiffs elect to respond, or burden the Court with unnecessary and duplicative briefing, especially given the salient fact that Plaintiffs Loper, Olawale, and Sims are joined in a single complaint, and evidence of the Plan's conduct, its failure to maintain an adequate system, biased and conflicted physicians, and more, are common to all. As discussed in paragraph 3 above, numerous arguments are common to all three Plaintiffs here. Moreover, as noted in paragraph 4 above, Plaintiffs' consolidated memorandum will address the facts relating to Plaintiffs' individual benefits denials. The interests of achieving judicial efficiency and economy should not be subordinated to Defendants' litigation strategy.

10. In the alternative, if the Court denies the requested relief of permitting a single consolidated 75-page opposition memorandum, Plaintiffs respectfully request a short four business-day extension, until May 1, 2025, to file separate responses to Defendants' three motions The brief additional time is necessary because Plaintiffs will need to redistribute consolidated arguments to the individual oppositions and make certain that all cross-references are accurate and complete.

WHEREFORE, Plaintiffs respectfully request that the Court grant them leave to file a consolidated or omnibus memorandum of up to 75 pages in opposition to Defendants' motions for summary judgment as to Plaintiffs Loper, Olawale, and Sims or, in the alternative, an extension until May 1, 2025, to file separate responses to Defendants' three motions. A proposed Order accompanies this motion.

Dated: April 17, 2025

                                        Respectfully submitted,

                                        **SEEGER WEISS LLP**

                              By:  *s/ Benjamin R. Barnett*
                                    Benjamin R. Barnett
                                    **SEEGER WEISS LLP**
                                    325 Chestnut Street, Suite 917
                                    Philadelphia, PA 19106
                                    Telephone: (215) 553-7980
                                    bbarnett@seegerweiss.com

                                    *Counsel for Plaintiffs and for the*
                                    *Proposed Class and Subclasses*

Christopher A. Seeger *(admitted pro hac vice)*
Diogenes P. Kekatos *(admitted pro hac vice)*
Caleb A. Seeley *(admitted pro hac vice)*
Hillary R. Fidler *(admitted pro hac vice)*
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
cseeger@seegerweiss.com
dkekatos@seegerweiss.com
cseeley@seegerweiss.com
hfidler@seegerweiss.com


Samuel L. Katz *(admitted pro hac vice)*
Julia M. Damron *(admitted pro hac vice)*
**ATHLAW LLP**
8383 Wilshire Blvd., Suite 800

5

Beverly Hills, CA 90211
Telephone: (818) 454-3652
samkatz@athlawllp.com
julia@athlawllp.com

Bryan F. Aylstock *(admitted pro hac vice)*
Justin G. Witkin *(admitted pro hac vice)*
Douglass A. Kreis *(admitted pro hac vice)*
D. Nicole Guntner *(admitted pro hac vice)*
Bobby J. Bradford (*admitted pro hac vice*)
**AYLSTOCK, WITKIN, KREIS, & OVERHOLTZ, PLLC**
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
BAylstock@awkolaw.com
JWitkin@awkolaw.com
DKreis@awkolaw.com
NGuntner@awkolaw.com
BBradford@awkolaw.com

*Counsel for Plaintiffs and for the Proposed Class and Subclasses*

Jason S. Rathod
Nicholas A. Migliaccio
**MIGLIACCIO & RATHOD LLP**
412 H Street, N.E.
Washington, DC 20002
Telephone: (202) 470-3520
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

*Counsel for Plaintiffs and Liaison Counsel for the Proposed Class and Subclasses*

Robert K. Scott *(admitted pro hac vice)*
Gerry H. Goldsholle *(admitted pro hac vice)*
**ADVOCATE LAW GROUP P.C.**
2330 Marinship Way, Suite 260
Sausalito, CA 94965
Telephone: (949) 753-4950
bob@advocatelawgroup.com
gerry@advocatelawgroup.com

*Additional Counsel for Plaintiffs*