IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-00358-JRR |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE CONSOLIDATED
MEMORANDUM IN OPPOSITION TO DEFENDANTS'
THREE SEPARATE MOTIONS FOR SUMMARY JUDGMENT**

Defendants oppose Plaintiffs' request to file a combined brief in response to Defendants' three separate summary judgment motions against Plaintiffs Daniel Loper (ECF No. 115), Jamize Olawale (ECF No. 124), and Charles Sims (ECF No. 125).

Plaintiffs contend that filing one 75-page brief would be more efficient than filing three separate briefs of up to 30 pages each in response to Defendants' summary judgment motions, ECF No. 176. But Mr. Loper's, Mr. Olawale's, and Mr. Sims's claims are factually unique and the merits of their claims should be evaluated separately. As this Court has recognized, its review will be presumptively limited to and focus on each Plaintiff's administrative record (*see* ECF No. 158 (order denying Plaintiffs' requests for extra-record discovery)), which contains the player's own application and appeal, hundreds of pages of his medical records, reports by the particular Neutral Physicians who examined him, and the Committee's and Board's benefits determinations as to his application and appeal—all specific to that Plaintiff. Each count of the Amended Complaint must be evaluated at the Plaintiff-specific level, based on each individual

Plaintiff's unique administrative record.  *See* Defs.' Opp'n to Pls.' Mot. for Class Cert. ("Class Cert. Opp'n") at 11-18 (showing differences in medical evidence allegations as to Count I, including that Plaintiffs were examined by 48 different Neutral Physicians between 2017 and 2022), ECF No. 111; *id.* at 19-28 (explaining Plaintiff-specific differences in the Amended Complaint's allegations about "adequate notice" (Count II), "full and fair review" (Count III), and Defendants' alleged breach of fiduciary duties (Count V)).  Because the Court's abuse of discretion review will be confined to that record, no efficiency is gained by combining briefing regarding Plaintiffs' separate claims together.

While Plaintiffs argue that reviewing a combined brief that is 15 pages shorter than the maximum amount allotted them by the local rules would save the Court time, it is simply not the case that a 75-page mega brief that lumps together 12 separate claims and attempts to respond to them all at once will promote efficiency.  A combined brief will be less straightforward and will by its very nature obscure through abstraction and combination issues that require concrete examination based on each individual Plaintiff's particularized claims and record.  The Amended Complaint is replete with abstract and rhetorical claims that utterly collapse when the administrative records of the individual Plaintiffs are examined in detail, and the value to the Court of the summary judgment briefing would be greatly diminished if it was not appropriately focused on the key record details of each individual Plaintiff.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (explaining that the nonmoving party on summary judgment must designate "specific facts showing that there is a genuine issue for trial").

Plaintiffs claim in support of their request that they have gathered "common" discovery. ECF No. 176 at 2.  Defendants disagree that the evidence relevant to resolving Plaintiffs' claims is "common."  Class Cert. Opp'n at 11-28.  But even if there were some modicum of "common"

evidence, how Plaintiffs attempt to marshal it to argue against summary judgment as to Mr. Loper, Mr. Sims, and Mr. Olawale will necessarily be Plaintiff-specific, as Defendants' class certification opposition and summary judgment motions show.  *See id.*; *see also* ECF Nos. 115-2, 124-1, 125-1.  For example, Mr. Loper alleges that the Board should not have relied on any of the Neutral Physician reports submitted in connection with his appeal because he believes that the physicians who examined him deliberately failed to allocate points for certain alleged orthopedic impairments.  Amended Complaint ("AC") ¶¶ 210, 213, ECF No. 56.  In contrast, Mr. Sims does not challenge or criticize any of the four Neutral Physician evaluations or reports that were submitted in connection with his application.  *See id.* ¶¶ 190-93; *see also* ECF No. 125-1 at 14-18.  Instead, Mr. Sims challenges only the determination of the Medical Advisory Physician that his medical records and supporting appeal documents did not demonstrate that any disability that he might have arose while he was actively playing football, a medical finding that under the Plan's terms was final and binding on the Board.  AC ¶¶ 58, 192; DPD § 9.3(a).  Mr. Olawale alleges a yet third set of distinct issues—that the Board's decision with respect to his appeal was improper because some (but not all) of the Neutral Physicians who examined him misinterpreted medical records and tests (AC ¶¶ 196-97, 200), and that the Neutral Physicians and the Board improperly "considered educational level and prior training" in their assessment of his claims and appeal.  *Id.* ¶ 28.  Mr. Olawale's claims are further complicated by the fact that he never raised at least one of the claimed at-issue conditions in his application, as Plan terms require.  Administrative Record of Jamize Olawale 570, 584-85; DPD § 5.4(h).

    As these few illustrative examples show, assessing the Plaintiffs' various claims will require highly Plaintiff-specific analysis.  None of these questions are more efficiently answered in one large brief as opposed to three shorter ones, and the Court's determination of whether

3

there is a genuine dispute of material fact is not made any easier by considering all of these varied assertions in one brief.[1]  *See Celotex*, 477 U.S. at 324.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion.  Nevertheless, although Plaintiffs have had more than five months to respond to Defendants' summary judgment motions, Defendants consent to Plaintiffs' request for a four-day extension, should Plaintiffs file three separate responses, with the understanding that Defendants would be entitled to seek an appropriate extension for their replies.

| Date: April 21, 2025 | Respectfully submitted, |
|---|---|
| | /s/ *Gregory F. Jacob* |
| | Gregory F. Jacob (D. Md. Bar No. 06769) |
| | Meredith N. Garagiola (*pro hac vice*) |
| | O'MELVENY & MYERS LLP |
| | 1625 Eye Street, N.W., 10th Floor |
| | Washington, DC 20006 |
| | Telephone: (202) 383-5300 |
| | Facsimile: (202) 383-5414 |
| | Email: gjacob@omm.com |
| | Email: mgaragiola@omm.com |
| | |
| | Elizabeth L. McKeen (*pro hac vice*) |
| | O'MELVENY & MYERS LLP |
| | 610 Newport Center Drive, 17th Floor |
| | Newport Beach, CA 92660 |
| | Telephone: (949) 823-6900 |
| | Facsimile: (949) 823-6994 |
| | Email: emckeen@omm.com |
| | |
| | *Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan* |

---

[1] Plaintiffs also claim that their combined brief would be less burdensome in terms of "cross-references to other filings," ECF No. 176 at 3, but it is not clear why the Court would have to "cross-reference" other filings any differently with separate briefs as compared to a combined one.  *See id.*

**CERTIFICATE OF SERVICE**

      I, Gregory F. Jacob, hereby certify that on April 21, 2025, I caused a copy of the foregoing document to be served upon all counsel of record via the CM/ECF system for the United States District Court for the District of Maryland.

                                                                       */s/ Gregory F. Jacob*
                                                                       Gregory F. Jacob