IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JASON ALFORD**, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> **THE NFL PLAYER DISABILITY,** <br> **& SURVIVOR BENEFIT PLAN,** *et al.*, <br><br> *Defendants.* | Civil No. 1:23-cv-00358-JRR |

## ORDER

Pending before the court is Defendants' Joint Motion to Redact Portions of the February 21, 2025 Hearing Transcript at ECF No. 165 (the "Motion"), pursuant to Federal Rule of Civil Procedure 5.2(e) and Local Rule 105.11, in which Defendants seek redaction of the official transcript of the February 21, 2025 motions hearing. (ECF No. 163.) Defendants aver that the transcript contains "discussions of personally identifiable information and private health information . . . of great sensitivity to Plaintiffs" and identifies Neutral Physicians who have examined Plaintiffs and could reveal Plaintiffs' identities. (ECF No. 165.) Plaintiffs did not respond to the Motion, but Defendants represent Plaintiffs' position as follows: "Plaintiffs stated that they do not consent to the requested relief because the names of Plaintiffs and Plan physicians have already appeared in the public record in this litigation, and there is no compelling reason here that overrides the public interest in open judicial proceedings. Moreover, the Stipulated Protective Order excludes Plan physician names as Protected Health Information ('PHI') of a player." *Id.* at p. 2 n.2.

Defendants have failed to show that the circumstances here warrant redaction of the transcript. Defendants seek to redact information already a matter of public record in this action. Further, Plaintiffs prefer their information contained in the transcript to remain public. In view of

the foregoing, the court is not persuaded that the circumstances here override the "well settled . . . right of access to judicial documents and records" in civil proceedings.[1] *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014).

It is, therefore, this 22nd day of April 2025,

**ORDERED** that the Motion at ECF No. 165 shall be, and is hereby, **DENIED**.

/S/

_____
Julie R. Rubin
United States District Judge

---

[1] In addition to the reasons discussed herein, it bears more than a passing mention that Defendants' argument as to identification of the Neutral Physicians is entirely speculative—that identification of a Neutral Physician could reveal a Plaintiff's identity because the Neutral Physician may have only examined one Plaintiff. Such speculation is insufficient to demonstrate a "countervailing interest[]" that "heavily outweigh[s] the public interests in access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).