UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD, DANIEL LOPER, WILLIS McGAHEE, MICHAEL McKENZIE, JAMIZE OLAWALE, ALEX PARSONS, ERIC SMITH, CHARLES SIMS, JOEY THOMAS, and LANCE ZENO, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiffs,<br><br>vs.<br><br>THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN; *et al.*,<br><br>                      Defendants. | Case No. 1:23-cv-00358-JRR |

## PLAINTIFFS' MOTION TO SEAL

Pursuant to Local Rule 105.11 and Paragraphs 9 and 17 of the Stipulated Protective Order entered on September 30, 2024 (ECF No. 104) ("Protective Order"), Plaintiffs Daniel Loper, Jamize Olawale, and Charles Sims (collectively, "Plaintiffs") move to file under seal the unredacted confidential documents produced by the parties in discovery and excerpts of transcripts of recent deposition testimony that are exhibits to Plaintiffs' papers in opposition to Defendants' summary judgment motions (ECF Nos. 115, 123, 125).

Although "[t]he common law presumes a right of the public to inspect and copy 'all judicial records and documents,'" that presumption "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (first quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988), and then quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.

1988)); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978). In deciding motions to seal in this District, courts consider whether "less drastic alternatives to sealing," such as redacting documents, are possible. *J.C. v. McKnight*, No. DKC 23-2019, 2023 WL 5487216, at *1 (D. Md. Aug. 24, 2023) (citing *In re Knight Publishing Co.*, 743 F.2d 231, 234 (4th Cir. 1984)). When a court determines that sealing is appropriate, the court "provide[s] reasons, supported by specific factual findings, for its decision to seal and for rejecting alternatives." *Id.* (citing *Knight*, 743 at 234-35).

Recognizing the balance between the public's right to access and the Parties' rights to privacy, the Protective Order requires that a party seeking to file Confidential Information, as defined in the Protective Order, to either redact the Confidential Information or seek permission from the Court to file unredacted versions under seal. ECF No. 104 at 8.

Here, in opposition ro Defendants' summary judgment motions, Plaintiffs offer voluminous exhibits that consist of documents that the parties designated as Confidential Information and testimony from recent depositions, the latter category which must provisionally be treated as Confidential Information.[1] *See* Exs. ____ to the Declaration of Benjamin R. Barnett in Support of Plaintiffs Daniel Loper's, Jamize Olawale's, and Charles Sims' Opposition to Defendants' Motions For Summary Judgment, dated April 25, 2025 ("Barnett Declaration"). The documents from proposed class members' administrative records in particular are highly sensitive

---

[1] Section 9 of the Protective Order provides that "[d]uring the thirty-day period following receipt of the final transcript, the entire deposition testimony, transcript, and exhibits shall be treated as Confidential Information under this Order provided, however, that no designation of a deposition transcript or its exhibits at any time shall interfere with or delay the ability of any expert who has signed Exhibit A to review such transcript or exhibits." ECF No. 104 at 5. The deposition transcripts cited or quoted in the Consolidated Memorandum of Law in Opposition to Defendants' Motions for Summary Judgment as to Plaintiffs Daniel Loper, Jamize Olawale, and Charles Sims, dated April 25, 2025 ("Plaintiffs' Opposition Memorandum") are from depositions conducted between March 28 and April 4, 2025, and thus within the last thirty days.

and contain their private health information, which qualifies as Confidential Information, as defined in the Protective Order, *see* ECF No. 104 at 2-4, and information identified in Federal Rule of Civil Procedure 5.2(a). The overwhelming majority of Plaintiffs' numerous exhibits fall within these categories.

In addition, Plaintiffs' Opposition Memorandum quotes or cites numerous documents that are designated as confidential and extensively cites or quotes from transcripts of recent depositions that must presumptively be treated as confidential under the Protective Order. *See supra* at 2 n.1.

Accordingly, Plaintiffs request that the unredacted version of Plaintiffs' Opposition Memorandum be sealed. Plaintiffs, of course, intend to file a redacted version of Plaintiffs' Opposition Memorandum on the public docket. Given both the sheer length of Plaintiffs' Opposition Memorandum (75 pages) and, more importantly, the extensive it citations to, or quotations, from confidential material throughout, however, Plaintiffs request that they be afforded one week, until May 2, 2025, to prepare and file a redacted version of the memorandum on the public docket, and also to file on the public docket those exhibits (out of the 57 supporting exhibits) that do not consist of Confidential Information.

This one additional week will work no prejudice on Defendants because Plaintiffs are transmitting to Defendants the unredacted memorandum and a complete set of the exhibits to their motion. Therefore, Defendants will not be delayed or hamstrung in any way in preparing their replies in support of their three summary judgment motions, which are due on May 23, 2025 (ECF No. 161). Moreover, a courtesy set of the papers to be sealed will be sent to the Court pursuant to Local Rule 105.1.

In sum, because of the large volume of exhibits that consist of material either formally designated as Confidential Information or provisionally warranting treatment as such, Plaintiffs

3

respectfully request that the Court seal (a) Exhibits 1 through 57 to the Barnett Declaration and (b) the unredacted version of Plaintiffs' Opposition Memorandum. In addition, Plaintiffs respectfully request that they have until Friday, May 2, 2025 to file the redacted, public version of Plaintiffs' Opposition Memorandum and those exhibits (approximately one dozen) that need not be sealed.

A proposed Order accompanies this Motion.

Dated: April 25, 2025

Respectfully submitted,

**SEEGER WEISS LLP**

By: *s/ Benjamin R. Barnett*
Benjamin R. Barnett
**SEEGER WEISS LLP**
325 Chestnut St, Suite 917
Philadelphia, PA 19106
Telephone: (215) 553-7980
bbarnett@seegerweiss.com

*Counsel for Plaintiffs and for the Proposed Class and Subclasses*

Christopher A. Seeger *(admitted pro hac vice)*
Diogenes P. Kekatos *(admitted pro hac vice)*
Caleb A. Seeley *(admitted pro hac vice)*
Hillary R. Fidler *(admitted pro hac vice)*
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
cseeger@seegerweiss.com
dkekatos@seegereiss.com
cseeley@seegerweiss.com
hfidler@seegerweiss.com

Samuel L. Katz *(admitted pro hac vice)*
Julia M. Damron *(admitted pro hac vice)*
**ATHLAW LLP**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
Telephone: (818) 454-3652

samkatz@athlawllp.com
julia@athlawllp.com

Bryan F. Aylstock *(admitted pro hac vice)*
Justin G. Witkin *(admitted pro hac vice)*
Douglass A. Kreis *(admitted pro hac vice)*
D. Nicole Guntner *(admitted pro hac vice)*
Bobby J. Bradford (*admitted pro hac vice*)
**AYLSTOCK, WITKIN, KREIS, & OVERHOLTZ, PLLC**
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
BAylstock@awkolaw.com
JWitkin@awkolaw.com
DKreis@awkolaw.com
NGuntner@awkolaw.com
BBradford@awkolaw.com

*Counsel for Plaintiffs and for the*
*Proposed Class and Subclasses*

Jason S. Rathod
Nicholas A. Migliaccio
**MIGLIACCIO & RATHOD LLP**
412 H Street, N.E.
Washington, DC 20002
Telephone: (202) 470-3520
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

*Counsel for Plaintiffs and Liaison Counsel*
*for the Proposed Class and Subclasses*

Robert K. Scott *(admitted pro hac vice)*
Gerry H. Goldsholle *(admitted pro hac vice)*
**ADVOCATE LAW GROUP P.C.**
2330 Marinship Way, Suite 260
Sausalito, CA 94965
Telephone: (949) 753-4950
bob@advocatelawgroup.com
gerry@advocatelawgroup.com

*Additional Counsel for Plaintiffs*