# EXHIBIT 4

File Provided Natively

NFLPLTFS-0000151



# Claims Procedure for Plans Providing Disability Benefits

A Rule by the Employee Benefits Security Administration on 12/19/2016

**PUBLISHED DOCUMENT: 2016-30070 (81 FR 92316)**

**DOCUMENT HEADINGS**

Department of Labor
Employee Benefits Security Administration
29 CFR Part 2560
RIN 1210-AB39

**AGENCY:**

Employee Benefits Security Administration, Department of Labor.

**ACTION:**

Final rule.

**SUMMARY:**

This document contains a final regulation revising the claims procedure regulations under the Employee Retirement Income Security Act of 1974 (ERISA) for employee benefit plans providing disability benefits. The final rule revises and strengthens the current rules primarily by adopting certain procedural protections and safeguards for disability benefit claims that are currently applicable to claims for group health benefits pursuant to the Affordable Care Act. This rule affects plan administrators and participants and beneficiaries of plans providing disability benefits, and others who assist in the provision of these benefits, such as third-party benefits administrators and other service providers.

**DATES:**

*Effective Date:* This rule is effective January 18, 2017.

*Applicability Date:* This regulation applies to all claims for disability benefits filed on or after January 1, 2018.

**FOR FURTHER INFORMATION CONTACT:**

Frances P. Steen, Office of Regulations and Interpretations, Employee Benefits Security Administration, (202) 693-8500. This is not a toll free number.

**SUPPLEMENTARY INFORMATION:**

**I. Background**

Section 503 of ERISA requires every employee benefit plan, in accordance with regulations of the Department, to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant" and "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."

the Social Security Administration (SSA); (3) claimants must be given timely notice of their right to access to their entire claim file and other relevant documents and be guaranteed the right to present evidence and testimony in support of their claim during the review process; (4) claimants must be given notice and a fair opportunity to respond before denials at the appeals stage are based on new or additional evidence or rationales; (5) plans cannot prohibit a claimant from seeking court review of a claim denial based on a failure to exhaust administrative remedies under the plan if the plan failed to comply with the claims procedure requirements unless the violation was the result of a minor error; (6) certain rescissions of coverage are to be treated as adverse benefit determinations triggering the plan's appeals procedures; and (7) required notices and disclosures issued under the claims procedure regulation must be written in a culturally and linguistically appropriate manner.

### B. Comments on Major Provisions of Final Rule

### 1. INDEPENDENCE AND IMPARTIALITY—AVOIDING CONFLICTS OF INTEREST

Consistent with the ACA Claims and Appeals Final Rule governing group health plans, paragraph (b)(7) of this final rule explicitly provides that plans providing disability benefits "must ensure that all claims and appeals for disability benefits are adjudicated in a manner designed to ensure the independence and impartiality of the persons involved in making the decision." Therefore, this final rule requires that decisions regarding hiring, compensation, termination, promotion, or similar matters with respect to any individual must not be made based upon the likelihood that the individual will support the denial of disability benefits. For example, a plan cannot provide bonuses based on the number of denials made by a claims adjudicator. Similarly, a plan cannot contract with a medical expert based on the expert's reputation for outcomes in contested cases, rather than based on the expert's professional qualifications. These added criteria for disability benefit claims address practices and behavior which cannot be reconciled with the "full and fair review" guarantee in section 503 of ERISA, and with the basic fiduciary standards that must be followed in implementing the plan's claims procedures. For the reasons described below, paragraph (b)(7) of the final rule therefore remains largely unchanged from the proposal.

The Department received numerous comments either generally supporting or not objecting to the idea