UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD, DANIEL LOPER, WILLIS McGAHEE, MICHAEL McKENZIE, JAMIZE OLAWALE, ALEX PARSONS, ERIC SMITH, CHARLES SIMS, JOEY THOMAS, and LANCE ZENO, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN; THE NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN; THE BERT BELL/PETE ROZELLE NFL PLAYER RETIREMENT PLAN; THE DISABILITY BOARD OF THE NFL PLAYER DISABILITY & NEUROCOGNITIVE BENEFIT PLAN; LARRY FERAZANI; JACOB FRANK; BELINDA LERNER; SAM McCULLUM; ROBERT SMITH; HOBY BRENNER; and ROGER GOODELL,<br><br>　　　　　　　　　Defendants. | Case No. 1:23-cv-00358-JRR |

**JOINT STATUS REPORT**

With discovery closing as of this date, the Parties respectfully submit this Joint Status Report in accordance with Section III of the Court's Amended Scheduling Order dated June 3, 2024 (ECF No. 94 at 2) and its Order dated June 17, 2025 (ECF No. 216).  This Report outlines the status of discovery; prior proceedings in this case; the status of all motions, including those that the Court has resolved, those as to which briefing has concluded and which are currently pending, and those as to which briefing is ongoing; anticipated future motion practice and other proceedings.  This Report also addresses other matters, as required under the June 3, 2024 Order.

I. **Discovery**

During the course of discovery, the Parties held a number of meet-and-confer discussions concerning discovery disputes via email exchanges and videoconferences. Plaintiffs served a motion to compel discovery on November 26, 2025 and the complete set of papers relating to that fully briefed motion was filed with the Court on December 26, 2024 (ECF Nos. 134, 135). The Court held a hearing on that motion on February 21, 2025 (ECF No. 155; *see* ECF No. 163 (Tr.)) and it denied the motion by Order dated February 24, 2025 (ECF No. 158).

On August 15, 2025, Plaintiffs presented several additional discovery disputes to Magistrate Judge Aslan (ECF No. 250). In accordance with Judge Aslan's directive (ECF No. 251), the Parties concurrently filed letter-briefs on August 22, 2025, setting forth their respective positions on those matters (ECF Nos. 252 (unredacted version sealed at ECF No. 254), 253), and Judge Aslan held virtual court conferences concerning the disputes on August 28, 2025 (ECF No. 262) and September 2, 2025 (ECF No. 268). In accordance with Magistrate Judge Aslan's Order following the conferences (ECF No. 269), Plaintiffs propounded three written discovery requests (two Interrogatories and one Request for Production of Documents) on September 4, 2025, to which Defendants must respond within 21 days.

II. **Dispositive Motion Practice**

    A. **Motion to Dismiss**

On April 21, 2023, Defendants filed a motion to dismiss the original February 9, 2023 complaint (ECF No. 1) for failure to state a claim (ECF No. 53). After Plaintiffs filed their Amended Class Action Complaint on May 12, 2023 (ECF No. 56) ("Amended Complaint"), Defendants filed a Rule 12(b)(6) dismissal motion as to that pleading on June 27, 2023 (ECF No. 69). Plaintiffs filed their opposition to Defendants' 12(b)(6) dismissal motion on August 11,

2023 (ECF No. 70), and Defendants filed their reply in further support of their motion on September 14, 2023 (ECF No. 73). On March 20, 2024, the Court issued a Memorandum Opinion (ECF No. 78) and an Order (ECF No. 79) (both entered on the docket on March 21, 2024), granting Defendants' motion in part and denying it in part.[1] Thereafter, Defendants filed their Answer to the Amended Complaint on May 3, 2024 (ECF No. 86).

### B. Summary Judgment

Defendants filed a motion for summary judgment as to the claims of Plaintiff Daniel Loper on November 19, 2025 (ECF No. 115) and, by leave of court (ECF No. 121), also filed separate summary judgment motions as to Plaintiffs Jamize Olawale and Charles Sims (ECF Nos. 124, 125). Plaintiffs sought and obtained Court approval to submit a combined memorandum (and accompanying exhibits) in opposition to the three summary judgment motions (ECF No. 178), which Plaintiffs filed on April 25, 2025 (ECF Nos. 185-86 (corrected unredacted memorandum sealed at ECF No. 197)). Defendants sought and obtained Court approval to file a combined summary judgment motion reply memorandum (ECF No. 232), which they filed, with accompanying papers, on July 24, 2025 (ECF No. 235 (under seal)).

On August 15, 2025, Plaintiffs filed a motion to strike two of the declarations that Defendants filed as part of their reply papers (those of Roberto Garza and Stephanie M. Clark) (ECF Nos. 247, 248). Defendants filed their opposition to that motion on August 29, 2025 (ECF No. 264 (sealed)). Pursuant to Local Rule 105.2(a), Plaintiffs' reply in further support of their

---

[1] The Court denied the Motion to Dismiss as to Counts I, II, III, and V of the Amended Complaint; dismissed Count I claims that were barred by the statute of limitations; dismissed Count IV as to all Defendants; and dismissed all claims against the individually named Board members and NFL Commissioner Goodell. On April 23, 2024, after Plaintiffs moved for partial reconsideration (ECF No. 83), which Defendants did not oppose (ECF No. 84), the Court modified its ruling as to the operative statute of limitations bar date (*i.e.*, revising it from May 12, 2020 to August 9, 2019) (ECF No. 85).

motion to strike is due on September 12, 2025. Save the completion of briefing on Plaintiffs' motion to strike and the Court's resolution of that motion, the briefing of Defendants' summary judgment motions as to the claims of Plaintiffs Loper, Olawale, and Sims has concluded.

Defendants are awaiting the Court's ruling on the three summary judgment motions before proceeding further. *See* ECF No. 194 ("Deadlines for requests for admissions and dispositive motions: to be reset after the pending class certification and summary judgment motions are decided."). Similarly, Plaintiffs are awaiting the Court's ruling on those motions and will evaluate that decision before proceeding further. The Parties will confer following the Court's ruling on the pending summary judgment motions on a briefing schedule respecting any further summary judgment motion practice by either side.[2]

### III. Class Certification

Plaintiffs filed their motion for class certification on September 3, 2024 (ECF No. 102). Defendants filed their papers in opposition to that motion on November 18, 2024 (ECF No. 111). On April 11, 2025, Plaintiffs filed their reply papers in further support of their class certification motion (ECF No. 172 (sealed papers at ECF No. 173)) and a motion to exclude the opinions of Defendants' statistical expert, David B. Lasater, Ph.D. (ECF No. 175) (*see* Section IV.B, below). Defendants filed combined papers in opposition to the motion to exclude Dr. Lasater and sur-

---

[2] The Parties agree that once all summary judgment motions have been resolved, any remaining claims would be tried in a bench trial. *See*, *e.g.*, *Reetz v. Aon Hewitt Inv. Consulting, Inc.*, 74 F.4th 171, 179 (4th Cir. 2023) (noting that district court held five-day bench trial on plaintiff's breach of fiduciary duty claim asserted on behalf of certified class); *Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 959-61 (4th Cir. 2022) (if ERISA wrongful denial benefit claim involves genuine issue of disputed material facts, district court must conduct Rule 52 bench trial); *Gottlieb v. Bowl Am., Inc.*, 93 F. App'x 493, 495 (4th Cir. 2004) (district court conducted bench trial on ERISA lack of notice and breach of fiduciary duty claims); *Meyer v. Berkshire Life Ins. Co.*, 250 F. Supp. 2d 544, 548 (D. Md. 2003) (court held six-day bench trial on ERISA breach of fiduciary duty claim), *aff'd*, 372 F.3d 261 (4th Cir. 2004). At this time, Plaintiffs are unable to project the length of any bench trial.

reply papers in opposition to Plaintiffs' class certification motion on July 10, 2025 (ECF No. 219 (sealed)), with the leave of the Court (ECF No. 195).  On July 31, 2025, Plaintiffs filed combined reply papers in further support of their motion to exclude Dr. Lasater's opinions and sur-surreply papers in further support of their class certification motion (ECF No. 240 (sealed)), also with leave of the Court (ECF No. 195).  The briefing of Plaintiffs' class certification motion is complete, and that motion is currently *sub judice*.

## IV. Experts and Motions to Exclude

### A. Plaintiffs

Plaintiffs submitted a report from their expert in statistics, Anthony Hayter, Ph.D., in connection with their class certification reply papers on April 11, 2025 (ECF No. 172-5 (sealed at ECF No. 173)).  Dr. Hayter was deposed on May 13, 2025.  Concurrently with their class certification sur-reply papers, Defendants moved to exclude Dr. Hayter's opinions on July 10, 2025 (ECF No. 220).  Plaintiffs filed their opposition to that motion on August 8, 2025 (ECF Nos. 244 (sealed), 245) and served a rebuttal report from Dr. Hayter on August 15, 2025.  Defendants deposed Dr. Hayter on August 25, 2025, in connection with his rebuttal report, and filed their reply in support of their motion to exclude his opinions on September 4, 2025 (ECF No. 270 (sealed)).

In connection with their April 11, 2025 class certification reply papers, Plaintiffs also served a report from their ERISA expert, Joseph Garofolo (ECF No. 172-14 (sealed at ECF No. 173)).  Defendants deposed Mr. Garofolo on June 10 and continued that deposition on June 26, 2025, and they moved to exclude his opinions on July 10, 2025 (ECF No. 222).  Plaintiffs filed their opposition to Defendants' motion to exclude on August 8, 2025 (ECF Nos. 242 (sealed),

243), and Defendants filed their reply in support of their motion on August 22, 2025 (ECF No. 257 (sealed)).

### B. Defendants

As mentioned in Section III above, Defendants submitted a declaration from their expert in statistics, Dr. Lasater, as part of their class certification opposition peed a subsection letter). apers (ECF No. 111-2). Dr. Lasater was deposed on February 19, 2025. Plaintiffs moved to exclude Dr. Laster's opinions in conjunction with their class certification reply papers on April 11, 2025 (ECF No. 175; *see* ECF No. 172 (sealed version at ECF No. 173) at 33-37). Defendants submitted a rebuttal declaration from Dr. Lasater in connection with their combined class certification sur-reply papers and motion to exclude opposition papers (ECF No. 219 (sealed); *see* ECF No. 228 (corrected sealed declaration)). Dr. Lasater was deposed in connection with his rebuttal declaration on July 31, 2025. Plaintiffs filed combined reply papers in further support of their motion to exclude Dr. Lasater's opinions and sur-surreply papers in further support of their class certification motion on July 31, 2025 (ECF No. 240 (sealed)).

By Order dated July 15, 2025, the Court referred the Parties' respective motions to exclude to Magistrate Judge Aslan for resolution (ECF No. 226).

### V. Settlement

Chris Seeger and Greg Jacob discussed settlement by phone on August 18, 2025. The Parties do not believe that it would be helpful for the Court to refer this case to a United States Magistrate Judge for a settlement conference at this time.

### VI. Conduct of Further Proceedings by a Magistrate Judge

All Parties do not consent to have a United States Magistrate Judge conduct all further proceedings in this case.

Dated: September 5, 2025

                                              Respectfully submitted,

                                              **SEEGER WEISS LLP**

By: */s/ Benjamin R. Barnett*
     Benjamin R. Barnett
     325 Chestnut Street, Suite 917
     Philadelphia, PA 19106
     Telephone: (215) 553-7980
     bbarnett@seegerweiss.com

*Counsel for Plaintiffs and for the Proposed Class and Subclasses*

Christopher A. Seeger *(admitted pro hac vice)*
Diogenes P. Kekatos *(admitted pro hac vice)*
Caleb A. Seeley *(admitted pro hac vice)*
Hillary R. Fidler *(admitted pro hac vice)*
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
cseeger@seegerweiss.com
dkekatos@seegerweiss.com
cseeley@seegerweiss.com
hfidler@seegerweiss.com

Samuel L. Katz *(admitted pro hac vice)*
Julia M. Damron *(admitted pro hac vice)*
Noah T. Reid *(admitted pro hac vice)*
Yasha Torabi *(admitted pro hac vice)*
**ATHLAW LLP**
8383 Wilshire Blvd., Suite 800
Beverly Hills, CA 90211
Telephone: (818) 454-3652
samkatz@athlawllp.com
julia@athlawllp.com
noahreid@athlawllp.com
yasha@athlawllp.com

Bryan F. Aylstock *(admitted pro hac vice)*
Justin G. Witkin *(admitted pro hac vice)*
Douglass A. Kreis *(admitted pro hac vice)*
Bobby J. Bradford (*admitted pro hac vice*)
**AYLSTOCK, WITKIN, KREIS, & OVERHOLTZ, PLLC**

17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
BAylstock@awkolaw.com
JWitkin@awkolaw.com
DKreis@awkolaw.com
BBradford@awkolaw.com

*Counsel for Plaintiffs and for the
Proposed Class and Subclasses*

Jason S. Rathod
Nicholas A. Migliaccio
**MIGLIACCIO & RATHOD LLP**
412 H Street, N.E.
Washington, DC 20002
Telephone: (202) 470-3520
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

*Counsel for Plaintiffs and Liaison Counsel
for the Proposed Class and Subclasses*

Robert K. Scott *(admitted pro hac vice)*
Gerry H. Goldsholle *(admitted pro hac vice)*
**ADVOCATE LAW GROUP P.C.**
2330 Marinship Way, Suite 260
Sausalito, CA 94965
Telephone: (949) 753-4950
bob@advocatelawgroup.com
gerry@advocatelawgroup.com

*Additional Counsel for Plaintiffs*

*/s/ Gregory F. Jacob*
Gregory F. Jacob (D. Md. Bar No. 06769)
Meredith N. Garagiola (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, N.W., 10th Floor
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: gjacob@omm.com
Email: mgaragiola@omm.com

Elizabeth L. McKeen (*pro hac vice*)
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*