IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-00358-JRR |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO EXCLUDE THE TESTIMONY
OF JOSEPH GAROFOLO**

## TABLE OF CONTENTS

                                                                                                                          **Page**

INTRODUCTION .................................................................................................................... 1

LEGAL STANDARD ............................................................................................................... 1

ARGUMENT ............................................................................................................................ 3

      I.     MR. GAROFOLO'S OPINIONS SHOULD BE EXCLUDED BECAUSE
              THEY ARE IMPROPER LEGAL CONCLUSIONS ............................................ 4

      II.    THE COURT SHOULD EXCLUDE MR. GAROFOLO'S OPINIONS
              BECAUSE THEY ARE UNRELIABLE ............................................................... 7

            A.    Mr. Garofolo's Opinions Are Not Based On His Knowledge Or
                    Experience ....................................................................................................... 7

            B.    Mr. Garofolo's Opinions In This Case Are Unsupported And
                    Unreliable ...................................................................................................... 12

CONCLUSION ....................................................................................................................... 14

CERTIFICATE OF SERVICE ............................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Betts v. Benefit Sols. Inc.*,
2015 WL 4772568 (S.D. W. Va. Aug. 12, 2015) ........ 6

*CSAA Affinity Ins. Co. v. Scott Fetzer Co.*,
665 F. Supp. 3d 741 (D. Md. 2023) ........ 2

*Cyr v. Reliance Co.*,
No. 2:06-cv-01585 DDP-RCx (C.D. Cal. 2007) ........ 10

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) ........ 1, 2

*First Data Merchant Servs. Corp. v. Sec. Metrics, Inc.*,
2014 WL 6871581 (D. Md. Dec. 3, 2014) ........ 8, 11

*Hanson v. Mut. of Omaha Ins. Co.*,
2003 WL 26093254 (D.S.D. Apr. 29, 2003) ........ 8, 11

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999) ........ 2, 7

*McDevitt v. Guenther*,
522 F. Supp. 2d 1272 (D. Haw. 2007) ........ 3, 12, 14

*Modern Auto. Network, LLC v. E. All. Ins. Co.*,
842 F. App'x 847 (4th Cir. 2021) ........ 8, 11

*Nease v. Ford Motor Co.*,
848 F.3d 219 (4th Cir. 2017) ........ 2

*Ralston v. Garabedian*,
2022 WL 19273 (E.D. Pa. Jan. 3, 2022) ........ 3, 12, 14

*Ramos v. Bank of Am.*,
No. 4:08-cv-01375-PJH (N.D. Cal. 2011) ........ 10

*Romanchuck v. Bd. of Trs. of S. Cal. United Food & Com. Workers Unions & Food Emps. Pension Tr. Fund*,
No. 2:15-cv-08180-AB-KS (C.D. Cal. 2025) ........ 10

*Sardis v. Overhead Door Corp.*,
10 F.4th 268 (4th Cir. 2021) ........ 3

*Thompson v. Queen City Inc.*,
2002 WL 32345733 (D.S.C. July 9, 2002), *aff'd*, 70 F. App'x 730 (4th Cir. 2003) ........ 9

**Page(s)**

*United States v. 0.012 Acres, More or Less, Situated in Lexington Cnty., SC*,
2025 WL 869681 (D.S.C. Jan. 8, 2025) .................................................................................. 2

*United States v. Barile*,
286 F.3d 749 (4th Cir. 2002) ......................................................................................... 4, 5, 6, 7

*United States v. Chapman*,
209 F. App'x 253 (4th Cir. 2006) ............................................................................................ 5

*United States v. Coontz*,
810 F. App'x 201 (4th Cir. 2020) ............................................................................................ 2

*United States v. Crisp*,
324 F.3d 261 (4th Cir. 2003) ................................................................................................... 2

*United States v. McIver*,
470 F.3d 550 (4th Cir. 2006) ............................................................................................ 2, 4, 7

*United States v. Mosby*,
626 F. Supp. 3d 847 (D. Md. 2022) .................................................................................. 3, 4, 5, 7

*United States v. Offill*,
666 F.3d 168 (4th Cir. 2011) .................................................................................................. 4, 7

*United States v. Perkins*,
470 F.3d 150 (4th Cir. 2006) ................................................................................................... 7

*United States v. Wood*,
741 F.3d 417 (4th Cir. 2013) ................................................................................................... 2

*Wichansky v. Zowine*,
2016 WL 6818945 (D. Ariz. Mar. 22, 2016) .......................................................................... 6

## **RULES**

Fed. R. Evid. 702 .............................................................................................................. passim

Fed. R. Evid. 702 advisory committee's note to 2023 amendments ............................................. 3

**INTRODUCTION**

Plaintiffs' purported Employee Retirement Income Security Act ("ERISA") expert, lawyer Joseph A. Garofolo, proposes to offer opinions that violate the most basic requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), and that seek to substitute his own advocacy and legal interpretations for the judgment of the Court. Caselaw and common sense dictate that these improper opinions must be excluded.

Plaintiffs submit Mr. Garofolo's report to support their allegations that Defendants should have (1) taken additional steps beyond those already in place to guard against Neutral Physician bias, *see* ECF No. 172-14, Section V(B), and (2) made changes to the Plan's process for adjudicating disability claims, *see id.*, Section V(C).[1] But none of the opinions that Mr. Garofolo offers are based on any experience he has advising or administering disability plans (he has virtually none). And Mr. Garofolo could not identify even a single disability plan that has *ever* implemented *any* of the measures that he opines should have been implemented by this Plan. Mr. Garofolo's unsupported legal interpretations and *ipse dixit* opinions fall well short of Fourth Circuit standards for acceptable expert testimony because they usurp roles reserved exclusively for the Court and factfinder by drawing legal conclusions, and are further unreliable because they are not a product of Mr. Garofolo's own relevant experience or based on any generally accepted principles and methods. Mr. Garofolo's report and opinions should accordingly be excluded.

**LEGAL STANDARD**

Trial courts act as gatekeepers of expert testimony, determining its admissibility based on

---

[1] The "Plan" refers to the NFL Player Disability & Survivor Benefit Plan; the Bert Bell/Pete Rozelle NFL Player Retirement Plan; the Bert Bell NFL Player Retirement Plan; and the Pete Rozelle NFL Player Retirement Plan. *See* ECF No. 102-1.

1

Rule 702 as well as *Daubert* and its progeny. *See Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017). "This basic gatekeeping obligation applies to all expert testimony, not just scientific testimony." *CSAA Affinity Ins. Co. v. Scott Fetzer Co.*, 665 F. Supp. 3d 741, 748 (D. Md. 2023) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)).

"Implicit in the text of Rule 702" is the district court's responsibility "to ensur[e] that an expert's testimony both rests on a *reliable* foundation and is *relevant* to the task at hand." *Nease*, 848 F.3d at 229 (alterations in original) (quotations omitted). Whether evidence is relevant, of course, depends on whether it helps "the trier of fact to understand the evidence or to determine a fact in issue." *Id.* (quoting *Daubert*, 509 U.S. at 591).[2] And opinions about the ultimate legal conclusions in a case are inherently unhelpful because they invade the province of the Court. *See United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006); *see also United States v. Coontz*, 810 F. App'x 201, 204 (4th Cir. 2020) ("[O]pinion testimony that states a legal standard or draws a legal conclusion by applying the law to the facts generally is unhelpful to the jury, and thus, inadmissible." (alterations in original) (quotations omitted)).

Whether evidence is reliable depends on five non-exhaustive factors: "(1) whether the particular scientific theory can be (and has been) tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique has achieved general acceptance in the relevant scientific or expert community." *United States v. Crisp*, 324 F.3d 261, 266 (4th Cir. 2003) (quotations omitted). This list,

---

[2] *Daubert*'s safeguards may be "relaxed" when a case will be tried by a judge, *see United States v. Wood*, 741 F.3d 417, 415 (4th Cir. 2013), but courts should still exclude expert testimony in bench trials when the reliability and relevance requirements are not met. *See, e.g., United States v. 0.012 Acres, More or Less, Situated in Lexington Cnty., SC*, 2025 WL 869681, at *5-7 (D.S.C. Jan. 8, 2025) (excluding expert in a case set for bench trial where he "did not apply a proper … methodology" and his testimony "lack[ed] adequate factual support for his conclusion").

2

however, "neither necessarily nor exclusively applies to all experts in every case" because "the relevance of some of the factors can depend[] on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021) (alterations in original) (quotations omitted). To be deemed admissible, expert testimony that is offered by a lawyer must not only avoid invading the province of the Court, but must also bear key hallmarks of professional reliability and be supported by reference to more than the attorney's own say-so. *See Ralston v. Garabedian*, 2022 WL 19273, at *8 (E.D. Pa. Jan. 3, 2022) (quoting *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1291-92 (D. Haw. 2007)).

The burden is on the proponent of the expert testimony to establish its admissibility by a preponderance of the evidence. *See United States v. Mosby*, 626 F. Supp. 3d 847, 856 (D. Md. 2022); Fed. R. Evid. 702 advisory committee's note to 2023 amendments (emphasizing that "expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule").

## ARGUMENT

The Court should exclude Mr. Garofolo's opinions because they flunk both the relevance and the reliability requirements of Rule 702. First, his opinions are not relevant because they are improper legal interpretations that invade the province of the Court and are therefore inherently unhelpful to the trier of fact. Second, his opinions are not reliable: He has no relevant experience administering disability plans or maintaining networks of physicians, and he was further unable to identify even a single disability plan that has *ever* instituted *any* of the measures that he opines in his report that this Plan should have implemented. None of Mr. Garofolo's opinions are anything more than his own unsupported say-so.

I.  **MR. GAROFOLO'S OPINIONS SHOULD BE EXCLUDED BECAUSE THEY ARE IMPROPER LEGAL CONCLUSIONS**

Mr. Garofolo's testimony is blatantly impermissible because it will not help the Court decide this case. It is well established that the "touchstone" of Rule 702 is whether an expert's testimony will assist the trier of fact. *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011). Fourth Circuit law is clear that it is unhelpful "for an expert to give testimony that states a legal standard or draws a legal conclusion by applying law to the facts" because it offers "no information other than the witness's view" of how the case should be resolved. *Id*. (quotations omitted); *see McIver*, 470 F.3d at 562. For that reason, "expert witnesses may not testify about the proper interpretation of applicable domestic law." *Mosby*, 626 F. Supp. 3d at 857; *see United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002) ("[Expert] testimony offering nothing more than a legal conclusion … is properly excluded under the Rules." (quotation omitted)).

The opinions in Mr. Garofolo's expert report repeatedly set forth the legal standards in ERISA and its implementing regulations, and then purport to apply those standards to the facts of this case. Indeed, *all* of Mr. Garofolo's opinions all follow the same improper framework.



███████████████████████████████████████████████████████████████

████████████████████████████████████████████. *See* Decl. of M. Garagiola in Supp. of Defs.' Combined Surreply in Opp. to Pls.' Mot. for Class Cert. & Opp. to Pls.' Mot. to Exclude the Test. of D. Lasater ("Garagiola Decl."), Ex. E; J. Garofolo June 10, 2025 Dep. Tr. ("Part I Tr.") 189:20-190:23. ████████████████████████████████████████████. ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████. *See* ECF No. 172-14 at 15-19; Part I Tr. 191:6-192:2. Sections V(B) (████████████████████████) and V(C) (████████████████████████████)—████████████

4

███████████████████████████████████████████████████████████

███████████████████████████████████████

To take one of many examples, ██████████████████████████████

██████████████████████████████████████

████████████████████████████ ECF No. 172-14 at 16. █████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████ *Id.* at 19,

21. Similarly, ████████████████████████████████████████

██████████████████████████████. *Id.* at 18. ████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████ *Id.* at 22. Courts exclude expert testimony where, as here, it merely "tracks the language of the legal principle at issue or of the applicable statute" and relies primarily on terms with "specialized legal meaning." *Barile*, 286 F.3d at 759; *see also United States v. Chapman*, 209 F. App'x 253, 269-70 (4th Cir. 2006) (affirming exclusion of expert testimony because "outlin[ing] the nature of [defendant's] fiduciary duties and having an expert testify as to whether [defendant] violated those duties would not be particularly helpful to the jury").

Mr. Garofolo's opinions improperly usurp the role of the Court by offering his personal views on the "proper interpretation of applicable domestic law." *See Mosby*, 626 F. Supp. 3d at 857. █████████████████████████████████████████████████

██████████████████████████████████████████████. ECF No. 172-14 at 19-22. But applying case law and statutes to the facts of a case is the province of the Court, and

5

is not an appropriate role for a purported expert. *See Barile*, 286 F.3d at 760 ("Expert testimony on an ultimate issue is ... excludable under Rule 702."); *see also, e.g.*, *Wichansky v. Zowine*, 2016 WL 6818945, at *6 (D. Ariz. Mar. 22, 2016) (excluding testimony "about the law of fiduciary duties and the legal requirements of a federal statute" and how "[defendant's] conduct violated those laws"); *Betts v. Benefit Sols. Inc.*, 2015 WL 4772568, at *8 (S.D. W. Va. Aug. 12, 2015) (excluding expert's opinions where he "merely review[ed] the same record evidence before the Court and relatively few legal authorities, and on that basis, offer[ed] legal conclusions").



Garagiola Decl., Ex. F, J. Garofolo June 26, 2025 Dep. Tr. ("Part II Tr.") 260:24-25.

.[3] Instead,

. *See* Part II Tr. 270:20-271:9, 401:7-20.

As such, Mr. Garofolo's testimony will not help the trier of fact because Mr. Garofolo will

---

[3] *See, e.g.*, Part II Tr. 397:11-17 , 398:2-20 403:12-25 , 405:2-8

supply "no other information than [his] view" of how the law applies to the purported facts of the case. *See Offill*, 666 F.3d at 175; *see also McIver*, 470 F.3d at 562; *Mosby*, 626 F. Supp. 3d at 857.

Mr. Garofolo's "opinions" stating his personal interpretations and applications of ERISA's legal standards should be excluded. *See, e.g.*, *Barile*, 286 F.3d at 761-62 (excluding an expert's conclusion that specific § 510(k) submissions did not contain "materially misleading statements" (quotation omitted)); *see also United States v. Perkins*, 470 F.3d 150, 158 (4th Cir. 2006) ("[C]onclusory testimony that a company engaged in 'discrimination,' that a landlord was 'negligent,' or that an investment house engaged in a 'fraudulent and manipulative scheme' involves the use of terms with considerable legal baggage; such testimony nearly always invades the province of the jury.") (collecting cases).

## II.    THE COURT SHOULD EXCLUDE MR. GAROFOLO'S OPINIONS BECAUSE THEY ARE UNRELIABLE

Mr. Garofolo's opinions also must be excluded as unreliable, for two independent reasons. First, Mr. Garofolo has no relevant knowledge or experience with administering disability plans or with maintaining panels of physicians who are assigned to examine claimants that could serve as the basis for his opinions. Second, Mr. Garofolo's opinions have no support in the actual practice of *any* disability plan, much less common practice, industry standards, or the understandings of any professionals other than himself. Lacking any of the indicia of reliability that courts examine when assessing whether attorney opinions are admissible, Mr. Garofolo's opinions should be excluded under Rule 702.

### A.    Mr. Garofolo's Opinions Are Not Based On His Knowledge Or Experience

For a legal expert's opinions to be considered reliable, they must be based on his own "knowledge and experience of [the relevant] discipline." *Kumho*, 526 U.S. at 149 (quotation

omitted). Courts exclude expert testimony where the expert "ha[s] no experience with ... matters relevant to [the] ... dispute." *See Modern Auto. Network, LLC v. E. All. Ins. Co.*, 842 F. App'x 847, 849 (4th Cir. 2021). Without relevant experience, "opinions based on what [an attorney] thinks are good practices" are unreliable because they "amount to speculation and guesswork." *Hanson v. Mut. of Omaha Ins. Co.*, 2003 WL 26093254, at *6 (D.S.D. Apr. 29, 2003); *see also First Data Merchant Servs. Corp. v. Sec. Metrics, Inc.*, 2014 WL 6871581, at *10 (D. Md. Dec. 3, 2014) (excluding attorney's expert opinions because they solely "reflect[ed] th[e] concerns and considerations that his clients have expressed to him during his representation").

Mr. Garofolo's opinions all purport to state how the fiduciaries of a disability benefits plan should administer the plan and adjudicate disability benefit claims, but he has no relevant experience or knowledge on any of the subjects on which he opines. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Part I Tr. 27:7-13, 32:10-14,[4] but that experience does not qualify Mr. Garofolo to offer any of the opinions he purports to offer in this case. First, the plan in question was not a collectively bargained Taft-Hartley Act plan administered by a joint board of trustees, and it did not have its own panel of examining physicians. Rather, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Id.* at 27:7-13, 23-25, 30:8-31:20. Second, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, *id.* at 28:14-18; Part II Tr. 348:4-7, ▓▓▓▓▓▓▓▓▓▓▓▓▓ In other words, Mr. Garofolo never even had the opportunity to *observe* the adjudication of a *single* disability claim, *see* Part I Tr. 28:21-22, 168:8-10, much less oversee the administration

---

[4] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Part II Tr. 417:1-4. That is not true: Part I Tr. 27:7-13, 32:10-14, and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Part II Tr. 348:12-16.

8

and adjudication of approximately a thousand disability claims on an annual basis, as is the case here. Third, ███████████████████████████████████████████████████

███████████████████████████, *id.* at 28:23-29:5, but, ███████████████████

███████████████████████████████████████████████████, *id.* at 30:8-31:20, and █████

███████████████████████████████████████, *see id.* 29:6-32:6.

Nor does Mr. Garofolo have any relevant experience derived from his limited past work serving as an independent fiduciary for ERISA plans. ████████████████████████████

███████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████. *Id.* at 53:13-20. ████████████████████

███████████████████████████████████████████████████████████████████████████████

██████████████████████████████. *Id.* at 54:11-55:10. ████████████████████████████

███████████████████████████████████████████████████████████████████████████████

████████████████████████████ *id.* at 60:24-61:11, but ████████████████████████

███████████████████████████████████████████████████ *id.* at 61:21-25. None of these engagements involved recruiting physicians to conduct medical examinations, overseeing a panel of physicians, or evaluating them.

███████████████████████████████████████████████████████████████████████████

████████,[5] but ████████████████████████████████████████████████████████████

████, Part I Tr. 25:14-18, 40:14-16, 166:2-7, and ██████████████████████████████

---

[5] ███████████████████████████████████████████████████████████████████████████████
*See* Part II Tr. 417:9-10. But ERISA actions concern a wide variety of highly specialized topics, from 401(k) plans to pension plans to disability benefit plans. Having experience with fiduciary issues *generally* does not make Mr. Garofolo a reliable expert on the specific subjects on which he purports to opine in this case, for the same reason that an investment management expert could not reliably testify about whether a player is disabled. *Cf. Thompson v. Queen City Inc.*, 2002 WL 32345733, at *1 (D.S.C. July 9, 2002) ("[A] proffered expert who is an engineer is not necessarily qualified to testify as an expert on any issue within the vast field of engineering."), *aff'd*, 70 F. App'x 730 (4th Cir. 2003).

███████████████████████. ██

███████████████████████████

█████████████████, *id.* at 76:11-17, 76:20-77:1, ████████████

█████████████ *see* Garagiola Decl. Ex. G (Ex. 7 to Garofolo Deposition);

Garagiola Decl. Ex. H (Ex. 8 to Garofolo Deposition).[6]

███████████████████████████

███████████████████████. ██

███████████████████████████

███████████████████████████

██████████████████████ Part I

Tr. 33:6-16. ██████████████ *Id.* at 34:6-7.  Similarly,

███████████████████████████

███████████████████████████

███████████████████████████

█████████████. Part I Tr. 43:15-18. ██████

███████████████████████████

███████████████████████████

████████████████ Part I Tr. 38:16-22. █

---

[6] ███████████████████████████████████████████
████, but ████████████████████████████████████████
████ *Id.* ████████████████████████████████
████████████ Part I Tr. at 94:1-15. ███████████████████
████████ *Id.* at 95:17-22. ████████████████████ *Id.* at
106:9-14.

████████████████████████████████████████████████

████████████████████████████████. *Id.* at 43:11-13.[7]

Finally, ████████████████████████████████████████

████████████, *id.* at 80:3-6, and ████████████████████████

██, *id.* at 81:17-82:5. ████████████████████████████, *id.* at 82:6-9, and

████████████████████████████████████████████████

████████████████████████████████████████████████

*id.* at 83:13-20. ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████. *See id.* at 84:3-86:7. ████████████████

████████████████████████████████████████████

██████, *see id.*, and ████████████████████████████

████████████████████, *id.* at 86:13-17.

In sum, nothing in Mr. Garofolo's background demonstrates that he has "experience with … matters relevant" to this dispute. *See Modern Auto.*, 842 F. App'x at 849. Mr. Garofolo lacks the direct knowledge and experience with disability plans and the adjudication of disability claims that would be required to provide reliable opinions in this case. *See id.*; *First Data Merchant Servs.*, 2014 WL 6871581, at *10; *Hanson*, 2003 WL 26093254, at *6.

---

[7] ████████████████████████████████████████████ Part I Tr. 65:7-21. ████████████████████████████████. *Id.* at 66:4-15.

11

B. **Mr. Garofolo's Opinions In This Case Are Unsupported And Unreliable**

Courts "generally evaluate at least four factors in determining the reliability of attorney expert testimony: (1) whether the expert identified the materials relied upon and personally examined the file underlying the case; (2) whether the expert sufficiently explained why he or she reached an opinion; (3) whether the expert cited other sources relied upon by attorneys such as applicable statutes, treatises, or publications by professional organizations; or (4) whether the expert demonstrated that his opinion is accepted by his peers." *Ralston*, 2022 WL 19273, at *8 (quoting *McDevitt*, 522 F. Supp. 2d at 1291-92). None of these factors weigh in favor of admitting Mr. Garofolo's testimony.

Mr. Garofolo's opinions, ████████████████████████, flunk every reliability factor. ████████████████████████████████████████████████████████████████████████████████████. ECF No. 172-14 at 15-19; Part I Tr. 191:6-192:13. ████████████████████████████████████████████████████████████████ ECF No. 172-14 at 19-22. The fundamental problem with the opinions, however, is not their brevity, but that the *reason* the opinions are so brief is that they are completely devoid of explanation, support, or reference point. ████████████████████████████████████████████████████████████████ *Id.* ████████ ████████████████████████████████████████████████████████████ ). But never once does he support any of his mantric pronouncements concerning what he would have done with a supporting explanation or even a reference to industry standards, common practices, accepted guidelines, articles, treatises, professional understandings, or anything of the sort. Mr. Garofolo's "opinions" consist of nothing more than line after line of his own unsupported say-so.

Mr. Garofolo's deposition confirmed that he cannot identify any disability plan that has



12

*ever* implemented *any* of the additional actions that his report opines that the Plan's Trustees should have taken. █████████████████████████████████████

█████████████████████████████████████████████████. Part II Tr. 348:24-349:3. █████████████████████████████████████████.

*Id.* 361:6-362:6. █████████████████████

███████████████████████████████████████████████████████.

█████████████████████████████████████████████.

*Compare* ECF No. 174 at 19-20, *with* Part II Tr. 373:24-374:4. █████████████

███████████████████████████. *Compare* ECF No. 174 at 20, *with* Part I Tr. 142:13-143:4, 166:18-22; Part II Tr. 397:11-17, 398:16-20, 405:2-8. ████████████

████████ *Compare* ECF No. 174 at 20-21, *with* Part I Tr. 166:18-22, 167:8-15.[8] ███████████████████████████████████

---

[8] ████████████████████████████████████, Report at 21, █████████████, Part II Tr. 335:8-17, 352:18-22, (2) ████████████ Part II Tr. 331:10-332:16, (3) ████████ Part II Tr. 349:21-350:2, and (4) ████████████████ Part II Tr. 349:12-19, 350:4-9. █████████████████████████ Part II Tr. 336:10-338:4, 339:19-343:19.

13

██████████████████████████████████████████████

██████████████. *Compare* ECF No. 172-14 at 20-21, *with* Part I Tr. 147:1-12.

The same is true of Mr. Garofolo's opinions concerning claims administration procedures. ██████████████████████████████████████████

██████████████████████████████████ Part II Tr. 278:13-20, 279:2-10, 281:18-25, or ██████████████████████████████████████████

██████████████████████████████. *Compare* ECF No. 172-14 at 21, *with* Part II Tr. 270:20-271:4, 271:11-14. ██████████████████████████████████████

██████████████████████████████████████████████.[9]

*Compare* ECF No. 172-14 at 21, *with* Part II Tr. 406:18-22. ████████████████

██████████████████████████████████████████████

██████████████████████████████, ECF No. 172-14 at 21-22, all of those interpretations are *solely* his own—he did not identify any support for his interpretations in case law, regulatory guidance, the actual practice of ERISA plans, or the professional opinion of anyone other than himself.

The opinions Mr. Garofolo offers in his report thus lack any of the key indicia of reliability that courts require for attorney opinions to be deemed admissible under Rule 702. *Ralston*, 2022 WL 19273, at *8; *McDevitt*, 522 F. Supp. 2d at 1291-92. The opinions are pure *ipse dixit* that invade the province of the Court, and should be excluded from evidence.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Motion to Exclude the

---

[9] ██████████████████████████████████████████████ Part I Tr. 142:13-146:5.

Testimony of Mr. Garofolo.

Date: July 10, 2025

Respectfully submitted,

/s/ *Gregory F. Jacob*
Gregory F. Jacob (D. Md. Bar No. 06769)
Meredith N. Garagiola (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., 10th Floor
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: gjacob@omm.com
Email: mgaragiola@omm.com

Elizabeth L. McKeen (*pro hac vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*

**CERTIFICATE OF SERVICE**

I, Gregory F. Jacob, hereby certify that on July 10, 2025, I caused a copy of the foregoing document to be served upon all counsel of record via the CM/ECF system for the United States District Court for the District of Maryland.

                                                */s/ Gregory F. Jacob*
                                                Gregory F. Jacob