## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

### BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD, DANIEL LOPER, WILLIS McGAHEE, MICHAEL McKENZIE, JAMIZE OLAWALE, ALEX PARSONS, ERIC SMITH, CHARLES SIMS, JOEY THOMAS, and LANCE ZENO, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | **Case No. 1:23-cv-00358-JRR** |
| vs. | |
| THE NFL PLAYER DISABILITY & SURVIVOR BENEFIT PLAN; *et al.*, | |
| Defendants. | |

### <u>PLAINTIFFS' MOTION TO SEAL UNREDACTED REPLY MEMORANDUM</u>

Pursuant to Local Rule 105.11 and Paragraph 17 of the Stipulated Protective Order entered in this action on September 30, 2024 (ECF No. 104) ("Protective Order"), Plaintiffs respectfully move to file under seal the unredacted Reply Memorandum of Law in Further Support of Plaintiffs' Motion to Strike Reply Declarations ("Reply Memorandum").

Although "[t]he common law presumes a right of the public to inspect and copy all judicial records and documents, that presumption "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing cases; internal quotation marks omitted). In deciding motions to seal in this District, courts consider whether "less drastic alternatives to sealing," such as redacting documents, are possible. *J.C. v. McKnight*, 2023 WL 5487216, at *1 (D. Md. Aug. 24, 2023) (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984)). When a court determines that

sealing is appropriate, the court "provide[s] reasons, supported by specific factual findings, for its decision to seal and for rejecting alternatives." *Id.* (citing *In re Knight Publ'g Co.*, 743 at 234-35).

Recognizing the balance between the public's right to access and the Parties' rights to privacy, the Protective Order requires that a party seeking to file Confidential Information, as defined in the Protective Order, to either redact the Confidential Information or seek permission from the Court to file unredacted versions under seal. ECF No. 104 at 8-9 (¶ 17).

Here, the unredacted Reply Memorandum throughout cites or quotes from (i) the two Declarations that are the subject of the underlying motion to strike (ECF No. 247) and which are both currently under seal (at ECF No. 235); (ii) Exhibit C to the Declaration of Benjamin R. Barnett in Support of Plaintiffs' Motion to Strike Reply Declarations, dated August 15, 2025 (ECF No. 247-1), filed in support of the underlying motion to strike, which is deposition testimony that Defendants have designated as Confidential Information in accordance with Paragraph 8 of the Protective Order (ECF No. 104, at 5) and is the subject of a pending motion to seal (*see* ECF Nos. 248 (provisionally sealed Exhibit C), 249 (motion to seal)); and (iii) the Neurology/Neuropsychology Neutral Physician Panel Orientation Manual, effective June 8, 2021, which was Exhibit O to the Reply Declaration of Benjamin R. Barnett in Further Support of Plaintiffs' Motion for Class Certification and in Support of Plaintiffs' Motion to Exclude, dated April 11, 2025 (ECF No. 172-1), and is an exhibit that the Court has previously sealed in this case (*see* ECF No. 173 (containing sealed Exhibit O); *see also* ECF No. 172-12 (placeholder); ECF No. 190 (Apr. 29, 2025 Order granting motion to seal, *inter alia*, Exhibit O)),

For this reason, the unredacted version of the Reply Memorandum should be sealed. Plaintiffs will file a redacted, public version of the memorandum in order to preserve the public's right to judicial records while ensuring that the Court can consider the full context of the

memorandum in its unredacted form.  They respectfully request that they be afforded ten (10) days following the granting of this motion within which to file a redacted version of the Reply Memorandum on the public docket.

In sum, because the Reply Memorandum cites or quotes three exhibits that are sealed or provisionally sealed, Plaintiffs request that the Court seal it.

A proposed Order accompanies this Motion.

Dated:  September 12, 2025

Respectfully submitted,

**SEEGER WEISS LLP**

By:  */s Benjamin R. Barnett*
Benjamin R. Barnett
**SEEGER WEISS LLP**
325 Chestnut Street, Suite 917
Philadelphia, PA 19106
Telephone: (215) 553-7980
bbarnett@seegerweiss.com

***Counsel for Plaintiffs and for the***
***Proposed Class and Subclasses***

Christopher A. Seeger *(admitted pro hac vice)*
Diogenes P. Kekatos *(admitted pro hac vice)*
Caleb A. Seeley *(admitted pro hac vice)*
Hillary R. Fidler *(admitted pro hac vice)*
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
cseeger@seegerweiss.com
dkekatos@seegereiss.com
cseeley@seegerweiss.com
hfidler@seegerweiss.com

Samuel L. Katz *(admitted pro hac vice)*
Julia M. Damron *(admitted pro hac vice)*
Noah T. Reid *(admitted pro hac vice)*
Yasha Torabi *(admitted pro hac vice)*

**ATHLAW LLP**
8383 Wilshire Blvd., Suite 800
\Beverly Hills, CA 90211
Telephone: (818) 454-3652
samkatz@athlawllp.com
julia@athlawllp.com
noahreid@athlawllp.com
yasha@athlawllp.com

Bryan F. Aylstock *(admitted pro hac vice)*
Justin G. Witkin *(admitted pro hac vice)*
Douglass A. Kreis *(admitted pro hac vice)*
Bobby J. Bradford (*admitted pro hac vice*)
**AYLSTOCK, WITKIN, KREIS, & OVERHOLTZ, PLLC**
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
BAylstock@awkolaw.com
JWitkin@awkolaw.com
DKreis@awkolaw.com
BBradford@awkolaw.com

*Counsel for Plaintiffs and for the*
*Proposed Class and Subclasses*

Jason S. Rathod
Nicholas A. Migliaccio
**MIGLIACCIO & RATHOD LLP**
412 H Street, N.E.
Washington, DC 20002
Telephone: (202) 470-3520
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

*Counsel for Plaintiffs and Liaison Counsel*
*for the Proposed Class and Subclasses*

Robert K. Scott *(admitted pro hac vice)*
Gerry H. Goldsholle *(admitted pro hac vice)*
**ADVOCATE LAW GROUP P.C.**
2330 Marinship Way, Suite 260
Sausalito, CA 94965
Telephone: (949) 753-4950
bob@advocatelawgroup.com
gerry@advocatelawgroup.com

*Additional Counsel for Plaintiffs*