IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

|  |  |
|---|---|
| JASON ALFORD *et al.*,<br><br>       Plaintiffs,<br><br>    v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>       Defendants. | Case No. 1:23-cv-00358-JRR |

**DEFENDANTS' MOTION TO STAY DISCOVERY ORDER (ECF NO. 269) PENDING RESOLUTION OF DEFENDANTS' OBJECTIONS THERETO**

Pursuant to Local Rule 301.5(a),[1] Defendants the NFL Player Disability & Survivor Benefit Plan, the NFL Player Disability & Neurocognitive Benefit Plan (collectively, the "Disability Plan" or "Plan"), the Bert Bell/Pete Rozelle NFL Player Retirement Plan (the "Retirement Plan," and with the Disability Plan, the "Plans"), and the Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan (the "Board") respectfully request that the Court stay the September 2, 2025 Order of United States Magistrate Judge Erin Aslan, ECF No. 269 (the "Discovery Order"), pending the Court's resolution of Defendants' concurrently filed objections thereto.

The Court's discretion to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (noting the court's "broad discretion" to stay proceedings). In deciding

---

[1] A magistrate judge's order is not automatically stayed upon the filing of objections. L.R. 301.5(a).

whether to grant a motion to stay, courts consider (1) the length of the stay requested, (2) the prejudice on the moving party without the stay, (3) the prejudice on the non-moving party with the stay, and (4) whether the stay would promote judicial economy. *See, e.g.*, *Bernardes v. Miller*, 2024 WL 328757, at *2 (D. Md. 2024) (considering factors two through four); *Stone v. Trump*, 356 F. Supp. 3d 505, 517 (D. Md. 2018) (considering all factors); *Hunt Valley Presbyterian Church, Inc. v. Baltimore Cnty.*, 2018 WL 2225089, at *2 (D. Md. 2018) (considering factors two through four); *Donnelly v. Branch Banking & Tr. Co.*, 971 F. Supp. 2d 495, 501 (D. Md. 2013) (considering all factors); *In re Mut. Funds Inv. Litig.*, 2011 WL 3819608, at *1 (D. Md. 2011) (considering all factors). For the reasons set forth below, Defendants readily meet their burden under these four factors.

First, Defendants request the Court stay the Discovery Order only until the Court decides Defendants' concurrently filed objections. Should the Court grant a stay but ultimately overrule Defendants' objections, Defendants will be prepared to provide responses to Plaintiffs' discovery requests within five business days of such a decision.[2]

Second, Defendants would be significantly prejudiced by having to comply with the Discovery Order while their objections are pending. Disclosure while objections are pending effectively renders the objections moot because once disclosure is made, it cannot be undone. And if the Court ultimately sustains Defendants' objections, there would be no way to undo the harm that would accompany the unnecessary disclosure of detailed information regarding the Plan's finances and operations. *See HEI Res. E. OMG Joint Venture v. Evans*, 2009 WL 250364, at *2 (D. Colo. 2009) ("[A] stay may be appropriate where enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or

---

[2] This proposed stay would have no impact on the discovery request ordered by Judge Aslan relating to Neutral Physician performance evaluations, to which Defendants are not objecting. Defendants will respond to this request by the September 25, 2025 deadline.

the like."); *cf. In re Pros. Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009) ("In the case of confidential . . . information there is an inherent harm in wrongfully disclosing information that is claimed to be protected by the Constitution, privilege, or more general interests in privacy.").

For this reason, courts grant stays to prevent the disclosure of documents and information that ultimately may be unwarranted. *See, e.g.*, *Stone*, 356 F. Supp. 3d at 218 (granting stay of magistrate judge's order pending appeal in a parallel proceeding when compliance would require production of documents that may be protected by deliberative-process privilege ); *U.S. Dep't Health & Human Servs. v. Alley*, 556 U.S. 1149, 1149 (2009) (staying disclosure in an action brought under the Freedom of Information Act pending appeal); *U.S. Dep't of Just. v. Rosenfeld*, 501 U.S. 1227, 1227 (1991) (same).

In contrast to the prejudice to Defendants if a brief stay is not granted, Plaintiffs would face no prejudice from a brief stay of the Discovery Order pending the Court's consideration of Defendants' objections. As detailed in the parties' Joint Status Report, ECF No. 275, there are several motions currently pending with the Court, including Plaintiffs' motion for class certification, Defendants' motions for summary judgment, and the parties' motions to exclude the testimony of each other's experts. All of these motions are fully briefed and the discovery period closed on September 5, 2025. *See* ECF No. 216. If the Court sustains Defendants' objections, Plaintiffs will face no legal prejudice from being denied documents to which the Court may ultimately conclude they are not entitled. On the other hand, if the Court overrules Defendants' objections, the short delay from a brief stay as to the Discovery Order only will cause Plaintiffs no material harm because there is no near-term purpose for this discovery.[3] On

---

[3] At the September 2, 2025 hearing, Plaintiffs admitted that depending on the information produced, they may seek leave to file supplemental briefing, *see* Decl. of M. Garagiola in Supp. of Defs.' Objs. to Sept. 2, 2025 Disc. Order (ECF No. 269) ("Garagiola Decl."), Ex. I, Sept. 2, 2025 Hr'g Tr. 19:7-11, and while Defendants would oppose any such request, Plaintiffs may seek leave immediately upon receiving any additional discovery.

3

balance, Plaintiffs would face considerably less harm from the stay than Defendants would face without it.

Finally, staying the Discovery Order will also promote judicial economy, which "is typically measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Bernardes*, 2024 WL 328757, at *2 (quotations omitted); *Pogue v. Nw. Mut. Life Ins. Co.*, 2016 WL 3546395, at *2 (W.D. Ky. 2016) (granting stay noting that "insisting that the parties move forward in compliance with recent orders . . . pending resolution of [plaintiff's] objections" would only "exacerbate existing disputes or engender new disputes").

For the foregoing reasons, Defendants respectfully request that the Court stay Discovery Order pending resolution of Defendants' objections thereto.


Date: September 16, 2025                    Respectfully submitted,

                                            */s/ Gregory F. Jacob*
                                            Gregory F. Jacob (D. Md. Bar No. 06769)
                                            Meredith N. Garagiola (*pro hac vice*)
                                            O'MELVENY & MYERS LLP
                                            1625 Eye Street, N.W., 10th Floor
                                            Washington, DC 20006
                                            Telephone: (202) 383-5300
                                            Facsimile: (202) 383-5414
                                            Email: gjacob@omm.com
                                            Email: mgaragiola@omm.com

                                            Elizabeth L. McKeen (*pro hac vice*)
                                            O'MELVENY & MYERS LLP
                                            610 Newport Center Drive, 17th Floor
                                            Newport Beach, CA 92660
                                            Telephone: (949) 823-6900
                                            Facsimile: (949) 823-6994
                                            Email: emckeen@omm.com

                                            *Attorneys for Defendants The NFL Player*

*Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*

## CERTIFICATE OF SERVICE

I, Gregory F. Jacob, hereby certify that on September 16, 2025, I caused a copy of the foregoing document to be served upon all counsel of record via the CM/ECF system for the United States District Court for the District of Maryland.

*/s/ Gregory F. Jacob*
Gregory F. Jacob
