IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| JASON ALFORD *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00358-JRR |

**DEFENDANTS' MOTION TO SEAL**

Pursuant to Local Rule 105.11 and paragraph 17 of the Stipulated Protective Order, ECF No. 104, Defendants the NFL Player Disability & Survivor Benefit Plan, the NFL Player Disability & Neurocognitive Benefit Plan (collectively, the "Disability Plan" or "Plan"), the Bert Bell/Pete Rozelle NFL Player Retirement Plan (the "Retirement Plan," and with the Disability Plan, the "Plans"), and the Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan (the "Board") move to file under seal their Objections to the September 2, 2025 Discovery Order (ECF No. 269) and Exhibits B, D, and E attached to the Declaration of Meredith Garagiola in support of Defendants' objections.

Although "[t]he common law presumes a right of the public to inspect and copy all judicial records and documents," *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quotation omitted), that presumption "can be rebutted if countervailing interests heavily outweigh the public interests in access," *id.* (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978). In deciding motions to seal in this District, courts consider whether "less drastic alternatives to sealing," such as redacting documents, are possible. *J.C. v. McKnight*, 2023 WL

5487216, at *1 (D. Md. Aug. 24, 2023) (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984)).

The Protective Order requires that a party seeking to file "Confidential Information," as defined therein, either redact the Confidential Information or seek permission from the Court to file unredacted versions under seal. ECF No. 104 at 8. The documents Defendants seek to seal describe and quote Confidential Information, such as Plaintiffs' administrative records, Plaintiffs' sealed motion, sealed declarations, and other sealed filings and confidential documents and information. Defendants will also file a redacted, public version of this brief. (Defendants request 10 days to do so following the granting of this Motion.) By filing a redacted version of this brief on the public docket, Defendants will preserve the public's right to judicial records while ensuring that the Court can consider the full context of the brief. *See Va. Dep't of State Police*, 386 F.3d at 575.

Defendants recognize that there is a judicial preference for transparency and public access to court records, *see, e.g.*, *Va. Dep't of State Police*, 386 F.3d at 575, and that this Court invoked that preference in previously denying a motion that Defendants filed seeking to redact potentially identifying information in a hearing transcript that related to the medical conditions that Plaintiffs have placed at issue in this case. Defendants have discussed this issue with Plaintiffs, and Plaintiffs have provided Defendants two cases that permitted sealing of entire briefs that contained discussions of medical issues: *Jones v. Joubert*, 2017 WL 915009 (D. Md. Mar. 8, 2017), and *Whye v. Moss*, 2014 WL 6977658 (D. Md. Dec. 8, 2014). Defendants agreed in their discussions with Plaintiffs to advance these two precedents as a good-faith basis for moving to seal their briefs as requested herein.

Out of a duty of candor to the Court, however, Defendants raise to the Court's attention

the following authorities indicating that Plaintiffs may have waived confidentiality protections over discussions in briefs (as distinct from their underlying medical records) of the specific medical conditions that they have placed at issue in the case and have publicly described in their Amended Complaint and in subsequent filings. *See, e.g.*, *M.R. ex rel. N.R. v. Tajdar*, 2019 WL 3323207, at *3 (D. Md. July 24, 2019) ("Waiver occurs when a party raises the privileged or protected issue as part of a claim or defense."); *In re Verizon Wireless*, 2019 WL 4415538, at *5 (D. Md. Sept. 16, 2019) (same); *Johnson v. City of Fayetteville*, 2014 WL 7151147, at *11 (E.D.N.C. Dec. 11, 2014) ("Federal courts have recognized, however, that where a party voluntarily puts his or her medical information or status into issue, it is more difficult to find that the party's privacy interests constitute a compelling interest that outweighs the First Amendment right of access to documents, even if the documents are medical records."); *Stanford v. Cont'l Cas. Co.*, 455 F. Supp. 2d 438, 446 (E.D.N.C. 2006) (denying motion that would require sealing the administrative record in connection with a dispositive motion, even though many of the documents contained sensitive medical records); *see also Lohr v. UnitedHealth Grp., Inc.*, 2013 WL 4500692, at *4 (M.D.N.C. Aug. 21, 2013) (refusing to seal a plaintiff's medical records in a case challenging a denial of ERISA benefits); *Rushford*, 846 F.2d at 252 (opining that "discovery, which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court").

    For the foregoing reasons, Defendants respectfully request that the Court grant this Motion to Seal, enter the proposed order filed herewith, and seal their Objections to the September 2, 2025 Discovery Order (ECF No. 269) and Exhibits B, D, and E attached to the Declaration of Meredith Garagiola in support of Defendants' objections.

Date: September 16, 2025　　　　　　　　　Respectfully submitted,

/s/ *Gregory F. Jacob*
Gregory F. Jacob (D. Md. Bar No. 06769)
Meredith N. Garagiola (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., 10th Floor
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: gjacob@omm.com
Email: mgaragiola@omm.com

Elizabeth L. McKeen (*pro hac vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*

## CERTIFICATE OF SERVICE

      I, Gregory F. Jacob, hereby certify that on September 16, 2025, I caused a copy of the foregoing document to be served upon all counsel of record via the CM/ECF system for the United States District Court for the District of Maryland.

                                                   */s/ Gregory F. Jacob*
                                                   Gregory F. Jacob