**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| JASON ALFORD *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE NFL PLAYER DISABILITY &<br>SURVIVOR BENEFIT PLAN *et al.*,<br><br>　　　　Defendants. | Case No. 1:23-cv-00358-JRR |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO EXCLUDE THE TESTIMONY
OF JOSEPH GAROFOLO**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

    I.    PLAINTIFFS ADMIT THAT MR. GAROFOLO'S OPINIONS ARE IRRELEVANT TO CLASS CERTIFICATION ...................................................... 1

    II.    MR. GAROFOLO'S OPINIONS ARE UNRELIABLE AND NOT USEFUL TO THE COURT BECAUSE HE HAS NO EXPERIENCE ON ANY OF THE SPECIFIC ISSUES ON WHICH HE PURPORTS TO OPINE ............................................................................................................. 2

    III.    MR. GAROFOLO'S TESTIMONY SHOULD BE EXCLUDED FOR OFFERING LEGAL CONCLUSIONS ............................................................... 5

    IV.    THE LAW IS CLEAR THAT RULE 702 APPLIES AT THIS STAGE OF THE CASE AND TO BENCH TRIALS ................................................................. 6

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Acosta v. Vinoskey*,
  310 F. Supp. 3d 662 (W.D. Va. 2018) ................................................................................ 6

*Adams v. City of Clarksville*,
  2010 WL 11693099 (M.D. Tenn. Feb. 25, 2010) ................................................................ 4

*Adell Plastics, Inc. v. Mt. Hawley Ins. Co.*,
  2019 WL 2524916 (D. Md. June 19, 2019) ........................................................................ 6

*Betts v. Benefit Sols. Inc.*,
  2015 WL 4772568 (S.D. W. Va. Aug. 12, 2015) ................................................................ 6

*Brightview Grp., LP v. Teeters*,
  2021 WL 2627960 (D. Md. Feb. 8, 2021) ........................................................................... 6

*Cap. Funding Grp., Inc. v. Zuccari*,
  2021 WL 1339387 (D. Md. Apr. 9, 2021) ........................................................................... 7

*Childress v. JP Morgan Chase & Co.*,
  2019 WL 2865848 (E.D.N.C. July 2, 2019) ........................................................................ 8

*Gov't Emps. Health Ass'n v. Actelion Pharms. Ltd.*,
  2024 WL 4122123 (D. Md. Sept. 6, 2024) .......................................................................... 8

*Grand Isle Shipyards, Inc. v. Black Elk Offshore Operations, LLC*,
  2021 WL 533706 (E.D. La. Feb. 12, 2021) ......................................................................... 7

*Greenbrier Hotel Corp. v. UNITE HERE Health*,
  2016 WL 9779134 (S.D. W. Va. Aug. 26, 2016) ................................................................ 3

*In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*,
  602 F. Supp. 3d 767 (D. Md. 2022) ..................................................................................... 8

*In re Reliant Energy ERISA Litig.*,
  2005 WL 5989791 (S.D. Tex. Aug. 19, 2005) .................................................................... 4

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1994) ............................................................................................................. 4

*League of United Latin Am. Citizens v. Edwards Aquifer Auth.*,
  2014 WL 10762935 (W.D. Tex. Sept. 30, 2014) ................................................................. 8

*Marshall v. Northrop Grunman Corp.*,
  2019 WL 6354371 (C.D. Cal. Oct. 16, 2019) ..................................................................... 7

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*McKerrow v. Buyers Prods. Co.*,
  2016 WL 1110303 (D. Md. Mar. 22, 2016) .............................................................................. 4

*McQueston v. Helms*,
  2009 WL 554101 (S.D. Iowa Mar. 4, 2009) ............................................................................. 5

*Perez v. Bruister*,
  54 F. Supp. 3d 629 (S.D. Miss. 2014) ...................................................................................... 7

*Pledger v. Reliance Tr. Co.*,
  2019 WL 4439606 (N.D. Ga. Feb. 25, 2019) ........................................................................... 7

*Robinson v. Nationstar Mortg. LLC*,
  2019 WL 4261696 (D. Md. Sept. 9, 2019) ............................................................................... 8

*SEC v. Miller*,
  2023 WL 1971455 (D. Md. Feb. 13, 2023) .............................................................................. 6

*Spence v. Am. Airlines, Inc.*,
  775 F. Supp. 3d 963 (N.D. Tex. 2025) ..................................................................................... 7

*Students for Fair Admissions v. U.S. Naval Acad.*,
  2024 WL 4135782 (D. Md. Sept. 10, 2024) ......................................................................... 6, 7

*Sun Yung Lee v. Clarendon*,
  453 F. App'x 270 (4th Cir. 2011) ............................................................................................. 5

*Trauernicht v. Genworth Fin., Inc.*,
  2024 WL 3996019 (E.D. Va. Aug. 29, 2024) ........................................................................... 4

*United States v. 0.012 Acres, More or Less, Situated in Lexington Cnty., SC*,
  2025 WL 869681 (D.S.C. Jan. 8, 2025) .................................................................................. 7

*United States v. Wilson*,
  484 F.3d 267 (4th Cir. 2007) ................................................................................................... 4

*Vellali v. Yale Univ.*,
  2021 WL 9456194 (D. Conn. Sept. 30, 2021) ......................................................................... 7

*Wichansky v. Zowine*,
  2016 WL 6818945 (D. Ariz. Mar. 22, 2016) ........................................................................... 5

*Zavislak v. Netflix, Inc.*,
  2024 WL 2884649 (N.D. Cal. June 7, 2024) ........................................................................... 4

## TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**RULES**

Fed. R. Evid. 1101(b) .................................................................................................... 6

Fed. R. Evid. 702 ................................................................................................... passim

Fed. R. Evid. 702 advisory committee's note to 2000 amendments ............................... 4

Fed. R. Evid. 704(a) ...................................................................................................... 5

**INTRODUCTION**

Plaintiffs do not dispute that Mr. Joseph Garofolo has no relevant experience with disability plans, or with any of the specific issues on which he purports to opine. His opinions are nothing more than a series of unexplained and unsupported statements about what "I would have" done "if I were a Trustee," ECF No. 172-14 at 19-22, none of which are based on his own personal experience, industry standards, practice of any disability plan, case law, regulatory guidance, or widely held professional views. Plaintiffs claim that Mr. Garofolo's opinions should be admitted as those of an "experiential witness," Pls.' Opp. to Defs.' R. 702 Mot. to Exclude J. Garofolo ("Opp.") at 10-12, but his opinions are the antithesis of experiential, and the standards of reliability for experience-based testimony that are articulated in the cases that Plaintiffs cite support the exclusion of Mr. Garofolo's expert report. Plaintiffs are further wrong that Rule 702 does not apply at the class certification stage or in the context of a bench trial. A straightforward application of Rule 702's reliability and relevance requirements requires that the Court grant Defendants' motion to exclude Mr. Garofolo's opinions.

**I.    PLAINTIFFS ADMIT THAT MR. GAROFOLO'S OPINIONS ARE IRRELEVANT TO CLASS CERTIFICATION**

Plaintiffs admit that their class certification motion contains only a single unexplained citation to Mr. Garofolo's expert report, and that his opinions are not in any way "critical" to deciding their class certification motion. Opp. at 4-5. The Court should thus ignore Mr. Garofolo's report for purposes of deciding Plaintiffs' class certification motion, regardless of how it decides Defendants' Rule 702 motion. Plaintiffs' admission further supports Defendants' arguments in Section II below that Mr. Garofolo's opinions should be excluded because they are not useful to the Court.

1

## II. MR. GAROFOLO'S OPINIONS ARE UNRELIABLE AND NOT USEFUL TO THE COURT BECAUSE HE HAS NO EXPERIENCE ON ANY OF THE SPECIFIC ISSUES ON WHICH HE PURPORTS TO OPINE

Plaintiffs do not dispute that Mr. Garofolo does not have any relevant experience with disability plans. Plaintiffs misleadingly claim that his opinions are "steeped in his considerable ERISA experience of steps Defendants could take (or could have taken) to ensure the neutrality of Plan physicians," Opp. at 9, but in fact he has no experience managing networks of physicians or implementing measures to avoid physician bias. *See* Defs.' Mem. ISO Defs.' Mot. to Exclude the Testimony of J. Garofolo ("Mot.") at 7-11. To the contrary, Mr. Garofolo repeatedly admitted at his deposition that he was not aware of any disability plan that has ever implemented any of the measures that he claims this Plan should have implemented. *See id.* at 12-14. His opinions are pure *ipse dixit*; they are not grounded in his own, relevant experience or in the experience of any other similarly situated ERISA plan. *Id.*

Plaintiffs claim that Mr. Garofolo's expressed opinions have sufficient indicia of reliability to be admitted because, as an ERISA practitioner, he has general familiarity with ERISA's basic fiduciary duties of prudence and loyalty, which apply to all ERISA plans. Opp. at 5-8. Even accepting that Mr. Garofolo has a general familiarity with ERISA, a passing familiarity with a subject does not qualify him to opine on complex issues of disability plan administration that he has no prior experience with, any more than a person who is generally familiar with how to drive a car can render expert opinions on the proper standards for driving a tractor trailer or a double-decker bus. *See* Mot. at 9 n.5. Mr. Garofolo acknowledged that ███████████████████████████████████████████████████████████████████ ███████████████████████, ECF No. 219-15, J. Garofolo June 10, 2025 Dep. Tr. 32:7-9; ECF No. 219-16, J. Garofolo June 26, 2025 Dep. Tr. 348:24-349:3, so there must be numerous experienced professionals available with genuine expertise in how disability plans maintain

2

networks of examining physicians and the policies they typically deploy to encourage objective and unbiased disability assessments.[1] Mr. Garofolo's demonstrated lack of relevant experience thus speaks volumes about its (in)admissibility. Whatever experience he may have with ERISA, it does not support the opinions he has offered in this case. And nowhere in his expert report or in his deposition testimony did Mr. Garofolo identify any ERISA plan *of any kind*—retirement, health, disability, or otherwise—that has instituted any of the measures that his report opines that this Plan should have instituted. Mot. at 6 n.3. Simply put, his expressed personal views bear none of the indicia of reliability that Rule 702 requires. *Id.* at 4-14. By contrast, Mr. Garofolo's expert opinions that were admitted in *Greenbrier Hotel Corp. v. UNITE HERE Health*, 2016 WL 9779134 (S.D. W. Va. Aug. 26, 2016), ████████████████████████████████████████████████████████████████████████████████. *See* Decl. of M. Garagiola ISO Reply ISO Defs.' Mot. to Exclude the Testimony of J. Garofolo, Ex. A, Trial Tr. Vol. III 450:9-12, 451:13-14.

     Plaintiffs claim that Defendants' Motion "misstates the law applicable to expert witnesses in ERISA cases," Opp. at 1, but it focuses squarely on the issues of reliability and helpfulness to the Court that Plaintiffs acknowledge the Court must apply.[2] And the very cases that Plaintiffs

---

[1] Contrary to Plaintiffs' contention, Opp. at 12, Mr. Garofolo's report does not state that any of his opinions are based on the "uniqueness" of the Plan. *See* ECF No. 172-14 at 19-22. While it is true that at his deposition Mr. Garofolo attributed his inability to identify any disability plan (or any other ERISA plan, for that matter) that has ever implemented any of the measures that his report suggests to the purported uniqueness of the Plan, his Report lays no such foundation, and he lacks the expertise required to identify what standard disability plan practices are, or to explain why particular disability plan features might warrant some form of modification.

[2] *See* Opp. at 10-13 (acknowledging that the Court is required to assess whether the purported expert applied "Reliable Experiential Methods"); Mot. at 4-7 (Section I, "MR. GAROFOLO'S OPINIONS SHOULD BE EXCLUDED BECAUSE THEY ARE NOT HELPFUL TO THE TRIER OF FACT"); *id*. at 7-14 (Section II, "THE COURT SHOULD EXCLUDE MR. GAROFOLO'S OPINIONS BECAUSE THEY ARE UNRELIABLE").

3

most prominently rely on in their Opposition in fact support excluding Mr. Garofolo's opinions because they lack the indicia of reliability that Rule 702 requires. *See, e.g.*, *United States v. Wilson*, 484 F.3d 267, 274 (4th Cir. 2007) ("[T]he district court must . . . require an experiential witness to 'explain how [his] experience leads to the conclusion reached, why [his] experience is a sufficient basis for the opinion, and how [his] experience is reliably applied to the facts.'" (quoting Fed. R. Evid. 702 advisory committee's note to 2000 amendments) (alteration in original)); *Trauernicht v. Genworth Fin., Inc.,* 2024 WL 3996019, at *5 (E.D. Va. Aug. 29, 2024) (explaining that "[f]or testimony that is primarily experiential in nature, . . . reliability must be examined," with a focus on the "intellectual rigor" of the opinions and "whether the expert's reasoning or methodology has general acceptance in the relevant professional community" (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151-52 (1994)) (quotations omitted)); *In re Reliant Energy ERISA Litig.*, 2005 WL 5989791, at *2 (S.D. Tex. Aug. 19, 2005) ("The Supreme Court has reiterated that the expert's self-proclaimed reliability is irrelevant: '[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.'" (alteration in original)); *Zavislak v. Netflix, Inc.*, 2024 WL 2884649, at *14 (N.D. Cal. June 7, 2024) (experiential opinions may be based on "familiarity with industry standards").[3]

---

[3] Other authorities regarding the admissibility of experiential opinions further reinforce that Rule 702 requires that such opinions must be grounded in specific indicia of reliability to be admissible. *See, e.g.*, *McKerrow v. Buyers Prods. Co.*, 2016 WL 1110303, at *3 (D. Md. Mar. 22, 2016) ("While an expert's specialized knowledge and experience need not align perfectly with the issues before the court, an expert's opinion is admissible under Rule 702 'only to the extent the expert draws on some special skill, knowledge or experience to formulate that opinion; the opinion must be an expert opinion (that is, an opinion informed by the witness' expertise) rather than simply an opinion broached by a purported expert.'"); *Adams v. City of Clarksville*, 2010 WL 11693099, at *5 (M.D. Tenn. Feb. 25, 2010) ("[T]he law is clear that an expert relying solely or primarily on experience to support his opinions cannot simply relate his conclusion but

Because Mr. Garofolo's opinions have no foundation in his own experience, the practice of other disability plans, industry standards, widely held professional views, case law, or regulatory guidance, they are not reliable, relevant, or useful to the Court, and Rule 702 requires that they be excluded.

### III. MR. GAROFOLO'S TESTIMONY SHOULD BE EXCLUDED FOR OFFERING LEGAL CONCLUSIONS

Plaintiffs wrongly contend that Defendants "[m]isstate" the governing law on excluding expert opinions based on legal conclusions. Plaintiffs argue that, under FRE 704(a), "it is no longer impermissible" for an expert to "opine on 'the ultimate issue'" in a case. Opp. at 2. But they leave out the crucial second half of this sentence: "While an expert may testify as to the ultimate matter at issue" under Rule 704(a), "this refers to testimony on ultimate facts; *testimony on ultimate questions of law, i.e., legal opinions or conclusions, is not favored*." *Sun Yung Lee v. Clarendon*, 453 F. App'x 270, 278 (4th Cir. 2011) (emphasis added). As Plaintiffs themselves admit, *Daubert* requires an expert's opinion to be helpful to the trier of fact to be relevant, Opp. at 2, and courts have repeatedly held that testimony drawing a legal conclusion is not helpful. *See* Mot. at 4 (collecting cases); *see also Wichansky v. Zowine*, 2016 WL 6818945, at *6 (D. Ariz. Mar. 22, 2016) (excluding testimony "about the law of fiduciary duties and the legal

---

must "explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Mr. Looper makes no attempt whatsoever to connect the dots between his experience and his opinions—he simply offers opinions with no rationale to support his conclusions, and states that his opinions are based upon his training and experience."); *McQueston v. Helms*, 2009 WL 554101, at *8 (S.D. Iowa Mar. 4, 2009) (granting motion to exclude expert who "rel[ied] exclusively on his own experience" and who failed to "provide the specific knowledge that [he] gained from his experience that relates to [his opinion]" and failed "to explain how [he] applied that knowledge to the facts of [the] case to form his opinion").

requirements of a federal statute" and how "[defendant's] conduct violated those laws").[4]

Mr. Garofolo repeatedly confirmed at his deposition that his opinions are not based on any experience with or knowledge of disability plans but rather on a purported direct application of ERISA to the facts of this case. Mot. at 4-7. This provides an independent basis to exclude Mr. Garofolo's opinions.

## IV.   THE LAW IS CLEAR THAT RULE 702 APPLIES AT THIS STAGE OF THE CASE AND TO BENCH TRIALS

Plaintiffs argue that the Court does not need to assess whether Mr. Garofolo's opinions comply with the reliability requirements of Rule 702 because the case is not triable to a jury and because the case is at the class certification stage. Neither proposition is correct.

As Defendants already explained in their opening motion, Mot. at 2 n.2, although *Daubert*'s safeguards may be "relaxed" when a case is tried by a judge, Opp. at 3, the threshold reliability and relevance requirements remain. As Plaintiffs' own case citation recognizes, "even in a bench trial case, it is necessary that expert testimony meet the fundamental admissibility requirements of Rule 702 and the decisions in *Daubert* and *Kumho*." *Students for Fair Admissions v. U.S. Naval Acad.*, 2024 WL 4135782, at *4 (D. Md. Sept. 10, 2024); *see also Acosta v. Vinoskey*, 310 F. Supp. 3d 662, 667 (W.D. Va. 2018) ("[I]t is error for a district court to merely consider the *Daubert* factors in determining the weight attributable to certain

---

[4] Plaintiffs' mundane observation that some of the cases Defendants cite were in the criminal context, Opp. at 2, is even less persuasive. Rule 702 applies equally in "civil cases and proceedings . . . [and] criminal cases and proceedings." Fed. R. Evid. 1101(b). And the criminal cases Defendants cited were by no means outliers—courts in this circuit have consistently held in the civil context that experts cannot offer legal opinions that will not help the trier of fact. *See, e.g.*, *SEC v. Miller*, 2023 WL 1971455, at *2 (D. Md. Feb. 13, 2023); *Brightview Grp., LP v. Teeters*, 2021 WL 2627960, at *5 (D. Md. Feb. 8, 2021); *Adell Plastics, Inc. v. Mt. Hawley Ins. Co.*, 2019 WL 2524916, at *3-4 (D. Md. June 19, 2019); *Betts v. Benefit Sols. Inc.*, 2015 WL 4772568, at *8 (S.D. W. Va. Aug. 12, 2015).

evidence"—"a separate admissibility determination 'still must be made at some point.'"). Courts thus regularly exclude expert testimony in bench trials when those requirements are not met.[5] That is exactly the case here. Mot. at 4-14; *supra* 1-6.

The cases that Plaintiffs cite are plainly distinguishable because those experts did not blatantly fail *Daubert*'s fundamental admissibility requirements like Mr. Garofolo does. In *Students for Fair Admissions*, the court declined to exclude two experts' testimony because it saw "no reason to exclude" one expert's testimony and was "not persuaded by Defendants' reliability argument" for the other. 2024 WL 4135782, at *5. And in *Capital Funding Group, Inc. v. Zuccari*, 2021 WL 1339387 (D. Md. Apr. 9, 2021), the court was "satisfied" that the expert was "adequately qualified" and that his opinions would be "particularly helpful." *Id.* at *5-6.[6] Here, by contrast, Mr. Garofolo's testimony will violate *Daubert*'s standard several times over. Mot. at 4-14; *supra* 1-6. In particular, courts have recognized that, "[e]ven in bench trials,

---

[5] *See, e.g., United States v. 0.012 Acres, More or Less, Situated in Lexington Cnty., SC*, 2025 WL 869681, at *5-7 (D.S.C. Jan. 8, 2025) (excluding expert in a case set for bench trial where he "did not apply a proper . . . methodology" and his testimony "lack[ed] adequate factual support for his conclusion"); *Grand Isle Shipyards, Inc. v. Black Elk Offshore Operations, LLC*, 2021 WL 533706, at *3-4 (E.D. La. Feb. 12, 2021) (excluding expert testimony as unreliable and noting that "[t]he fact that [the] matter [would] be tried to a bench, rather than a jury, [did] not remedy the issue"); *Pledger v. Reliance Tr. Co.*, 2019 WL 4439606, at *17-19 (N.D. Ga. Feb. 25, 2019) (excluding expert's testimony as unreliable ahead of ERISA bench trial); *see also Vellali v. Yale Univ.*, 2021 WL 9456194, at *1 (D. Conn. Sept. 30, 2021) (denying motion to stay *Daubert* briefing in ERISA case and explaining that "Federal Rule of Evidence 702 imposes the same requirement as to an expert witness regardless of whether the trial is a jury trial or a bench trial").

[6] Plaintiffs' other cited cases likewise involved experts that did not run afoul of the requirements of Rule 702. *See Spence v. Am. Airlines, Inc.*, 775 F. Supp. 3d 963, 976 (N.D. Tex. 2025) (finding that "expert['s] testimony [was] precisely what the Federal Rules of Evidence contemplate"); *Marshall v. Northrop Grunman Corp.*, 2019 WL 6354371, at *1-2 (C.D. Cal. Oct. 16, 2019) (finding that expert's testimony "may well be useful" to the trier of fact); *Pledger*, 2019 WL 4439606, at *4 (finding that one expert was "qualified to testify" and that her opinions were not "contrary to law," but excluding another's as unreliable); *Perez v. Bruister*, 54 F. Supp. 3d 629, 640 (S.D. Miss. 2014) (finding that experts were qualified and that their testimony "was helpful" to the trier of fact).

7

testimony [should] be excluded prior to trial if the expert is merely providing legal opinions which invade the province of the court," as Mr. Garofolo does here. *League of United Latin Am. Citizens v. Edwards Aquifer Auth.*, 2014 WL 10762935, at *2 (W.D. Tex. Sept. 30, 2014) (collecting cases); Mot at 4-7.  In sum, the "let it all in" standard Plaintiffs advocate for is both inconsistent with the case law and inconsistent with the positions they have advanced in their own *Daubert* motions in this case.

Plaintiffs' argument that the Court should not consider Defendants' *Daubert* challenge at the class certification stage of the case is equally incorrect.  For one thing, there are three fully briefed summary judgment motions pending, and Plaintiffs do not cite any authority suggesting that Rule 702 does not apply at the summary judgment phase.  In fact, Plaintiffs rely on Mr. Garofolo's opinions in their opposition to Defendants' motions for summary judgment.  *See* ECF No. 186 at 25.  In addition, Plaintiffs' own cited cases show that courts in this circuit regularly consider motions to exclude expert opinions at the class certification stage.  *See* Opp. at 4 (collecting cases).  Indeed, in every case that Plaintiffs cite, the court engaged in a full *Daubert* analysis, rather than refusing to do so based on Plaintiffs' proposed standard that Rule 702 does not apply to opinions that are not "critical."[7]  And as Plaintiffs admit, they were the first to file a Rule 702 motion in this case, and did so explicitly in connection with their class certification motion.  Opp. at 5 n.5.

---

[7] *See Gov't Emps. Health Ass'n v. Actelion Pharms. Ltd.*, 2024 WL 4122123, at *6-9 (D. Md. Sept. 6, 2024); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 602 F. Supp. 3d 767, 791 (D. Md. 2022); *Childress v. JP Morgan Chase & Co.*, 2019 WL 2865848, at *3-4 (E.D.N.C. July 2, 2019); *Robinson v. Nationstar Mortg. LLC*, 2019 WL 4261696, at *13-15 (D. Md. Sept. 9, 2019).

8

Rule 702 thus plainly applies to Mr. Garofolo's expert opinions, which should be excluded because they do not bear any of the indicia of reliability that Rule 702 requires. *See* Section II, *supra*.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Motion to Exclude the Testimony of Mr. Garofolo.

Date: August 22, 2025

Respectfully submitted,

*/s/ Gregory F. Jacob*
Gregory F. Jacob (D. Md. Bar No. 06769)
Meredith N. Garagiola (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W., 10th Floor
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: gjacob@omm.com
Email: mgaragiola@omm.com

Elizabeth L. McKeen (*pro hac vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com

*Attorneys for Defendants The NFL Player Disability & Survivor Benefit Plan, The NFL Player Disability & Neurocognitive Benefit Plan, The Bert Bell/Pete Rozelle NFL Player Retirement Plan, and The Disability Board of the NFL Player Disability & Neurocognitive Benefit Plan*

## **CERTIFICATE OF SERVICE**

     I, Gregory F. Jacob, hereby certify that on August 22, 2025, I caused a copy of the foregoing document to be served upon all counsel of record via the CM/ECF system for the United States District Court for the District of Maryland.

                                           */s/ Gregory F. Jacob*
                                           Gregory F. Jacob