IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**JASON ALFORD**, *et al.*,

    *Plaintiffs*,

v.

**THE NFL PLAYER DISABILITY,
& SURVIVOR BENEFIT PLAN**, *et al.*,

    *Defendants*.

Case No. 1:23-cv-00358-JRR

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiffs' Motion to Strike Reply Declarations (ECF No. 247; the "Motion"), wherein they seek to strike two declarations offered by Defendants attached to their reply brief in support of their motions for summary judgment.[1] The court has reviewed all papers; no hearing is necessary.[2] Local Rule 105.6 (D. Md. 2025).

**I.   Relevant Background**

The court incorporates the relevant background of this case as set forth in its contemporaneously-issued memorandum opinion on Defendants' three motions for summary judgment. Relevant here, Plaintiffs seek to strike the declarations of Roberto Garza (sealed: ECF

---

[1] Defendants contend in a footnote that the instant Motion is "procedurally improper" because only pleadings may be struck pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 297 at p. 7 n.5.) Plaintiffs seek relief pursuant to Rule 37(c)(1), which authorizes the court, as a sanction, to disallow a party to "use" evidence from an undisclosed witness. FED. R. CIV. P. 37(c)(1); *see Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 694 F. Supp. 3d 625, 650 (M.D.N.C. 2023) (discussing same). Accordingly, in ruling on the instant Motion, the court considers whether the Declarations should be disregarded. The use of "disregarded" as opposed to "struck" is, as Plaintiffs correctly note, a distinction without a difference here. (ECF No. 296 at p. 12 n.10.) *See Intercollegiate Women's Lacrosse Coaches Ass'n*, 694 F. Supp. 3d at 650; *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 326 (4th Cir. 2011) (concluding that "the district court did not abuse its discretion in striking the disputed declaration").

[2] The papers filed in connection with the instant Motion are as follows:

    Plaintiffs' Motion and Memorandum of Law (sealed: ECF No. 248; public: ECF Nos. 247, 295); Defendants' Opposition (sealed: ECF No. 264; public: ECF No. 297); Plaintiffs' Reply (sealed: ECF No. 282; public: ECF No. 296).

No. 235-17; public: ECF No. 328; the "Garza Declaration") and Stephanie M. Clark (sealed: ECF No. 235-18; public: ECF No. 329; the "Clark Declaration") (collectively, the "Declarations") offered by Defendants as attachments to their reply in support of their motions for summary judgment. (ECF No. 295 at p. 1.)

Plaintiffs filed their motion to certify class on September 3, 2024.[3] (ECF No. 102.) Defendants then served their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) on October 9, 2024; the initial disclosures did not identify Garza or Clark as individuals likely to possess discoverable information upon which Defendants may rely for their defense. (Defs.' Initial Disclosures, ECF No. 247-3 ¶ 1.) On November 18 and 19, 2024, Defendants filed their opposition to Plaintiffs' class certification motion and, with leave of court, three motions for summary judgment as to Daniel Loper, Jamize Olawale, and Charles Sims, respectively.[4] (ECF Nos. 115, 124, 125.)

Defendants offer the Declarations as attachments to their reply in support of their motions for summary judgment. (Sealed: ECF Nos. 235-17, 235-18; public: ECF No. 328, 329.) Garza and Clark are psychometricians, working with Neutral Physicians David Salisbury and Douglas Cooper, respectively, who were identified as test scorers on applicable testing report forms. (ECF No. 295 at p. 2; ECF No. 297 at p. 1.) Defendants offer the Declarations in their to challenge contentions raised by Plaintiffs in their opposition papers regarding demographic adjustments and Defendants' use of Heaton norms[5] in their Rule 56 motions.

As Plaintiffs detail in their Motion, demographic adjustments and Heaton norms have

---

[3] For administrative purposes, this motion was administratively re-docketed as of March 4, 2025.
[4] For administrative purposes, these papers were administratively re-docketed as of March 4, 2025.
[5] "Heaton norms" are "demographically corrected or adjusted and take into account" factors such as race, "comparing the subject of the evaluation to only those people who fall into similar categories, rather than the general population." *Jefferson v. Sellers*, 250 F. Supp. 3d 1340, 1365 (N.D. Ga. 2017), *aff'd sub nom. Jefferson v. GDCP Warden*, 941 F.3d 452 (11th Cir. 2019).

plainly been put at issue in this action, as evidenced by the pleadings, discovery materials, and counsel's presentation at hearings before this court. (ECF No. 295 at pp. 7–10.) That notwithstanding, as Defendants note, no specific allegations of demographic adjustments were made as to Plaintiffs Olawale and Sims, although Defendants had in their custody at least some of the documents upon which Plaintiffs rely to support their allegations of demographic adjustment (*e.g.*, the Salisbury and Cooper reports as to Olawale and Sims, respectively). (ECF No. 297 at pp. 1–3; ECF No. 295 at pp. 7–9.) Documents identifying Garza and Clark as psychometricians were also in Plaintiffs' possession throughout discovery. (ECF No. 297 at pp. 9.)

Defendants filed their reply in support of their motions for summary judgment, including the Declarations, on July 24, 2025. (ECF No. 235.) Discovery in this action closed 42 days later, on September 5, 2025. (ECF No. 216.)

## II.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 37(c)(1): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). At issue here, Rule 26(a)(1) requires that "a party must, without awaiting a discovery request, provide to the other parties . . . the name . . . of each individual likely to have discoverable information," to include "the subjects of that information [] that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A)(i). Further, pursuant to Rule 26(e)(1), "[i]f a party discovers that the original disclosure requires additions or corrections, the party must supplement its disclosure." *Holmes v. Gen. Dynamics Mission Sys., Inc.*, 835 F. App'x 688, 690 (4th Cir. 2020) (citing FED. R. CIV. P. 26(e)(1)(A)). Specifically, "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing,"

3

the party must "supplement or correct its disclosure . . . in a timely manner" after learning that the disclosure is "in some material respect . . . incomplete or incorrect." FED. R. CIV. P. 26(e)(1)(A).

This court is afforded "'broad discretion' in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) (quoting *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014)). Ultimately, "[t]he party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless." *Id.* (citing *Wilkins*, 751 F.3d at 222).

## III.  Analysis

In considering whether one of the two exceptions to exclusion is applicable "for purposes of a Rule 37(c)(1) exclusion analysis," the court is guided by the following five factors, sometimes referred to as the *Southern States* factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence."[6] *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The first four of the factors "relate primarily to the harmlessness exception," and the last factor "relates mainly to the substantial justification exception." *Bresler*, 855 F.3d at 190 (citing *S. States*, 318 F.3d at 597). A court need not find "bad faith or callous disregard of the discovery rules" to order exclusion pursuant to Rule 37(c)(1). *S. States*, 318 F.3d at 596.

The court first considers any surprise caused by Defendants' non-disclosure of Garza and Clark. *See S. States*, 318 F.3d at 597, *supra*. While the court appreciates that Plaintiffs may have

---

[6] The court is not required to "tick through each of the *Southern States* factors." *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).

4

been in possession of records that could have put them on notice of Garza and Clark's scope of knowledge in this case, the court ultimately agrees with Plaintiffs that failure to disclose Garza and Clark as individuals with knowledge pursuant to Rule 26(a)(1)(A) resulted in some modicum of surprise. Surprise "comes not from learning the declarants' identities, but from learning that the opposing party intends to use those declarants in support of its version of the facts." *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 694 F. Supp. 3d 625, 652 (M.D.N.C. 2023) (citing cases); *see Lilly v. Baltimore City Police Dep't*, No. CV 22-2752-BAH, 2025 WL 1709856, at *11 (D. Md. June 17, 2025) (same). "That a newly-discovered declarant's testimony responds to, or otherwise corroborates, other known evidence does not make its late-blooming appearance unsurprising; were it otherwise, virtually any 'relevant' evidence would be 'unsurprising'" under the first factor. *Intercollegiate Women's Lacrosse Coaches Ass'n*, 694 F. Supp. 3d at 653.

That notwithstanding, such surprise is not persuasive here given Plaintiffs' plain ability to cure it. *Cf. Fazzie v. Steinberg*, No. CV JKB-15-1730, 2018 WL 4335514, at *5 (D. Md. Sept. 11, 2018) (explaining that "any surprise here is not the kind that is difficult to cure" and that "[e]xclusion as a sanction is designed to avoid injustice when violations of disclosure requirements prevent the opposing party a meaningful opportunity to conduct discovery related to undisclosed facts or witnesses" (citation modified)). Indeed, the court's analysis of the second factor is particularly relevant here. Defendants filed the Declarations with their reply brief on July 24, 2025. (ECF Nos. 235-17, 235-18.) Discovery in this matter closed on September 5, 2025. (ECF No. 216.) Plaintiffs were on notice of Garza and Clark as witnesses well before the close of discovery; they had more than a month to take appropriate action to cure any surprise. As Defendants note, "[c]ourts within the Fourth Circuit generally deny motions to strike in cases where the surprise is curable." *SAS Inst. Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, No. 5:10-

5

CV-101-H, 2012 WL 12914641, at *4 (E.D.N.C. Dec. 11, 2012) (citing cases). In response to this point, Plaintiffs advance two arguments.

First, Plaintiffs contend that "deposing two declarants having limited knowledge that does not apply to all Plaintiffs (let alone all absent members of the proposed class) would have wasted time and resources and because it would not have resolved the factual dispute about whether Defendants did or did not apply the racial norms to Plaintiffs' benefits claims." (ECF No. 296 at pp. 8–9.) True or not, it is hard square Plaintiffs' contention that deposing Clark and Garza would not have been worthwhile with their argument that they suffered prejudice by what they describe as Defendants' failure to disclose important evidence. In any event, that these witnesses' depositions would not have been fruitful does not mean Plaintiffs did not have an opportunity to cure the surprise.

Second, Plaintiffs argue it would have been "inefficient and disruptive to depose the witnesses on the eve of the close of discovery." (ECF No. 282 at p. 9.) Plaintiffs exaggerate their circumstances. It was not the "eve of the close of discovery." It was well more than a month before the close of discovery. And, as Defendants note, other courts in this district have found a party had ample opportunity to cure surprise in far less time. *See SAS Inst. Inc.*, 2012 WL 12914641, at *4 (citing cases); *Salami v. N. Carolina Agr. & Tech. State Univ.*, 394 F. Supp. 2d 696, 710 (M.D.N.C. 2005), *aff'd,* 191 F. App'x 193 (4th Cir. 2006) (holding that where the plaintiff was provided with an expert opinion "two weeks prior to the close of discovery, and more than twenty weeks prior to trial," he could not "meet the *Southern States* test").[7] This is particularly noteworthy given the limited value the depositions would have had according to Plaintiffs.

The court appreciates, as Plaintiffs urge, that because the Declarations were offered in

---

[7] Plaintiffs argue these cases are materially distinguishable because they deal with expert reports produced after expert witness disclosures and depositions had concluded. (ECF No. 296 at pp. 10–11.) Plaintiffs mistake the point. The relevant analyses of these opinions turn on the ability to cure surprise where, as here, discovery had not yet concluded.

support of a reply brief, they now lack an opportunity to respond to them without leave of court. *See* Local Rule 105.2(a) (providing that "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed").  Again, however, the court finds this unpersuasive. Plaintiffs themselves admit that deposing Garza and Clark would have been of questionable value due to their limited knowledge.[8]  And, while the court does not invite it, nothing impaired Plaintiffs' entitlement to seek leave to file a surreply.  They opted not to do that.

Consistent with these reasons, Plaintiffs' assertion that the Declarations constitute "important" evidence is unavailing.[9]  *See Intercollegiate Women's Lacrosse Coaches Ass'n*, 694 F. Supp. 3d at 653 (noting "[t]he more important the evidence, the less a [party] is justified for failure to disclose it and the more the opposing party would be prejudiced if the evidence were allowed" (citation omitted)); *see Lilly v. Baltimore City Police Dep't*, No. CV 22-2752-BAH, 2025 WL 1709856, at *12 (D. Md. June 17, 2025) (same).

The third factor also does not favor the Motion, as there is no apparent assertion, nor does the court discern, that the proffered evidence would disrupt trial.[10]

The final factor is Defendants' explanation for the non-disclosure, which bears on the court's assessment of whether the non-disclosure was substantially justified.  Both sides offer

---

[8] Also of note, the court recognizes the somewhat uncustomary order of events in this case.  The parties engaged in substantial dispositive motions practice while discovery was ongoing; this deviates from the more typical course wherein discovery concludes prior to the commencement of summary judgment briefing.  In the typical case, where a party identifies a witness for the first time in a summary judgment reply, discovery has already concluded.  In this regard, relevant case law is distinguishable; here, Plaintiffs had ample opportunity to cure their circumstance.

[9] As Defendants note, courts have interpreted the fourth factor—importance—differently, with some concluding the more important the evidence, the more appropriate it is to exclude it, *see, e.g.*, *Lilly v. Baltimore City Police Dep't*, No. CV 22-2752-BAH, 2025 WL 1709856, at *12 (D. Md. June 17, 2025); *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 694 F. Supp. 3d 625, 653 (M.D.N.C. 2023), and others the opposite, *see, e.g.*, *Baldassarre v. Norfolk S. Ry. Co.*, No. 2:18-CV-598, 2020 WL 855964, at *2 (E.D. Va. Feb. 19, 2020), *aff'd*, 854 F. App'x 540 (4th Cir. 2021); *Prusin v. Canton's Pearls, LLC*, No. CV JKB-16-605, 2017 WL 3492163, at *5 (D. Md. Aug. 15, 2017), *objections overruled*, 2018 WL 620473 (D. Md. Jan. 30, 2018).  The court finds the former more persuasive upon the facts here.

[10] Plaintiffs argue generally that the Declarations "disrupt the proceedings" because they have not had an opportunity to seek discovery related to same.  (ECF No. 295 at pp. 14–15.)  For the reasons set forth herein, this argument is unavailing.

compelling arguments on this point. While it is plain that Plaintiffs generally allege that benefit evaluations inappropriately considered demographic information, Defendants urge that such allegations as to Plaintiffs Olawale and Sims specifically were not made known to them until Plaintiffs' opposition to the summary judgment motions. (ECF No. 297 at p. 1.) In considering Defendants' explanation, the court "looks to the objective circumstances surrounding the nondisclosure," namely, the "feasibility of full and time disclosure." *Samsung Elecs. Co. v. Nvidia Corp.*, 314 F.R.D. 190, 199 (E.D. Va. 2016). The court is not persuaded that Defendants' failure to disclose was substantially justified. Allegations about the inappropriate use of demographic data and the like has been front and center in this case from the start, and while those allegations may not have been particularized as to Olawale and Sims with the level of specificity set forth in the opposition, this is not atypical of litigation. More simply, this is not a case where, as Defendants urge, the failure to disclose can be blamed on the "changing trajectory of the case." (ECF No. 297 at p. 13, quoting *Baldassarre v. Norfolk S. Ry. Co.*, No. 2:18-CV-598, 2020 WL 855964, at *4 (E.D. Va. Feb. 19, 2020), *aff'd,* 854 F. App'x 540 (4th Cir. 2021).)

In summary, upon consideration of the *Southern States* factors, the court declines to strike the Declarations pursuant to Rule 37(c)(1). Any surprise caused by the Declarations was curable by Plaintiffs, and they declined to do that based on their estimation that there was limited value in undertaking such an effort. Combined with the Declarations' (conceded and objective) minimal importance and the lack of expected related trial disruption, Plaintiffs' decision to forgo discovery to cure the surprise cements the court's conclusion that Defendants' failure to disclose Garza and Clark in their Rule 26(a)(1)(A) disclosures was an annoyance but not a meaningfully harmful one. Accordingly, the court declines to exercise its discretion to disregard the Declarations.[11] Relatedly,

---

[11] The court notes Plaintiffs' alternative request that the court read a material dispute of fact into their arguments on summary judgment related to the Declarations. Because the court finds Defendants' nondisclosure to be harmless, the court declines to exercise its discretion to order sanctions in accordance with Rule 37(c)(1). The court will consider

as this court previously explained, "[b]ecause of the Fourth Circuit's 'strong policy that cases be decided on their merits,'" the court "is reluctant to allow the rigid operation of procedural rules to supplant merits-based dispositions, especially where the failure to disclose itself appears harmless." *Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, 348 F. Supp. 3d 458, 466 (D. Md. 2018), *on reconsideration,* No. CV JKB-17-252, 2018 WL 6305780 (D. Md. Dec. 3, 2018) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)).

IV.     **Conclusion and Order**

For the foregoing reasons, it is this 28th day of January 2026,

**ORDERED** that the Motion (ECF No. 247) shall be, and is hereby, **DENIED.**

/s/
Julie R. Rubin
United States District Judge

---

the proper treatment of the proffered Declarations in its separate memorandum opinion on Defendants' summary judgment motions. That notwithstanding, the court notes the iron clad proscription that it shall not weigh or evaluate evidence, or make credibility determinations, on Rule 56 motions. Accordingly, to the extent Plaintiffs and Defendants dispute the weight of the evidence or tee up challenges as to witness credibility or scope/extent of knowledge, such challenges will not be resolved on summary judgment.