**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**JASON ALFORD, *et al.*,**

***Plaintiffs,***

**v.**

**THE NFL PLAYER DISABILITY,**
**& SURVIVOR BENEFIT PLAN, *et al.*,**

***Defendants.***

**Civil No. 1:23-cv-00358-JRR**

## ORDER

Pending before court is Plaintiffs' Renewed Motion for Class Certification at ECF No. 346.

By filing at ECF No. 134 in *Bailey v. The NFL Player Disability & Survivor Benefit Plan*, Case No. 1:23-cv-02661-JRR ("*Bailey*"), Plaintiffs and certain putative class members in this action objected to the fairness of the proposed settlement agreement in *Bailey* (the "Objection"). Among other things, the Objection asserted the injunctive relief afforded by the settlement agreement (*Bailey* ECF No. 79-3) is "illusory" and unnecessary, or, alternatively, "anemic" and insufficient; and the release is overbroad.

Relatedly, by filing at *Bailey* ECF No. 108 (the "Report")*, Bailey* plaintiffs' counsel brought to the court's attention matters they asserted raised concern regarding the conduct of (*Alford*) Plaintiffs' counsel related to the Objection. Among the many matters raised in the Report is e-mail correspondence among *Bailey* plaintiffs' counsel and Plaintiffs' counsel in this action related to the degree, if any, to which the instant action bears on race and the practice of race norming within Defendants' Plan administration.

Based on the foregoing, in view of the pendency of the Motion and mindful of its fiduciary duty to putative class members, the court directs the parties to provide supplemental Motion briefing on the question of adequacy of class counsel and proposed class representatives. FED. R.

CIV. P. 23(a)(4), 23(c)(1)(B), 23(g)(1)(B), and 23(g)(4). The parties' papers shall address the following: A) whether the Objection has the effect of generating a conflict between/among 1) Plaintiffs' counsel and their clients (named Plaintiffs) and potential clients (putative class members); and/or 2) named Plaintiffs' and putative class members; and B) candor to the tribunal.

Accordingly, on November 30, 2026, at 12:00PM,[1] the parties shall file supplemental briefing of no more than eight pages narrowly addressing the above-described issues. No responses shall be filed except by invitation of the court.

/S/

November 10, 2026

______________________________
Julie R. Rubin
United States District Judge

[1] The purpose of imposing such a particular filing time is to avoid either side gaining an advantage by having access to the other side's brief and converting its filing into what effectively amounts to a response. The parties shall do their best to abide the 12PM filing time, but the court appreciates that deviations of a few minutes may occur.